POLSINELLI PC
Jason A. Nagi
Amy E. Hatch (*pro hac* to be submitted)
600 Third Avenue, 42nd Floor
New York, New York 10016
jnagi@polsinelli.com
(212) 644-2092

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB51, <br><br> and <br><br> WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB55, <br><br> and <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB57 <br><br> and <br><br> U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB58 <br><br> and <br><br> WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE | Case No.: _____ <br><br><br> **VERIFIED COMPLAINT** |

PASS-THROUGH CERTIFICATES, SERIES 2019-SB61

and

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB64,

Plaintiffs,

-against-

ENGLEWOOD FUNDING, LLC; LENOX TEMPLE LLC; LENOX LIBERTY LLC; LENOX HUDSON LLC; PLAINFIELD NORSE, LLC; HACKENSACK NORSE LLC; POST AVENUE VENTURES, LLC; FLR VENTURES LLC; BROOKLAWN NORSE, LLC; PENN NORSE LLC; GARFIELD NORSE LLC; ELIZABETH NORSE LLC; SUSSEX NORSE LLC; ATLANTIC NORSE LLC; CLIFTON DL VENTURES LLC; BAYONNE BROADWAY NORSE LLC; 137-139 THIRD NORSE LLC; PASSAIC NORSE LLC; PERTH NB VENTURES LLC; 2680 KENNEDY VENTURES LLC; and SETH LEVINE,

Defendants.

Plaintiffs (collectively, "**Plaintiffs**" or "**Lenders**") U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51 ("**SB51**"), Wilmington Trust, National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB55 ("**SB55**"), U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57 ("**SB57**"), U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58 ("**SB58**"), Wilmington Trust, National Association, as trustee for

the registered Holders of Credit Suisse First Boston Mortgage Securities Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61 ("**SB61**"), and U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB64 ("**SB64**"), by and through their attorneys, for their Complaint, state as follows against Defendants Englewood Funding, LLC, Lenox Temple LLC, Lenox Liberty LLC, Lenox Hudson LLC, Plainfield Norse, LLC, Hackensack Norse LLC, Post Avenue Ventures, LLC, FLR Ventures LLC, Brooklawn Norse, LLC, Penn Norse LLC, Garfield Norse LLC, Elizabeth Norse LLC, Sussex Norse LLC; Atlantic Norse LLC, Clifton DL Ventures LLC, Bayonne Broadway Norse LLC, 137-139 Third Norse LLC, Passaic Norse LLC, Perth NB Ventures LLC, 2680 Kennedy Ventures LLC, and Seth Levine (collectively, the "**Defendants**").

### *Introduction*

1.      Plaintiffs are the owners and holders of certain loans (collectively the "**Loans**" and each, a **"Loan"**) all of which are secured by certain real properties, and the improvements thereon, located in New Jersey (collectively, the "**Properties**"). KeyBank National Association ("**KeyBank**") is the special servicer for all Plaintiffs and the authorized agent to act with respect to enforcement of the Loans. The borrowers in connection with the Loans (collectively, the "**Borrowers**") are all limited liability companies named as defendants herein, the manager of which is Defendant Seth Levine ("**Levine**"). As further described herein, Borrowers are in breach of their obligations owed in connection with the Loans, and, as a result of these breaches have placed the Properties and those tenants residing therein in serious jeopardy of harm. The Borrowers have failed to pay amounts due and owing under the Loans, and insurance premiums necessary to ensure that the Properties are insured. Also, the Properties (and the thousands of

3

tenants residing therein) have been abandoned, are without management and in some cases utilities, and are at immediate risk of disrepair.  As a result, Lenders bring this breach of contract action seeking to recover damages related to the breaches of the documents executed in connection with the Loans and also seek equitable relief in the form of the immediate appointment of a receiver to manage and protect the Properties.

### *The Parties*

2.     SB51 is a securitized trust, the Trustee of which is U.S. Bank National Association, and is the holder and owner of three of the twenty Loans (the "**SB51 Loans**") and those documents executed in connection therewith that are the subject of this breach of contract litigation.

