**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------------- x

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB51, | Case No. 2:19-cv-17865 <br><br> Hon. Madeline Cox Arleo |
| and | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB55, | |
| and | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB57, | |
| and | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB58, | |
| and | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB61, | |
| and | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN | |

i

| | |
|---|---|
| CHASE COMMERCIAL MORTGAGE SECURITIES CORP. MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB64, | : : : : |
| Plaintiffs, | : : : |
| -against- | : : |
| ENGLEWOOD FUNDING, LLC; LENOX TEMPLE LLC; LENOX LIBERTY LLC; LENOX HUDSON LLC; PLAINFIELD NORSE, LLC; HACKENSACK NORSE LLC; POST AVENUE VENTURES, LLC; FLR VENTURES LLC; BROOKLAWN NORSE, LLC; PENN NORSE LLC; GARFIELD NORSE LLC; ELIZABETH NORSE LLC; SUSSEX NORSE LLC; ATLANTIC NORSE LLC; CLIFTON DL VENTURES LLC; BAYONNE BROADWAY NORSE LLC; 137-139 THIRD NORSE LLC; PASSAIC NORSE LLC; PERTH NB VENTURES LLC; 2680 KENNEDY VENTURES LLC; and SETH LEVINE, | : : : : : : : : : : : |
| Defendants. | : : |

-------------------------------------------------------------------------- x

## ASCEND RE PARTNERS II, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO INTERVENE

Bruce H. Nagel, Esq.
Nagel Rice LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel: (973) 618-0400

Eric D. Herschmann, Esq.
Michael Paul Bowen, Esq. (*pro hac vice* application forthcoming)
Andrew R. Kurland, Esq. (*pro hac vice* application forthcoming)
Jeffrey Ephraim Glatt, Esq. (*pro hac vice* application forthcoming)
KASOWITZ BENSON TORRES LLP
New York, New York 10019
(212) 506-1700

*Attorneys for Ascend Re Partners II, LLC*

Pursuant to Federal Rule of Civil Procedure 24, Ascend Re Partners II, LLC ("Ascend") submits this Memorandum of Law in Support of its Motion to Intervene in this action in connection with the Order to Show Cause filed on September 11, 2019 ("Receivership OSC") by plaintiffs[1] against Englewood Funding, LLC, Lenox Temple LLC ("Lenox Temple"), Lenox Liberty LLC ("Lenox Liberty"), Lenox Hudson LLC ("Lenox Hudson"), Plainfield Norse, LLC, Hackensack Norse LLC, Post Avenue Ventures, LLC, FLR Ventures LLC, Brooklawn Norse, LLC, Penn Norse LLC, Garfield Norse LLC, Elizabeth Norse LLC, Sussex Norse LLC, Atlantic Norse LLC, Clifton DL Ventures LLC, Bayonne Broadway Norse LLC, 137-139 Third Norse LLC, Passaic Norse LLC, Perth NB Ventures LLC, 2680 Kennedy Ventures LLC and Seth Levine ("Levine"), and any further matters in this Action as they pertain to Ascend or its protectable legal interests in property of the defendants.

## PRELIMINARY STATEMENT

Ascend intervenes to protect its ownership interest in three of the real properties and related assets at issue in this action, which properties are located at (a) 107-109 Hudson Street and (b) 54-78 Temple Avenue, both in Hackensack, Bergen County, and (c) 406-444 Liberty

---

[1] The plaintiffs are U.S. Bank National Association, As Trustee For The Registered Holders Of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51, and Wilmington Trust, National Association, As Trustee For The Registered Holders Of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB55, and U.S. Bank National Association, As Trustee For The Registered Holders Of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57 and U.S. Bank National Association, As Trustee For The Registered Holders Of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58 and Wilmington Trust, National Association, As Trustee For The Registered Holders Of Credit Suisse First Boston Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61 and U.S. Bank National Association, As Trustee For The Registered Holders Of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB64.

Street in Little Ferry, Bergen County. Title to these properties is held, respectively, by Lenox Hudson, Lenox Temple, and Lenox Liberty, limited liability companies created by Ascend and in which it owns a 60% interest (together, the "Lenox LLCs"). Defendant Levine owned the remaining 40% membership interest, and was, at all relevant times, charged with managing the Lenox LLCs and the respective properties.

Levine, however, breached the fiduciary duties he owed to Ascend. Among other wrongful and actionable conduct, he engaged in fraudulent transfers, made material omissions and false representations to Ascend, mismanaged the properties and purported to encumber and alienate the Lenox Hudson, Lenox Temple and Lenox Liberty properties to the detriment of Ascend. Concealing his fraud from Ascend, Levine falsified business records and fraudulently claimed that 100% of the ownership interest in Lenox Hudson and Lenox Temple -- and we have reason to believe, in Lenox Liberty as well -- had been transferred to an entity owned solely by himself, when in truth, no such transaction was approved by Ascend or in fact occurred. In carrying out his fraud and malfeasance, Levine executed Share Certificates falsely certifying that an entity owned solely by himself is the sole, 100% owner of Lenox Hudson and Lenox Temple -- and likely Lenox Liberty as well -- and he apparently used these falsified documents to fraudulently pledge these properties as collateral to secure the multiple loans, including the loans that are the subject of this action.

