POLSINELLI PC
Jason A. Nagi
Amy E. Hatch (*pro hac* submitted)
600 Third Avenue, 42nd Floor
New York, New York 10016
jnagi@polsinelli.com
(212) 644-2092

*Attorneys for Plaintiffs in Case No. 19-CV-17865*

HERRICK FEINSTEIN LLP
Scott T. Tross
Michelle M. Sekowski
One Gateway Center
Newark, New Jersey 07102
stross@herrick.com
(973) 274-2000

*Attorneys for Plaintiffs in Case No. 19-CV-17866*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, et al., <br><br> Plaintiffs. <br><br> v. <br><br> ENGLEWOOD FUNDING, LLC, et al., <br><br> Defendants. | Case No.: 2:19-cv-17865 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SETH LEVINE, et al., <br><br> Defendants. | Case No.: 2:19-cv-17866 <br><br> Hon. Madeline Cox Arleo <br><br> **PLAINTIFFS' JOINT OPPOSITION TO MOTION TO INTERVENE** |

70668526.3

Plaintiffs (collectively, "**Plaintiffs**" or "**Lenders**"),[1] by and through their respective attorneys, for their Opposition to the Motions to Intervene (the "**Motions**") filed by Ascend Re Partners, LLC and Ascend Re Partners II, LLC (collectively, "**Ascend**"), state as follows:

### Preliminary Statement

Plaintiffs are the owners and holders of certain loans (collectively, the "**Loans**" and each, a "**Loan**"), all of which are secured by certain real properties and the improvements thereon, located in New Jersey (collectively, the "**Properties**"). The terms of the loans are set forth in certain loan agreements (collectively, the "**Loan Agreements**" and each, a "**Loan Agreement**"). The borrowers (collectively, the "**Borrowers**") on each of the Loans are New Jersey limited liability companies and, pursuant to the terms of the Loan Agreements, are special purpose entities whose sole assets are the Properties. Each of the Borrowers has numerous members,

---

[1] In Case No. 2:19-cv-17865 the Plaintiffs are: U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51; Wilmington Trust, National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB55; U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57; U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58; Wilmington Trust, National Association, as trustee for the registered Holders of Credit Suisse First Boston Mortgage Securities Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61; and U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB64, and in Case No. 2:19-cv-17866, the Plaintiffs are Wells Fargo Bank, National Association, As Trustee For The Registered Holders Of Amherst Pierpoint Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59, By And Through Its Special Servicer, LNR Partners, LLC; Citibank, N.A., As Trustee For The Registered Holders Of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB48, By And Through Its Special Servicer, LNR Partners, LLC; U.S. Bank National Association, As Trustee For The Benefit Of Holders Of J.P. Morgan Chase Commercial Mortgages Securities Corp., Multifamily Pass-Through Certificates, Series 2018-SB52, By And Through Its Special Servicer, SCP Servicing, LLC; U.S. Bank National Association, As Trustee For The Benefit Of Holders Of J.P. Morgan Chase Commercial Mortgages Securities Corp., Multifamily Pass-Through Certificates, Series 2018-SB56, By And Through Its Special Servicer, SCP Servicing, LLC; and U.S. Bank National Association, As Trustee For The Registered Holders Of Wells Fargo Commercial Mortgage Securities, Inc. Multifamily Mortgage Pass-Through Certificates, Series 2019-SB63, By And Through Its Special Servicer, Berkeley Point Capital LLC D/B/A Newmark Knight Frank.

70668526.3

with Defendant Seth Levine elected as the managing member of the Borrowers. Mr. Levine signed the Loan Agreements as manager of each of the LLCs.[2]

Ascend has filed its Motions in the above captioned actions, which are identical in substance, seeking to intervene in these actions "to protect its ownership interest in [certain] of the real properties and related assets at issue" in these actions. According to Ascend, it has a right to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure because it "claims an interest to the property or transaction that is the subject of this action" and the disposition of this action will impede its ability to protect that interest. Ascend is wrong, however, as Ascend, of course, has <u>no ownership interest</u> in the Properties that are the subject of these actions. Rather, Ascend has an alleged equity interest in certain entities that own one or more of the Properties. As a member of a limited liability company, Ascend has no legal right to participate in the litigation.

In the alternative, Ascend maintains that permissive intervention is appropriate under Rule 24(b) because it shares a claim or defense that has a common question of law or fact that has been asserted in the litigation. Again, Ascend is incorrect. The claims asserted by Plaintiffs in these actions relate to the breach of the Loan Agreements and related documents and the right of Plaintiffs to have a receiver appointed over the Properties owned by those Borrowers as a result of said breach. <u>The ownership structure of the Borrowers is not at issue in the litigation</u>. Rather, whether the Borrowers, each of which is a separate legal entity, breached certain agreements with various Plaintiffs is the sole issue before the Court.

---

[2] While Ascend asserted that Levine may have improperly transferred membership interests in the LLCs in which it claims to be a member, Ascend admits in its Motion that Levine has at all times been the elected managing member of those LLCs.

