*U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*
**Civil Action No. 19-cv-17865-MCA-LDW**

**Legal Addendum to Monthly Reports**

Colliers International NJ LLC ("Colliers" or the "Receiver") was appointed to serve as the receiver for the 20 properties at issue in this action (together, the "Properties"), pursuant to that certain Order entered by this Court on September 13, 2019 (ECF # 5) (the "Receiver Order"), as amended by Order entered December 4, 2019 (ECF # 46) (the "Receiver Order").

Sills Cummis & Gross P.C. ("Sills Cummis") was subsequently approved to serve as counsel for the Receiver, to assist with the performance of those duties described in the Receiver Order, by further Order of this Court entered on October 7, 2019 (ECF # 15).

Upon their appointments, the Receiver and subsequently Sills Cummis were immediately confronted with a multitude of emergent issues that required immediate actions to protect and preserve the Properties, and to achieve a habitable environment for the residential and other tenants that continue to occupy them notwithstanding the borrower defendants' wholesale – and admitted – abandonment of their management responsibilities. This included addressing unpaid utility bills, insect and rodent infestations, notices to vacate Properties issued by New Jersey Department of Community Affairs ("DCA"), hundreds of health, safety, and fire code violations and fines, and a deluge of tenant complaints. The Receiver and Sills Cummis were immediately (and continue to be) inundated with calls, e-mails, and various other correspondence from tenants, their legal representatives, state and local officials, and the borrower defendants' unsatisfied creditors, all looking for the Receiver to immediately address innumerable issues arising from the borrower defendants' actions (and inaction). By way of example only, since its appointment as the Receiver's counsel in this matter, Sills Cummis has provided the following legal assistance and services to the Receiver with respect to the Properties:

(1) Engage and interface with an electronic data vendor to image, convert, and extract electronic data maintained by the Levine Defendants to obtain information necessary for the Receiver to effectively manage these Properties;

(2) Undertake to compel the borrower defendants' compliance with the Receiver Order, including the transfer of funds, security deposits and financial information necessary to administer, manage and market the Properties;

(3) Prepare notices to tenants of the Properties concerning Colliers' appointment as Receiver and related transition in management;

(4) Communicate with Plaintiff, Plaintiff's counsel, and Plaintiff's loan servicer concerning the status of the Properties and the receivership;

(5) Prepare applications for approval of the Receiver's counsel and the Receiver's compensation;

(6) Assist the Receiver in preparing and filing monthly status reports and inventories for the Properties;

(7) Assist the Receiver with its reporting obligations under the Receiver Order for each of the Properties;

(8) Prepare Amended Receiver Order and related application for entry, including extensive communications with interested parties to address proposed modifications and additions;

(9) Research and prepare memorandum concerning relocation obligations for displaced tenants;

(10) Assist the Receiver with registering the Properties with the New Jersey Department of Community Affairs, in accordance with the New Jersey Hotel and Multiple Dwelling Law, *N.J.S.A.* § 55:13A-1, et seq.

(11) Assist and advise the Receiver concerning repair and maintenance obligations, engagement of agents, and reporting obligations;

(12) Correspond with counsel for the parties and non-parties concerning efforts to market and sell certain Properties, and on the form of sale procedures order;

(13) Communicate with vendors and utility providers concerning outstanding invoices for charges incurred prior to the Receiver's appointment;

(14) Communicate with the New Jersey Department of Community Affairs to address reported code violations at the Properties and assist the Receiver with abating the violations;

(15) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 301, 401 and 501 Browning Lane, Brooklawn, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(16) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 212, 214 and 225 Atlantic Avenue, Atlantic City, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(17) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of 12 Meadow Road, Pennsville, New Jersey due to nonpayment of rents, and prepare to institute eviction actions against any tenants that fail to cure their defaults;

(18) Interface with municipal agencies to address building and health code violations reported at 514-516 Kennedy Boulevard, Bayonne, New Jersey;

(19) Interface with South Jersey Legal Services concerning tenant complaints and issues at 301, 401 and 501 Browning Lane, Brooklawn, New Jersey;

(20) Address tenant issues and complaints, including at 363 West End Avenue, Elizabeth, New Jersey, and 212 Atlantic Avenue, Atlantic City, New Jersey;

(21) Interface with municipal agencies to address building and health code violations reported at 107-109 Hudson Street, Hackensack, New Jersey;

(22) Assist the Receiver in preparing leases for tenants at Properties, including 352-354 New Brunswick Avenue, Perth Amboy, New Jersey;

(23) Appear at municipal court hearings, including Garfield Municipal Court for hearing on violations for 123 Pierre Avenue, 132 Jewell Street, a/k/a 113-115, Garfield, New Jersey;

(24) Initiate dozens of eviction actions against tenants that failed to cure payment and other lease defaults;

(25) Address and resolve leasehold disputes, and prepare notice of default letters to certain tenants of Properties due to nonpayment of rents, and instituted eviction actions against tenants that failed to cure their defaults;

(26) Interface with Department of Housing and Urban Development concerning rental assistance for tenants; and

(27) Address COVID-19 related legal and receivership issues.

The foregoing constitutes a representative summary of the legal services and assistance that Sills Cummis has provided the Receiver since its appointment, and continues to provide each day. The foregoing is not intended to be comprehensive or complete. Sills Cummis anticipates that it will be necessary to continue to provide these and other similar services going forward to address issues such as these, as well as any new issues that may arise.