SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ------------------------------------------------------- x | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB51, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LENOX TEMPLE LLC; LENOX LIBERTY LLC; LENOX HUDSON LLC; HACKENSACK NORSE LLC; *et al.*, <br><br> Defendants. | Civil Action No. 19-cv-17865 (MCA)(LDW) <br><br> **DECLARATION OF JAIMEE KATZ SUSSNER, ESQ. IN SUPPORT OF RECEIVER'S MOTION TO APPROVE SALE OF PROPERTIES FREE AND CLEAR, AUTHORIZING DISTRIBUTION OF SALES PROCEEDS, AND GRANTING <u>OTHER RELATED RELIEF</u>** |
| ------------------------------------------------------- x ------------------------------------------------------ | |
| JLS EQUITIES, LLC A NEW YORK LIMITED LIABILITY COMPANY., <br><br> Plaintiff, <br><br> v. <br><br> LENOX HUDSON, LLC; LENOX TEMPLE, LLC; *et al.*, <br><br> Defendants. | Civil Action No. 19-cv-17615 (MCA)(LDW) |
| ------------------------------------------------------- x ------------------------------------------------------ | |

JAIMEE KATZ SUSSNER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a Member of the law firm of Sills Cummis & Gross P.C. ("**SCG**"), and I have personal knowledge of the facts and circumstances set forth in this Declaration unless otherwise indicated.

2. SCG is counsel to Colliers International NJ LLC, the Court-Appointed Receiver for the properties that are at issue in the above-referenced actions ("**Colliers**" or the "**Receiver**"), pursuant to Orders of the Court entered (i) in *U.S. Bank National Association, as Trustee v. Lenox Temple LLC, et al.*, Civil Action No. 19-cv-17865 (the "**U.S. Bank Action**") on September 13, 2019 (ECF # 5), and amended on December 4, 2019 (ECF # 46), and (ii) *JLS Equities, LLC v. River Funding, LLC, et al.*, Civil Action No. 19-cv-17615-MCA-LDW (the "**JLS Action**," and together with the U.S. Bank Action, the "**Actions**") on September 12, 2019 (ECF # 7), and amended on December 4, 2019 (ECF # 52) (together, the "**Receiver Order**").

3. I respectfully submit this Declaration in support of the Receiver's Motion to approve the sale of certain properties that are the subjects of the Actions, to authorize the Receiver to disburse the net proceeds from the sale, and for related relief incidental to consummating the sale (the "**Sale Approval Motion**"), pursuant to Paragraphs 6(i) and 27 of the Receiver Order, and the Order Setting Forth Sales Procedures, entered May 29, 2020 (the "**Sales Procedure Order**").

4. Specifically, pursuant to the Receiver Order and the Sales Procedure Order, the Receiver requests the Court's approval of the Agreement of Purchase and Sale, dated as of December 22, 2020, and the subsequent Amendments to the Agreement of Purchase and Sale, dated January 11, 2021, January 21, 2021, January 29, 2021, and February 2, 2021 (collectively, the "**PSA**"), entered into by and between Colliers and JP Property Acquisitions, LLC

("**Purchaser**"), free and clear of all liens, claims, and encumbrances of any alleged interested or affected party, as more fully set forth below and in the attached exhibits (the "**Interested Parties**"), of the following properties (the "**Subject Properties**")[1]:

| Title Holder | Property Address | First Priority Mortgagee |
|---|---|---|
| Lenox Temple LLC | 54-78 Temple Avenue<br>Hackensack, New Jersey<br>07601-6027<br>Block 511, Lot 11<br>(the "**54-78 Temple Property**") | U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 |
| Lenox Liberty LLC | 406-444 Liberty Street<br>Little Ferry, New Jersey<br>Block 6.01, Lot 1<br>(the "**406-444 Liberty Property**") | SBL NJ Noteholder LLC |
| Lenox Hudson LLC | 107-109 Hudson Street<br>Hackensack, New Jersey<br>Block 67, Lot 24<br>(the "**107-109 Hudson Property**") | U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 |
| Hackensack Norse LLC | 88 McKinley Street<br>Hackensack, New Jersey<br>Block 81, Lot 22<br>(the "**88 McKinley Property**") | SBL NJ Noteholder LLC |

---

[1] Legal Descriptions for the Subject Properties are included in the Title Commitments submitted herewith as **Exhibits A** through **E**. All Interested Parties identified in the aforementioned Title Commitments, as well as a description of their purported interest(s), are referenced in Exhibit C to the proposed Order submitted herewith.

