# EXHIBIT A

SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB51, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>LENOX TEMPLE LLC; LENOX LIBERTY LLC; LENOX HUDSON LLC; HACKENSACK NORSE LLC; *et al.*,<br><br>Defendants. | Civil Action No. 19-cv-17865 (MCA)(LDW)<br><br>**ORDER AND JUDGMENT APPROVING THE RECEIVER'S SALE OF PROPERTIES FREE AND CLEAR, AUTHORIZING DISTRIBUTION OF SALES PROCEEDS, AND GRANTING OTHER RELATED RELIEF** |
| JLS EQUITIES, LLC A NEW YORK LIMITED LIABILITY COMPANY.,<br><br>Plaintiff,<br><br>vs.<br><br>LENOX HUDSON, LLC; LENOX TEMPLE, LLC; *et al.*,<br><br>Defendants. | Civil Action No. 19-cv-17615 (MCA)(LDW) |

**THIS MATTER** having been opened to the Court by Sills Cummis & Gross P.C., attorneys for Colliers International NJ LLC, the Court-Appointed Receiver for the properties at issue in the referenced actions ("**Colliers**" or the "**Receiver**"), pursuant to this Court's Orders dated September 12, 2019, and amended by Order entered December 4, 2019 (together, the "**Receiver Order**"), and May 29, 2020 (the "**Sales Procedures Order**"), for an Order (i) approving the Receiver's sale of the following properties, together with any improvements thereon and appurtenances therefrom, free and clear of all liens, claims, and encumbrances of any party purporting to hold secured debt or other interest in the properties subject to sale ("**Interested Party**"): (a) the property owned by Defendant Lenox Temple LLC, located at 54-78 Temple Avenue, Hackensack, County of Bergen, State of New Jersey, known as Block 511, Lot 11 on the Tax map of Hackensack (the "**54-78 Temple Ave. Property**"), (b) the property owned by Lenox Liberty LLC, located at 406-444 Liberty Street, Little Ferry, County of Bergen, State of New Jersey, known as Block 6.01, Lot 1 on the Tax Map of Little Ferry (the "**406-444 Liberty St. Property**"), (c) the property owned by Lenox Hudson LLC, located at 107-109 Hudson Street, Hackensack, County of Bergen, State of New Jersey, known as Block 67, Lot 24 on the Tax Map of Hackensack (the "**107-109 Hudson St. Property**"), and (d) the properties owned by Hackensack Norse LLC, located at 88 McKinley Street, Hackensack, County of Bergen, State of New Jersey, known as Block 81, Lot 22 on the Tax Map of Hackensack (the "**88 McKinley St. Property**"), and 170 South Park St., Hackensack, County of Bergen, State of New Jersey, known as Block 222.01, Lot 30 on the Tax Map of Hackensack (the "**170 South Park St. Property**," and collectively, (the "**Subject Properties**"); (ii) authorizing the Receiver to distribute the net proceeds from the aforementioned sale as set forth on the distribution schedule attached hereto as **Exhibit A**, subject to any changes in the payoff amounts owed to any

Interested Party accruing through the date of the closing on the sale of the Subject Properties (the "**Closing**") which will be reflected in a HUD-1 issued in connection with the sale; and (iii) authorizing the Receiver to deposit any surplus proceeds into the Court; and notice of this motion to approve the sale of the Subject Properties free and clear, authorizing distribution of sale proceeds, and granting other related relief (the "**Motion**") having been duly served upon all defendants in these actions, and all known parties alleging interest in the Subject Properties; and the Court having considered the papers submitted in support of this Motion, and in opposition thereto, if any; and the Court having heard the arguments of counsel, if any; and this Court having determined that, based upon the foregoing, the Receiver is entitled to the requested relief; and for good cause shown:

IT IS on this __ day of __________, 2021 FOUND AND DETERMINED, that:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

B. The Court has jurisdiction over this matter and the transactions contemplated by this Order pursuant to Fed. R. Civ. P. 66, the Receiver Order, and the Sales Procedure Order.

C. Proper, timely, and sufficient notice of the Receiver's Motion was provided pursuant to the Sales Procedure Order. No other or further notice of the Motion is necessary. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all Interested Parties, including: (i) all parties, if any, who are known to claim a lien, claim, or interest in or upon any of the Subject Properties; and (ii) all lienholders and/or creditors who have filed a Notice of Appearance in this action.