3.     For the purposes of diversity jurisdiction, SB51 is a citizen of the State of Ohio because its Trustee, U.S. Bank National Association, has its main office in the State of Ohio.

4.     SB55 is a securitized trust, the Trustee of which is Wilmington Trust, National Association, and is the holder and owner of one of the twenty Loans (the "**SB55 Loan**") and those documents executed in connection therewith that are the subject of this breach of contract litigation.

5.     For the purposes of diversity jurisdiction, SB55 is a citizen of the State of Delaware because its Trustee, Wilmington Trust, National Association, has its main office in the State of Delaware.

6.     SB57 is a securitized trust, the Trustee of which is U.S. Bank National Association, and is the holder and owner of five of the twenty Loans (the "**SB57 Loans**") and those documents executed in connection therewith that are the subject of this breach of contract litigation.

70337994.4

7.      For the purposes of diversity jurisdiction, SB57 is a citizen of the State of Ohio because its Trustee, U.S. Bank National Association, has its main office in the State of Ohio.

8.      SB58 is a securitized trust, the Trustee of which is U.S. Bank National Association, and is the holder and owner of five of the twenty Loans (the "**SB58 Loans**") and those documents executed in connection therewith that are the subject of this breach of contract litigation.

9.      For the purposes of diversity jurisdiction, SB58 is a citizen of the State of Ohio because its Trustee, U.S. Bank National Association, has its main office in the State of Ohio.

10.     SB61 is a securitized trust, the Trustee of which is Wilmington Trust, National Association, and is the holder and owner of one of the twenty Loans (the "**SB61 Loan**") and those documents executed in connection therewith that are the subject of this breach of contract litigation.

11.     For the purposes of diversity jurisdiction, SB61 is a citizen of the State of Delaware because its Trustee, Wilmington Trust, National Association, has its main office in the State of Delaware.

12.     SB64 is a securitized trust, the Trustee of which is U.S. Bank National Association, and is the holder and owner of five of the twenty Loans (the "**SB64 Loans**") and those documents executed in connection therewith that are the subject of this breach of contract litigation.

13.     For the purposes of diversity jurisdiction, SB64 is a citizen of the State of Ohio because its Trustee, U.S. Bank National Association, has its main office in the State of Ohio.

14.    Defendant Englewood Funding, LLC ("**Englewood**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

15.    Defendant Lenox Temple LLC ("**Lennox Temple**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of Lenox Temple are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Lenox Temple.

16.    Defendant Lenox Liberty LLC ("**Lenox Liberty**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of Lenox Liberty are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Lenox Liberty.

17.    Defendant Lenox Hudson LLC ("**Lenox Hudson**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of Lenox Hudson are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Lenox Hudson.

18.    Defendant Plainfield Norse, LLC ("**Plainfield**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

19.    Defendant Hackensack Norse LLC ("**Hackensack**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of Hackensack are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Hackensack.

70337994.4

20.     Defendant Post Avenue Ventures, LLC ("**Post Avenue**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

21.     Defendant FLR Ventures LLC ("**FLR Ventures**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

22.     Defendant Brooklawn Norse, LLC ("**Brooklawn**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of Brooklawn are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Brooklawn.

23.     Defendant Penn Norse LLC ("**Penn**") is a limited liability company organized and existing under the laws of the State of New Jersey.   None of the members of Penn are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Penn.

24.     Defendant Garfield Norse LLC ("**Garfield**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of Garfield are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Garfield.

25.     Defendant Elizabeth Norris LLC ("**Elizabeth**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and blief, none of the members of Elizabeth are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and Elizabeth.

26.     Defendant Sussex Norse, LLC ("**Sussex**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief,

70337994.4

none of the members of Sussex are residents of Ohio or Delaware. Thus, diversity exists between the Plaintiff Lenders and Sussex.

27. Defendant Atlantic Norse, LLC ("**Atlantic**") is a limited liability company organized and existing under the laws of the State of New Jersey. Upon information and belief, none of the members of Atlantic are residents of Ohio or Delaware. Thus, diversity exists between the Plaintiff Lenders and Atlantic.