Because Ascend's interest in these properties is inextricably at stake in this action and is implicated in any claim by plaintiffs or any other party to these properties as collateral or otherwise, intervention is proper as a matter of right pursuant to Rule 24 of the federal rules. Ascend's intervention, moreover, is both timely and will not interfere with the orderly administration of this action, which is in its nascent stages. In that regard, Ascend does not

oppose (and in fact supports) the appointment of the Receiver, in order to protect the properties, the rent receivables and all related assets while the affected parties, including Ascend, conclude their investigations of Levine's fraud, gross mismanagement and other malfeasance. Based on discussions with counsel for plaintiffs, Ascend expects that this intervention motion will be unopposed.

## RELEVANT FACTS

Ascend created Lenox Hudson, Lenox Temple, and Lenox Liberty to hold title to the properties noted above. In about September 2013, Ascend entered into written agreements with Levine whereby Levine, through entities he controlled, became a 40% owner of Lenox Hudson, Lenox Temple, and Lenox Liberty and agreed to manage the respective real property held by those entities. Amended operating agreements for both Lenox Hudson, Lenox Temple, and Lenox Liberty set forth the respective rights of Ascend and the Levine entities as the LLC members. Declaration of Moshael J. Straus, dated September 26, 2019 ("Straus Decl."), ¶¶ 2-4.

Since that time to this day, Ascend has maintained its 60% ownership interest in Lenox Hudson, Lenox Temple, and Lenox Liberty. At no time did Ascend ever agree to transfer any portion of its ownership in these entities. And, in fact, no such valid transfer ever occurred. *See id.* ¶ 5.

Ascend only recently learned of any malfeasance by Levine. In fact, Ascend had no knowledge of -- and Levine fraudulently concealed from Ascend -- his purported transfer of 100% ownership of the Lenox LLCs to an entity owned entirely by himself, which transfer is a fraud and outright theft. The first time Ascend learned of this fraudulent transfer was the complaint in *JLS Equities LLC v. River Funding, LLC, Lenox Hudson, LLC, Lenox Temple, LLC, Teaneck Plaza Ventures, LLC, Seth Levine and Shira Levine*, No. 19-17615 (D.N.J. 2019) ("JLS

Action"), and the pleadings in the other matters consolidated herewith, including the action against Levine filed by Federal Home Loan Mortgage Corporation ("Freddie Mac") this past August, *Federal Home Loan Mortgage Corp. v. Levine*, No. 19-17421, ECF No. 1 (D.N.J. 2019).

In its complaint, Freddie Mac asserts that the FBI executed a search warrant on Levine's offices in connection with a federal investigation of Levine and his companies. *See* Freddie Mac Compl. ¶¶ 57, 58. That complaint further alleges that Levine and his companies are no longer actively conducting business, and, as such, the properties associated with Levine and his companies are not being managed and are effectively abandoned. *Id.* at ¶¶ 59, 60, 62 and 63. These facts were confirmed by Levine's counsel. *Id.* at ¶ 64.

On September 6, 2019, this Court issued a *Preliminary Injunction Order* in the Freddie Mac Action, appointing a receiver for the properties at issue in that case, which properties are unrelated to the properties at issue in this Action. *See* Freddie Mac, No. 19-17421, ECF No. 10.

On September 10, 2019, plaintiffs initiated this Action by the filing of a complaint and on September 11, 2019 filed the Receivership OSC, which was based on information obtained by Plaintiffs. Specifically, the Receivership OSC alleges, among other things, that Plaintiffs are the owners and holders of loans made to entities managed by Levine. These loans are secured by certain real properties, including the Lenox LLCs. The Receivership OSC also alleges that (1) the borrowers are in breach of their obligations owed in connection with the loans and have placed the properties and their tenants in serious jeopardy of harm; (2) the borrowers have failed to pay amounts due and owing under the loans and insurance premiums necessary to ensure that the properties are insured; and (3) the properties (and their thousands of tenants) have been abandoned, are without management and in some cases, are at immediate risk of disrepair. Receivership OSC at ¶ 1.

On September 12, 2019, the Court entered an Order as Docket No. 5 (the "Receivership Order"), appointing Colliers International (the "Receiver") for the Property "pursuant to same power, rights and obligations of the Receiver appointed" in the Freddie Mac Action.

On September 26, 2019, Ascend filed a motion to intervene in the JLS Action based on similar allegations of wrongdoing by Levine.  *See* JLS Action, No. 19-17421, ECF No. 23.

As noted, Ascend does not oppose the appointment of the Receiver and does not challenge any of the proceedings in this action to date.

## ARGUMENT

### INTERVENTION IS NEEDED AS A MATTER OF JUSTICE AND FAIRNESS IN ORDER TO PROTECT ASCEND'S UNIQUE INTERESTS IN PROPERTY AT ISSUE IN THIS ACTION

Ascend is entitled to intervene as of right under Rule 24(a) of the federal rules, and in any event should be granted permissive joinder under Rule 24(b).  Fed. R. Civ. P. 24.