## Argument

Ascend correctly asserts that a party is entitled to intervene under Rule 24(a) as a matter of right by showing that its application was timely, that such party has an interest in the litigation that might be impaired, and that such party's interest is not adequately protected by an existing party in the litigation. *See Mountain Top Condo Ass'n v. Dave Stabbert Master Building, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995). Through the Motions, however, Ascend fails to satisfy the second or third prongs justifying mandatory intervention.

First, Ascend has no legal interest in the litigation. It is a basic legal principle that a membership interest in a limited liability company is a personal property right, and not a right to the property owned by that limited liability company. *See, e.g.*, *Site Search of New Jersey, Inc. v. Camco Mgmt., LLC*, No. A-5162-10T4, 2012 WL 2345386, at *6 (N.J. Super. Ct. App. Div. June 21, 2012) ("Although one Canuso-related entity, Richwood Investment, became a member of the newly formed limited liability company, it retained no ownership interest in the limited liability company's property"); *Budtel Assocs., LP v. Cont'l Cas. Co.*, 2006 PA Super 370, ¶ 19, 915 A.2d 640, 646 (2006) (interpreting New Jersey law) ("Furthermore, the record reveals Budtel–Comptel was registered as a business entity under the New Jersey Limited Liability Company Act, N.J. Stat. Ann. § 42:2B–1 *et. seq*. This Act provides that a member of a limited liability company has no interest in the specific property of the limited liability company; Pennsylvania's statutory scheme contains a similar provision. As a matter of law, therefore, Comptel (as a member) did not own Budtel–Comptel's (the limited liability company's) right to use the Budtel warehouse by default"); *Guardian Life Ins. Co. of Am. v. Estate of Cerniglia*, 446 F. App'x 453, 455–56 (3d Cir. 2011) (finding that life insurance policy owned by company is asset of company and not individual insured who may be covered by the policy); *Rhode Island*

4

*Hosp. Tr. Co. v. Doughton*, 270 U.S. 69, 81, 46 S. Ct. 256, 258, 70 L. Ed. 475 (1926) ("The owner of the shares of stock in a company is not the owner of the corporation's property. He has a right to his share in the earnings of the corporation, as they may be declared in dividends, arising from the use of all its property. In the dissolution of the corporation he may take his proportionate share in what is left, after all the debts of the corporation have been paid and the assets are divided in accordance with the law of its creation. But he does not own the corporate property").

Thus, Ascend, as a purported member of certain Borrowers, has a personal property interest in those Borrowers, <u>but it does not, as it suggests, have any legal right to the Properties themselves</u>. Further, Ascend has no legal right to the rental income or other revenues generated by the Properties, all of which is property of the various LLCs, not property of the individual members of those LLCs. *See* § 4:1.Nature of membership interest, Ltd. Liability Co. § 4:1 (2019 ed.) ("All LLC statutes provide that a membership interest in a LLC is the member's personal property, and members generally have been found to have no interest in the LLC's assets; this includes, members who own all the interests in single member LLCs.").

In the Motions, Ascend relies on *Brody v. Sprang*, 957 F.2d 1108, 1123 (3d Cir. 1992) as support for its assertion that mandatory intervention is appropriate. In *Brody*, however, the Third Circuit makes clear that any intervention applicant must first establish that it possesses a sufficient legal interest in the underlying dispute. As discussed above, the only legal interest Ascend has demonstrated is a personal property interest in the LLCs that own the some of the Properties that are at issue in these matters – not to the Properties themselves. In fact, federal courts have addressed the deficiencies in intervention motions filed by owners of companies and rejected such motions on the grounds that owners do not have any legal interest in the property

5

of the companies. *See, e.g.*, *In re Johnson & Johnson Derivative Litig.*, 900 F. Supp. 2d 467, 475–76 (D.N.J. 2012) ("Courts in the Third Circuit have held that shareholders with only an economic interest in the outcome of the litigation do not have 'sufficient interest,' reasoning that allowing a current shareholder to intervene in a securities class action settlement merely because the value of the common stock may be diluted would set a very dangerous precedent because it would sanction the intervention of any stockholder in any suit in which the trust or corporation whose stock the stockholder owns is a party … The logical result of this would be that a corporation could not prosecute or settle any suit by or against it without obtaining the approval of every shareholder (and perhaps every holder of a debt instrument as well). Clearly the corporate entity was never intended to be so limited in its ability to make decisions and to act on them"); *Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180, 183–84 (N.D. Tex. 1986) (rejecting a shareholder's claim that its interest in the company met the test for a direct, substantial, legally protective interest in a proceeding that gives rise to intervention as a matter of right under Rule 24(a)(2) and finding that if the court were to recognize a shareholders' interest in litigation involving its company as one that gives rise to intervention as a matter or right under Rule 24(a)(2), "it would be tantamount to extending the right to any person with a potential claim if the outcome of a lawsuit might increase or decrease the collectability of his claim"); *Pharmacy Research & Manufacturers of America v. Commercial Department of Human Services*, 201 F.R.D. 12, 14–15 (D. Me. 2001) ("The reasons for restricting shareholder intervention in lawsuits brought by corporations are the same as those for the rule that a shareholder does not acquire a personal cause of action for injuries to the corporation. Regarding the latter, the First Circuit has stated that '[t]he rule is a salutary one: if a shareholder, dissatisfied with the dealings entered into between his corporation and a third party,