3

| | | |
|---|---|---|
| Hackensack Norse LLC | 170 South Park Street Hackensack, New Jersey Block 222.01, Lot 30 (the "**170 South Park Property**") | SBL NJ Noteholder LLC |

## The Pending Foreclosure Actions

5. Each of the first priority mortgagees of the Subject Properties have instituted foreclosure actions in the Superior Court of New Jersey, which are pending in Bergen County and captioned as follows: (i) *U.S. Bank National Association, as Trustee v. Lenox Temple LLC, et al.*, F-020893-19; (ii) *SBL NJ Noteholder LLC v. Lenox Liberty LLC, et al.*, F-020896-19; (iii) *U.S. Bank National Association, as Trustee v. Lenox Hudson LLC, et al.*, F-020898-19; and (iv) *SBL NJ Noteholder LLC v. Hackensack Norse LLC, et al.*, F-020980-19 (collectively, the "**Foreclosure Actions**").

6. Upon information and belief, neither defendant Seth Levine nor any of his affiliated entities have appeared in, or contested, the Foreclosure Actions, nor has any lienholder contested the superiority or validity of the interests held by the first priority mortgagees.

## The Interested Parties

7. As part of its due diligence in connection with the PSA, the Purchaser obtained Title Commitments issued by Main Street Title & Settlement Services, LLC, on behalf of Old Republic National Title Insurance Company (the "**Title Commitments**"). Annexed hereto as **Exhibits A** through **E** are, respectively, true and correct copies of the Title Commitments issued for 54-78 Temple Avenue ("**MSQ-8389**"), 406-444 Liberty Street ("**MSQ-8390**"), 107-109

Hudson Street ("**MSQ-8391**"), 88 McKinley Street ("**MSQ-8392**"), and 170 South Park Street ("**MSQ-8393**").

8. Based upon a review of the pleadings filed in the Actions and Schedules B-1 and B-2 of MSQ-8389, the Receiver has identified the Interested Parties identified in Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Property located at 54-78 Temple Avenue.

9. Based upon a review of Schedules B-1 and B-2 of SQ-8390, the Receiver has identified the Interested Parties identified in Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Property located at 406-444 Liberty Street.

10. Based upon a review of Schedules B-1 and B-2 of MSQ-8391, the Receiver has identified the Interested Parties identified in Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Property located 107-109 Hudson Street.

11. Based upon a review of Schedules B-1 and B-2 of MSQ-8392, the Receiver has identified the Interested Parties identified in Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Property located at 88 McKinley Street.

12. Based upon a review of Schedules B-1 and B-2 of MSQ-8393, Receiver has identified the Interested Parties identified in Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Property located at 170 South Park Street.

13. Without opining on the validity or priority of the alleged interests held by the Interested Parties, other than the first mortgagees and secured lienholders that are party to the Actions, each of the Interested Parties have been served with notice of this Sale Approval Motion.

### The PSA and Receiver's Compliance With the Sales Procedure Order

14. As set forth further in the Declaration of Richard Madison submitted herewith (the "**Madison Decl.**"), the Receiver engaged in efforts to market and sell the Subject Properties pursuant to the Receiver Order, Sales Procedure Order, and the Exclusive Rights Agreement, and received a letter of intent from Purchaser.

15. On or about December 22, 2020, the Receiver and Purchaser executed the PSA, a non-binding contract for the sale and purchase of the Subject Properties. Pursuant to Paragraph 2 of the Sales Procedure Order, on December 22, 2020, the Receiver, through its counsel, SCG, served the Interested Parties with notice of the PSA. Proof of service of the aforementioned notice was filed on December 28, 2020. (ECF # 108).