D. The Motion afforded a full, fair and reasonable opportunity for any entity or person to make a competing bid for the Subject Properties. As demonstrated by the record, the

Receiver has adequately marketed the Subject Properties and conducted the sales process in compliance with applicable law and industry standards, and in a manner that was non-collusive, fair and reasonable, and conducted in good faith.

E. The Receiver has advanced sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to: (i) sell the Subject Properties on the terms and conditions set forth in the Agreement of Purchase and Sale, dated December 22, 2020, and as amended thereafter, between the Receiver, as Seller, and JP Property Acquisitions, LLC, as Purchaser (the "**Buyer**") (the "**PSA**"); (ii) consummate all transactions contemplated by the PSA; and (iii) determine that the Buyer has provided sufficient proof of its financial ability to pay the purchase prices for the Subject Properties.

F. Consummation of the transactions contemplated by the PSA is in the best interests of the Plaintiffs, the Owner entities, the defendants, the estate, and other parties in interest.

G. None of the Subject Properties are scheduled for Sheriff's Sale in connection with any State Court foreclosure action filed by a first mortgagee or other secured creditor of the Subject Properties.

H. The Receiver possesses the requisite authority to transfer the Subject Properties to the Buyer in accordance with this Order and the PSA.

I. The PSA: (i) was proposed and entered into in good faith after arm's-length negotiation by the parties; and (ii) the consideration to be provided by the Buyer pursuant to the PSA constitutes reasonably equivalent value and fair consideration for the Subject Properties.

J. Based upon the record, it appears that neither the Receiver nor the Buyer have engaged in any conduct that would cause or permit the PSA or any transfer, assignment or conveyance thereunder to be avoided or rescinded.

K. As a condition to the sale, the Buyer requires that the Subject Properties be sold to it free and clear of all liens and claims, other than those liabilities expressly assumed in the PSA.

L. The Buyer is not a successor in interest to any of the Levine Defendants (as defined in the Sales Procedure Order), has not *de facto* or otherwise merged into any of the Levine Defendants, and is not a mere continuation or substantial continuation of, or alter ego of, any of the Levine Defendants.

M. There is no common identity among the Buyer and any of the Levine Defendants' incorporators, officers or directors.

N. The transfer of the Subject Properties as contemplated by the PSA (i) are or will be legal, valid, and effective transfers of the Subject Properties in the receivership estate to the Buyer, and (ii) will vest in the Buyer all right, title, and interest of the Levine Defendants in and to all of the Subject Properties free and clear of all liens, claims, interests, and encumbrances.

O. The Receiver may sell and transfer the Subject Properties to the Buyer free and clear of any and all interests in or liens, claims, or encumbrances upon the Subject Properties because all such parties: (i) have consented to the sale, or are deemed to have consented to the sale, by failing to object to the relief granted herein, (ii) could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interests, liens, claims, or encumbrances, or (iii) otherwise waived any purported right to challenge the sale.

P. If any objections and/or responses to the Motion or the relief sought therein were asserted, such objections either have been rendered moot, resolved, or overruled, in whole or in part, in accordance with the findings, terms, and provisions of this Order.

Q. Immediately upon the entry of this Order, this Order will constitute a final and appealable order with respect to the Subject Properties. The Court finds that there is no just

reason for delay in the implementation of this Order, and the closing of the sale of the Subject Properties pursuant to the PSA (the "**Closing**") may occur as soon as all the conditions precedent to such Closing have been satisfied or waived in accordance with the terms and conditions of the PSA.

**NOW THEREFORE**, IT IS ORDERED and ADJUDGED as follows:

1. The Receiver's Motion is GRANTED in its entirety.

2. All parties in interest have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated in the record, all such objections are hereby overruled.

3. In accordance with the Sales Procedure Order, the terms and conditions of the PSA (including all exhibits and schedules thereto, and all amendments and related agreements) are hereby approved in all respects, and the Receiver is hereby authorized and empowered to: (i) close on a sale of the Subject Properties to Buyer, or its designee, for the amounts identified in the PSA, (ii) transfer title to the Subject Properties at such a Closing, and (iii) execute deeds substantially in the form attached hereto as **Exhibit B** and all other Closing documents as required to accomplish the foregoing.