28. Defendant Clifton DL Ventures LLC ("**Clifton DL**") is a limited liability company organized and existing under the laws of the State of New Jersey. Upon information and belief, none of the members of Clifton DL are residents of Ohio or Delaware. Thus, diversity exists between the Plaintiff Lenders and Clifton DL.

29. Defendant Bayonne Broadway Norse LLC ("**Bayonne**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

30. Defendant 137-139 Third Norse, LLC ("**137-139 Third**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

31. Defendant Passaic Norse LLC ("**Passaic**") is a limited liability company organized and existing under the laws of the State of New Jersey. Upon information and belief, none of the members of Passaic are residents of Ohio or Delaware. Thus, diversity exists between the Plaintiff Lenders and Passaic.

32. Defendant Perth NB Ventures LLC ("**Perth NB**") is a limited liability company organized and existing under the laws of the State of New Jersey, and is a citizen of the State of New Jersey because its sole member and manager, Levine, is a resident of New Jersey.

70337994.4

33.     Defendant 2680 Kennedy Ventures LLC ("**2680 Kennedy**") is a limited liability company organized and existing under the laws of the State of New Jersey.  Upon information and belief, none of the members of 2680 Kennedy are residents of Ohio or Delaware.  Thus, diversity exists between the Plaintiff Lenders and 2680 Kennedy.

34.     Levine is an individual residing in the State of New Jersey, is the manager of Borrowers, and executed certain guaranty agreements in connection with the Loans.

### *Jurisdiction and Venue*

35.     Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

36.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### *The Loans*

37.     The Loans were originated by different originating lenders (collectively, the "**Original Lenders**") in coordination with the Federal Home Loan Mortgage Corporation ("**Freddie Mac**") and were then securitized by Freddie Mac and sold to Lenders.  As Freddie Mac loans, the Loans all have the same form loan agreement (collectively, the "**Loan Agreements**" and each individually as a "**Loan Agreement**"), copies of which are attached hereto collectively as **Exhibit A**, with substantially all the same terms and conditions.

38.     In addition to the Loan Agreements, the Loans are further evidenced and secured by the following documents:

            a.     the Loan to Englewood is evidenced by a Promissory Note, dated as of February 13, 2019, in the original principal amount of $2,735,000.00 ("**Englewood Note**"), which is secured by a mortgage (the "**Englewood Mortgage**") on certain real and

personal property, and the improvements thereon, located at 191 First Street, Englewood, NJ (the "**Englewood Property**").

b.      the Loan to Lenox Temple is evidenced by a Promissory Note, dated as of March 27, 2018, in the original principal amount of $6,675,000.00 ("**Lenox Temple Note**"), which is secured by a mortgage (the "**Lenox Temple Mortgage**") on certain real and personal property, and the improvements thereon, located at 54-78 Temple Avenue, Hackensack, NJ (the "**Lenox Temple Property**").

c.      the Loan to Lenox Liberty is evidenced by a Promissory Note, dated as of March 27, 2018, in the original principal amount of $5,420,000.00 ("**Lenox Liberty Note**"), which is secured by a mortgage (the "**Lenox Liberty Mortgage**") on certain real and personal property, and the improvements thereon, located at 406-444 Liberty St., Little Ferry, NJ (the "**Lenox Liberty Property**").

d.      The Loan to Lenox Hudson is evidenced by a Promissory Note, dated as of March 27, 2018, in the original principal amount of $2,165,000.00 ("**Lenox Hudson Note**"), which is secured by a mortgage (the "**Lenox Hudson Mortgage**") on certain real and personal property, and the improvements thereon, located at 107-109 Hudson St., Hackensack, NJ (the "**Lenox Hudson Property**").

e.      the Loan to Plainfield is evidenced by a Promissory Note, dated as of July 11, 2018, in the original principal amount of $926,000.00 ("**Plainfield Note**"), which is secured by a mortgage (the "**Plainfield Mortgage**") on certain real and personal property, and the improvements thereon, located at 197-199 Grant Street and 359-361 Garden St., Perth Amboy, NJ (the "**Plainfield Property**").