Ascend has the right to intervene here because it "claims an interest relating to the property or transaction that is the subject of the action," namely the Lenox LLCs, and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  *See* Fed. R. Civ. P. 24(a)(2).

Ascend satisfies each of the three requirements of Rule 24(a)(2): (1) its application for intervention is "timely"; (2) it has "a sufficient interest in the litigation" that "may be affected or impaired, as a practical matter by disposition of the action"; and (3) its "interest is not adequately represented by an existing party in the litigation."  *See Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995); *Cole v. NIBCO, Inc., C.A.*, No. 3:13-cv-07871-FLW-TJB, 2016 U.S. Dist. LEXIS 45245, at *5 (D.N.J. Mar. 31, 2016).

There is no issue of timeliness. The Action was filed less than one month ago, on September 10, 2019. Ascend did not delay in seeking to intervene. No party has any basis to claim prejudice because this proceeding is at an early stage, no substantive motions have been filed, and no discovery has been conducted. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982); *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 375-76 (3d Cir. 2016) (factors include stage of the proceeding and, if intervention was delayed, whether that delayed intervention would prejudice any other party).

Intervention is justified here because Ascend has sufficient interests in this litigation that will be affected by the Action in that its equity interest in the Lenox LLCs is "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *See Commonwealth of Pennsylvania v. President United States of Am.*, 888 F.3d 52, 58 (3d Cir. 2018) (permitting intervention). To assess whether Ascend's interests may be impaired or impeded, a court assesses the "the practical consequences of the litigation" and "consider[s] any significant legal effect" on Ascend's interests. *Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).

Here, the practical consequences of the Receivership Order and this Action are clearly defined and directly affect Ascend's interest. Specifically, the Receivership Order vests responsibility for maintenance and management of the Lenox LLCs and the collection of any rents in the Receiver. Accordingly, a party previously unknown to Ascend has taken control of significant assets in which Ascend owns a significant equity interest. Ascend's interest in maximizing the value of the Lenox LLCs are definable and salient interests that are affected by the appointment of the Receiver.

Finally, Ascend's interest is not adequately protected by Plaintiffs or any of the Defendants in the Action because Ascend has "adversity of interest" to these parties. *See In re Cmt. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005). Notably, to intervene under Rule 24(a), a movant is required to show only that representation of its interests "'may be' inadequate," and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citation omitted).

Here, Levine is certainly adverse to Ascend's interests as he has perpetrated a fraud on Ascend by falsifying the Share Certificates and improperly encumbering the Lenox LLCs as collateral for the loans at issue here. Plaintiffs are likewise adverse to Ascend's interests here. Plaintiffs seek to "recover and receive all rents, revenues and income" from the properties, including from the Lenox LLCs, and thus, have overlapping or competing interests with Ascend with respect to any equity or profits in the Lenox LLCs. As such, intervention is necessary to allow Ascend to protect its significant interests and ensure that the value of the Lenox LLCs is protected.

Given this analysis and that, generally, "Rule 24(a) is to be liberally construed in favor of intervention," *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992), intervention as of right is proper here.

Alternatively, Ascend is entitled to permissive intervention under Rule 24(b).

Intervention is permitted pursuant to Rule 24(b)(1)(B) where an intervenor "has a claim or defense that shares with the main action a common question of law or fact," *see* Fed. R. Civ. P. 24(b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties." *See ACRA Turf Club, Ltd. Liab. Co. v. Zanzuccki*, 561 F. App'x 219, 222 (3d Cir. 2014); *see also Worthington v. Bayer Healthcare LLC*, Civil Action No. 11-2793

(ES)(CLW), 2011 U.S. Dist. LEXIS 144369, at *26 (D.N.J. Dec. 15, 2011) ("[t]he court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation.") (citing *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982)); *Bryan v. Fifth Revision Const. Convention*, Civil Action No. 2012-097, 2012 U.S. Dist. LEXIS 149393, at *20 (D.V.I. Oct. 17, 2012) (permitting permissive intervention where additional represented party may enhance the Court's understanding of the claims at issue without delaying the proceedings).

The factors discussed above satisfy this standard here.  Ascend's intervention to protect its ownership interest in the Lenox LLCs involves the same facts and law as the other parties' claims in the Action.

## **CONCLUSION**

For the foregoing reasons, Ascend respectfully requests that the Court (1) grant its motion to intervene; (2) amend the Receivership Order by adding the following provisions, consistent with the order entered in the Freddie Mac Action:

(a) The receiver shall not seek authority to sell Lenox Temple, Lenox Liberty, and Lenox Hudson except on notice to all interested parties and subject to Ascend's right to object for any reason;

(b) Nothing in the order shall be interpreted to permit the receiver to impair or otherwise interfere with any of the rights and claims of Ascend with respect to its membership interests in Lenox Temple, Lenox Liberty, and Lenox Hudson;

and; (3) the Court grant such further relief as it deems just and proper.

Dated:  September 27, 2019                                   Respectfully submitted,

By:    /s/ Eric D. Herschmann
Eric D. Herschmann, Esq.

Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700

*Attorneys for Ascend Re Partners II, LLC*