automatically possessed a personal right of action against the third party, then corporations would be paralyzed. They could rarely act except by unanimous consent. Business affairs would slow to a crawl, and the courts, confronted with a bewildering myriad of shareholder claims, would be as busy as a colony of centipedes with athlete's foot'").

Further, Ascend's argument that its interests are not adequately protected in these matters also fails. First, there is no "adversity of interest" with Plaintiffs, as Ascend asserts. Plaintiffs have no legal relationship with Ascend. Rather, they have a contractual agreement with certain LLCs as evidenced by the Loan Agreements. Ascend does not claim to be a guarantor of any loans with Plaintiffs, and Ascend's assertion that Plaintiffs have "overlapping or competing interest with Ascend with respect to any equity or profits" of the LLCs is incorrect. Plaintiffs' interest in the Properties derives from their agreements with the Borrowers and their respective first priority liens on the Properties and the income generated therefrom – not with respect to any profits or earnings that may be payable as disbursements under the LLCs' operating agreements.

Permissive intervention under Rule 24(b) is also not appropriate in this matter. Ascend's claims with respect to its ownership interests in certain LLCs do not share common questions of law or fact with Plaintiffs' claims. If Ascend, as it asserts, believes its co-members of the LLCs in which it asserts an interest acted improperly, then Ascend's recourse is through litigation against those members by the assertion of claims for breach of the operating agreements, for breach of fiduciary duties, or other claims Ascend may wish to assert. There is no legal support to allow Ascend to assert those claims in a case like this one, which is a simple breach of contract action brought by lenders against their borrower-LLCs.

## Conclusion

Allowing Ascend to intervene in this action would be akin to opening Pandora's box, and

is neither appropriate nor allowed under Rule 24 of the Federal Rules of Civil Procedure. The members of companies do not have a legal right to participate in breach of contract actions asserted against those companies just because the prosecution of those claims may have a diminutive effect on the values of their equity interests. According to Plaintiffs' records, there are more than 100 individual members of the LLCs that are the defendants in this litigation. Allowing Ascend to intervene would open the door for all these members to claim an "interest" in this litigation and seek to have their numerous and competing voices heard. Any claims of these members are legally distinct from the claims asserted by Plaintiffs, and, if they have merit, should be asserted in a separate action.

Dated:  New York, New York
       October 7, 2019

Respectfully submitted,

POLSINELLI PC

By: *s/ Jason A. Nagi*
    JASON A. NAGI
    AMY E. HATCH
    600 Third Avenue, 42nd Floor
    New York, New York 10016
    (212) 644-2092
    jnagi@polsinelli.com
    ahatch@polsinelli.com
and

HERRICK FEINSTEIN LLP

By:   *s/ Scott T. Tross*
    Scott T. Tross
    stross@herrick.com
    Michelle M. Sekowski
    msekowski@herrick.com
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2019, a true and correct copy of *Plaintiffs' Joint Opposition to Motion to Intervene* was filed using the CM/ECF system, which send notice of such filing to:

| | |
|---|---|
| Bruce Heller Nagel<br>Robert H. Solomon<br>NAGEL RICE, LLP<br>103 Eisenhower Parkway, Suite 201<br>Roseland, NJ  07068<br>bnagel@nagelrice.com<br>rsolomon@nagelrice.com<br><br>Eric D. Herschmann<br>KASOWITZ, BENSON, TORRES & FRIEDMAN<br>One Gateway Center, Suite 2600<br>Newark, NJ  07102<br>eherschmann@kasowitz.com<br><br>*Attorneys for Intervenors*<br>*Ascend Re Partners, LLC and*<br>*Ascend Re Partners II, LLC* | Gerald T. Ford<br>Jerry A. Cuomo<br>Autumn Leigh Knicely-Quito<br>LANDMAN, CORSI, BALLAINE & FORD, PC<br>One Gateway Center, Suite 500<br>Newark, NJ 07102-5311<br>gford@lcbf.com<br>jcuomo@lcbf.com<br>aknicely@lcbf.com<br><br>Scott Lee Walker<br>LOWENSTEIN SANDLER, LLP<br>65 Livingston Avenue<br>Roseland, NJ 07068<br>scott_walker@freddiemac.com<br><br>*Attorneys for Defendant*<br>*Federal Home Loan Mortgage Corp.*<br>*(In Case No. 19-17866)* |

/s/  Jason A. Nagi

70668526.3