16. Likewise, the Receiver, through its counsel, SCG, served the Interested Parties with notice of the amendments to the PSA. Joshua N. Howley of SCG caused all of the amendments to the PSA to be served on all of the Interested Parties.

17. In connection with the Receiver's notices of the PSA, certain of the Interested Parties requested further information, which SCG provided on behalf of the Receiver.

18. Pursuant to Paragraphs 5 and 6 of the Sales Procedure Order, the Receiver requested payoff statements from the first mortgagees, secured creditors, and SCG in connection with their secured debt and/or alleged interests in the Subject Properties. On January 26, 2021, the Receiver, through its counsel SCG, served notice of the proposed disbursements to Interested

Parties from the sale proceeds based upon the payoff statements received. As a result of subsequent amendments to the PSA and changes in payoff statements from certain secured creditors, on February 10, 2021, SCG served notice of the amended, proposed disbursements to Interested Parties from the sale proceeds. Annexed hereto as **Exhibit E** are redacted copies of SCG's January 26 and February 10, 2021 Notices to the Interested Parties.

19. All first mortgagees for the Subject Properties, and the second mortgagee on 54-78 Temple, J&J Capital Realty Associates LLP ("**J&J**"), have consented to and approved the terms of the PSA and the relief sought in this Sale Approval Motion.

20. Accordingly, Receiver now submits this Sale Approval Motion pursuant to Paragraph 7 of the Sales Procedure Order.

### The Requested Distributions, Exemptions, and Procedure for Surplus

21. The PSA has produced a purchase price sufficient to satisfy the first priority mortgagees, the Receiver's Fees and Expenses, including brokerage commissions, and SCG's Attorneys Fees for each of the Subject Properties (during the course of the Receivership and in connection with the sale transaction), as well as the second mortgagee encumbering 54-78 Temple Avenue, J&J. The proposed distribution schedule, which remains subject to anticipated changes in the payoff amounts owed, is annexed to the Proposed Order submitted herewith at Exhibit A.

22. Pursuant to the Sales Procedure Order, the Receiver will, upon closing, maintain any surplus money in escrow, and will distribute same to any Interested Parties pursuant to further order from this Court.

23. Pursuant to the PSA, and in order to obtain clear title/title insurance for the proposed purchase, Purchaser requires certain additional relief from this Court to consummate the sale transaction. Specifically, the PSA contemplates that (i) the Sale will result in a transfer

of the Subject Properties free and clear of all liens, claims, encumbrances, and secured and unsecured interests, and any party's equitable or redemption rights, (ii) the ability to record in the public record satisfactions for any of the aforementioned interests and any and all documents related to the transfer of title to the Subject Properties, and (iii) authorization and/or clarification from the Court of the Receiver's authority to sell the Subject Properties and exemptions from certain transfer fees and taxes due to the Subject Properties being sold by the Receiver out of the receivership estate. This relief is warranted and necessary for the Closing to occur, and this Court is authorized to grant such relief pursuant to, *inter alia*, the Sales Procedure Order, *N.J.S.A.* 2A:50-31, *N.J.S.A.* 46:16-1.1, *N.J.S.A.* 54:32B-22C, *N.J.S.A.* 54:50-38, *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8.

24. Based on the foregoing, Colliers respectfully requests that the Court grant this Motion, approve the Receiver's Sale of the Subject Properties free and clear of all liens, claims, and encumbrances, authorize the Receiver's disbursement of net proceeds, and retain all surplus in escrow pending further direction from this Court.

25. Lastly, pursuant to Local Civil Rule 7.1(d)(4), the Receiver respectfully submits that no brief is necessary in support of this motion because it is based upon the relevant facts and the prior Orders of the Court in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2021.

                                              *s/ Jaimee Katz Sussner*
                                              JAIMEE KATZ SUSSNER