4. In accordance with the Sales Procedure Order and *N.J.S.A.* §2A:50-31, the Subject Properties are to be sold and transferred by the Receiver pursuant to this Order, and shall be sold and transferred free and clear of all liens, claims, encumbrances, and interests, which are more fully set forth in **Exhibit C,** each of which shall be deemed discharged and of no further force or effect as to the Subject Properties following the Closing on such sale to the extent and with the same legal effect as if the Subject Properties had been sold at a foreclosure sale pursuant

to a writ of execution, including the discharge from the Subject Properties of: (i) all liens, encumbrances, claims, security interests, and other interests that are junior in priority to Plaintiffs' respective mortgage liens and security interests; (ii) all equity or rights of redemption; and (iii) Plaintiffs' respective mortgage liens and security interests, provided, however, that Plaintiffs' respective mortgage liens and security interests shall only be discharged upon receipt by each of the Plaintiffs of the amounts set forth on Exhibit A attached hereto, as such amounts may be reasonably updated by Plaintiffs prior to Closing. Except as may be expressly permitted by the PSA, and subject to any Interested Party's right to seek any surplus funds in the Court, all persons holding any liens, claims, encumbrances or interest of any kind and nature with respect to the Subject Properties are hereby barred from asserting such against the Buyer, its affiliates or designees, officers, directors, employees, agents, successors or assigns or their respective properties, including, without limitation, the Subject Properties.

5. The proceeds of the sale, net of all ordinary and necessary Closing costs (including, without limitation, payment of the Receiver and its counsel's fees and costs, real estate taxes and other municipal liens, all broker's commissions and expenses, and all other typical closing costs) shall be distributed at the Closing on the Receiver's sale of the Subject Properties in accordance with the distribution schedule annexed hereto as **Exhibit A**, subject to any additional amounts necessary to satisfy the secured lien/claim of any Interested Party accruing through the date of the Closing, including any amount the Receiver deems, in its discretion, appropriate as a holdback to pay any unbilled costs or expenses that accrued in connection with the Subject Properties during its receivership. The Buyer shall not be responsible to satisfy any of the Receiver's or its counsel's fees and costs subsequent to the Closing. Pursuant to Paragraph 12 of the Sales Procedure Order, the Receiver shall deposit any

surplus proceeds with the Court, which shall be distributed by the Court, upon application of any Interested Party, in accordance with the amount and priority of the liens and encumbrances on the Subject Properties.

6. From and after the Closing, all filing and recording officers are hereby authorized and directed to remove or expunge of record any and all liens, claims, encumbrances or other interests that were of record immediately prior to the Closing with respect to any of the Subject Properties. Parties with an interest in the Subject Properties are directed to execute such documents and take all other action as may be necessary to release their liens, claims, encumbrances or other interest on or against the Subject Properties. If any person that has filed financing statements or other documents or agreements evidencing liens or encumbrances on the Subject Properties shall not have delivered to the Buyer on or before five (5) days after the Closing, in proper form for filing and executed by the proper parties, termination statements, instruments of satisfaction, releases of all liens or other interests which the person has with respect to the Subject Properties, the Receiver and/or the Buyer are authorized to execute and file all such statements, instruments, releases and other documents on behalf of such person with respect to the Subject Properties, and may file or record, as necessary, with the appropriate County Clerk's and/or recorder's office. This Order may be (but shall be required to be) recorded with the County Clerk's and/or recorder's office in which any of the Subject Properties are located by any party to this action, or the Buyer, in accordance with *N.J.S.A.* 46:16-1.1.

7. If, pursuant to *N.J.S.A.* 54:32B-22C and *N.J.S.A.* 54:50-38 (the "**Bulk Sales Law**"), the Buyer has filed a Notification of Sale, Transfer, or Assignment in Bulk (C-9600) ("**Notification**") with the Director of the Division of Taxation in the Department of the Treasury of the State of New Jersey, Bulk Sale Section (the "**Department**"), the Department shall

recognize the Receiver as seller under the PSA. As such, the Department shall not require that any portion of the sale proceeds of Closing be held in escrow as may otherwise be required under the Bulk Sales Law, and shall issue a clearance letter to the Buyer within ten (10) business days after the Department's receipt of the Notification pursuant to the Bulk Sales Law.

8. Pursuant to *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8, Seller is exempt from the Realty Transfer Fee, and Buyer is exempt from the so-called "Mansion Tax" upon the closing of the sale transaction described in the PSA.

9. This Order shall be binding upon the Receiver, the Plaintiffs, the Levine Defendants, and all other named defendants or parties with an interest in the Subject Properties, and each of their successors and assigns and any affected third-parties, and all other persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Subject Properties. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Subject Properties to the Buyer and all licenses under the Receiver's or Levine Defendants' ownership necessary for the operation of any Subject Properties, and the county and state offices wherein terminations statements under the Uniform Commercial Code are authorized to be filed.