f.       The Loan to Hackensack is evidenced by a Promissory Note, dated as of July 11, 2018, in the original principal amount of $3,775,000.00 ("**Hackensack Note**"), which is secured by a mortgage (the "**Hackensack Mortgage**") on certain real and personal property, and the improvements thereon, located at 88 McKinley Street & 170 South Park St., Hackensack, NJ (the "**Hackensack Property**").

g.       The Loan to Post Avenue is evidenced by a Promissory Note, dated as of August 17, 2018, in the original principal amount of $868,000.00 ("**Post Avenue Note**"), which is secured by a mortgage (the "**Post Avenue Mortgage**") on certain real and personal property, and the improvements thereon, located at 77 Hope Ave., Passaic, NJ (the "**Post Avenue Property**").

h.       The Loan to FLR Ventures is evidenced by a Promissory Note, dated as of August 29, 2018, in the original principal amount of $1,137,000.00 ("**FLR Ventures Note**"), which is secured by a mortgage (the "**FLR Ventures Mortgage**") on certain real and personal property, and the improvements thereon, located at 159 Fort Lee Road, Teaneck, NJ (the "**FLR Ventures Property**").

i.       the Loan to Brooklawn is evidenced by a Promissory Note, dated as of June 29, 2018, in the original principal amount of $5,000,000.00 ("**Brooklawn Note**"), which is secured by a mortgage (the "**Brooklawn Mortgage**") on certain real and personal property, and the improvements thereon, located at 301, 401 and 501 Browning Lane, Brooklawn, NJ (the "**Brooklawn Property**").

j.       the Loan to Penn is evidenced by a Promissory Note, dated as of June 13, 2018, in the original principal amount of $7,500,000.00 ("**Penn Note**"), which is secured by a mortgage (the "**Penn Mortgage**") on certain real and personal property, and the

11

improvements thereon, located at 12 Meadow Road, Pennsville, NJ (the "**Penn Property**").

k.      the Loan to Garfield is evidenced by a Promissory Note, dated as of June 29, 2018, in the original principal amount of $3,450,000.00 ("**Garfield Note**"), which is secured by a mortgage (the "**Garfield Mortgage**") on certain real and personal property, and the improvements thereon, located at 123 Pierre Avenue, 132 Jewell Street a/k/a 113-115, Garfield, NJ (the "**Garfield Property**").

l.      the Loan to Elizabeth is evidenced by a Promissory Note, dated as of July 5, 2018, in the original principal amount of $3,200,000.00 ("**Elizabeth Note**"), which is secured by a mortgage (the "**Elizabeth Mortgage**") on certain real and personal property, and the improvements thereon, located at 357 and 363 West End Avenue, Elizabeth, NJ (the "**Elizabeth Property**").

m.      the Loan to Sussex is evidenced by a Promissory Note, dated as of August 21, 2018, in the original principal amount of $1,565,000.00 ("**Sussex Note**"), which is secured by a mortgage (the "**Sussex Mortgage**") on certain real and personal property, and the improvements thereon, located at 516 Kennedy Blvd., Bayonne, NJ (the "**Sussex Property**").

n.      the Loan to Atlantic is evidenced by a Promissory Note, dated as of August 21, 2018, in the original principal amount of $3,850,000.00 ("**Atlantic Note**"), which is secured by a mortgage (the "**Atlantic Mortgage**") on certain real and personal property, and the improvements thereon, located at 212, 214 and 225 Atlantic Avenue, Atlantic City, NJ (the "**Atlantic Property**").

70337994.4

o.      the Loan to Clifton DL is evidenced by a Promissory Note, dated as of August 21, 2018, in the original principal amount of $2,921,000.00 ("**Clifton Note**"), which is secured by a mortgage (the "**Clifton Mortgage**") on certain real and personal property, and the improvements thereon, located at 190 Ackerman Avenue, 286 Parker Avenue and 77 Randolph Avenue, Clifton, NJ (the "**Clifton Property**").

p.      the Loan to Bayonne is evidenced by a Promissory Note, dated as of August 21, 2018, in the original principal amount of $858,000.00 ("**Bayonne Note**"), which is secured by a mortgage (the "**Bayonne Mortgage**") on certain real and personal property, and the improvements thereon, located at 301 Broadway, Bayonne, NJ (the "**Bayonne Property**").