10. The Court shall retain jurisdiction over all matters arising from or related to the PSA, the implementation thereof and this Order to resolve any disputes arising under or related to the foregoing.

______________________________________

HON. MADELINE COX ARLEO, U.S.D.J.

**EXHIBIT A**

**DISTRIBUTION SCHEDULE[1]**

**Property**: 54-78 Temple Avenue, Hackensack, New Jersey
**Owner**: Lenox Temple LLC
**Purchase Price**: $9,500,012.00

| **Payee** | **Basis for Distribution** | **Projected Distribution Amount** |
|---|---|---|
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 | Satisfaction of First Priority Mortgage/ UCC Financing Statement ($7,546,811.26), and Mortgagee's Legal Fees ($21,924.77) | $7,568,736.03 |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($78,807.19), Brokerage Commission ($285,000.36), Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($39,135.85) | $402,943.40 |
| Main Street Title and Settlement Services, LLC | Closing fees/costs | $50,000.00 |
| Surplus | | $1,478,332.57 |

[1] All projected distribution amounts in this **Exhibit A** are based upon the sales price for the Subject Properties, and payoff statements, including the fees, expenses, and costs of any Interested Party. The payoff amounts are subject to change up to and including the date of the Closing.

**Property**: 406-444 Liberty Street, Little Ferry, New Jersey
**Owner**: Lenox Liberty LLC
**Purchase Price**: $6,800,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| SBL NJ Noteholder LLC | Satisfaction of First Priority Mortgage/ UCC Financing Statement ($6,209.875.10), and Mortgagee's Legal Fees ($28,374.50) | $6,238,249.60 |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($5,565.50), Brokerage Commission ($204,000.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($2,276.65) | $211,842.15 |
| Main Street Title and Settlement Services, LLC | Closing fees/costs | $50,000.00 |
| Surplus | | $299,908.25 |

**Property**: 107-109 Hudson Street, Hackensack, New Jersey
**Owner**: Lenox Hudson LLC
**Purchase Price**: $2,900,000.00

| **Payee** | **Basis for Distribution** | **Projected Distribution Amount** |
| --- | --- | --- |
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 | Satisfaction of First Priority Mortgage/ UCC Financing Statement ($2,553,102.51), and Mortgagee's Legal Fees ($37,235.23) | $2,590,337.74 |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($6,005.31), Brokerage Commission ($87,000.00), Legal Fees/Expenses for Counsel Sills Cummis & Gross PC ($51,501.39) | $144,506.70 |
| Main Street Title and Settlement Services, LLC | Closing fees/costs | $50,000.00 |
| Surplus | | $115,155.56 |

**Properties**: (i) 88 McKinley Street, Hackensack, New Jersey
(ii) 170 South Park Street, Hackensack, New Jersey
**Owner**: Hackensack Norse LLC
**Purchase Price for 88 McKinley**: $2,000,000.00
**Purchase Price for 170 South Park**: $3,000,000.00

| **Payee** | **Basis for Distribution** | **Projected Distribution Amount** |
|---|---|---|
| SBL NJ Noteholder LLC | Satisfaction of First Priority Mortgage/ UCC Financing Statement ($4,394,441.69), and Mortgagee's Legal Fees ($21,924.77) | $4,416,366.46 |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($4,615.60), Brokerage Commission ($150,000.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($7,789.07) | $162,404.67 |
| Main Street Title and Settlement Services, LLC | Closing fees/costs | $50,000.00 |
| Surplus | | $371,228.87 |