q.      the Loan to 137-139 Third is evidenced by a Promissory Note, dated as of March 5, 2019, in the original principal amount of $939,000.00 ("**137-139 Third Note**"), which is secured by a mortgage (the "**137-139 Third Mortgage**") on certain real and personal property, and the improvements thereon, located at 137-139 third Street, Passaic, NJ (the "**137-139 Third Property**").

r.      the Loan to Passaic is evidenced by a Promissory Note, dated as of March 14, 2019, in the original principal amount of $1,986,000.00 ("**Passaic Note**"), which is secured by a mortgage (the "**Passaic Mortgage**") on certain real and personal property, and the improvements thereon, located at 60-62 Dayton Avenue & 15 Hobart Street, Passaic, NJ (the "**Passaic Property**").

s.      the Loan to Perth is evidenced by a Promissory Note, dated as of March 19, 2019, in the original principal amount of $1,140,000.00 ("**Perth Note**"), which is secured by a mortgage (the "**Perth Mortgage**") on certain real and personal property, and

13

the improvements thereon, located at 352-354 New Brunswick Avenue, Perth Amboy, NJ (the "**Perth Property**").

t.      the Loan to 2680 Kennedy is evidenced by a Promissory Note, dated as of March 14, 2019, in the original principal amount of $2,365,000.00 ("**2680 Kennedy Note**"), which is secured by a mortgage on certain real and personal property, and the improvements thereon, located at 2680 John F. Kennedy Blvd., Jersey City, NJ (the "**2680 Kennedy Property**").

39.     All promissory notes referenced above in paragraph 38 are collectively referred to herein as the "**Notes**" and each individually as "**Note**."  All mortgages referenced above in paragraph 38 are collectively referred to herein as the "**Mortgages**" and each individually as "**Mortgage**."  The Notes and Mortgages are in similar form and substance.  Copies of the Notes are collectively attached hereto as **Exhibit B**.  Copies of the Mortgages are collectively attached hereto as **Exhibit C**.

40.     The Notes, the Loan Agreements, and the Mortgages, together with all documents executed in connection with or further securing the amounts owed under the Loans, are described herein collectively as the "**Loan Documents**" and each individually as a "**Loan Document**."

### *The Terms of the Loan Documents*

*The Notes*

41.     Under Section 3 of the Notes, each of the Borrowers agreed to make certain debt service payments on the first day of each month.

*The Loan Agreements*

42.     Under Section 6.08 of the Loan Agreements, each of the Borrowers agreed to pay certain expenses incurred in connection with its respective Property, including taxes related to

14

the Property, insurance premiums related to the Property, and all expenses related to the operation, maintenance and repair of the Property.

43.     Under Section 6.09(b) of each Loan Agreement, each of the Borrowers agreed to: (a) keep its respective Property in good repair and to not commit waste or permit impairment or deterioration of the Property; (b) not abandon the Property; and (c) promptly repair the Property.

44.     Section 6.10 of each Loan Agreement further provides that each of the Borrowers must maintain specific types of insurance related to its respective Property, all as further described therein.   None of the Borrowers have maintained insurance with respect to its respective Property as and when called for under the Loan Agreements.

45.     Article III of the Loan Agreement set forth the circumstance under which the Borrowers will be liable for the amounts owed under the Notes on a recourse basis.   Pursuant to Section 3.03 of the Loan Agreements, Borrowers are liable on a recourse basis for all losses Lender incurs in connection with willful waste by any Borrower at a Property and in connection with the failure by any Borrower to pay taxes and insurance premiums related to a Property. Section 3.05 of the Loan Agreement further provides that the amounts owed under the Loan will be fully recourse to a Borrower in the event of any Transfer (as defined in the Loan Agreements) by such Borrower. A Transfer includes the grant, creation or existence of any Lien (as defined in the Loan Agreement) on a Property.

*The Mortgages*

46.     Under Section 3(a) of the Mortgages, each of the Borrowers absolutely and unconditionally assigned and transferred to Lender all rents, revenues and other income

15

generated in connection with the operation of the Properties.   Under Section 3(b) of the Mortgages, Lender then granted each of the Borrowers a revocable license to collect and receive all rents, revenues and other income generated in connection with the operation of the Properties until the occurrence of a default.