**EXHIBIT B**

# EXHIBIT C

## SCHEDULE OF PURPORTED LIENS, CLAIMS, AND ENCUMBRANCES IDENTIFIED IN TITLE COMMITMENTS

**Property**: 54-78 Temple Avenue, Hackensack, New Jersey
**Owner**: Lenox Temple LLC

| Interested Party | Nature of Interest |
|---|---|
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 ("US Bank") | (i) Mortgage made by Lenox Temple LLC to US Bank, successor in interest to Greystone Servicing Corporation, Inc., dated 3/27/18 and recorded on 4/4/18 in Mortgage Book V2897, Page 1248, in the amount of $6,675,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 4/4/18 in Book V2897, Page 1272, and 8/2/18 in Book V3016, Page 766; and (ii) UCC Financing Statement made by Lenox Temple LLC, as debtor, US Bank, successor in interest to Federal Home Loan Mortgage Corporation, recorded in Financing Statement Book V2897, Page 1276, as modified and/or assigned pursuant to Assignment of Financing Statement recorded on 8/2/18 in Book V3016, Page 771 |
| J&J Capital Realty Associates LLC | (i) Mortgage made by Lenox Temple LLC to J&J Capital Realty Associates LLC, dated 1/15/19 and recorded on 9/16/19 in Mortgage Book V3349, Page 2263, in the amount of $825,000.00; and (ii) Assignment of Rents and Leases, recorded on 9/6/19 in Book V3349, Page 2282 |
| Toledo Plumbing & Heating Inc. | Judgment No. 100590-20, entered November 16, 2020, in the amount of $1,055.29 |
| Judah A. Zelmanovitz and Neil Fink | Declaration of Restrictions, dated 5/21/19 and recorded on 6/18/19 in Deed Book V3270, Page 572 |
| Herbert Tepfer | (i) Declaration of Restrictions, dated 1/15/19 and recorded 7/5/19 in Deed Book V3287, Page 1308, and (ii) Declaration of Restrictions, dated 1/15/19 and recorded on 7/19/19 in Deed Book V3299, Page 1125 |

**Property**: 406-444 Liberty Street, Little Ferry, New Jersey
**Owner**: Lenox Liberty LLC

| Interested Party | Nature of Interest |
|---|---|
| SBL NJ Noteholder LLC ("SBL NJ") | (i) Mortgage made by Lenox Liberty LLC to SBL NJ, successor in interest to Hunt Mortgage Partners, LLC, dated 3/27/18 and recorded on 4/18/18 in Mortgage Book V2915, Page 164, in the amount of $5,420,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 4/18/18 in Book V2915, Page 181, and on 8/1/18 in Book V3015, Page 2280, and on 7/14/20 in Book V3641, Page 1609; and (ii) UCC Financing Statement made by Lenox Liberty LLC, as debtor, to SBL NJ, successor in interest to Federal Home Loan Mortgage Corporation, recorded on 4/18/18 in Financing Statement Book V2915, Page 185, as modified and/or assigned pursuant to Assignments of Financing Statement recorded on 8/1/18 in Book V3015, Page 2285, and 7/14/20 in Book V3641, Page 1615 |
| Bureau of Housing Inspection | Judgment No. 191356-19 against Lenox Liberty LLC, docketed on 12/19/19, in the amount of $3,246.00 |
| Essex County Board of Social Services | Judgment No. 238832-95 against non-party Stanley Lee, entered 4/13/95, in an unknown/varying amount |
| Nicole M. Lomax | Judgment No. 240887-95 against non-party Stanley Lee, entered 6/15/95, in an unknown/varying amount |
| Division of Taxation | Judgment No. 041729-05 against non-party Stan J. Lee, docketed on 2/17/05, in the amount of $2,970.00 |
| Judah A. Zelmanovitz and Neil Fink | Declaration of Restrictions, dated 5/21/19 and recorded on 6/18/19 in Deed Book V3270, Page 691 |

**Property**: 107-109 Hudson Street, Hackensack, New Jersey
**Owner**: Lenox Hudson LLC

| Interested Party | Nature of Interest |
|---|---|
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass Through Certificates, Series 2018-SB51 ("US Bank") | (i) Mortgage made by Lenox Hudson LLC to US Bank, successor in interest to Hunt Mortgage Partners, LLC, dated 3/27/18 and recorded on 4/5/18 in Mortgage Book V2898, Page 2086, in the amount of $2,165,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 4/5/18 in Book V2898, Page 2111, and on 8/1/18 in Book V3015, Page 2035; and (ii) UCC Financing Statement made by Lenox Hudson LLC, as debtor, to US Bank, successor in interest to Federal Home Loan Mortgage Corporation, recorded in Financing Statement Book V2898, Page 2115, as modified and/or assigned by Assignment of Financing Statement recorded on 8/1/18 in Book V3015, Page 2040 |
| Bureau of Housing Inspection | Judgment No. 191356-19 against Lenox Hudson LLC, docketed on 6/18/20, in the amount of $2,402.00 |
| Essex County Board of Social Services | Judgment No. 238832-95 against non-party Stanley Lee, entered 4/13/95, in an unknown/varying amount |
| Nicole M. Lomax | Judgment No. 240887-95 against non-party Stanley Lee, entered 6/15/95, in an unknown/varying amount |
| Division of Taxation | Judgment No. 041729-05 against non-party Stan J. Lee, docketed on 2/17/05, in the amount of $2,970.00 |
| Judah A. Zelmanovitz and Neil Fink | Declaration of Restrictions, dated 8/21/17 and recorded on 6/27/19 in Deed Book V3278, Page 1843 |