47.     Upon the occurrence of a default, Section 3(c) of each of the Mortgages grants Lender the right to take and maintain full control of the respective Property, collect all rents, revenues and other income generated in connection with the operation of the Properties and have a receiver appointed over the respective Property.

### *Recent Actions By Borrowers and Levine*

48.     KeyBank was informed that on or about July 16, 2019, 191 Realty, L.L.C. ("**191 Realty**") filed a foreclosure complaint in certain litigation pending in the Superior Court of New Jersey, Bergen County, Docket No. F-12768-19 in which 191 Realty asserts a lien on the Englewood Property and alleges that its lien is prior to the mortgage lien owned by SB64.  In addition, 191 Realty alleges that Madison Park Investors, L.L.C. holds a lien on the Englewood Property in connection with a mortgage dated May 30, 2019.

49.     In connection with its investigation of the litigation filed by 191 Realty, KeyBank was informed that Levine and all of his entities, including, upon information and belief, the Borrowers, have been the subject of a criminal investigation by the Federal Bureau of Investigation ("**FBI**"), which investigation resulted in an inspection of numerous properties owned by entities managed and owned by Levine.

50.     Thereafter, KeyBank was informed that, on August 29, 2019, Freddie Mac had commenced certain litigation (the "**Freddie Mac Litigation**") against Levine and two Levine affiliates who are borrowers in connection with two loans owned by Freddie Mac, which

16

litigation is pending in the United States District Court for the District of New Jersey, Case No. 19-CV-17421.  In the Freddie Mac Litigation, Freddie Mac made the following allegations:

        a.      As of August 22, 2019, Levine and his related entities, including the Borrowers, had stopped actively conducting business and were no longer collecting rent from any properties owned by the Levine affiliates, including the Properties.

        b.      Individuals had visited properties owned and/or managed by Levine affiliates and those visits revealed that no one was managing the properties inspected and mail was accumulating thereat.

        c.      An attorney for Levine and his related companies, including Borrowers, Joseph Lubertazzi (who has been provided notice of this action and the papers filed herewith by Lenders), had confirmed that Levine was the subject of a federal investigation and that all entities owned and managed by Levine had stopped actively managing the properties owned by those entities and had received notices that insurance at those properties had been cancelled for non-payment.  That attorney had also previously indicated that Levine and his entities were having difficulties with cash flow at the various properties.

51.      Further, KeyBank received news that a Brooklawn Property tenant's kitchen pipe burst and that the tenant had been living without water since the day prior.  The tenant also complained about rodents and bugs infesting his apartment.

52.      Additional investigation by KeyBank revealed that insurance at all of the Properties had in fact been cancelled.

53.      Moreover, each Borrower has failed to pay the September 2019 payment owed under their respective Loan.

### *Events of Default Under Loan Agreements*

54.     Under Section 8.01 of the Loan Agreements, an Event of Default has occurred in connection with each of the Loans as the result of any of the following:

a.     The failure of Borrowers to pay or deposit when due any amount required by the Note, Loan Agreement or any other Loan Document;

b.     The failure of Borrowers to maintain insurance coverage for the Properties required by Section 6.10 of the Loan Agreement;

c.     The failure of Borrowers to perform any of their respective obligations under the Loan Agreements as and when required, which failure constitutes an immediate default under Section 8.01(s) of the Mortgages because of the resulting danger to tenants (i.e. the Properties have been abandoned and are not being properly maintained).

55.     As a result of the Events of Default, Lenders have elected to accelerate the debt owed under their respective Loans, and the full amount of the debt owed under each of the Notes is now due and owing.

## COUNT I
## BREACH OF CONTRACT

56.     Lenders hereby reallege and restate all of the above allegations of this Complaint and incorporate the same into this paragraph as if fully stated in this paragraph.