**Properties**: 88 McKinley Street, Hackensack, New Jersey
**Owner**: Hackensack Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| SBL NJ Noteholder LLC ("SBL NJ") | (i) Mortgage made by Hackensack Norse, LLC to SBL NJ, successor in interest to Hunt Mortgage Partners, LLC, dated 7/11/18 and recorded on 9/24/18 in Mortgage Book V3060, Page 1233, in the amount of $3,775,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 9/24/18 in Book V3060, Page 1259, and on 2/5/19 in Book V3171, Page 1459, and on 7/14/20 in Book V3641, Page 1728; and (ii) UCC Financing Statement made by Hackensack Norse, LLC, as debtor, to Federal Home Loan Mortgage Corporation, recorded on 9/24/18 in Financing Statement Book V3060, Page 1266, as modified and/or assigned pursuant to Assignment of Financing Statement recorded on 2/5/19 in Book V3171, Page 1465, and on 7/14/20 in Book V3641, Page 1735 |
| Hutton Ventures LLC | (i) Mortgage made by Lenox McKinley, LLC to Hutton Ventures LLC, dated 12/11/15 and recorded on 8/15/19 in Mortgage book V3323, Page 1637 in the amount of $2,200,000.00, along with an Assignment of Rents and Leases recorded in Book V3323, Page 1879; and (ii) UCC Financing Statement made by Lenox McKinley, LLC to Hutton Ventures, recorded on 8/15/19 in Financing Statement Book V3323, Page 1675 |
| Toledo Plumbing & Heating Inc. | Judgment No. 100590-20 against Hackensack Norse, LLC, entered on 11/16/20, in the amount of $3,072.18 |
| Oritani Bank | UCC Financing Statement made by Lenox McKinley, LLC, as debtor, to Oritani Bank, recorded on 6/30/06 in Financing Statement Book V2303, Page 316 |
| Judah A. Zelmanovitz and Neil Fink | Declaration of Restrictions, dated 6/12/19 and recorded on 9/24/19 in Deed Book V3356, Page 1879 |

**Properties**: 170 South Park Street, Hackensack, New Jersey
**Owner**: Hackensack Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| SBL NJ Noteholder LLC ("SBL NJ") | (i) Mortgage made by Hackensack Norse, LLC to SBL NJ, successor in interest to Hunt Mortgage Partners, LLC, dated 7/11/18 and recorded on 9/24/18 in Mortgage Book V3060, Page 1233, in the amount of $3,775,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 9/24/18 in Book V3060, Page 1259, and on 2/5/19 in Book V3171, Page 1459, and on 7/14/20 in Book V3641, Page 1728; and (ii) UCC Financing Statement made by Hackensack Norse, LLC, as debtor, SBL NJ, successor in interest to Federal Home Loan Mortgage Corporation, recorded on 9/24/18 in Financing Statement Book V3060, Page 1266, as modified and/or assigned pursuant to Assignments of Financing Statement recorded on 2/5/19 in Book V3171, Page 1465, and on 7/14/20 in Book V3641, Page 1735 |
| Hutton Ventures LLC | (i) Mortgage made by Lenox South Park, LLC to Hutton Ventures LLC, dated 12/11/15 and recorded on 8/15/19 in Mortgage book V3323, Page 1637, in the amount of $2,200,000.00, along with an Assignment of Rents and Leases recorded in Book V3323, Page 1657; and (ii) UCC Financing Statement made by Lenox South Park, LLC, as debtor, to Hutton Ventures, recorded on 8/15/19 in Financing Statement Book V3323, Page 1683 |
| Toledo Plumbing & Heating Inc. | Judgment No. 100590-20 against Hackensack Norse, LLC, entered on 11/16/20, in the amount of $3,072.18 |
| Oritani Bank | UCC Financing Statement made by Lenox South Park, LLC, as debtor, to Oritani Bank, recorded on 6/30/16 in Financing Statement Book V2303, Page 309 |
| Judah A. Zelmanovitz and Neil Fink | Declaration of Restrictions, dated 6/12/19 and recorded on 9/24/19 in Deed Book V3356, Page 1868 |