57.     In connection with the Loans, each of the Borrowers executed a Loan Agreement, Note and Mortgage.

58.     Lenders have fully complied with the terms of the Loan Agreements, Mortgages and other Loan Documents.

59.     Borrowers have breached their obligations under the Note and Loan Agreements by: (i) failing to pay amounts due and owing under the Notes as and when required by the Loan Documents; (ii) failing to make abandoning the Properties; (iii) failing to properly maintain the Properties; (iv) allowing unauthorized liens to accrue on one or more of the Properties; and (v) failing to maintain insurance at the Properties.

60.     Lenders will incur damages as a result of Borrowers' respective breach of the Note and Loan Agreements, as Lenders' only collateral, the Properties and the revenue generated therefrom, have been damaged as a result of Borrowers' breach of the Loan Documents.

WHEREFORE, Lenders respectfully request that the Court enter the following relief: a judgment in favor of each Lender, (1) declaring that such Lenders' respective Borrowers have breached their respective Loan Documents, that each Lender is currently entitled to recover and receive all rents, revenues and income from those Properties securing the debts owed to such Lender, (2) declaring that Borrowers are in material breach of their respective Loan Documents, and (3) granting each Lender such further relief as is just and equitable under the circumstances.

## COUNT II
## APPOINTMENT OF RECEIVER

61.     Lenders hereby reallege and restate all of the above allegations of this Complaint and incorporate the same into this paragraph as if fully stated in this paragraph.

62.     As a result of the above described defaults under the Loan Agreements, each of the Borrowers is also in breach of its respective Mortgage.

70337994.4

63.     Under Section 3(b) of the Mortgages, upon a default, the Borrowers' respective licenses to collect and make use of rents, revenues and income generated in connection with the operation of the Properties has been revoked and terminated.

64.     Under Section 3(c) of the Mortgage, Lenders have the right to seek the appointment of a receiver to take possession of, manage and operate the Properties that secure their respective liens on the Properties.

65.     The appointment of a receiver to take possession of, manage and operate the Properties is also just and necessary in this case for the following reasons:

(a)     It was agreed to by the Borrowers and Lenders, as a matter of private contract, in the Mortgages;

(b)     At a time when Borrowers cannot meet their respective obligations owed to Lenders, Lenders have a vested interest in protecting the value of the Properties that secured their mortgage liens and the income therefrom, and to prevent risk of loss, removal or material injury thereto;

(c)     Lenders have a vested interest in ensuring that income and profits generated by the Properties are being properly used for the benefit of the Properties and for payment of debt service and in further ensuring that such income and profits are not improperly diverted or subject to waste;

(d)     Lenders have a vested interest in reviewing the books and records maintained in connection with the respective Properties that secure their mortgage liens;

(e)     Lenders have a vested interest in otherwise ensuring that the Properties that secure their mortgage liens and/or the rents, profits and income therefrom are not subject to waste, diversion or diminution; and

20

(f)     Lenders have a vested interest in otherwise ensuring that the Properties are operated in accordance with applicable law and that third parties, including tenants, are properly treated pending completion of the foreclosure action.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against all Defendants named herein for the appointment of a receiver for the Properties and grant the relief requested by Lenders in the attached proposed Order Appointing Receiver attached hereto as **Exhibit D** and incorporated herein, and grants all other relief the Court deems just and reasonable.

Dated:  New York, New York
         September 10, 2019

POLSINELLI PC

By:      */s/ Jason A. Nagi*
         JASON A. NAGI
         AMY E. HATCH (*pro hac* to be filed)
         600 Third Avenue, 42nd Floor
         New York, NY 10016
         jnagi@polsinelli.com
         (212) 644-2092

ATTORNEYS FOR PLAINTIFF

STATE OF KANSAS

COUNTY OF JOHNSON

Michael Jenkins, being duly sworn, says that he is a vice president of KeyBank National Association the special servicer and authorized agent for Plaintiff U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51, Wilmington Trust, National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB55, U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57, U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58, Wilmington Trust, National Association, as trustee for the registered Holders of Credit Suisse First Boston Mortgage Securities Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61, and U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB64, that he has read the foregoing verified complaint and said verified complaint is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that as to those matters he believes them to be true.

Michael Jenkins

Sworn to before me this
10 day of September, 2019

Notary Public

VICTOR ZAHAROPOULOS
My Appointment Expires
May 5, 2021

70337994.3