SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------- x

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB51, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>ATLANTIC NORSE, LLC, *et al.,*<br><br>Defendants. | Civil Action No. 19-cv-17865 (MCA)(LDW)<br><br>**DECLARATION OF JAIMEE KATZ SUSSNER, ESQ. IN SUPPORT OF RECEIVER'S MOTION TO APPROVE SALE OF PROPERTIES FREE AND CLEAR, AUTHORIZING DISTRIBUTION OF SALES PROCEEDS, AND GRANTING <u>OTHER RELATED RELIEF</u>** |

------------------------------------------------------- x

JAIMEE KATZ SUSSNER, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am a Member of the law firm of Sills Cummis & Gross P.C. ("**SCG**"), and I have personal knowledge of the facts and circumstances set forth in this Declaration unless otherwise indicated.

2.      SCG is counsel to Colliers International NJ LLC, the Court-Appointed Receiver for the properties that are at issue in the above-referenced action ("**Colliers**" or the "**Receiver**"),

pursuant to Orders of the Court entered on September 13, 2019 (ECF # 5), and amended on December 4, 2019 (ECF # 46) (together, the "**Receiver Order**").

3.     I respectfully submit this Declaration in support of the Receiver's Motion to approve the sale of certain properties that are the subjects of this action, to authorize the Receiver to disburse the net proceeds from the sale, and for related relief incidental to consummating the sale (the "**Sale Approval Motion**"), pursuant to Paragraphs 6(i) and 27 of the Receiver Order, and the Order Setting Forth Sales Procedures, entered May 29, 2020 (the "**Sales Procedure Order**").

4.     Specifically, pursuant to the Receiver Order and the Sales Procedure Order, the Receiver requests the Court's approval of the Agreement of Purchase and Sale, dated as of February 17, 2021, as amended on May 26, 2021, and as may be amended thereafter (the "**PSA**"), entered into by and between Colliers and ARGO Atlantic LLC, assignee of ARGO Management, LLC, or its assignee ("**Purchaser**"), free and clear of all liens, claims, and encumbrances of any alleged interested or affected party, as more fully set forth below and in the attached exhibits (the "**Interested Parties**"), of the following properties (the "**Subject Properties**")[1]:

| Title Holder | Property Address | First Priority Mortgagee |
|---|---|---|
| Atlantic Norse, LLC | (i) 212 Atlantic Ave., Atlantic City, NJ 08401, also known as Block 126, Lot 4; (ii) 214 Atlantic Ave., Atlantic City, NJ 08401, also known as Block 126, Lot 3; and (iii) 225 Atlantic Ave., Atlantic City, NJ 08401, also | Wilmington Trust, National Association, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61 ("**Wilmington**" or |

---

[1] Legal Descriptions for the Subject Properties are included in the Title Commitment submitted herewith as **Exhibit A**. All Interested Parties identified in the aforementioned Title Commitments, as well as a description of their purported interest(s), are referenced in Exhibit C to the proposed Order submitted herewith.

| | known as Block 125, Lot 22 | "**Plaintiff**") |
|---|---|---|
| | | |

### The Pending Foreclosure Actions

5.      Wilmington, the first priority mortgagee of the Subject Properties, has instituted a foreclosure action in the Superior Court of New Jersey, which is pending in Atlantic County and captioned as: *Wilmington Trust, National Association, as Trustee v. Atlantic Norse, LLC*, F-20986-19 (the "**Foreclosure Actions**").

6.      Upon information and belief, Atlantic Norse, LLC, defendant Seth Levine, nor any of his affiliated entities have appeared/intervened in, or contested, the Foreclosure Action, nor has any lienholder or Interested Party intervened in the Foreclosure Action to contest the superiority or validity of the interests held by Wilmington.

### The Interested Parties

7.      As part of its due diligence in connection with the PSA, the Purchaser obtained a Title Commitment issued by Iconic Title Agency LLC, on behalf of Old Republic National Title Insurance Company, with respect to the Subject Properties (the "**Title Commitment**").  Annexed hereto as **Exhibit A** is a true and correct copy of the Title Commitment.

8.      Based upon a review of the pleadings filed in the Actions and Schedules B-1 and B-2 of the Title Commitment, all Interested Parties are identified on Exhibit C attached to the Proposed Order submitted herewith as having a purported lien, claim, encumbrance, or interest in the Subject Properties.

9.      Without opining on the validity or priority of the alleged interests held by the Interested Parties other than the Plaintiff/First Mortgagee Wilmington, each of the Interested Parties have been served with notice of this Sale Approval Motion.

**The PSA and Receiver's Compliance With the Sales Procedure Order**

10.     As set forth further in the Declarations of Richard Madison (the "**Madison Decl.**") and Joseph Brecher (the "**Brecher Decl.**"), Gebroe-Hammer Associates (the "**Broker**") was engaged to serve as the broker and to undertake efforts to market and sell the Subject Properties.

11.     The Broker ultimately secured a letter of intent from Purchaser, and on or about February 17, 2021, the Receiver and Purchaser executed the PSA, a non-binding contract for the sale and purchase of the Subject Properties. On May 26, 2021, the Receiver and Purchaser executed the First Amendment to the PSA.  Thereafter, on June 4, 2021, Argo Management LLC assigned the PSA to Argo Atlantic LLC.  Pursuant to Paragraph 2 of the Sales Procedure Order, on February 19, 2021, May 26, 2021, and June 7, 2021, respectively, the Receiver, through its counsel, SCG, served the Interested Parties with notice of the PSA, the Amendment to the PSA, and the assignment of the PSA.  Proofs of service of the aforementioned notices were filed on February 22, 2021 (ECF # 113), May 26, 2021 (ECF # 152), and June 7, 2021 (ECF # 154).

12.     To date, no Interested Parties have made requests for information in connection with the Receiver's notice of the PSA.

13.     Pursuant to Paragraphs 5 and 6 of the Sales Procedure Order, the Receiver requested payoff statements from Wilmington and SCG, the only secured creditors, in connection with their secured debt and/or alleged interests in the Subject Properties.  On March 22, 2021, the Receiver, through its counsel SCG, served notice of the proposed disbursements from the sale proceeds based upon the payoff information received to Interested Parties and to all counsel of record in this action.  As a result of the Amendment to the PSA, on June 3, 2021, an

4

amended payoff letter identifying the reduced purchase price was served upon all Interested Parties.   Annexed hereto as **Exhibit B** are copies of SCG's March 22, 2021 and June 3, 2021 Notices to Interested Parties.

14.     Wilmington, the only party with a secured mortgage encumbering the Subject Properties, has consented to and approved the terms of the PSA and the relief sought in this Sale Approval Motion.

15.     Accordingly, the Receiver now submits this Sale Approval Motion pursuant to Paragraph 7 of the Sales Procedure Order.

<u>**The Requested Distributions, Exemptions, and Procedure for Surplus**</u>

16.     The PSA has produced a purchase price sufficient to satisfy the Receiver's management fees and expenses, including SCG's attorneys' fees, for the Subject Properties (during the course of the Receivership and in connection with the sale transaction), the Broker's commission, Closing fees and costs.   Although the sales price under the PSA will not satisfy Plaintiff's first priority mortgage in full, it has agreed to accept the net funds remaining after distribution to the aforementioned creditors in satisfaction of its mortgage.   The proposed distribution schedule, which remains subject to anticipated changes in the payoff amounts owed, is annexed to the Proposed Order submitted herewith at Exhibit A.

17.     Pursuant to the Sales Procedure Order, should some *bona fide* dispute arise in connection with this Sale Approval Motion, the Receiver will, upon closing, maintain any surplus or specified funds in escrow, and will distribute same to any Interested Parties pursuant to further order from this Court.

18.     Pursuant to the PSA, and in order to obtain clear title/title insurance for the proposed purchase, Purchaser requires certain additional relief from this Court to consummate the sale transaction.   Specifically, the PSA contemplates that (i) the Sale will result in a transfer

of the Subject Properties free and clear of all liens, claims, encumbrances, and secured and unsecured interests, and any party's equitable or redemption rights, (ii) the ability to record in the public record satisfactions for any of the aforementioned interests and any and all documents related to the transfer of title to the Subject Properties, and (iii) authorization and/or clarification from the Court of the Receiver's authority to sell the Subject Properties and exemptions from certain transfer fees and taxes due to the Subject Properties being sold by the Receiver out of the receivership estate.  This relief is warranted and necessary for the Closing to occur, and this Court is authorized to grant such relief pursuant to, *inter alia*, the Sales Procedure Order, *N.J.S.A.* 2A:50-31, *N.J.S.A.* 46:16-1.1, *N.J.S.A.* 54:32B-22C, *N.J.S.A.* 54:50-38, *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8.

19.     Based on the foregoing, Receiver respectfully requests that the Court grant this Motion, approve the Receiver's Sale of the Subject Properties free and clear of all liens, claims, and encumbrances, authorize the Receiver's disbursement of net proceeds pursuant to the distribution schedule attached to the proposed Order submitted herewith, to discharge the Receiver as to the Subject Properties, only, upon the consummation of the Sale and delivery of the deed to Buyer, and to permit the Receiver to submit a final accounting following the Closing.

20.     Lastly, pursuant to Local Civil Rule 7.1(d)(4), the Receiver respectfully submits that no brief is necessary in support of this motion because it is based upon the relevant facts and the prior Orders of the Court in this matter.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 9, 2021.

      *s/ Jaimee Katz Sussner*
            JAIMEE KATZ SUSSNER

Exhibit A



**Iconic Title Agency LLC**
1815 Lakewood Road, Suite 127
Toms River, NJ  08753
732-592-4400  Fax: 732-592-4149
EMAIL: ps@iconictitleagency.com

March 9, 2021

Eliezer Gottlieb

,

Re:  File Number:        **ITA20272**
     Street Address:    **214 Atlantic Avenue, Atlantic City, NJ 08401**
     County:            **Atlantic City, Atlantic**
     Purchaser(s):      **ARGO Management LLC**
     Seller(s):         **Colliers International NJ LLC, as Court-Appointed Receiver for the Property,
                         Pursuant to the Receiver Order**

Dear Sir or Madam,

Thank you for choosing Iconic Title Agency LLC. Enclosed please find our Commitment for Title Insurance, together with attachments, concerning the above referenced transaction.

If you should have any questions or comments concerning the enclosed, please do not hesitate to contact our office. We look forward to working with you again in the near future.

Very truly yours,

_____

Iconic Title Agency LLC

Enclosures



**Iconic Title Agency LLC**
1815 Lakewood Road, Suite 127
Toms River, NJ  08753
732-592-4400  Fax: 732-592-4149
EMAIL: ps@iconictitleagency.com

## Summary of Charges and Fees

| | | | |
|---|---|---|---|
| Date: | **March 9, 2021** | File Number: | **ITA20272** |
| Parties: | **(B):ARGO Management LLC** | Rate Info: | **09/2013 Standard** |
| | **(S):Colliers International NJ LLC, as Court-Appointed Receiver** | Owner Ins. | **$2,000,000.00** |
| | **for the Property, Pursuant to the Receiver Order** | | |
| | | Mtg. 1 Ins: | **$2,000,000.00** |
| Property: | **214 Atlantic Avenue, Atlantic City, NJ** | Mtg. 2 Ins: | |
| | County: **Atlantic** | Transaction: | **Purchase** |

| TRID DISCLOSURE: | |
|---|---|
| The Total Insurance Premium for this transaction: | $6,350.00 |
| **Owner's Portion\* / Section H:** | $25.00 (*Includes $25.00 Simultaneous Issue fee) |
| **Lender's Portion / Section B/C:** | $6,350.00 |

| Charges and Fees | Total | Borrower | Seller | Other |
|---|---|---|---|---|
| Premium Rate | $6,350.00 | $6,350.00 | | |
| Simultaneous Issue | $25.00 | $25.00 | | |
| County Searches x 3 | $335.00 | $335.00 | | |
| Examination | $100.00 | $100.00 | | |
| Closing Service Letter | $75.00 | $75.00 | | |
| Upper Courts/Patriot Searches | $48.00 | $48.00 | | |
| Certificate of Good Standing x 2 | $130.00 | $130.00 | | |
| Tax & Assessment Search x 3 | $120.00 | $120.00 | | |
| Flood Search x 3 | $30.00 | $30.00 | | |
| Tidelands x 3 | $75.00 | $75.00 | | |
| Filed Notice of Settlement - 3 Party | $40.00 | $40.00 | | |
| Recording Service Charge ($5.00/Document) | $15.00 | $15.00 | | |
| Settlement Fee w/ Mortgage - Out of Office | $525.00 | $525.00 | | |
| Overnight/Express Delivery | $15.00 | $15.00 | | |
| Transaction Management Fee | $35.00 | $35.00 | | |
| ALTA  8.1-06 Environmental Protection Lien Endorsement -NJ Variation (9/1/19) (NJRB 5-94) | $25.00 | $25.00 | | |
| ALTA  9.10-06 (Res) REM Current Violations (1/1/17) (NJRB 5-157) | $25.00 | $25.00 | | |
| Secondary Mortgage Market (4/1/13) (NJRB 5-32) | $25.00 | $25.00 | | |
| Survey (9/10/07) (NJRB 5-01) | $25.00 | $25.00 | | |
| **Totals:** | **$8,018.00** | **$8,018.00** | **$0.00** | **$0.00** |

| | |
|---|---|
| | Total Recording Fees: $0.00 |
| | Total Transfer Taxes: $0.00 |
| **Notes:**  *Please contact our office 48 hours prior to closing to request a continuation search and final statement of charges.* | Total Title Charges: $8,018.00 |
| | Total Charges and Fees: $8,018.00 |
| | |
| | Total Paid: |
| | Balance Due: $8,018.00 |



## ALTA  8.1-06 ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT
## NJ VARIATION (9/1/19) (NJRB 5-94)

Attached to: **Commitment**

File No.: **ITA20272**

The insurance afforded by this endorsement is only effective if the Land is used or is to be used primarily for residential purposes.

The Company insures against loss or damage sustained by the Insured by reason of lack of priority of the lien of the Insured Mortgage over:

    (a)  any environmental protection lien that, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge, or is filed in the records of the clerk of the United States district court for the district in which the Land is located, except as set forth in Schedule B; or

    (b)  any environmental protection lien provided by any state statute in effect at Date of Policy, except environmental protection liens provided by the following state statutes: <u>N.J.S.A.</u> 58:10-23.11 et seq.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.  To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

### THIS ENDORSEMENT IS VOID IF ATTACHED TO AN OWNERS' POLICY.

Dated:  February 26, 2021

_____
Authorized Officer or Agent

*Issued by*
**Iconic Title Agency LLC**
1815 Lakewood Road Suite 127
Toms River, NJ  08753
732-592-4400  Fax: 732-592-4149

*Old Republic National Title Insurance Company*

By _____ President

Attest _____ Secretary

**OLD REPUBLIC TITLE**

## ALTA 9.10-06 RESTRICTIONS, ENCROACHMENTS, MINERALS CURRENT VIOLATIONS ENDORSEMENT (1/1/17) (NJRB 5-157)

Attached to: **Commitment**

File No.: **ITA20272**

1. The insurance provided by this endorsement is subject to the exclusions in Section 5 of this endorsement; and the Exclusions from Coverage, the Exceptions from Coverage contained in Schedule B, and the Conditions in the policy.

2. For the purposes of this endorsement only:

    a. "Covenant" means a covenant, condition, limitation or restriction in a document or instrument recorded in the Public Records at Date of Policy.

    b. "Improvement" means an improvement, including any lawn, shrubbery, or trees, affixed to either the Land or adjoining land at Date of Policy that by law constitutes real property.

3. The Company insures against loss or damage sustained by the Insured by reason of:

    a. A violation at Date of Policy of a Covenant that:

        i. divests, subordinates, or extinguishes the lien of the Insured Mortgage,

        ii. results in the invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage, or

        iii. causes a loss of the Insured's Title acquired in satisfaction or partial satisfaction of the Indebtedness;

    b. A violation on the Land at Date of Policy of an enforceable Covenant, unless an exception in Schedule B of the policy identifies the violation;

    c. Enforced removal of an Improvement located on the Land as a result of a violation, at Date of Policy, of a building setback line shown on a plat of subdivision recorded or filed in the Public Records, unless an exception in Schedule B of the policy identifies the violation; or

    d. A notice of a violation, recorded in the Public Records at Date of Policy, of an enforceable Covenant relating to environmental protection describing any part of the Land and referring to that Covenant, but only to the extent of the violation of the Covenant referred to in that notice, unless an exception in Schedule B of the policy identifies the notice of the violation.

4. The Company insures against loss or damage sustained by reason of:

    a. An encroachment of:

        i. an Improvement located on the Land, at Date of Policy, onto adjoining land or onto that portion of the Land subject to an easement; or

        ii. an Improvement located on adjoining land onto the Land at Date of Policy

    unless an exception in Schedule B of the policy identifies the encroachment otherwise insured against in Sections 4.a.i. or 4.a.ii.;

    b. A final court order or judgment requiring the removal from any land adjoining the Land of an encroachment identified in Schedule B; or Damage to an Improvement located on the Land, at Date of Policy:

        i. that is located on or encroaches onto that portion of the Land subject to an easement excepted in Schedule B, which damage results from the exercise of the right to maintain the easement for the purpose for which it was granted or reserved; or

        ii. resulting from the future exercise of a right to use the surface of the Land for the extraction or development of minerals or any other subsurface substances excepted from the description of the Land or excepted in Schedule B.

5. This endorsement does not insure against loss or damage (and the Company will not pay costs, attorneys' fees, or expenses) resulting from:

    a. any Covenant contained in an instrument creating a lease;

    b. any Covenant relating to obligations of any type to perform maintenance, repair, or remediation on the Land;

Attached to: Commitment

File No.: ITA20272

c.   except as provided in Section 3.d, any Covenant relating to environmental protection of any kind or nature, including hazardous or toxic matters, conditions, or substances;

d.   contamination, explosion, fire, flooding, vibration, fracturing, earthquake or subsidence;

e.   negligence by a person or an Entity exercising a right to extract or develop minerals or other subsurface substances; or

f.   any Covenant excepted in Schedule B related to, or rules or regulations promulgated by, the Department of Community Affairs ("DCA") or Council on Affordable Housing ("COAH") or any other federal, state or local governmental body or agency or any federal or state laws with regard to affordable housing or matters related thereto.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.  To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 26, 2021

_____
Authorized Officer or Agent

*Issued by*
**Iconic Title Agency LLC**
1815 Lakewood Road Suite 127
Toms River, NJ  08753
732-592-4400  Fax: 732-592-4149

*Old Republic National Title Insurance Company*

By  *C. Monroe*                                    *President*

Attest  *David Wold*                             *Secretary*

**✦ OLD REPUBLIC TITLE**

## SECONDARY MORTGAGE MARKET ENDORSEMENT (4/1/13) (NJRB 5-32)

Attached to: **Commitment**

File No.: **ITA20272**

The insurance afforded by this endorsement is only effective if the Land is a one to four family residence.

This policy insures against loss occasioned by any inaccuracies in the following statements:

1.   Easements set forth in Schedule B, Part I, if any, do not substantially affect the use and enjoyment of the land, as currently improved, for residential purposes.

2.   Restrictions, covenants and conditions set forth in Schedule B, Part I, if any, have not been violated, and a violation thereof will not cause a forfeiture or reversion of title.

3.   Real Estate taxes, assessments, and water and sewer rents set forth in Schedule B, Part I, if any, are not yet due and payable.

The total liability of the Company under said policy or certificate and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy or certificate, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of this policy.

This endorsement is made part of said policy or certificate and is subject to the Schedules, Conditions and Stipulations therein, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy or certificate unless otherwise expressly stated.

Dated:  February 26, 2021

_____
Authorized Officer or Agent

*Issued by*
**Iconic Title Agency LLC**
1815 Lakewood Road Suite 127
Toms River, NJ  08753
732-592-4400  Fax: 732-592-4149

*Old Republic National Title Insurance Company*

By *C Monroe*                    President

Attest *David Wold*            Secretary



## SURVEY ENDORSEMENT (9/10/07) (NJRB 5-01)

Attached to: **Commitment**

File No.: **ITA20272**

Exception No. 1 is removed.

This policy does not insure against errors or inaccuracies in the survey with respect to matters which do not affect title.

This endorsement is issued as part of the policy.  Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance.  To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls.  Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

Dated:  February 26, 2021

_____
Authorized Officer or Agent

*Issued by*
**Iconic Title Agency LLC**
1815 Lakewood Road Suite 127
Toms River, NJ  08753
732-592-4400  Fax: 732-592-4149

*Old Republic National Title Insurance Company*

By        *C Monroe*                                    *President*

Attest    *Daniel Wold*                               *Secretary*



## <u>IMPORTANT NOTICE AND DISCLOSURE</u>

**File No. ITA20272**

1. By law, Old Republic National Title Insurance Company is required to advise you that the Title Insurance Commitment issued by us may contain conditions, exceptions, exclusions, limitations, and requirements governing our liability and the coverage you may receive. **REAL ESTATE TITLE TRANSACTIONS ARE COMPLEX. THE COMPANY DOES NOT REPRESENT YOU AND CANNOT GIVE YOU LEGAL ADVICE. YOU ARE ENTITLED TO REVIEW THE TITLE INSURANCE COMMITMENT WITH AN ATTORNEY AT LAW OF YOUR OWN CHOOSING, AT YOUR EXPENSE, PRIOR TO THE TRANSFER OF TITLE. WE STRONGLY ADVISE THAT YOU DO SO.**

2. **THE ATTORNEY RETAINED BY YOU, OR BY YOUR LENDER, CLOSING OR SETTLING THIS TITLE IS NOT AN AGENT FOR AND DOES NOT ACT ON BEHALF OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY. THE COMPANY ASSUMES NO LIABILITY FOR ANY LOSS, COST, OR EXPENSE INCURRED BY YOU BECAUSE YOUR ATTORNEY OR YOUR LENDER'S ATTORNEY HAS MADE A MISTAKE OR MISAPPLIED YOUR FUNDS.** Because the attorney is not our agent, we assume no responsibility for any information, advice, or title insurance promises the attorney may give or make. Our <u>only</u> liability to you is under the terms of the Commitment, Policy, and Closing Protection Letter – Single Transaction if you choose to obtain one.

3. [If you desire to obtain protection from this company regarding the application of your funds or compliance with requirements relating to the issuance of the proposed policy, the company will, on request and the payment of the fees filed with, and approved by, the Department of Insurance, provide for a settlement service.]

4. By law we are also required to advise you that we have been asked to issue a mortgagee policy to the lender in the amount shown on Schedule A of the enclosed Title Insurance Commitment. If you have not already requested it, you have the right and opportunity to obtain title insurance in your own favor for an additional premium which we will quote on request.

# ALTA Commitment for Title Insurance



Issued By Old Republic National Title Insurance Company

## NOTICE

**IMPORTANT—READ CAREFULLY:** THIS COMMITMENT IS AN OFFER TO ISSUE ONE OR MORE TITLE INSURANCE
POLICIES. ALL CLAIMS OR REMEDIES SOUGHT AGAINST THE COMPANY INVOLVING THE CONTENT OF THIS
COMMITMENT OR THE POLICY MUST BE BASED SOLELY IN CONTRACT.

THIS COMMITMENT IS NOT AN ABSTRACT OF TITLE, REPORT OF THE CONDITION OF TITLE, LEGAL
OPINION, OPINION OF TITLE, OR OTHER REPRESENTATION OF THE STATUS OF TITLE. THE
PROCEDURES USED BY THE COMPANY TO DETERMINE INSURABILITY OF THE TITLE, INCLUDING
ANY SEARCH AND EXAMINATION, ARE PROPRIETARY TO THE COMPANY, WERE PERFORMED
SOLELY FOR THE BENEFIT OF THE COMPANY, AND CREATE NO EXTRACONTRACTUAL LIABILITY TO
ANY PERSON, INCLUDING A PROPOSED INSURED.

THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED
INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS
COMMITMENT. THE COMPANY HAS NO LIABILITY OR OBLIGATION INVOLVING THE CONTENT OF
THIS COMMITMENT TO ANY OTHER PERSON.

### COMMITMENT TO ISSUE POLICY

Subject to the Notice; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and the Commitment Conditions, Old
Republic National Title Insurance Company, a Florida Corporation (the "Company"), commits to issue the Policy according to the
terms and provisions of this Commitment. This Commitment is effective as of the Commitment Date shown in Schedule A for
each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as
the Proposed Policy Amount and the name of the Proposed Insured.

If all of the Schedule B, Part I—Requirements have not been met within 180 days after the Commitment Date, this Commitment
terminates and the Company's liability and obligation end.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice;
the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and
Schedule B, Part II – Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic
form.*

*Issued through the Office of*
**Iconic Title Agency LLC**
1815 Lakewood Road Suite 127
Toms River, NJ  08753

*Authorized Signatory*

**ORT Form 4690 NJ** 8-1-16
ALTA Commitment for Title Insurance
Adopted 08/01/2016
Technical Corrections 04/02/18
NJRB 3-09 Last Revised 07/01/18

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
*A Stock Company*
*400 Second Avenue South, Minneapolis, Minnesota 55401*
*(612) 371-1111*

By _C Monroe_  President

Attest _David Wold_  Secretary

## COMMITMENT CONDITIONS

### 1. DEFINITIONS

  (a)  "Knowledge" or "Known": Actual or imputed knowledge, but not constructive notice imparted by the Public Records.

  (b)  "Land": The land described in Schedule A and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is to be insured by the Policy.

  (c)  "Mortgage": A mortgage, deed of trust, or other security instrument, including one evidenced by electronic means authorized by law.

  (d)  "Policy": Each contract of title insurance, in a form adopted by the American Land Title Association, issued or to be issued by the Company pursuant to this Commitment.

  (e)  "Proposed Insured": Each person identified in Schedule A as the Proposed Insured of each Policy to be issued pursuant to this Commitment.

  (f)  "Proposed Policy Amount": Each dollar amount specified in Schedule A as the Proposed Policy Amount of each Policy to be issued pursuant to this Commitment.

  (g)  "Public Records": Records established under state statutes at the Commitment Date for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge.

  (h)  "Title": The estate or interest described in Schedule A.

### 2.
If all of the Schedule B, Part I—Requirements have not been met within the time period specified in the Commitment to Issue Policy, this Commitment terminates and the Company's liability and obligation end.

### 3.
The Company's liability and obligation is limited by and this Commitment is not valid without:

  (a)  the Notice;

  (b)  the Commitment to Issue Policy;

  (c)  the Commitment Conditions;

  (d)  Schedule A;

  (e)  Schedule B, Part I—Requirements;

  (f)  Schedule B, Part II—Exceptions; and

  (g)  a counter-signature by the Company or its issuing agent that may be in electronic form.

### 4. COMPANY'S RIGHT TO AMEND

The Company may amend this Commitment at any time. If the Company amends this Commitment to add a defect, lien, encumbrance, adverse claim, or other matter recorded in the Public Records prior to the Commitment Date, any liability of the Company is limited by Commitment Condition 5. The Company shall not be liable for any other amendment to this Commitment.

### 5. LIMITATIONS OF LIABILITY

  (a)  The Company's liability under Commitment Condition 4 is limited to the Proposed Insured's actual expense incurred in the interval between the Company's delivery to the Proposed Insured of the Commitment and the delivery of the amended Commitment, resulting from the Proposed Insured's good faith reliance to:

    (i)  comply with the Schedule B, Part I—Requirements;

    (ii)  eliminate, with the Company's written consent, any Schedule B, Part II—Exceptions; or

    (iii)  acquire the Title or create the Mortgage covered by this Commitment.

  (b)  The Company shall not be liable under Commitment Condition 5(a) if the Proposed Insured requested the amendment or had Knowledge of the matter and did not notify the Company about it in writing.

  (c)  The Company will only have liability under Commitment Condition 4 if the Proposed Insured would not have incurred the expense had the Commitment included the added matter when the Commitment was first delivered to the Proposed Insured.

  (d)  The Company's liability shall not exceed the lesser of the Proposed Insured's actual expense incurred in good faith and described in Commitment Conditions 5(a)(i) through 5(a)(iii) or the Proposed Policy Amount.

  (e)  The Company shall not be liable for the content of the Transaction Identification Data, if any.

  (f)  In no event shall the Company be obligated to issue the Policy referred to in this Commitment unless all of the Schedule B, Part I—Requirements have been met to the satisfaction of the Company.

  (g)  In any event, the Company's liability is limited by the terms and provisions of the Policy.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**6. LIABILITY OF THE COMPANY MUST BE BASED ON THIS COMMITMENT**

   (a)    Only a Proposed Insured identified in Schedule A, and no other person, may make a claim under this Commitment.

   (b)    Any claim must be based in contract and must be restricted solely to the terms and provisions of this Commitment.

   (c)    Until the Policy is issued, this Commitment, as last revised, is the exclusive and entire agreement between the parties with respect to the subject matter of this Commitment and supersedes all prior commitment negotiations, representations, and proposals of any kind, whether written or oral, express or implied, relating to the subject matter of this Commitment.

   (d)    The deletion or modification of any Schedule B, Part II—Exception does not constitute an agreement or obligation to provide coverage beyond the terms and provisions of this Commitment or the Policy.

   (e)    Any amendment or endorsement to this Commitment must be in writing and authenticated by a person authorized by the Company.

   (f)    When the Policy is issued, all liability and obligation under this Commitment will end and the Company's only liability will be under the Policy.

**7. IF THIS COMMITMENT HAS BEEN ISSUED BY AN ISSUING AGENT**

The issuing agent is the Company's agent only for the limited purpose of issuing title insurance commitments and policies. The issuing agent is not the Company's agent for the purpose of providing closing or settlement services.

**8. PRO-FORMA POLICY**

The Company may provide, at the request of a Proposed Insured, a pro-forma policy illustrating the coverage that the Company may provide. A pro-forma policy neither reflects the status of Title at the time that the pro-forma policy is delivered to a Proposed Insured, nor is it a commitment to insure.

**9. ARBITRATION**

The Policy contains an arbitration clause. All arbitrable matters when the Proposed Policy Amount is $2,000,000 or less shall be arbitrated at the option of either the Company or the Proposed Insured as the exclusive remedy of the parties. A Proposed Insured may review a copy of the arbitration rules at http://www.alta.org/arbitration.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

7/2020



| FACTS | WHAT DOES OLD REPUBLIC TITLE<br>DO WITH YOUR PERSONAL INFORMATION? |
|---|---|

| Why? | Financial companies choose how they share your personal information. Federal law gives consumers the right to limit some but not all sharing. Federal law also requires us to tell you how we collect, share, and protect your personal information. Please read this notice carefully to understand what we do. |
|---|---|
| What? | The types of personal information we collect and share depend on the product or service you have with us. This information can include:<br><br>• Social Security number and employment information<br>• Mortgage rates and payments and account balances<br>• Checking account information and wire transfer instructions<br><br>When you are *no longer* our customer, we continue to share your information as described in this notice. |
| How? | All financial companies need to share customers' personal information to run their everyday business. In the section below, we list the reasons financial companies can share their customers' personal information; the reasons Old Republic Title chooses to share; and whether you can limit this sharing. |

| Reasons we can share your personal information | Does Old Republic Title share? | Can you limit this sharing? |
|---|---|---|
| **For our everyday business purposes** — such as to process your transactions, maintain your account(s), or respond to court orders and legal investigations, or report to credit bureaus | Yes | No |
| **For our marketing purposes** —<br>to offer our products and services to you | No | We don't share |
| **For joint marketing with other financial companies** | No | We don't share |
| **For our affiliates' everyday business purposes** —<br>information about your transactions and experiences | Yes | No |
| **For our affiliates' everyday business purposes** —<br>information about your creditworthiness | No | We don't share |
| **For our affiliates to market to you** | No | We don't share |
| **For non-affiliates to market to you** | No | We don't share |

| | Go to **www.oldrepublictitle.com** (*Contact Us*) |
|---|---|



| Who we are | |
|---|---|
| Who is providing this notice? | Companies with an Old Republic Title name and other affiliates. Please see below for a list of affiliates. |

| What we do | |
|---|---|
| How does Old Republic Title protect my personal information? | To protect your personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files and buildings. For more information, visit https://www.oldrepublictitle.com/privacy-policy |
| How does Old Republic Title collect my personal information? | We collect your personal information, for example, when you:<br><br>• Give us your contact information or show your driver's license<br>• Show your government-issued ID or provide your mortgage information<br>• Make a wire transfer<br><br>We also collect your personal information from others, such as credit bureaus, affiliates, or other companies. |
| Why can't I limit all sharing? | Federal law gives you the right to limit only:<br><br>• Sharing for affiliates' everyday business purposes - information about your creditworthiness<br>• Affiliates from using your information to market to you<br>• Sharing for non-affiliates to market to you<br><br>State laws and individual companies may give you additional rights to limit sharing. See the State Privacy Rights section location at https://www.oldrepublictitle.com/privacy-policy for your rights under state law. |

| Definitions | |
|---|---|
| Affiliates | Companies related by common ownership or control. They can be financial and nonfinancial companies.<br><br>• *Our affiliates include companies with an Old Republic Title name, and financial companies such as Attorneys' Title Fund Services, LLC, Lex Terrae National Title Services, Inc., Mississippi Valley Title Services Company, and The Title Company of North Carolina.* |
| Non-affiliates | Companies not related by common ownership or control. They can be financial and non-financial companies.<br><br>• *Old Republic Title does not share with non-affiliates so they can market to you* |
| Joint marketing | A formal agreement between non-affiliated financial companies that together market financial products or services to you.<br><br>• *Old Republic Title doesn't jointly market.* |

Page 2

Page 3

| Affiliates Who May be Delivering This Notice | | | | |
|---|---|---|---|---|
| American First Title & Trust Company | American Guaranty Title Insurance Company | Attorneys' Title Fund Services, LLC | Compass Abstract, Inc. | eRecording Partners Network, LLC |
| Genesis Abstract, LLC | Guardian Consumer Services, Inc. | iMarc, Inc. | Kansas City Management Group, LLC | L.T. Service Corp. |
| Lenders Inspection Company | Lex Terrae National Title Services, Inc. | Lex Terrae, Ltd. | Mississippi Valley Title Services Company | National Title Agent's Services Company |
| Old Republic Branch Information Services, Inc. | Old Republic Diversified Services, Inc. | Old Republic Escrow of Vancouver, Inc. | Old Republic Exchange Company | Old Republic National Ancillary Services, Inc. |
| Old Republic National Commercial Title Services, Inc. | Old Republic Title and Escrow of Hawaii, Ltd. | Old Republic National Title Insurance Company | Old Republic Title Company | Old Republic Title Companies, Inc. |
| Old Republic Title Company of Conroe | Old Republic Title Company of Indiana | Old Republic Title Company of Nevada | Old Republic Title Company of Oklahoma | Old Republic Title Company of Oregon |
| Old Republic Title Company of St. Louis | Old Republic Title Company of Tennessee | Old Republic Title Information Concepts | Old Republic Title Insurance Agency, Inc. | Old Republic Title, Ltd. |
| RamQuest Software, Inc. | Republic Abstract & Settlement, LLC | Sentry Abstract Company | Surety Title Agency, Inc. | The Title Company of North Carolina |
| Trident Land Transfer Company, LLC | | | | |

## ★★ OLD REPUBLIC TITLE

*Transaction Identification Data for reference only:*

| | |
|---|---|
| Issuing Agent: | Iconic Title Agency LLC |
| Issuing Office: | 1815 Lakewood Road Suite 127 Toms River, NJ  08753 |
| Issuing Office ALTA® Registry ID: | |
| Loan ID Number: | |
| Commitment Number: | |
| Issuing Office File Number: | ITA20272 |
| Property Address: | 214 Atlantic Avenue, Atlantic City, NJ 08401 |
| Revision Number: | |

## SCHEDULE A

1. Commitment Date**: February 26, 2021**

2. Policy to be issued:

Owner's Policy:  ALTA Owner's Policy (6/17/06)　　　　　　　Policy Amount:  **$2,000,000.00**

Proposed Insured: **ARGO Management LLC**

Loan Policy:　　ALTA Loan Policy (6/17/06)　　　　　　　Policy Amount:  **$2,000,000.00**

Proposed Insured: **TBA**

*Policy will insure mortgage as valid FIRST LIEN position.*

3. The estate or interest in the Land described or referred to in this Commitment is **Fee Simple**.

4. The Title is, at the Commitment date, vested in:

Atlantic Norse, LLC by Deed from South Atlantic Association, LLC, dated May 14, 2008, recorded June 16, 2008 in the Atlantic County Clerk/Register's Office in Instrument No. 2008047048.

5. The Land is described as follows: See Schedule C, attached.

**FOR INFORMATION ONLY:**

**TRACT I:** Being known as Lot 3 in Block 126, on the official tax map of Atlantic City, County of Atlantic, in the State of NJ.  The mailing address is: 214 Atlantic Avenue, Atlantic City, NJ 08401.

**TRACT II:** Being known as Lot 4 in Block 126, on the official tax map of Atlantic City, County of Atlantic, in the State of NJ.  The mailing address is: 212 Atlantic Avenue, Atlantic City, NJ 08401

**TRACT III:** Being known as Lot 22 in Block 125, on the official tax map of Atlantic City, County of Atlantic, in the State of NJ.  The mailing address is: 225 Atlantic Avenue, Atlantic City, NJ 08401

**Old Republic National Title Insurance Company**

Authorized Officer or Agent
Iconic Title Agency LLC

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II— Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**OLD REPUBLIC TITLE**

## SCHEDULE B – PART I
## REQUIREMENTS

Issuing Office File No. ITA20272

**All of the following requirements must be met:**

1.  The Proposed Insured must notify the Company in writing of the name of any party not referred to in this Commitment who will obtain an interest in the Land or who will make a loan on the Land. The Company may then make additional Requirements or Exceptions.

2.  Pay the agreed amount for the estate or interest to be insured.

3.  Pay the premiums, fees, and charges for the Policy to the Company.

4.  Documents satisfactory to the Company that convey the Title or create the Mortgage to be insured, or both, must be properly authorized, executed, delivered, and recorded in the Public Records.

    (a) Deed from Atlantic Norse, LLC to ARGO Management LLC to be recorded in Atlantic County Clerk/Register's Office.

    (b) Mortgage made by ARGO Management LLC to the proposed insured to be recorded in Atlantic County Clerk/Register's Office.

5.  Taxes, charges, assessments and utilities:

    (a) All taxes and other municipal charges are to be paid through and including the current quarter.
    (b) Assessment search is attached.
    (c) Tax search is attached. Subject to facts as set forth thereon.

    NOTE: Continuation search will not include taxes unless expressly requested.

6.  Original photo identification for all parties to the transaction must be provided.

7.  Affidavits of Title by all sellers and all mortgagors must be submitted and this Commitment is subject to such additional exceptions, if any, we deem appropriate.

8.  In the event that the proceeds of the loan to be secured by the mortgage to be insured are not to be fully disbursed at closing, the Company must be notified and this Commitment will then be modified accordingly.

9.  This Company requires that a title continuation (or rundown) must be ordered not less than 24 hours before closing.

10. The Company requires that a NOTICE OF SETTLEMENT in connection with the transaction to be insured be filed pursuant to N.J.S.A. 46:26A-11, as nearly as possible to, but not more than sixty (60) days before, the anticipated date of recording of the closing documents. If the closing is postponed, a second Notice must be filed before the expiration of the first. If both a deed and mortgage are to be insured, two (2) Notices must be filed: one for the deed, and one for the mortgage.

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II— Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

Schedule B – Part II – Continued

Issuing Office File No. ITA20272

11. New Jersey Superior Court, United States District Court and United States Bankruptcy Court search, dated February 26, 2021, discloses possible judgment(s) against the Purchaser, **ARGO MANAGEMENT LLC**; and Seller, **Atlantic Norse LLC**.
NOTE FOR INFORMATION ONLY: Results of USA Patriots Search provided herewith.

This Company requires that the Affidavit(s) of Title make specific reference to said judgment(s) indicating whether or not said judgment(s) are against deponents. If said judgment(s) are against deponents, same must be paid, satisfied and Warrant(s) of Satisfaction filed in Superior Court prior to or at time of closing.

AS TO MOTOR VEHICLE JUDGMENTS:   This Company requires that a photocopy of the deponent's New Jersey Driver's license be attached to and made part of the Affidavit of Title together with an affirmative statement that said judgment(s) is/are not against deponent. IF SAID JUDGMENT IS AGAINST DEPONENT, this Company requires that a Warrant of Satisfaction be obtained and filed at or prior to closing of title.

AS TO CHILD SUPPORT JUDGMENTS:  This Company requires specific reference be made indicating Social Security number and Date of Birth together with an affirmative statement that said judgment(s) is/are not against deponent. IF said judgment(s) is/are against deponent, this Company requires proof that payments thereunder are current through the date of closing of title or in the alternative, the proof of filing of the Warrant of Satisfaction.

*As to Purchaser(s) Only*: *If said judgments are against them, said judgments will become liens on the subject premises upon acquisition of same. In the event said judgments are not paid, satisfied and a Warrant of Satisfaction filed in the Superior Court of New Jersey at or prior to title closing, same will appear as exceptions on the Owners Title Insurance Policy and as "Subordinate Matter(s)" on the Mortgagee Title Insurance Policy, if any. Child Support Judgments, if any, must be brought current through the date of title closing and will appear as exceptions on the Owners Title Insurance Policy and as "Subordinate Matter(s): on the Mortgagee Title Insurance Policy, if any.*

12. County search shows clear for judgments, liens and UCC-1 Financing Statements.
NOTE: County recognizances certified through December 31, 1994.

13. Cancellation or other disposition of **MORTGAGE** made by Atlantic Norse, LLC, to **Red Mortgage Capital, LLC**, dated August 30, 2018, recorded September 18, 2018, in **Instrument No. 2018047961.** Secures: $3,850,000.00.

Assignment of Mortgage to Federal Home Loan Mortgage Corporation recorded December 6, 2018 in Instrument No. 2018061983.

Assignment of Mortgage to Wilmington Trust, National Association, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates Series 2019-SB61 recorded May 13, 2019 in Instrument No. 2019024601.

14. Termination or other disposition of the following:

(a) UCC-1 Financing Statement filed November 7, 2018 in the Office of the Atlantic County Clerk in **Instrument No. 2018056832**, showing Atlantic Norse LLC (as Debtor) and Federal Home Loan Mortgage Corporation (as Secured Party). (See copy attached.)

(a) UCC-1 Financing Statement filed May 13, 2019 in the Office of the Atlantic County Clerk in **Instrument No. 2019024602**, showing Atlantic Norse LLC (as Debtor) and Wilmington Trust, National Association, As Trustee (as Secured Party). (See copy attached.)

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company*. *This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

Schedule B – Part II – Continued

Issuing Office File No. ITA20272

15.   **Notice of Lis Pendens** filed recorded April 21, 2020 in Instrument No. 2020021885. must be discharged, and the foreclosure suit under Docket No. SWC-F-020986-19, must be dismissed with prejudice.

If Final Judgment is obtained, then the following must also be submitted:
(1) Order vacating Final Judgment filed in the Atlantic County Clerk/Register's Office where the property is located. Affidavit of Title must state whether foreclosure action went to Final Judgment; and
(2) Order dismissing action with prejudice;

16.   Subject to receipt and review of "Approval Order" issued by the US District Court authorizing the sale of the premises.

17.   Subject to the results of a Certificate of Good Standing versus ARGO Management LLC. Said report has been ORDERED, NOT YET RECEIVED.

18.   Subject to the receipt and review, prior to title closing, of the Operating Agreement, together with all amendments thereto, if any, and Certificate of Formation of **ARGO Management LLC.**

19.   Subject to the receipt of Affidavit of Title, including a Resolution with consent of all members authorizing the **PURCHASE** of the aforedescribed premises to the proposed insured(s). Affidavit of title must contain the following statements:
(a) That the LLC is a validly existing Limited Liability Company, in compliance with N.J.SA 42:2C-1 et seq., is active and in good standing;
(b) There have been no changes in the composition of the LLC since its formation other than amendments provided, if any;
(c) The LLC has not used an alternate name, nor is the LLC in dissolution;
(d) Transfer, or purchase if applicable, of subject property will not render the LLC insolvent.
(e) That the LLC has not classified itself as a corporation for federal income tax purposes. If it has, then corporate franchise tax reports will be ordered.

20.   Tidelands Search dated March 3, 2021 shows UNCLAIMED. See attached.

21.   You must tell us in writing the name of anyone referred to in this Commitment who is or may be an individual protected by the provisions of Daniel's Law, P.L. 2020 c.125. We may then make additional requirements or exceptions

**END SCHEDULE B – SECTION I**

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**OLD REPUBLIC TITLE**

## SCHEDULE B – PART II
## EXCEPTIONS

Issuing Office File No. ITA20272

THIS COMMITMENT DOES NOT REPUBLISH ANY COVENANT, CONDITION, RESTRICTION, OR LIMITATION CONTAINED IN ANY DOCUMENT REFERRED TO IN THIS COMMITMENT TO THE EXTENT THAT THE SPECIFIC COVENANT, CONDITION, RESTRICTION, OR LIMITATION VIOLATES STATE OR FEDERAL LAW BASED ON RACE, COLOR, RELIGION, SEX, SEXUAL ORIENTATION, GENDER IDENTITY, HANDICAP, FAMILIAL STATUS, OR NATIONAL ORIGIN.

The Policy will not insure against loss or damage resulting from the terms and provisions of any lease or easement identified in Schedule A, and will include the following Exceptions unless cleared to the satisfaction of the Company:

1.   Notwithstanding any provision of the policy to the contrary, any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land.

2.   Any defect, lien, encumbrance, adverse claim, or other matter that appears for the first time in the Public Records or is created, attaches, or is disclosed between the Commitment Date and the date on which all of the Schedule B, Part I "Requirements" are met.

3.   Rights or Claims or interest of parties in possession of the land not shown by the public record.

4.   Easements, or claims of easements, not shown by the public record.

5.   Any liens or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6.   Taxes, charges, assessments and utilities: See Attached

7.   Subject to added or omitted assessments pursuant to N.J.S.A. 54:4-63.1 et seq.

8.   Amount of acreage or quantity of land is not insured.

9.   Subsurface conditions and/or encroachments not disclosed by an instrument of record. (Fee Policy only).

10.   Subject to the receipt of an accurate and current Survey.

11.   Subject to Grants and Easements as described in Deed Book 5089 page 40.

12.   Subject to Restrictions as contained in Affordable Housing Agreement recorded in Deed Book 5233 page 83.

INFORMATIONAL NOTE: Although beyond the scope of coverage afforded by the policy, your attention is called (for informational purposes only) to the adoption of municipal regulations concerning vacant and abandoned properties, which may, inter alia, impose registration fees or fines (or both) with respect to the same. Note that the Company may not insure that the property described herein is or is not affected by such regulations; or that the transaction to be insured comports with the provisions thereof; or that such fees or fines (if any) have been paid or satisfied or do or do not affect the property described herein; whether by way of affirmative insurance or otherwise.

**END SCHEDULE B – SECTION II**

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**★ OLD REPUBLIC TITLE**

## SCHEDULE C
## LEGAL DESCRIPTION

Issuing Office File No. ITA20272

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Atlantic City, in the County of Atlantic, State of New Jersey:

**Tract I (Block 126 Lot 3)**

BEGINNING at a point in the southerly line of Atlantic Avenue, distant 100.00 feet easterly from the intersection of the southerly line of Atlantic Avenue with the easterly line of Vermont Avenue, and running; thence

(1) Along the southerly line of Atlantic Avenue, North 62 degrees 32 minutes 00 seconds East, 50.00 feet to a point; thence

(2) South 27 degrees 28 minutes 00 seconds East, 100.00 feet to a point; thence

(3) South 62 degrees 32 minutes 00 seconds West, 50.00 feet to a point; thence

(4) North 27 degrees 28 minutes 00 seconds West, 100.00 feet to the point and place of BEGINNING.

**Subject to receipt of an accurate and current survey.**

**FOR INFORMATION PURPOSES ONLY:** BEING known as Tax Lot 3 in Tax Block 126 on the Official Tax Map of the Atlantic City, Atlantic County, State of New Jersey

**Tract II (Block 126 Lot 4)**

BEGINNING at a point in the southerly line of Atlantic Avenue, distant 150.00 feet easterly from the intersection of the southerly line of Atlantic Avenue with the easterly line of Vermont Avenue, and running; thence

(1) Along the southerly line of Atlantic Avenue, North 62 degrees 32 minutes 00 seconds East, 50.00 feet to a point; thence

(2) South 27 degrees 28 minutes 00 seconds East, 100.00 feet to a point; thence

(3) South 62 degrees 32 minutes 00 seconds West, 50.00 feet to a point; thence

(4) North 27 degrees 28 minutes 00 seconds West, 100.00 feet to the point and place of BEGINNING.

**Subject to receipt of an accurate and current survey.**

**FOR INFORMATION PURPOSES ONLY:** BEING known as Tax Lot 4 in Tax Block 126 on the Official Tax Map of the Atlantic City, Atlantic County, State of New Jersey

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

**Schedule C Continued**

Issuing Office File No. ITA20272

**Tract III (Block 125 Lot 22)**

BEGINNING at a point, said point being the intersection of the northerly line of Atlantic Avenue with the easterly line of Vermont Avenue, and running; thence

(1) Along the easterly line of Vermont Avenue, North 27 degrees 28 minutes 00 seconds West, 100.00 feet to a point; thence

(2) North 62 degrees 32 minutes 00 seconds East, 55.00 feet to a point; thence

(3) South 27 degrees 28 minutes 00 seconds East, 100.00 feet to a point in the northerly line of Atlantic Avenue; thence

(4) Along the northerly line of Atlantic Avenue, South 62 degrees 32 minutes 00 seconds West, 55.00 feet to the point and place of BEGINNING.

**Subject to receipt of an accurate and current survey.**

**FOR INFORMATION PURPOSES ONLY:** BEING known as Tax Lot 22 in Tax Block 126 on the Official Tax Map of the Atlantic City, Atlantic County, State of New Jersey

*This page is only a part of a 2016 ALTA® Commitment for Title Insurance issued by Old Republic National Title Insurance Company*. *This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*



Tidelands Search
Certificate

Hereby certifies to:



Iconic Title Agency, LLC
1519 Parkside Drive
Lakewood NJ
Ref/File #: ITA20272
WTG #: 16443581-16464621-RI

THAT THE PROPERTY HEREINAFTER DESIGNATED IS NOT CLAIMED BY THE STATE OF NEW JERSEY AS AREA NOW OR FORMERLY BELOW MEAN HIGH WATER AS SHOWN ON THE TIDELANDS MAP (IF APPLICABLE) PREPARED BY THE OFFICE OF ENVIRONMENTAL ANALYSIS AND APPROVED BY THE TIDELANDS RESOURCE COUNCIL AND/OR FROM OBSERVED/AS SEEN CONDITIONS ON AERIAL PHOTOGRAPHY.

## APPLICABLE TIDELANDS MAP

Tidelands Map (Adoption Date):   189_2070

## DESIGNATED PROPERTY

County:           Atlantic County

Municipality:     Atlantic City

Block:   126       Lot:     4

Street Number & Name:   212 Atlantic Ave

As shown on Tax Map:   24.00

## SEARCH RESULTS

Findings:   UNCLAIMED

Dated:   03/03/2021          IN WITNESS WHEREOF, WESTERN TECHNOLOGIES GROUP, LLC. HAS CAUSED THIS CERTIFICATE TO BE EXECUTED BY ITS PRESIDENT.



# Tidelands Report

Powered by





212 Atlantic Ave, Atlantic City, NJ 08401-7842 Block 126 Lot 4
Tidelands Maps: 189_2070



Property Boundary



Claimed    Unclaimed

The areas, boundaries and dimensions shown on this plan are derived from record tideland grants, quitclaim deeds, leases, licenses, easements and judgments quieting title.  This map should be used for reference purposes only.  The individual instrument should be consulted to ascertain the accurate legal description and the significance of all substantive terms and conditions.

© 2021 Western Technologies Group LLC | wtgroupllc.com | 855-653-5663



# Tidelands Report

Powered by





212 Atlantic Ave, Atlantic City, NJ 08401-7842 Block 126 Lot 4
Tidelands Maps: 189_2070



| Property Boundary | | Claimed | clear layer Unclaimed | The areas, boundaries and dimensions shown on this plan are derived from record tideland grants, quitclaim deeds, leases, licenses, easements and judgments quieting title.  This map should be used for reference purposes only.  The individual instrument should be consulted to ascertain the accurate legal description and the significance of all substantive terms and conditions. |

© 2021 Western Technologies Group LLC | wtgroupllc.com | 855-653-5663

| Property Location | |
|---|---|
| 212 ATLANTIC AVE, Atlantic City 08401-7842 | |
| 102 (Atlantic City), Block: 126, Lot: 4 | |

| Year | |
|---|---|
| 2020 | |

| Year | |
|---|---|
| 2020 | |

| Year | |
|---|---|
| 2020 | |

| Year | |
|---|---|
| 2020 | |

| Property Information | Assessment Data |
|---|---|
| Class: Class: 4C - Apartments | Total Value: $720,000.00 |
| Additional Lots: | Land Value: $190,000.00 |
| Bld Description: B3S | Improvement Value: $530,000.00 |
| Land Description: 50X100 | % Improvement: 73.61 |
| Acreage: 0.1148 | Special Tax Codes: |
| Square Footage: 0 | Deductions: Senior() Veteran() Widow() Surv. Spouse() Disabled() |
| Zoning: RS-C, Usage: | Exemption: 0 |
| Year Constructed: 1950 | Exemption statute: |
| Use Code: 29 | 2018 Rate: 3.533; 2018 Ratio: 110.98%; 2018 Taxes: $19,908.45 |
| # Dwellings: 1 | 2019 Rate: 3.984; 2019 Ratio: 104.54%; 2019 Taxes: $22,449.84 |
| Census Tract: 25 | 2020 Rate: 3.934; 2020 Ratio: 88.03%; 2020 Taxes: $28,324.80 |

| Current Owner | Sale Data |
|---|---|
| ATLANTIC NORSE, LLC | Date: 05/14/2008 |
| 1717 MAIN STREET, #900 | Price: |
| Dallas, TX 75201-4687 | Ratio: |
| Previous Owner: | Deed Book: 12852 |
| | Deed Page: 47048 |

| Latest Sales Detail | | | |
|---|---|---|---|
| Recorded: | Sales Price: | Recorded: | Sales Price: |
| Sales Date: | Sales Ratio: | Sales Date: | Sales Ratio: |
| Deed Book: | Use Code: | Deed Book: | Use Code: |
| Deed Page: | Not Usable: | Deed Page: | Not Usable: |

| Buyer | | Buyer |
|---|---|---|
| ATLANTIC NORSE, LLC | | |
| 1717 MAIN STREET, #900 | | |
| Dallas, TX 75201-4687 | | |

| Seller | Seller |
|---|---|



Tidelands Search
Certificate

Hereby certifies to:



Iconic Title Agency, LLC
1519 Parkside Drive
Lakewood NJ
Ref/File #: ITA20272
WTG #: 16443601-16464641-RI

THAT THE PROPERTY HEREINAFTER DESIGNATED IS NOT CLAIMED BY THE STATE OF NEW JERSEY AS AREA NOW OR FORMERLY BELOW MEAN HIGH WATER AS SHOWN ON THE TIDELANDS MAP (IF APPLICABLE) PREPARED BY THE OFFICE OF ENVIRONMENTAL ANALYSIS AND APPROVED BY THE TIDELANDS RESOURCE COUNCIL AND/OR FROM OBSERVED/AS SEEN CONDITIONS ON AERIAL PHOTOGRAPHY.

## APPLICABLE TIDELANDS MAP

Tidelands Map (Adoption Date):   189_2070

## DESIGNATED PROPERTY

County:        Atlantic County

Municipality:   Atlantic City

Block:   126        Lot:      3

Street Number & Name:   214 Atlantic Ave

As shown on Tax Map:   24.00

## SEARCH RESULTS

Findings:   UNCLAIMED

Dated:   03/03/2021        IN WITNESS WHEREOF, WESTERN TECHNOLOGIES GROUP, LLC. HAS CAUSED THIS CERTIFICATE TO BE EXECUTED BY ITS PRESIDENT.



# Tidelands Report

*Powered by*




214 Atlantic Ave, Atlantic City, NJ 08401-7843 Block 126 Lot 3
Tidelands Maps: 189_2070



| Property Boundary | | |
|---|---|---|
| Claimed (yellow) | clear layer Unclaimed | The areas, boundaries and dimensions shown on this plan are derived from record tideland grants, quitclaim deeds, leases, licenses, easements and judgments quieting title.  This map should be used for reference purposes only.  The individual instrument should be consulted to ascertain the accurate legal description and the significance of all substantive terms and conditions. |



# Tidelands Report

*Powered by*




189-2070

214 Atlantic Ave, Atlantic City, NJ 08401-7843 Block 126 Lot 3
Tidelands Maps: 189_2070



Property Boundary

Claimed

clear layer

Unclaimed

The areas, boundaries and dimensions shown on this plan are derived from record tideland grants, quitclaim deeds, leases, licenses, easements and judgments quieting title. This map should be used for reference purposes only. The individual instrument should be consulted to ascertain the accurate legal description and the significance of all substantive terms and conditions.

© 2021 Western Technologies Group LLC | wtgroupllc.com | 855-653-5663

| Property Location | |
|---|---|
| 214 ATLANTIC AVE, Atlantic City 08401-7843 | |
| 102 (Atlantic City), Block: 126, Lot: 3 | |

| Year |
|---|
| 2020 |

| Year |
|---|
| 2020 |

| Property Information | Assessment Data |
|---|---|
| Class: Class: 4C - Apartments | Total Value: $720,000.00 |
| Additional Lots: | Land Value: $190,000.00 |
| Bld Description: B3S | Improvement Value: $530,000.00 |
| Land Description: 50X100 | % Improvement: 73.61 |
| Acreage: 0.1148 | Special Tax Codes: |
| Square Footage: 0 | Deductions: Senior() Veteran() Widow() Surv. Spouse() Disabled() |
| Zoning: RS-C, Usage: | Exemption: 0 |
| Year Constructed: 1920 | Exemption statute: |
| Use Code: 29 | 2018 Rate: 3.533; 2018 Ratio: 110.98%; 2018 Taxes: $19,908.45 |
| # Dwellings: 1 | 2019 Rate: 3.984; 2019 Ratio: 104.54%; 2019 Taxes: $22,449.84 |
| Census Tract: 25 | 2020 Rate: 3.934; 2020 Ratio: 88.03%; 2020 Taxes: $28,324.80 |

| Current Owner | Sale Data |
|---|---|
| ATLANTIC NORSE, LLC | Date: 05/14/2008 |
| 1717 MAIN STREET #900 | Price: $2,853,325.00 |
| Dallas, TX 75201-4687 | Ratio: 0.25% |
| Previous Owner: | Deed Book: 12852 |
| | Deed Page: 47048 |

| Latest Sales Detail | | | |
|---|---|---|---|
| Recorded: 06/13/2008 | Sales Price: $2,853,320.00 | Recorded: 03/01/2004 | Sales Price: $2,200,000.00 |
| Sales Date: 05/14/2008 | Sales Ratio: 156.19% | Sales Date: 02/25/2004 | Sales Ratio: 34.78% |
| Deed Book: 12852 | Use Code: 999 | Deed Book: 07678 | Use Code: 29 |
| Deed Page: 47048 | Not Usable: 26 | Deed Page: 18660 | Not Usable: 26 |

| Buyer | Buyer |
|---|---|
| ATLANTIC NORSE, LLC | SOUTH ATLANTIC ASSOC,LLC |
| 1717 MAIN STREET #900 | 209 SECOND ST |
| Dallas, TX 75201-4687 | Lakewood, NJ 08701-3326 |

| Seller | Seller |
|---|---|
| SOUTH ATLANTIC ASSOC LLC | 212 CORP OF NJ |
| 5014 16TH AVE #131 | 25 N ALBANY AVE |
| Brooklyn, NY 11204-1404 | Atlantic City, NJ 08401-3569 |



Tidelands Search
Certificate

Hereby certifies to:



Iconic Title Agency, LLC
1519 Parkside Drive
Lakewood NJ
Ref/File #: ITA20272-3
WTG #: 16443621-16464661-RI

THAT THE PROPERTY HEREINAFTER DESIGNATED IS NOT CLAIMED BY THE STATE OF NEW JERSEY AS AREA NOW OR FORMERLY BELOW MEAN HIGH WATER AS SHOWN ON THE TIDELANDS MAP (IF APPLICABLE) PREPARED BY THE OFFICE OF ENVIRONMENTAL ANALYSIS AND APPROVED BY THE TIDELANDS RESOURCE COUNCIL AND/OR FROM OBSERVED/AS SEEN CONDITIONS ON AERIAL PHOTOGRAPHY.

## APPLICABLE TIDELANDS MAP

Tidelands Map (Adoption Date):   189_2070

## DESIGNATED PROPERTY

County:              Atlantic County

Municipality:        Atlantic City

Block:    125        Lot:      22

Street Number & Name:   225 Atlantic Ave

As shown on Tax Map:   23.00

## SEARCH RESULTS

Findings:   UNCLAIMED

Dated:   03/03/2021        IN WITNESS WHEREOF, WESTERN TECHNOLOGIES GROUP, LLC. HAS CAUSED THIS CERTIFICATE TO BE EXECUTED BY ITS PRESIDENT.



# Tidelands Report

Powered by




225 Atlantic Ave, Atlantic City, NJ 08401-7844 Block 125 Lot 22
Tidelands Maps: 189_2070



| Property Boundary | | | |
|---|---|---|---|

Claimed    clear layer    Unclaimed

The areas, boundaries and dimensions shown on this plan are derived from record tideland grants, quitclaim deeds, leases, licenses, easements and judgments quieting title. This map should be used for reference purposes only. The individual instrument should be consulted to ascertain the accurate legal description and the significance of all substantive terms and conditions.

© 2021 Western Technologies Group LLC | wtgroupllc.com | 855-653-5663



# Tidelands Report

Powered by





225 Atlantic Ave, Atlantic City, NJ 08401-7844 Block 125 Lot 22

Tidelands Maps: 189_2070



Property Boundary

| Claimed | Unclaimed (clear layer) |

The areas, boundaries and dimensions shown on this plan are derived from record tideland grants, quitclaim deeds, leases, licenses, easements and judgments quieting title. This map should be used for reference purposes only. The individual instrument should be consulted to ascertain the accurate legal description and the significance of all substantive terms and conditions.

© 2021 Western Technologies Group LLC | wtgroupllc.com | 855-653-5663

| Property Location |
|---|
| 225 ATLANTIC AVE, Atlantic City 08401-7844 |
| 102 (Atlantic City), Block: 125, Lot: 22 |

| Year |
|---|
| 2020 |

| Year |
|---|
| 2020 |

| Property Information | Assessment Data |
|---|---|
| Class: Class: 4C - Apartments | Total Value: $960,000.00 |
| Additional Lots: | Land Value: $240,000.00 |
| Bld Description: B3S | Improvement Value: $720,000.00 |
| Land Description: 55X100 | % Improvement: 75.0 |
| Acreage: 0.1263 | Special Tax Codes: |
| Square Footage: 0 | Deductions: Senior() Veteran() Widow() Surv. Spouse() Disabled() |
| Zoning: NEIR, Usage: | Exemption: 0 |
| Year Constructed: 1920 | Exemption statute: |
| Use Code: 29 | 2018 Rate: 3.533; 2018 Ratio: 110.98%; 2018 Taxes: $34,535.07 |
| # Dwellings: 1 | 2019 Rate: 3.984; 2019 Ratio: 104.54%; 2019 Taxes: $38,943.60 |
| Census Tract: 25 | 2020 Rate: 3.934; 2020 Ratio: 88.03%; 2020 Taxes: $37,766.40 |

| Current Owner | Sale Data |
|---|---|
| ATLANTIC NORSE, LLC | Date: 05/14/2008 |
| 1717 MAIN STREET #900 | Price: |
| Dallas, TX 75201-4687 | Ratio: |
| Previous Owner: | Deed Book: 12852 |
| | Deed Page: 47048 |

| Latest Sales Detail | | | |
|---|---|---|---|
| Recorded: | Sales Price: | Recorded: | Sales Price: |
| Sales Date: | Sales Ratio: | Sales Date: | Sales Ratio: |
| Deed Book: | Use Code: | Deed Book: | Use Code: |
| Deed Page: | Not Usable: | Deed Page: | Not Usable: |

| Buyer | Buyer |
|---|---|
| ATLANTIC NORSE, LLC | |
| 1717 MAIN STREET #900 | |
| Dallas, TX 75201-4687 | |

| Seller | Seller |
|---|---|



**NEW JERSEY TAX & ASSESSMENT SEARCH**

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272
**Order #:** 7810413/MT-062-7810413
**Completed Date:** 03/04/2021          **Report Fee:** $30.00

### CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

| | | | |
|---|---|---|---|
| **Block:** | 126 | **Assessed Owner:** | ATLANTIC NORSE, LLC |
| **Lot** | 4 | **Property Location:** | 212 ATLANTIC AVE |
| **Also:** | | **Mailing:** | 1717 MAIN STREET, #900 |
| | | | DALLAS, TX 75201 |

**Municipality:** ATLANTIC CITY(ATLANTIC)
1301 Bacharach Blvd.
ATLANTIC CITY, NJ 08401
(609) 347-5639

**Property Class *:** 4C - Apartments           **Cert of Occup.:** New Construction, Renovations
**Lot Size:** 50X100           **Smoke detector:** Required as per NJAC 5:70-4.19
Call (609) 347-5595 for inspection
Inspection Fee $ 20.00 for inspection

**Assessed Values:**    **Land:**$190,000    **Improvements:**$530,000    **Total:**$720,000
**Tax Rate:** 3.934 per $100 of Assessed Value
**Tax Deductions:** None

| | | | |
|---|---|---|---|
| **2020 Taxes:** | | $28,324.80 | PAID IN FULL |
| **2021 Qtr 1** | **Due: 02/01/2021** | $7,081.20 | PAID |
| **2021 Qtr 2** | **Due: 05/01/2021** | $7,081.20 | OPEN |
| **2021 Qtr 3** | **Due: 08/01/2021** | | TO BE DETERMINED |
| **2021 Qtr 4** | **Due: 11/01/2021** | | TO BE DETERMINED |
| **2022 Qtr 1** | **Due: 02/01/2022** | | TO BE DETERMINED |
| **2022 Qtr 2** | **Due: 05/01/2022** | | TO BE DETERMINED |

**Added Assessments:** None
**Water:** ADDITIONAL ACCOUNTS MAY EXIST. PLEASE HAVE SELLER PROVIDE EVIDENCE OF ALL SERVICE PRIOR TO CLOSING.
**Vacant lot charge:** Acct:          To: 12/23/2020          $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).
**Vacant lot charge:** Acct:          To: 12/23/2019          $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).
**Water:** ACMUA 401 North Virginia Ave. Atlantic City,NJ 08401 609-345-3315
Acct: 53501 0          To: 12/31/2020          $1,793.37 PAID
SUBJECT TO FINAL READING PRIOR TO CLOSING.SUBJECT TO $40.00 FINAL READING FEE - ALLOW 2 WEEKS NOTICE
**Additional Utilities:** See attached sheet
**Confirmed Assessments:** None
**Liens:** None

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272 |
| **Order #:** | 7810413/MT-062-7810413 |
| **Completed Date:** | 03/04/2021 |
| | **Report Fee:** $30.00 |

---

## Unconfirmed Assessment Certificate

**Ordinance #: None**        **Adopted On: None**        **Improvement Type: None**

**\*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.**

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272 |
| **Order #:** | 7810413/MT-062-7810413 |
| **Completed Date:** | 03/04/2021 |

**Report Fee:** $30.00

## UTILITIES

**Sewer:**
PRIVATE - Atlantic City Sewerage Company 1200 Atlantic Ave Atlantic City,NJ 08401 609-345-0131

Atlantic City Sewerage Company (a private entity) has a policy that states outstanding sewer charges remain with the property. Enforcement could include disruption of services, please contact the sewer company directly prior to any sale or transfer to determine account status.

**For:**   ICONIC TITLE AGENCY LLC
**Customer ID:**   773323173
**Reference #:**   ITA20272
**Order #:**   7810414/MT-062-7810414
**Completed Date:**   03/04/2021                    **Report Fee:**   $30.00

### CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

**Block:**   126
**Lot:**   3
**Also:**

**Assessed Owner:**   ATLANTIC NORSE, LLC
**Property Location:**   214 ATLANTIC AVE
**Mailing:**   1717 MAIN STREET #900
DALLAS, TX 75201

**Municipality:**   ATLANTIC CITY(ATLANTIC)
1301 Bacharach Blvd.
ATLANTIC CITY, NJ 08401
(609) 347-5639

**Property Class *:**   4C - Apartments
**Lot Size:**   50X100

**Cert of Occup.:**   New Construction, Renovations
**Smoke detector:**   Required as per NJAC 5:70-4.19
Call (609) 347-5595 for inspection
Inspection Fee $ 20.00 for inspection

**Assessed Values:**   **Land:**$190,000   **Improvements:**$530,000   **Total:**$720,000
**Tax Rate:**   3.934 per $100 of Assessed Value
**Tax Deductions:**   None

| | | | |
|---|---|---|---|
| **2020 Taxes:** | | $28,324.80 | PAID IN FULL |
| **2021 Qtr 1** | **Due: 02/01/2021** | $7,081.20 | PAID |
| **2021 Qtr 2** | **Due: 05/01/2021** | $7,081.20 | OPEN |
| **2021 Qtr 3** | **Due: 08/01/2021** | | TO BE DETERMINED |
| **2021 Qtr 4** | **Due: 11/01/2021** | | TO BE DETERMINED |
| **2022 Qtr 1** | **Due: 02/01/2022** | | TO BE DETERMINED |
| **2022 Qtr 2** | **Due: 05/01/2022** | | TO BE DETERMINED |

**Added Assessments:**   None

**Water:**   ADDITIONAL ACCOUNTS MAY EXIST. PLEASE HAVE SELLER PROVIDE EVIDENCE OF ALL SERVICE PRIOR TO CLOSING.

**Vacant lot charge:**   Acct:          To: 12/23/2019          $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).

**Vacant lot charge:**   Acct:          To: 12/23/2020          $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).

**Water:**   ACMUA 401 North Virginia Ave. Atlantic City,NJ 08401 609-345-3315
Acct: 53601 0          To: 12/31/2020          $1,970.18 PAID
SUBJECT TO FINAL READING PRIOR TO CLOSING.SUBJECT TO $40.00 FINAL READING FEE - ALLOW 2 WEEKS NOTICE

**Additional Utilities:**   See attached sheet
**Confirmed Assessments:**   None
**Liens:**   None

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272 |
| **Order #:** | 7810414/MT-062-7810414 |
| **Completed Date:** | 03/04/2021 |
| **Report Fee:** | $30.00 |

## Unconfirmed Assessment Certificate

**Ordinance #: None**          **Adopted On: None**          **Improvement Type: None**

*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272 |
| **Order #:** | 7810414/MT-062-7810414 |
| **Completed Date:** | 03/04/2021 |

**Report Fee:** $30.00

## UTILITIES

**Sewer:**   PRIVATE - Atlantic City Sewerage Company 1200 Atlantic Ave Atlantic City,NJ 08401 609-345-0131

Atlantic City Sewerage Company (a private entity) has a policy that states outstanding sewer charges remain with the property. Enforcement could include disruption of services, please contact the sewer company directly prior to any sale or transfer to determine account status.

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272-3
**Order #:** 7810416/MT-062-7810416
**Completed Date:** 03/04/2021                                    **Report Fee:**    $30.00

### CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

| | | | |
|---|---|---|---|
| **Block:** | 125 | **Assessed Owner:** | ATLANTIC NORSE, LLC |
| **Lot** | 22 | **Property Location:** | 225 ATLANTIC AVE |
| **Also:** | | **Mailing:** | 1717 MAIN STREET #900 |
| | | | DALLAS, TX 75201 |

**Municipality:** ATLANTIC CITY(ATLANTIC)
1301 Bacharach Blvd.
ATLANTIC CITY, NJ 08401
(609) 347-5639

**Property Class *:** 4C - Apartments          **Cert of Occup.:** New Construction, Renovations
**Lot Size:** 55X100                           **Smoke detector:** Required as per NJAC 5:70-4.19
Call (609) 347-5595 for inspection
Inspection Fee $ 20.00 for inspection

**Assessed Values:**     **Land:**$240,000      **Improvements:**$720,000      **Total:**$960,000
**Tax Rate:** 3.934 per $100 of Assessed Value
**Tax Deductions:** None

| | | | |
|---|---|---|---|
| **2020 Taxes:** | | $37,766.40 | PAID IN FULL |
| **2021 Qtr 1** | **Due: 02/01/2021** | $9,441.60 | PAID |
| **2021 Qtr 2** | **Due: 05/01/2021** | $9,441.60 | OPEN |
| **2021 Qtr 3** | **Due: 08/01/2021** | | TO BE DETERMINED |
| **2021 Qtr 4** | **Due: 11/01/2021** | | TO BE DETERMINED |
| **2022 Qtr 1** | **Due: 02/01/2022** | | TO BE DETERMINED |
| **2022 Qtr 2** | **Due: 05/01/2022** | | TO BE DETERMINED |

**Added Assessments:** None

**Vacant lot charge:** Acct:                    To: 12/23/2019        $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).

**Vacant lot charge:** Acct:                    To: 12/23/2020        $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).

**Water:** ACMUA 401 North Virginia Ave. Atlantic City,NJ 08401 609-345-3315
Acct: 54401 0          To: 12/31/2020        $1,680.75 PAID
SUBJECT TO FINAL READING PRIOR TO CLOSING.SUBJECT TO $40.00 FINAL READING FEE - ALLOW 2 WEEKS NOTICE

**Sewer:** PRIVATE - Atlantic City Sewerage Company 1200 Atlantic Ave Atlantic City,NJ 08401 609-345-0131
Atlantic City Sewerage Company (a private entity) has a policy that states outstanding sewer charges remain with the property. Enforcement could include disruption of services, please contact the sewer company directly prior to any sale or transfer to determine account status.

**Confirmed Assessments:** None

**Liens:** None

*Charles Jones* A DataTrace Company

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272-3 |
| **Order #:** | 7810416/MT-062-7810416 |
| **Completed Date:** | 03/04/2021 |
| | **Report Fee:** $30.00 |

## Unconfirmed Assessment Certificate

**Ordinance #: None**          **Adopted On: None**          **Improvement Type: None**

**\*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.**

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

*Charles Jones*
A DataTrace Company

NEW JERSEY SUPERIOR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

773-3231-73                        RE: ITA20272

**CERTIFIED TO:**


                    ICONIC TITLE AGENCY LLC
                    1519 PARKSIDE DR
                    LAKEWOOD NJ NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE INDEX OF THE
CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF NEW JERSEY, THE
INDEX OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY,
AND THE INDEX OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
NEW JERSEY AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD IN ANY OF
THESE COURTS A JUDGMENT OR OTHER DOCKETED RECORD REFERRED TO BY THE
RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL LIEN ON REAL PROPERTY IN
NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL PROPERTY WITHIN NEW
JERSEY NOR ANY PETITION COMMENCING PROCEEDINGS IN BANKRUPTCY EXCEPT AS
BELOW SET FORTH AGAINST:

                                        FROM            TO

     ATLANTIC NORSE, LLC    (Entity)      02-26-2001  02-26-2021
          *** With Judgments ***

                    (SEE ATTACHED  7  PAGES)


DATED      02-26-2021
TIME       08:45 AM


                              CHARLES JONES LLC
                              P.O. BOX 8488
RN21-068-06089  068    1072068 40    TRENTON, NJ 08650

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-100590-2020          CASE NUMBER: L 002347-20
DATE ENTERED: 11/16/20    DATE SIGNED: 10/30/20
TYPE OF ACTION: CONTRC-REG
VENUE: BERGEN

DEBT: $      9,383.63
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    C/O BITTIGER ELIAS AND TRIOLIO PC
                        12 ROUTE 17 NORTH, SUITE 206 PARAMUS, NJ 07652
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        PAVILION NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------

DEBT: $    174,459.81
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        SETH LEVINE
                636 S FOREST DR, TEANECK, NJ 97666
                    ---------------

DEBT: $     28,017.65
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        BENTLEY NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------

DEBT: $        906.31
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        137-139 THIRD NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------

DEBT: $      2,844.22
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        FLR VENTURES LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------

DEBT: $      5,166.57
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        JORDAN VENTURES LLC

```
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
              ---------------
                                        DEBT: $     3,072.18
CREDITOR(S):
     TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
     HACKENSACK NORSE LLC
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
              ---------------
                                        DEBT: $     3,329.37
CREDITOR(S):
     TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
     ENGLEWOOD FUNDING LLC
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
              ---------------
                                        DEBT: $     1,576.44
CREDITOR(S):
     TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
     PLAINFIELD NORSE LLC
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
              ---------------
                                        DEBT: $     6,616.66
CREDITOR(S):
     TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
     FILMORE NORSE LLC
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
              ---------------
                                        DEBT: $     1,325.25
CREDITOR(S):
     TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
     ATLANTIC NORSE LLC
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
              ---------------
                                        DEBT: $       557.53
CREDITOR(S):
     TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
     219 HILLSIDE VENTURES LLC
          STE 24
            210 RIVER ST, HACKENSACK, NJ 07601
```

RN21-068-06089          RE: ITA2027219236

773-3231-73

```
                        ---------------
                                    DEBT: $    12,221.00
CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
             ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      CLEMENTON NORSE LLC
             STE 24
                210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                    DEBT: $    19,899.35
CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
             ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      PACIFIC NORSE LLC
             STE 24
                210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                    DEBT: $     1,443.06
CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
             ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      2917 PALISADE VENTURES LLC
             STE 24
                210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                    DEBT: $     1,737.43
CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
             ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      CLIFTON DL VENTURES LLC
             STE 24
                210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                    DEBT: $       394.51
CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
             ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      PERTH LP VENTURES LLC
             STE 24
                210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                    DEBT: $     9,916.13
CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
             ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      FAIR SPL VENTURES LLC
             STE 24
                210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                    DEBT: $
```

RN21-068-06089          RE: ITA202712**19237**                                        4
773-3231-73

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      BROOKLAWN NORSE LLC
          STE 24
             210 RIVER ST, HACKENSACK, NJ 07601
               ---------------
                                    DEBT: $    21,741.12

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      PA WATSON VENTURES LLC
          STE 24
             210 RIVER ST, HACKENSACK, NJ 07601
               ---------------
                                    DEBT: $       618.43

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      AMBOY NORSE LLC
          STE 24
             210 RIVER ST, HACKENSACK, NJ 07601
               ---------------
                                    DEBT: $       282.56

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      PA NORSE LLC
          STE 24
             210 RIVER ST, HACKENSACK, NJ 07601
               ---------------
                                    DEBT: $       765.03

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      4318 KENNEDY PARTNERS LLC
          STE 24
             210 RIVER ST, HACKENSACK, NJ 07601
               ---------------
                                    DEBT: $       751.71

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC
          ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
      HILLSIDE REO VENTURES LLC
          STE 24
             210 RIVER ST, HACKENSACK, NJ 07601
               ---------------
                                    DEBT: $     1,323.31

CREDITOR(S):
      TOLEDO PLUMBING & HEATING INC

```
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        LL REO VENTURES LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------
                                          DEBT: $        399.84
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        LENOX BEACHWAY LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------
                                          DEBT: $     25,295.46
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        WASHINGTON NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------
                                          DEBT: $        356.89
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        GARFIELD NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------
                                          DEBT: $      1,055.29
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        LENOX TEMPLE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------
                                          DEBT: $        450.49
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        HILLSIDE NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                    ---------------
                                          DEBT: $        725.05
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                    ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
```

Charles Jones
A DataTrace Company

RN21-068-06089          RE: ITA2027219239

773-3231-73

```
        NUTLEY NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                            DEBT: $    17,657.92
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        UNION CITY FUNDING LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                            DEBT: $     7,037.25
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        PASSAIC NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                            DEBT: $     2,146.94
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        HAMILTON NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
                                            DEBT: $     5,278.68
CREDITOR(S):
        TOLEDO PLUMBING & HEATING INC
                ATTORNEY: BITTIGER ELIAS & TRIOLO PC
DEBTOR(S):
        WESTVILLE NORSE LLC
                STE 24
                    210 RIVER ST, HACKENSACK, NJ 07601
                        ---------------
        137 139 THIRD NORSE LLC ADDED TO OUR INDEX.
                    *** End of Abstract ***
```

RN21-068-06089          RE: ITA2027119240
773-3231-73

SUPERIOR COURT OF NEW JERSEY

JUDGMENT NUMBER: DJ-172113-2017          CASE NUMBER: 57207
DATE DOCKETED: 10/04/17          DATE OF JUDGMENT IN S.C.P.: 11/17/16
TYPE OF ACTION: OTHER GE
VENUE: ATLANTIC

DEBT: $      4,550.00
DCKG: $         35.00

CREDITOR(S):
    CITY OF ATLANTIC CITY
        ATTORNEY: TRENK DIPASQUALE DELLA FERA ET AL
                  357 MOUNT PLEASANT AV, SUITE 300
                  WEST ORANGE NJ 07052
                  973-243-8600

DEBTOR(S):
    ATLANTIC NORSE LLC
        (No Address)
                  ---------------
                  *** End of Abstract ***


SUPERIOR COURT OF NEW JERSEY

JUDGMENT NUMBER: DJ-172117-2017          CASE NUMBER: 57206
DATE DOCKETED: 10/04/17          DATE OF JUDGMENT IN S.C.P.: 11/17/16
TYPE OF ACTION: OTHER GE
VENUE: ATLANTIC

DEBT: $      2,128.00
DCKG: $         35.00

CREDITOR(S):
    CITY OF ATLANTIC CITY
        ATTORNEY: TRENK DIPASQUALE DELLA FERA ET AL
                  347 MOUNT PLEASANT AV, SUITE 300
                  WEST ORANGE NJ 07052
                  973-243-8600

DEBTOR(S):
    ATLANTIC NORSE LLC
        (No Address)
                  ---------------
                  *** End of Abstract ***

NEW JERSEY SUPERIOR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

773-3231-73                    RE: ITA20272

**CERTIFIED TO:**


            ICONIC TITLE AGENCY LLC
            1519 PARKSIDE DR
            LAKEWOOD NJ NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE INDEX OF THE
CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF NEW JERSEY, THE
INDEX OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY,
AND THE INDEX OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
NEW JERSEY AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD IN ANY OF
THESE COURTS A JUDGMENT OR OTHER DOCKETED RECORD REFERRED TO BY THE
RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL LIEN ON REAL PROPERTY IN
NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL PROPERTY WITHIN NEW
JERSEY NOR ANY PETITION COMMENCING PROCEEDINGS IN BANKRUPTCY EXCEPT AS
BELOW SET FORTH AGAINST:

                                        FROM           TO

    ARGO MANAGEMENT LLC    (Entity)     02-26-2001   02-26-2021
        *** With Judgments ***

                    (SEE ATTACHED  1  PAGE)

DATED      02-26-2021
TIME       08:45 AM

                              CHARLES JONES LLC
                              P.O. BOX 8488
RN21-068-06091   068    1072068 40    TRENTON, NJ 08650

RN21-068-06091          RE: ITA2027219242                                    1
773-3231-73

                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-092813-2006          CASE NUMBER: L   003020  05
DATE ENTERED: 04/13/06    DATE SIGNED: 03/27/06
TYPE OF ACTION: CONTRACT
VENUE: OCEAN
                                            DEBT: $    25,135.32
                                            COSTS: $      267.20
  CREDITOR(S):
       HOLUALOA WHITING LLC
              ATTORNEY: CARLUCCIO LEONE DIMON, ET AL
                        9 ROBBINS ST
                        TOMS RIVER NJ 08753
                        732-797-1600
  DEBTOR(S):
       ARGO MANAGEMENT CORP
              163 HOPE AVE, PASSAIC, NJ 07055
       LEONID LERNER
          (No Address)
       LARISA LERNER
          (No Address)
    PLUS INTEREST
                        ---------------
                    *** End of Abstract ***




                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-247420-2006          CASE NUMBER: L   003833  05
DATE ENTERED: 09/22/06    DATE SIGNED: 08/01/06
TYPE OF ACTION: CONTRACT
VENUE: OCEAN
                                            DEBT: $    27,554.84
                                            COSTS: $      240.00
  CREDITOR(S):
       HOLUALOA WHITING LLC
              ATTORNEY: CARLUCCIO LEONE DIMON ET AL
                        9 ROBBINS STREET
                        TOMS RIVER NJ 08753
                        732-797-1600
  DEBTOR(S):
       LARISA LERNER
          (No Address)
       LEONID LERNER
          (No Address)
       ARGO MANAGEMENT CORP
              163 HOPE AV, PASSAIC, NJ 07055
    PLUS INTEREST
                        ---------------
                    *** End of Abstract ***

*Charles Jones*
A DataTrace Company

NEW JERSEY SUPERIOR COURT,
UNITED STATES DISTRICT COURT AND
UNITED STATES BANKRUPTCY COURT

773-3231-73                    RE: ITA20272

**CERTIFIED TO:**


                    ICONIC TITLE AGENCY LLC
                    1519 PARKSIDE DR
                    LAKEWOOD NJ NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE INDEX OF THE
CIVIL JUDGMENT AND ORDER DOCKET OF THE SUPERIOR COURT OF NEW JERSEY, THE
INDEX OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY,
AND THE INDEX OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
NEW JERSEY AND DOES NOT FIND REMAINING UNSATISFIED OF RECORD IN ANY OF
THESE COURTS A JUDGMENT OR OTHER DOCKETED RECORD REFERRED TO BY THE
RESPECTIVE INDICES WHICH CONSTITUTES A GENERAL LIEN ON REAL PROPERTY IN
NEW JERSEY, NOR ANY CERCLA LIEN ON SPECIFIC REAL PROPERTY WITHIN NEW
JERSEY NOR ANY PETITION COMMENCING PROCEEDINGS IN BANKRUPTCY EXCEPT AS
BELOW SET FORTH AGAINST:

                                        FROM        TO

    SOUTH ATLANTIC ASSOC., LLC   (Entity)   02-26-2001   06-16-2008
        *** Name is CLEAR ***

    212 CORP. OF N.J.   (Entity)            02-26-2001   03-01-2004
        *** Name is CLEAR ***


DATED    02-26-2021
TIME     08:45 AM


                                CHARLES JONES LLC
                                P.O. BOX 8488
RN21-068-06094  068   1071068 40        TRENTON, NJ 08650

```
                                        ***********************************
                                        *** UNITED STATES PATRIOT NAME SEARCH ***
                                        ***********************************
```

773-3231-73                          RE: ITA20272
**CERTIFIED TO:**


                    ICONIC TITLE AGENCY LLC
                    1519 PARKSIDE DR
                    LAKEWOOD NJ NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE
LIST OF "SPECIALLY DESIGNATED NATIONALS AND BLOCKED PERSONS"
MAINTAINED BY THE OFFICE OF FOREIGN ASSETS CONTROL, U.S.
DEPARTMENT OF THE TREASURY, PURSUANT TO EXECUTIVE ORDER 13224 AS
AMENDED BY EXECUTIVE ORDER 13268, AS WELL AS "THE CONSOLIDATED
SANCTIONS LIST" THAT INCLUDES THE LIST OF "FOREIGN SANCTIONS
EVADERS" PURSUANT TO EXECUTIVE ORDER 13608 AND MAINTAINED BY
THE OFFICE OF FOREIGN ASSETS CONTROL, U.S. DEPARTMENT OF THE
TREASURY AND REPORTS THE FOLLOWING FINDINGS WITH RESPECT TO THE
NAME(S) LISTED BELOW:

                                                    THROUGH

  ATLANTIC NORSE, LLC (Entity)                      03-07-2021


```
                    **************************************
                    ***** CLEAR PATRIOT NAME SEARCH *****
                    **************************************
```


NOTE:  According to the U.S. Department of Treasury, no U.S.
person may deal with any Libyan or Iraqi government official
whether their name appears on the list or not.


DATE ISSUED: 03-09-2021


                                        CHARLES JONES LLC
                                        P.O. BOX 8488
PA21-068-06090   068    1067068 40      TRENTON, NJ 08650

```
                                   ****************************************
                                   *** UNITED STATES PATRIOT NAME SEARCH ***
                                   ****************************************
```

*Charles Jones*
A DataTrace Company

```
773-3231-73                    RE: ITA20272
CERTIFIED TO:


                ICONIC TITLE AGENCY LLC
                1519 PARKSIDE DR
                LAKEWOOD NJ NJ 08701


CHARLES JONES LLC HEREBY CERTIFIES THAT IT HAS SEARCHED THE
LIST OF "SPECIALLY DESIGNATED NATIONALS AND BLOCKED PERSONS"
MAINTAINED BY THE OFFICE OF FOREIGN ASSETS CONTROL, U.S.
DEPARTMENT OF THE TREASURY, PURSUANT TO EXECUTIVE ORDER 13224 AS
AMENDED BY EXECUTIVE ORDER 13268, AS WELL AS "THE CONSOLIDATED
SANCTIONS LIST" THAT INCLUDES THE LIST OF "FOREIGN SANCTIONS
EVADERS" PURSUANT TO EXECUTIVE ORDER 13608 AND MAINTAINED BY
THE OFFICE OF FOREIGN ASSETS CONTROL, U.S. DEPARTMENT OF THE
TREASURY AND REPORTS THE FOLLOWING FINDINGS WITH RESPECT TO THE
NAME(S) LISTED BELOW:

                                                 THROUGH

  ARGO MANAGEMENT LLC (Entity)                   03-07-2021


                  ***************************************
                  ***** CLEAR PATRIOT NAME SEARCH *****
                  ***************************************
```

```
   NOTE:  According to the U.S. Department of Treasury, no U.S.
person may deal with any Libyan or Iraqi government official
whether their name appears on the list or not.


DATE ISSUED: 03-09-2021


                                 CHARLES JONES LLC
                                 P.O. BOX 8488
PA21-068-06092  068   1067068 40    TRENTON, NJ 08650
```







*AC 6003*
*Atlantic*

PREPARED BY: _____
RICHARD S. KELIN, ESQ.

# DEED

### THIS DEED is made on May 14, 2008

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RCPT # 738756 RECD BY cathy
REC FEE 100.00 CON 2,853,325.00
MARGINAL NOTATION 0.00
RTF 32,002.35 VOL 12852
RECD 06/16/2008 01:10:28 PM
INST # 2008047048

BETWEEN

### SOUTH ATLANTIC ASSOC., L.L.C.
### a New Jersey limited liability company

Whose post office address is 5014 16th Avenue, Suite 131, Brooklyn, New York 11204, referred to as the Grantor

AND

### ATLANTIC NORSE, LLC
### a New Jersey limited liability company

Whose post office address is 411 Hackensack Avenue, Third Floor, Hackensack, New Jersey 07601, referred to as the Grantee

The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

1. TRANSFER OF OWNERSHIP. The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of TWO MILLION EIGHT HUNDRED FIFTY THREE THOUSAND THREE HUNDRED TWENTY FIVE AND 00/100 ($2,853,325.00) DOLLARS.

The Grantor acknowledges receipt of this money.

2. TAX MAP REFERENCE. (N.J.S.A. 46:15-1.1) Municipality of Atlantic City Block No. 126 Lot Nos. 3 & 4; Block No. 125, Lot No. 22    Account No.

3. PROPERTY. The Property consists of the land and all the buildings and structures on the land in the City of Atlantic City, County of Atlantic and State of New Jersey. The legal description is:

Please see attached Legal description annexed hereto, made a part hereof and recorded herein.

The street address of the Property is: 212, 214 & 225 Atlantic Avenue, Atlantic City, New Jersey.

BEING the same premises conveyed to Grantor herein by deed from 212 Corp. of N.J. dated February 25, 2004 and recorded March 1, 2004 in the Atlantic County Clerk's Office in Deed Book 7678, Page 212 (Instrument No. 4018660).

4. PROMISES BY GRANTOR.  The Grantor promises that the Grantor has done no act to encumber the Property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

5. SIGNATURES.  The Grantor signs this Deed as of the date at the top of the first page.

WITNESSED BY:                              SOUTH ATLANTIC ASSOC., L.L.C.

_____          By:_____(Seal)
Richard S. Kelin, Esq.                       Yitzchok Kaplan, Managing Member


STATE OF NEW JERSEY:
                                            SS
COUNTY OF BERGEN    :

I certify that on May 14, 2008, Yitzchok Kaplan, personally came before me and stated to my satisfaction that: (a) he signed, sealed and delivered this Deed as the Managing Member of South Atlantic Assoc., L.L.C., the limited liability company named in this Deed; and (b) this Deed was signed and made by the limited liability company as its voluntary act and deed by virtue of authority from all of its members; and (c) made this Deed for $2,853,325.00 as full and actual consideration paid or to be paid for the transfer of title (Such consideration is defined in N.J.S.A.46:15-5.).

_____
Richard S. Kelin, An Attorney at Law of the State of New Jersey

**LEGAL DESCRIPTION**

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Atlantic City , County of Atlantic , State of NJ :

TRACT I:
BEGINNING at a point in the southerly line of Atlantic Avenue (100 feet wide), said point being distant 100.00 feet East of the easterly line of Vermont Avenue (50 feet wide) when measured in and along the aforesaid southerly line of Atlantic Avenue, and extending from said beginning point; thence

1. North 62 degrees 32 minutes 00 seconds East, in and along the southerly line of Atlantic Avenue, a distance of 50.00 feet to a point; thence

2. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point; thence

3. South 62 degrees 32 minutes 00 seconds West, parallel with Atlantic Avenue a distance of 50.00 feet to a point; thence

4. North 27 degrees 28 minutes 00 seconds West, parallel with Vermont Avenue, a distance of 100.00 feet to the point and place of BEGINNING.

NOTE: Being Lot 3, Block 126, Tax Map of the City of Atlantic City, County of Atlantic.

TRACT II:
BEGINNING at a point in the southerly line of Atlantic Avenue 150.00 feet eastwardly of the easterly line of Vermont Avenue and extending; thence

1. Southwardly parallel with Vermont Avenue, 100.00 feet; thence

2. Eastwardly parallel with Atlantic Avenue, 50.00 feet; thence

3. Northwardly parallel with Vermont Avenue, 100.00 feet to the southerly line of Atlantic Avenue; thence

4. Westwardly, along the said southerly line of Atlantic Avenue 50.00 feet to the place of BEGINNING.

Being further described in accordance with a survey prepared by James J. Kuhn, PLS dated March 20, 2004; as;

BEGINNING at a point in the southerly line of Atlantic Avenue 150.00 feet easterly from the corner formed by intersection of the easterly side of Vermont Avenue with the southerly side of Atlantic Avenue; Thence

## LEGAL DESCRIPTION continued

1. North 62 degrees, 32 minutes 00 seconds east, along the southerly side of Atlantic Avenue, a distance of 50.00 feet; Thence
2. South 27 degrees 28 minutes 00 seconds east, a distance of 100.00 feet; Thence
3. South 62 degrees 32 minutes 00 seconds west, a distance of 50.00 feet; Thence
4. North 27 degrees 28 minutes 00 seconds west, a distance of 100.00 feet to the southerly side of Atlantic Avenue, being the point or place of beginning.

NOTE: Being Lot 4, Block 126, Tax Map of the City of Atlantic City, County of Atlantic.

TRACT III:
BEGINNING at the intersection of the northerly line of Atlantic Avenue (100 feet wide) and the easterly line of Vermont Avenue (50 feet wide) and extending from said beginning point; thence

1. North 27 degrees 28 minutes 00 seconds West, in and along the easterly line of Vermont Avenue, a distance of 100.00 feet to a point; thence

2. North 62 degrees 32 minutes 00 seconds East, parallel with Atlantic Avenue, a distance of 55.00 feet to a point; thence

3. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point in the aforesaid northerly line of Atlantic Avenue; thence

4. South 62 degrees 32 minutes 00 seconds West, in and along same, a distance of 55.00 feet to the point and place of BEGINNING.

NOTE: Being Lot 22, Block 125, Tax Map of the City of Atlantic City, County of Atlantic.

Note: Being Lot(s) 4 & 3 / 22 , Block 126 / 125 , Tax Map of the Atlantic City , County of Atlantic .

Note: Lot and Block shown for informational purposes only

RTF-1 (Rev 2/19/07)
MUST SUBMIT IN DUPLICATE

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq )
BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.

STATE OF NEW JERSEY

COUNTY   **BERGEN**   }SS.  County Municipal Code

| FOR RECORDER'S USE ONLY | |
|---|---|
| Consideration | $ |
| RTF paid by seller | $ |
| Date | By |

MUNICIPALITY OF PROPERTY LOCATION _____

*Use symbol "C" to indicate that fee is exclusively for county use

**(1) PARTY OR LEGAL REPRESENTATIVE** (See Instructions #3 and #4 on reverse side)

Managing Member of South Atlantic Assoc., L.L.C. (the "Company")

Deponent, Yitzchok Kaplan, being duly sworn according to law upon his/her oath,
deposes and says that he/she is the Company is the affirmed Grantor in a deed dated May 14, 2008 transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number 126, Lots 3 & 4  xxxxxxxx Block 125, Lot 22 located at

212, 214 & 225 Atlantic Ave., Atlantic City, NJ   and annexed thereto
(Street Address, Town)

**(2) CONSIDERATION** $ 2,853,325.00   (See Instructions #1 and #5 on reverse side)

**(3)** Property transferred is Class 4A  4B  4C (circle one) If property transferred is Class 4A, calculation in Section 3A below is required

**(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A COMMERCIAL PROPERTY TRANSACTIONS:**
(See Instructions #5A and #7 on reverse side)
**Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation**

$ _____ ÷ _____ % = $ _____

If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or In excess of 100%, the assessed value will be equal to the equalized valuation.

**(4) FULL EXEMPTION FROM FEE** (See Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s) Mere reference to exemption symbol is insufficient  Explain in detail.

_____
_____
_____

**(5) PARTIAL EXEMPTION FROM FEE** (See Instruction #9 on reverse side)
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED  Failure to do so will void claim for partial exemption.  Deponent claims that this deed transaction is exempt from State portions of the Basic Fee, Supplemental Fee, and General Purpose Fee, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

| A | SENIOR CITIZEN  Grantor(s)  62 years of age or over. * (See Instruction #9 on reverse side for A or B) |
|---|---|
| B | BLIND PERSON  Grantor(s)  legally blind or, *  |
|   | DISABLED PERSON  Grantor(s)  permanently and totally disabled  Receiving disability payments  Not gainfully employed* |

Senior citizens, blind persons, or disabled persons must also meet **all** of the following criteria:
Owned and occupied by grantor(s) at time of sale.   Resident of State of New Jersey.
One or two-family residential premises.   Owners as joint tenants must all qualify

*IN THE CASE OF HUSBAND AND WIFE/CIVIL UNION PARTNERS, ONLY ONE GRANTOR NEEDS TO QUALIFY IF TENANTS BY THE ENTIRETY

C.   LOW AND MODERATE INCOME HOUSING (See Instruction #9 on reverse side)
Affordable according to H U D standards   Reserved for occupancy.
Meets income requirements of region.   Subject to resale controls.

**(6) NEW CONSTRUCTION** (See Instructions #2, #10 and #12 on reverse side)
Entirely new improvement   Not previously occupied.
Not previously used for any purpose.   "NEW CONSTRUCTION" printed clearly at the top of the first page of the deed

**(7)** Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

South Atlantic Assoc., L.L.C.

Subscribed and sworn to before me
this 14th day of May  20 08

By: _Yitzchok Kaplan_   South Atlantic Assoc., L.L.C.
(Signature of Deponent)   Grantor Name

Yitzchok Kaplan, Managing Member
5014 16th Ave.  Suite 131   5014 16th Ave.  Suite 131
(Deponent Address)   (Grantor Address if Different from Deponent)

Brooklyn, NY 11204   Brooklyn, NY 11204
Richard S. Kelin, An Attorney   xxx-xx-____   Name/Company of Settlement Officer
at Law of New Jersey   Last 3 digits in Grantor's Social Security Number

| FOR OFFICIAL USE ONLY | | |
|---|---|---|
| Instrument Number | County | |
| Deed Number | Book | Page |
| Deed Dated | Date Recorded | |

County Recording Officers shall forward one copy of each Affidavit of Consideration for Use by Seller when Section 3A is completed.
STATE OF NEW JERSEY- DIVISION OF TAXATION
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and may not be altered or amended without prior approval of the Director  For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at:
www.state.nj.us/treasury/taxation/lpt/localtax.htm.

A2 66013

RTF-1EE (Rev 2/19/07)
MUST SUBMIT IN DUPLICATE

STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY BUYER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM**

STATE OF NEW JERSEY

|  |  |
|---|---|
| COUNTY          ATLANTIC | } SS.  County Municipal Code 0102 |

MUNICIPALITY OF PROPERTY LOCATION  ATLANTIC CITY

| FOR RECORDER'S USE ONLY |  |
|---|---|
| Consideration | $ |
| RTF paid by buyer | $ |
| Date | By |

**(1)** PARTY OR LEGAL REPRESENTATIVE *(See Instructions #3 and #4 on reverse side)*                XXX-XX-X   566
                                                                                          Last 3 Digits in Grantor's Social Security Number

Deponent,   SETH LEVINE                                      being   duly   sworn   according   to   law   upon   his/her   oath,
                          (Name)

deposes and says that he/she is the Managing Member of Grantee  in a deed dated  MAY 14, 2008  transferring
(Grantee, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number  126/125                         Lot number  3 & 4/22                         located at

212, 214 and 225 ATLANTIC AVENUE, ATLANTIC CITY                                         and   annexed   thereto
                          (Street Address, Town)

**(2)** CONSIDERATION  $               2,853,325.00 *(See Instructions #1, #5, and #11 on reverse side)*

Entire consideration is in excess of $1,000,000:

**PROPERTY CLASSIFICATION CHECKED BELOW SHOULD BE TAKEN FROM THE OFFICIAL TAX LIST (A PUBLIC RECORD) OF THE MUNICIPALITY WHERE THE REAL PROPERTY IS LOCATED IN THE YEAR THAT THE TRANSFER IS MADE.**

(A) When Grantee is required to remit the 1% fee, complete below:

☐  Class 2 - Residential                                                ☐  Class 4A – Commercial Properties
Class 3A - Farm property (Regular) and any                              (If checked, calculation in (C) required below)
other real property transferred to same grantee                    ☐  Class 4C - Residential Cooperative Unit
in conjunction with transfer of Class 3A property                       (4 Families or less)

(B) When Grantee is not required to remit the 1% fee, complete below:

☒  Property class. Circle applicable class(es):        1        4B        (4C)        15
Property classes: 1=Vacant Land, 4B=Industrial properties, 4C Apartments (more than cooperative unit), 15=Public Property
Exempt Organization pursuant to federal Internal Revenue Code of 1986
☐  Incidental to corporate merger or acquisition and equalized assessed valuation less than 20% of total value of
all assets exchanged in merger or acquisition (If checked, calculation in (C) below required and MUST ATTACH
COMPLETED RTF-4)

**(C) REQUIRED CALCULATION OF EQUALIZED ASSESSED VALUATION FOR ALL CLASS 4A COMMERCIAL PROPERTY TRANSACTIONS:** *(See Instructions #6 and #7 on reverse side)*
**Total Assessed Valuation ÷ Director's Ratio = Equalized Valuation**

$ _____  ÷  _____ % = $ _____
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed valuation  If Director's Ratio
is equal to or in excess of 100%, the assessed valuation will be equal to the equalized value

**(3)** TOTAL EXEMPTION FROM FEE *(See Instruction #8 on reverse side)*
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended
through C. 66, P.L. 2004, for the following reason(s)  Mere reference to exemption symbol is insufficient. Explain in detail.

**(4)** Deponent makes Affidavit of Consideration for Use by Buyer to induce county clerk or register of deeds to record the deed and
accept the fee submitted herewith pursuant to the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.

| Subscribed and sworn to before me | _____ | ATLANTIC NORSE LLC |
|---|---|---|
| this __ day of May ____ 2008 | Signature of Deponent | Grantee Name |
| HAROLD RITVO | 411 Hackensack Ave., Hackensack, NJ | 411 Hackensack Ave., Hackensack, NJ |
| Notary Public of New Jersey | Deponent Address | 07601 |
|  |  | Grantee Address at Time of Sale |

Name/Company of Settlement Officer

| FOR OFFICIAL USE ONLY |  |
|---|---|
| Instrument Number | County |
| Deed Number | Book _____ Page _____ |
| Deed Dated | Date Recorded |

County Recording Officers shall forward one copy of each Affidavit of Consideration for Use by Buyer recorded with deeds to:
**STATE OF NEW JERSEY- DIVISION OF TAXATION
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT**

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended
without prior approval of the Director. For further information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division of Taxation website at
**www.state.nj.us/treasury/taxation/lpt/localtax.htm**

AR 60013

GIT/REP-3
(12-07)

## State of New Jersey
### SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (See Instructions, Page 2)**

Name(s)

South Atlantic Assoc., L.L.C.

Current Resident Address:

Street:   5014 16th Avenue, Suite 131

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Brooklyn | New York | 11204 |

**PROPERTY INFORMATION (Brief Property Description)**

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| Block 126, Lots 3 & 4 and Block 124, Lot 22 | | |

Street Address:

212, 214 and 225 Atlantic Avenue

| City, Town, Post Office | State | Zip Code |
|---|---|---|
| Atlantic City | New Jersey | |

| Seller's Percentage of Ownership | Consideration | Closing Date |
|---|---|---|
| 100% | $2,853,325.00 | May 14, 2008 |

**SELLER ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 8 apply to NON-residents)**

1. ☐ I am a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.

3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☒ Seller is not an individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.

6. ☐ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

7. ☐ The gain from the sale will not be recognized for Federal income tax purposes under I.R.C. Section 721, 1031, 1033 or is a cemetery plot.  (CIRCLE THE APPLICABLE SECTION).  If such section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale (see instructions).

   ☐ No non-like kind property received.

8. ☐ Transfer by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this state.

**SELLER(S) DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both.  I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

South Atlantic Assoc., L.L.C.
By:

| May 14, 2008 | Yitzchok Kaplan    Managing Member |
|---|---|
| Date | (Seller)  Please indicate if Power of Attorney or Attorney in Fact / Signature |

| | |
|---|---|
| Date | Signature |
| | (Seller)  Please indicate if Power of Attorney or Attorney in Fact |

## Atlantic County
## Document Summary Sheet

ATLANTIC COUNTY CLERK

5901 MAIN ST

MAYS LANDING NJ 08330 1797

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RECORDED 09/18/2018 10:19:36
RCPT # 1424815    RECD BY E-RECORD
NAME FEE
RECORDING FEES 260.00
INSTRUMENT# 2018047961
VOL 14488  PAGE 1 OF 26
**Official Use Only**

| Transaction Identification Number | | 3568976          3041289 |
|---|---|---|
| Submission Date *(mm/dd/yyyy)* | 09/07/2018 | **Return Address**    *(for recorded documents)* |
| No. of Pages *(excluding Summary Sheet)* | 24 | WORLD WIDE LAND TRANSFER |
| Recording Fee *(excluding transfer tax)* | $260.00 | BUILDING 8 NESHAMINY INTERPLEX SUITE 112 |
| Realty Transfer Tax | $0.00 | TREVOSE, PA 19053 |
| Total Amount | $260.00 | |
| Document Type | MORTGAGE | |

**Municipal Codes**

| ATLANTIC CITY | 01 |
|---|---|

| Batch Type | L2 - LEVEL 2 (WITH IMAGES) |
|---|---|

**Bar Code(s)**

2 2 9 0 1 0

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

## SEE COMMENTS ON LAST PAGE

 **Atlantic County**
**Document Summary Sheet**

| | | | | |
|---|---|---|---|---|
| | **Type** | MORTGAGE | | |
| | **Consideration** | $3,850,000.00 | | |
| | **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | | |
| | **Document Date** | 08/30/2018 | | |
| | **Reference Info** | | | |
| | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** |
| | | | | | |

| | | | |
|---|---|---|---|
| **MORTGAGE** | **MORTGAGOR** | **Name** | **Address** |
| | | ATLANTIC NORSE LLC | 210 RIVER STREET, HACKENSACK, NJ 07601 |
| | **MORTGAGEE** | **Name** | **Address** |
| | | RED MORTGAGE CAPITAL LLC | 1717 MAIN STREET, DALLAS, TX 75201 |

| **Parcel Info** | | | | | |
|---|---|---|---|---|---|
| **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | 01 | 126 | 3 | | 01 |
| | 01 | 126 | 4 | | 01 |
| | 01 | 125 | 22 | | 01 |

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

Prepared by, and after recording
return to:
**Abruzzo & Kinn LLP**
**170 Old Country Road, Suite 506**
**Mineola, New York 11501-4312**
**Attention: Nadia A. Popatia, Esq.**

Freddie Mac Loan Number: **502993812**
Property Name: **212 Atlantic Avenue**

**LT-1591-NJ**

## MULTIFAMILY MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

### NEW JERSEY

### (Revised 3-1-2014)

### THIS INSTRUMENT IS FOR USE ONLY FOR MULTIFAMILY PROPERTIES CONTAINING MORE THAN 6 RESIDENTIAL UNITS

{225/018/01178210}

**MULTIFAMILY MORTGAGE,
ASSIGNMENT OF RENTS
AND SECURITY AGREEMENT**

**NEW JERSEY**

**(Revised 3-1-2014)**

THIS MULTIFAMILY MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT ("**Instrument**") is made to be effective as of the **30th** day of **August, 2018**, between **ATLANTIC NORSE LLC**, a limited liability company organized and existing under the laws of New Jersey, whose address is 210 River Street, Suite 24, Hackensack, New Jersey 07601, as mortgagor ("**Borrower**"), and **RED MORTGAGE CAPITAL, LLC**, a limited liability company organized and existing under the laws of Delaware, whose address is 1717 Main Street, Suite 900, Dallas, Texas  75201 ("**Lender**"). Borrower's organizational identification number, if applicable, is **0600323715**.

**RECITAL**

Borrower is indebted to Lender in the principal amount of **$3,850,000.00**, as evidenced by Borrower's Multifamily Note payable to Lender, dated as of the date of this Instrument, and maturing on **September 1, 2023** ("**Maturity Date**").

**AGREEMENT**

TO SECURE TO LENDER the repayment of the Indebtedness, and all renewals, extensions and modifications of the Indebtedness, and the performance of the covenants and agreements of Borrower contained in the Loan Documents, Borrower mortgages, warrants, grants, conveys and assigns to Lender the Mortgaged Property, including the Land located in **Atlantic** County, State of **New Jersey** and described in Exhibit A attached to this Instrument.

Borrower warrants and represents that Borrower is lawfully seized of the Mortgaged Property and has the right, power and authority to mortgage, grant, convey and assign the Mortgaged Property, and that the Mortgaged Property is unencumbered, except as shown on the schedule of exceptions to coverage in the title policy issued to and accepted by Lender contemporaneously with the execution and recordation of this Instrument and insuring Lender's interest in the Mortgaged Property ("**Schedule of Title Exceptions**"). Borrower covenants that Borrower will warrant and defend generally the title to the Mortgaged Property against all claims and demands, subject to any easements and restrictions listed in the Schedule of Title Exceptions.

**New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement**

## UNIFORM COVENANTS

### (Revised 05-31-2018)

**Covenants.** In consideration of the mutual promises set forth in this Instrument, Borrower and Lender covenant and agree as follows:

1.     **Definitions.** The following terms, when used in this Instrument (including when used in the above recitals), will have the following meanings and any capitalized term not specifically defined in this Instrument will have the meaning ascribed to that term in the Loan Agreement:

    **"Attorneys' Fees and Costs"** means (a) fees and out-of-pocket costs of Lender's and Loan Servicer's attorneys, as applicable, including costs of Lender's and Loan Servicer's in-house counsel, support staff costs, costs of preparing for litigation, computerized research, telephone and facsimile transmission expenses, mileage, deposition costs, postage, duplicating, process service, videotaping and similar costs and expenses; (b) costs and fees of expert witnesses, including appraisers; (c) investigatory fees; and (d) the costs for any opinion required by Lender pursuant to the terms of the Loan Documents.

    **"Borrower"** means all Persons identified as "Borrower" in the first paragraph of this Instrument, together with their successors and assigns.

    **"Business Day"** means any day other than a Saturday, a Sunday or any other day on which Lender or the national banking associations are not open for business.

    **"Event of Default"** means the occurrence of any event described in Section 8.

    **"Fixtures"** means all property owned by Borrower which is attached to the Land or the Improvements so as to constitute a fixture under applicable law, including: machinery, equipment, engines, boilers, incinerators and installed building materials; systems and equipment for the purpose of supplying or distributing heating, cooling, electricity, gas, water, air or light; antennas, cable, wiring and conduits used in connection with radio, television, security, fire prevention or fire detection or otherwise used to carry electronic signals; telephone systems and equipment; elevators and related machinery and equipment; fire detection, prevention and extinguishing systems and apparatus; security and access control systems and apparatus; plumbing systems; water heaters, ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances; light fixtures, awnings, storm windows and storm doors; pictures, screens, blinds, shades, curtains and curtain rods; mirrors; cabinets, paneling, rugs and floor and wall coverings; fences, trees and plants; swimming pools; and exercise equipment.

{225/018/01178210}
New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement

Page 2

INSTRUMENT # 2018047961 E-RECORD PAGE 5 OF 26

**"Governmental Authority"** means any board, commission, department, agency or body of any municipal, county, state or federal governmental unit, or any subdivision of any of them, that has or acquires jurisdiction over the Mortgaged Property, or the use, operation or improvement of the Mortgaged Property, or over Borrower.

**"Improvements"** means the buildings, structures and improvements now constructed or at any time in the future constructed or placed upon the Land, including any future alterations, replacements and additions.

**"Indebtedness"** means (i) the principal of, (ii) interest at the fixed or variable rate set forth in the Note on, and (iii) all other amounts due at any time under, the Note, the Loan Agreement, this Instrument or any other Loan Document, including prepayment charges, late charges, default interest and advances as provided in Section 7 to protect the security of this Instrument.

**"Land"** means the land described in Exhibit A.

**"Leases"** means all present and future leases, subleases, licenses, concessions or grants or other possessory interests now or hereafter in force, whether oral or written, covering or affecting the Mortgaged Property, or any portion of the Mortgaged Property (including proprietary leases or occupancy agreements if Borrower is a cooperative housing corporation), and all modifications, extensions or renewals.

**"Lender"** means the entity identified as "Lender" in the first paragraph of this Instrument, or any subsequent holder of the Note.

**"Loan Agreement"** means the Loan Agreement executed by Borrower and Lender and dated as of the date of this Instrument, as such agreement may be amended from time to time.

**"Loan Documents"** means the Note, this Instrument, the Loan Agreement, all guaranties, all indemnity agreements, all collateral agreements, UCC filings, O&M Programs, the MMP and any other documents now or in the future executed by Borrower, any Guarantor or any other Person in connection with the Loan evidenced by the Note, as such documents may be amended from time to time.

**"Loan Servicer"** means the entity that from time to time is designated by Lender or its designee to collect payments and deposits and receive Notices under the Note, this Instrument, the Loan Agreement and any other Loan Document, and otherwise to service the Loan evidenced by the Note for the benefit of Lender. Unless Borrower receives Notice to the contrary, the Loan Servicer is the entity identified as "Lender" in the first paragraph of this Instrument.

**"Mortgaged Property"** means all of Borrower's present and future right, title and interest in and to all of the following:

IN WITNESS WHEREOF, Borrower has signed and delivered this Instrument or has caused this Instrument to be signed and delivered by its duly authorized representative.

BORROWER:

**ATLANTIC NORSE LLC,** a New Jersey limited liability company

By: _____
Name:    Seth Levine
Title:     Manager

STATE OF NEW JERSEY, COUNTY OF _Bergen_ SS:

I certify on **August 24, 2018, SETH LEVINE** personally appeared before me and this person acknowledged under oath, to my satisfaction, that this person:

(a) signed the attached instrument as the **MANAGER of ATLANTIC NORSE LLC,** a New Jersey limited liability company, the limited liability company named in this instrument; and

(b) was authorized to execute the attached instrument on behalf of said limited liability company; and

(c) executed the attached instrument as the act of said limited liability company on behalf of, and as the voluntary act of said limited liability company.

_____
Notary Public

Print Name: _____
My commission expires: _____

ANDREW SELEVAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 1/25/2021

{225/018/01172603}
New Jersey
**Multifamily Mortgage, Assignment of Rents
and Security Agreement**                                                    Page S-1

## EXHIBIT A

## DESCRIPTION OF THE LAND

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Atlantic City, County of Atlantic, State of NJ:

TRACT 1:

BEGINNING at a point in the Southerly line of Atlantic Avenue (100 feet wide), said point being distance 100.00 feet East of the Easterly line of Vermont Avenue (50 feet wide) when measured in and along the aforesaid Southerly line of Atlantic Avenue, and extending from said beginning point; thence

1. North 62 degrees 32 minutes 00 seconds East, in and along the Southerly line of Atlantic Avenue, a distance of 50.00 feet to a point; thence

2. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point; thence

3. South 62 degrees 32 minutes 00 seconds West, parallel with Atlantic Avenue, a distance of 50.00 feet to a point; thence

4. North 27 degrees 28 minutes 00 seconds West, parallel with Vermont Avenue, a distance of 100.00 feet to the point and place of BEGINNING.


TRACT II:

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Eastwardly of the Easterly line of Vermont Avenue and extending; thence

1. Southwardly parallel with Vermont Avenue, 100.00 feet; thence
2. Eastwardly parallel with Atlantic Avenue, 50.00 feet; thence
3. Northwardly parallel with Vermont avenue, 100.00 feet to the Southerly line of Atlantic Avenue; thence
4. Westwardly, along the said Southerly line of Atlantic Avenue 50.00 feet to the place of BEGINNING.

Being further described in accordance with a survey prepared by James J. Kuhn, PLS dated March 20,2004; as;

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Easterly from the corner formed by intersection of the Easterly side of Vermont Avenue with the Southerly side of Atlantic Avenue; Thence

1. North 62 degrees, 32 minutes 00 seconds East, along the Southerly side of Atlantic Avenue, a distance of 50.00 feet; Thence

2. South 27 degrees 28 minutes 00 seconds East, a distance of 100.00 feet; Thence

3. South 62 degrees 32 minutes 00 seconds West, a distance of 50.00 feet thence

4. North 27 degrees 28 minutes 00 seconds West, a distance of 100.00 feet to the Southerly side of Atlantic Avenue, being the point and place of BEGINNING.


(continued)


{225/018/01178210}
New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement

Page A-1

INSTRUMENT #  2018047961 E-RECORD PAGE 25 OF 26

TRACT III:

BEGINNING at the intersection of the Northerly line of Atlantic Avenue (100 feet wide) and the Easterly line of Vermont Avenue (50 feet wide) and extending from said beginning point; thence

1. North 27 degrees 28 minutes 00 seconds West, in and along the Easterly line of Vermont avenue, a distance of 100.00 feet to a point; thence

2. North 62 degrees 32 minutes 00 seconds East, parallel with Atlantic Avenue, a distance of 55.00 feet to a point; thence

3. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point in the aforesaid Northerly line of Atlantic Avenue; thence

4. South 62 degrees 32 minutes 00 seconds West, in and along same, a distance of 55.00 feet to the point and place of BEGINNING.

{225/018/01178210}
New Jersey
Multifamily Mortgage, Assignment of Rents
and Security Agreement

Page A-2

INSTRUMENT # 2018047961 E-RECORD PAGE 26 OF 26

## List Of Marks

| 01 | ASSIGNMENT RECORDED 12/06/2018 #2018061983 |
| 02 | ASSIGNMENT RECORDED 05/13/2019 #2019024601 |
| 03 | LIS PENDENS FILED 04/21/2020  #2020021885 |



**Atlantic County**
**Document Summary Sheet**

ATLANTIC COUNTY CLERK

5901 MAIN ST

MAYS LANDING NJ 08330 1797

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RECORDED 12/06/2018 16:39:03
RCPT # 1440691    RECD BY E-RECORD
NAME FEE
RECORDING FEES 70.00
INSTRUMENT# 2018061983
VOL 14530  PAGE 1 OF 6
**Official Use Only**

| Transaction Identification Number | | | 3655857 | 3157074 |
|---|---|---|---|---|
| **Submission Date***(mm/dd/yyyy)* | | 11/30/2018 | **Return Address** *(for recorded documents)* | |
| **No. of Pages** *(excluding Summary Sheet)* | | 4 | WORLD WIDE LAND TRANSFER | |
| **Recording Fee** *(excluding transfer tax)* | | $70.00 | 8 NESHAMINY INTERPLEX DR | |
| | | | FEASTERVILLE TREVOSE, PA 19053 | |
| **Realty Transfer Tax** | | $0.00 | | |
| **Total Amount** | | $70.00 | | |
| **Document Type** | ASSIGNMENT OF MORTGAGE | | | |

**Municipal Codes**

ATLANTIC CITY                    01

**Batch Type**    L2 - LEVEL 2 (WITH IMAGES)

**Bar Code(s)**

2 3 9 3 0 2

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**Atlantic County**
**Document Summary Sheet**

| ASSIGNMENT OF MORTGAGE | Type | ASSIGNMENT OF MORTGAGE | | | |
|---|---|---|---|---|---|
| | Consideration | | | | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | |
| | Document Date | 08/16/2018 | | | |
| | Reference Info | | | | |
| | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
| | | 14488 | 1708 | 2018047961 | |

| ASSIGNOR | Name | Address |
|---|---|---|
| | RED MORTGAGE CAPITAL LLC | 1717 MAIN STREET,, DALLAS, NJ 75201 |

| ASSIGNEE | Name | Address |
|---|---|---|
| | FEDERAL HOME LOAN MORTGAGE CORPORATION | 8200 JONES BRANCH DRIVE, MCLEAN, VA 22102 |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | 01 | 126 | 3 | | 01 |
| | 01 | 126 | 4 | | 01 |
| | 01 | 125 | 22 | | 01 |

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

765E6E3A-1847-263D-C921-099AEEEA8B43/3655857 3157074

Page 2 of 2

INSTRUMENT # 2018061983 E-RECORD PAGE 2 OF 6

Prepared by, and after recording
return to:
**Abruzzo & Kinn LLP**
**170 Old Country Road, Suite 506**
**Mineola, New York 11501-4312**
**Attention: Nadia A. Popatia, Esq.**

Freddie Mac Loan Number: 502993812
Property Name: 212 Atlantic Avenue

## ASSIGNMENT OF SECURITY INSTRUMENT

### (Revised 12-19-2014)

FOR VALUABLE CONSIDERATION, **RED MORTGAGE CAPITAL, LLC,** a limited liability company organized and existing under the laws of Delaware ("**Assignor**"), having its principal place of business at 1717 Main Street, Suite 900, Dallas, Texas 75201, hereby assigns, grants, sells and transfers to the **FEDERAL HOME LOAN MORTGAGE CORPORATION,** a corporation organized and existing under the laws of the United States ("**Assignee**"), having its principal place of business at 8200 Jones Branch Drive, McLean, Virginia 22102, and Assignee's successors, transferees and assigns forever, all of the right, title and interest of Assignor in and to the Multifamily Mortgage, Assignment of Rents and Security Agreement dated **August 30, 2018,** entered into by **ATLANTIC NORSE LLC,** a New Jersey limited liability company ("**Borrower**") for the benefit of Assignor, securing an indebtedness of Borrower to Assignor in the principal amount of **$3,850,000.00** recorded*in the Office of the Clerk of **Atlantic** County, State of **New Jersey** ("**Instrument**"), which indebtedness is secured by the property described in Exhibit A attached to this Assignment and incorporated into it by this reference.

Together with the Note or other obligation described in the Instrument and all obligations secured by the Instrument now or in the future.

**\*MORTGAGE RECORDED 9/18/2018 IN INSTRUMENT #2018047961 AS BOOK 14488 PAGE 1708**

### [BALANCE OF PAGE INTENTIONALLY LEFT BLANK]

(225/018/01172588)
**Assignment of Security Instrument**                                                                 **Page 1**

IN WITNESS WHEREOF, Assignor has executed this Assignment as of August *30*, 2018, to be effective as of the effective date of the Instrument.

ASSIGNOR:

**RED MORTGAGE CAPITAL, LLC**, a Delaware limited liability company

By: _____

Name:   Leila C. Sugay

Title:    Loan Processing and Closing Manager

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ORANGE

On August *16*, 2018 before me, **MIMI CARPENTER**, a Notary Public, personally appeared **LEILA C. SUGAY**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

> MIMI CARPENTER
> Notary Public - California
> Orange County
> Commission # 2166054
> My Comm. Expires Oct 26, 2020

_____
Notary Public:

Print Name:   Mimi Carpenter

My commission expires:   10/26/2020

{225/018/01172588}
**Assignment of Security Instrument**                                   **Page S-1**

## EXHIBIT A

## DESCRIPTION OF THE PROPERTY

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Atlantic City, County of Atlantic, State of NJ:

TRACT 1:

BEGINNING at a point in the Southerly line of Atlantic Avenue (100 feet wide), said point being distance 100.00 feet East of the Easterly line of Vermont Avenue (50 feet wide) when measured in and along the aforesaid Southerly line of Atlantic Avenue, and extending from said beginning point; thence

1. North 62 degrees 32 minutes 00 seconds East, in and along the Southerly line of Atlantic Avenue, a distance of 50.00 feet to a point; thence

2. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point; thence

3. South 62 degrees 32 minutes 00 seconds West, parallel with Atlantic Avenue, a distance of 50.00 feet to a point; thence

4. North 27 degrees 28 minutes 00 seconds West, parallel with Vermont Avenue, a distance of 100.00 feet to the point and place of BEGINNING.

TRACT II:

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Eastwardly of the Easterly line of Vermont Avenue and extending; thence

1. Southwardly parallel with Vermont Avenue, 100.00 feet; thence
2. Eastwardly parallel with Atlantic Avenue, 50.00 feet; thence
3. Northwardly parallel with Vermont avenue, 100.00 feet to the Southerly line of Atlantic Avenue; thence
4. Westwardly, along the said Southerly line of Atlantic Avenue 50.00 feet to the place of BEGINNING.

Being further described in accordance with a survey prepared by James J. Kuhn, PLS dated March 20,2004; as;

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Easterly from the corner formed by intersection of the Easterly side of Vermont Avenue with the Southerly side of Atlantic Avenue; Thence

1. North 62 degrees, 32 minutes 00 seconds East, along the Southerly side of Atlantic Avenue, a distance of 50.00 feet; Thence

2. South 27 degrees 28 minutes 00 seconds East, a distance of 100.00 feet; Thence

3. South 62 degrees 32 minutes 00 seconds West, a distance of 50.00 feet thence

4. North 27 degrees 28 minutes 00 seconds West, a distance of 100.00 feet to the Southerly side of Atlantic Avenue, being the point and place of BEGINNING.

(continued)

TRACT III:

BEGINNING at the intersection of the Northerly line of Atlantic Avenue (100 feet wide) and the Easterly line of Vermont Avenue (50 feet wide) and extending from said beginning point; thence

1. North 27 degrees 28 minutes 00 seconds West, in and along the Easterly line of Vermont avenue, a distance of 100.00 feet to a point; thence

2. North 62 degrees 32 minutes 00 seconds East, parallel with Atlantic Avenue, a distance of 55.00 feet to a point; thence

3. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point in the aforesaid Northerly line of Atlantic Avenue; thence

4. South 62 degrees 32 minutes 00 seconds West, in and along same, a distance of 55.00 feet to the point and place of BEGINNING.



# Atlantic County
## Document Summary Sheet

ATLANTIC COUNTY CLERK

5901 MAIN ST

MAYS LANDING NJ 08330 1797

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RECORDED 05/13/2019 16:28:28
RCPT # 1471517    RECD BY E-RECORD
NAME FEE
RECORDING FEES 80.00
INSTRUMENT# 2019024601
VOL 14605  PAGE 1 OF 7

**Official Use Only**

| Transaction Identification Number | | 3826402 | 3380572 |
|---|---|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 05/06/2019 | **Return Address** *(for recorded documents)* | |
| **No. of Pages** *(excluding Summary Sheet)* | 5 | MCCOY & ORTA, P.C. | |
| **Recording Fee** *(excluding transfer tax)* | $80.00 | 100 N. BROADWAY, SUITE 2600 | |
| **Realty Transfer Tax** | $0.00 | OKLAHOMA CITY, OK 73102 | |
| **Total Amount** | $80.00 | | |

| **Document Type** | ASSIGNMENT OF MORTGAGE |
|---|---|

**Municipal Codes**

ATLANTIC CITY                     01

**Batch Type**     L2 - LEVEL 2 (WITH IMAGES)

258839

### Additional Information (Official Use Only)

*\* DO NOT REMOVE THIS PAGE*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

## Atlantic County
## Document Summary Sheet

| | Type | ASSIGNMENT OF MORTGAGE | | | | |
|---|---|---|---|---|---|---|
| | **Consideration** | | | | | |
| | **Submitted By** | SIMPLIFILE, LLC. (SIMPLIFILE) | | | | |
| | **Document Date** | 04/10/2019 | | | | |
| | **Reference Info** | | | | | |
| | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** | |
| | | | | 2018047961 | | |

**ASSIGNMENT OF MORTGAGE**

| ASSIGNOR | Name | Address |
|---|---|---|
| | FEDERAL HOME LOAN MORTGAGE CORPORATION | 8200 JONES BRANCH DRIVE, MCLEAN, VA 22102 |
| | ATLANTIC NORSE LLC | |

| ASSIGNEE | Name | Address |
|---|---|---|
| | WILMINGTON TRUST NATIONAL ASSOCIATION AS TRUSTEE | |
| | FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SE | |

| Parcel Info | | | | | |
|---|---|---|---|---|---|
| **Property Type** | **Tax Dist.** | **Block** | **Lot** | **Qualifier** | **Municipality** |
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

65A11F91-09D6-729A-9BE2-97970B70A93B/3826402 3380572

Page 2 of 2

This instrument was prepared by and
after recordation return to:

McCoy & Orta, P.C.
100 North Broadway, 26th Floor
Oklahoma City, OK 73102
Telephone: (888) 236-0007

| | |
|---|---|
| Jurisdiction: | Atlantic County |
| State: | New Jersey |
| Loan No.: | 502993812 |
| M&O Ref.: | 7551.102 |
| Loan Name: | 212 Atlantic Avenue |

### ASSIGNMENT OF MULTIFAMILY MORTGAGE, ASSIGNMENT OF RENTS AND SECURITY AGREEMENT

FOR VALUE RECEIVED, **FEDERAL HOME LOAN MORTGAGE CORPORATION,** whose address is 8200 Jones Branch Drive, McLean, VA 22102 ("Assignor"), conveys, assigns, transfers, and sets over unto **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB61,** ("Assignee"), whose address is 1100 North Market Street, Wilmington, DE 19890 without recourse, representation or warranty, express or implied, except as set forth in that certain related Mortgage Loan Purchase Agreement, all the right, title and interest of Assignor in and to the Multifamily Mortgage, Assignment of Rents and Security Agreement and other documents, if any, described in Schedule A attached hereto and incorporated herein, together with the note or notes described therein, and all other documents and instruments relating to or securing said Multifamily Mortgage, Assignment of Rents and Security Agreement or note or notes described therein, encumbering, among other things, the premises described in Exhibit A attached hereto and incorporated herein and the improvements thereon.

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns forever.

Dated this _10_ day of April, 2019, to be effective as of the 22nd day of April, 2019.

FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation organized and existing under the laws of the United States

By: _____

Name: Mary Ellen Slavinskas

Title:  Director
          Multifamily Operations

STATE OF VIRGINIA                 §
                                             §
COUNTY OF FAIRFAX             §

On the _10_ day of April, 2019, before me, the undersigned, a Notary Public in and for said State, personally appeared Mary Ellen Slavinskas, Director, Multifamily Operations, of Federal Home Loan Mortgage Corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument, and that such individual made such appearance before the undersigned, in Fairfax County, Virginia.

WITNESS my hand and official seal.

[ S E A L ]                                            _____
My Commission Expires:                            Name of Notary Public

Loan No.: 502993812
M&O File No.: 7551.102
Loan Name: 212 Atlantic Avenue
Pool: SB-61

**SCHEDULE A**

Multifamily Mortgage, Assignment of Rents and Security Agreement dated as of August 30, 2018, by ATLANTIC NORSE LLC, a New Jersey limited liability company, to RED MORTGAGE CAPITAL, LLC ("Original Lender"), in the amount of $3,850,000.00 ("Mortgage"), recorded on September 18, 2018, as Instrument Number 2018047961 in the office of the County Clerk of Atlantic County, New Jersey ("Real Estate Records").

The Mortgage was assigned from Original Lender to FEDERAL HOME LOAN MORTGAGE CORPORATION by that certain Assignment of Security Instrument dated as of August 30, 2018, to be effective as of August 30, 2018, and recorded on December 6, 2018, as Instrument Number 2018061983, in the Real Estate Records.

Loan No.: 502993812
M&O File No.: 7551.102
Loan Name: 212 Atlantic Avenue
Pool: SB-61

# EXHIBIT A
## LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Atlantic City, County of Atlantic, State of NJ:

TRACT 1:

BEGINNING at a point in the Southerly line of Atlantic Avenue (100 feet wide), said point being distance 100.00 feet East of the Easterly line of Vermont Avenue (50 feet wide) when measured in and along the aforesaid Southerly line of Atlantic Avenue, and extending from said beginning point; thence

1. North 62 degrees 32 minutes 00 seconds East, in and along the Southerly line of Atlantic Avenue, a distance of 50.00 feet to a point; thence

2. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point; thence

3. South 62 degrees 32 minutes 00 seconds West, parallel with Atlantic Avenue, a distance of 50.00 feet to a point; thence

4. North 27 degrees 28 minutes 00 seconds West, parallel with Vermont Avenue, a distance of 100.00 feet to the point and place of BEGINNING.

TRACT II:

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Eastwardly of the Easterly line of Vermont Avenue and extending; thence

1. Southwardly parallel with Vermont Avenue, 100.00 feet; thence
2. Eastwardly parallel with Atlantic Avenue, 50.00 feet; thence
3. Northwardly parallel with Vermont avenue, 100.00 feet to the Southerly line of Atlantic Avenue; thence
4. Westwardly, along the said Southerly line of Atlantic Avenue 50.00 feet to the place of BEGINNING.

Being further described in accordance with a survey prepared by James J. Kuhn, PLS dated March 20,2004; as;

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Easterly from the corner formed by intersection of the Easterly side of Vermont Avenue with the Southerly side of Atlantic Avenue; Thence

1. North 62 degrees, 32 minutes 00 seconds East, along the Southerly side of Atlantic Avenue, a distance of 50.00 feet; Thence

2. South 27 degrees 28 minutes 00 seconds East, a distance of 100.00 feet; Thence

3. South 62 degrees 32 minutes 00 seconds West, a distance of 50.00 feet thence

4. North 27 degrees 28 minutes 00 seconds West, a distance of 100.00 feet to the Southerly side of Atlantic Avenue, being the point and place of BEGINNING.

Loan No.: 502993812
M&O File No.: 7551.102
Loan Name: 212 Atlantic Avenue
Pool: SB-61

TRACT III:

BEGINNING at the intersection of the Northerly line of Atlantic Avenue (100 feet wide) and the Easterly line of Vermont Avenue (50 feet wide) and extending from said beginning point; thence

1. North 27 degrees 28 minutes 00 seconds West, in and along the Easterly line of Vermont avenue, a distance of 100.00 feet to a point; thence

2. North 62 degrees 32 minutes 00 seconds East, parallel with Atlantic Avenue, a distance of 55.00 feet to a point; thence

3. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point in the aforesaid Northerly line of Atlantic Avenue; thence

4. South 62 degrees 32 minutes 00 seconds West, in and along same, a distance of 55.00 feet to the point and place of BEGINNING.

Loan No.: 502993812
M&O File No.: 7551.102
Loan Name: 212 Atlantic Avenue
Pool: SB-61



**Atlantic County**
**Document Summary Sheet**

ATLANTIC COUNTY CLERK

5901 MAIN ST

MAYS LANDING NJ 08330 1797

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RECORDED 04/21/2020 17:24:01
RCPT # 1540011    RECD BY E-RECORD
NAME FEE
RECORDING FEES 40.00
INSTRUMENT# 2020021885
VOL 14779  PAGE 1 OF 5

**Official Use Only**

| Transaction Identification Number | | 4310882 | 4013633 |
|---|---|---|---|

| | | |
|---|---|---|
| **Submission Date**(mm/dd/yyyy) | 04/13/2020 | **Return Address**   (for recorded documents) |
| **No. of Pages** (excluding Summary Sheet) | 3 | POLSINELLI PC |
| **Recording Fee** (excluding transfer tax) | $40.00 | 900 WEST 48TH PLACE |
| | | KANSAS CITY, MO 64112 |
| **Realty Transfer Tax** | $0.00 | |
| **Total Amount** | $40.00 | |
| **Document Type** | LIS PENDENS FORECLOSURE | |

**Municipal Codes**

| ATLANTIC CITY | 01 |
|---|---|

**Batch Type**   L2 - LEVEL 2 (WITH IMAGES)

308633

**Additional Information (Official Use Only)**

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**Atlantic County**
**Document Summary Sheet**

| | | |
|---|---|---|
| **Type** | LIS PENDENS FORECLOSURE | |
| **Consideration** | | |
| **Submitted By** | POLSINELLI PC (CSC/INGEO SYSTEMS INC) | |
| **Document Date** | 02/27/2020 | |
| **Reference Info** | | |

| Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|
| | | | 2018047961 | |

**LIS PENDENS FORECLOSURE**

| DEFENDANT | Name | Address |
|---|---|---|
| | ATLANTIC NORSE LLC | |

| PLAINTIFF | Name | Address |
|---|---|---|
| | WILMINGTON TRUST NA TRUSTEE | |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | | | | | |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

POLSINELLI PC
Jason A. Nagi (036452000)
600 Third Avenue, 42nd Floor
New York, NY 10016
Phone:  (212) 644-2092
jnagi@polsinelli.com

*Attorneys for Plaintiff Wilmington Trust,*
*National Association, as trustee for the*
*Registered Holders of Credit Suisse First*
*Boston Mortgage Securities Corp.,*
*Multifamily Mortgage Pass Through*
*Certificates, Series 2019-SB61*

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2019-SB61, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION:  ATLANTIC COUNTY DOCKET NO. SWC-F-020986-19 |
| Plaintiff, | *Civil Action* |
| v. | ***NOTICE OF LIS PENDENS*** |
| ATLANTIC NORSE, LLC, a New Jersey limited liability company, | |
| Defendant. | |

NOTICE OF LIS PENDENS
TO WHOM IT MAY CONCERN:

NOTICE IS HEREBY GIVEN of the commencement and pendency of a suit in the Superior Court of New Jersey. Chancery Division, Atlantic County, entitled as above, the general objects of which are:

72508623.1

1.      To foreclose a mortgage covering the premises hereinafter described, made by Atlantic Norse, LLC, dated August 21, 2018, and recorded with the Atlantic County Clerk's Office on September 18, 2018 as Instrument No.   2018047961 in Volume 14488, Page 1.

2.      To recover possession of the lands and premises hereinafter described.

3.      The lands and premises affected by said suit are described in Schedule A attached hereto, which are known as 212, 214 & 225 Atlantic Avenue, Atlantic City, New Jersey, and also known as Lots 3 and 4 in Block 126 and Lot 22 in Block 125 on the Tax Map of Atlantic City.

4.      The Complaint in Foreclosure in the above-entitled action was filed in the Office of the Clerk of the Superior Court of New Jersey, Trenton, New Jersey, on December 23, 2019, bearing Docket No. SWC-F-020986-19.

POLSINELLI PC

By: _____
    JASON A. NAGI

ATTORNEYS FOR PLAINTIFF

600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 644-2092
jnagi@polsinelli.com

Dated: February 27 2020

# SCHEDULE A
# LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Atlantic City, County of Atlantic, State of NJ:

TRACT 1:

BEGINNING at a point in the Southerly line of Atlantic Avenue (100 feet wide), said point being distance 100.00 feet East of the Easterly line of Vermont Avenue (50 feet wide) when measured in and along the aforesaid Southerly line of Atlantic Avenue, and extending from said beginning point thence

1.     North 62 degrees 32 minutes 00 seconds East, in and along the Southerly line of Atlantic Avenue, a distance of 50.00 feet to a point; thence

2.     South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point; thence

3.     South 62 degrees 32 minutes 00 seconds West, parallel with Atlantic Avenue, a distance of 50.00 feet to a point; thence

4.     North 27 degrees 28 minutes 00 seconds West, parallel with Vermont Avenue, a distance of 100.00 feet to the point and place of BEGINNING.

TRACT II:

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Eastwardly of the Easterly line of Vermont Avenue and extending; thence

1. Southwardly parallel with Vermont Avenue, 100.00 feet; thence
2. Eastwardly parallel with Atlantic Avenue, 50.00 feet; thence
3. Northwardly parallel with Vermont avenue, 100.00 feet to the Southerly line of Atlantic Avenue; thence
4. Westwardly, along the said Southerly line of Atlantic Avenue 50.00 feet to the place of BEGINNING.

Being further described in accordance with a survey prepared by James J. Kuhn, PLS dated March 20,2004; as;

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Easterly from the corner formed by intersection of the Easterly side of Vermont Avenue with the Southerly side of Atlantic Avenue; Thence

1.     North 62 degrees, 32 minutes 00 seconds East, along the Southerly side of Atlantic Avenue, a distance of 50.00 feet; Thence

2.     South 27 degrees 28 minutes 00 seconds East, a distance of 100.00 feet; Thence

3.     South 62 degrees 32 minutes 00 seconds West, a distance of 50.00 feet thence

4.     , North 27 degrees 28 minutes 00 seconds West, a distance of 100.00 feet to the Southerly side of Atlantic Avenue, being the point and place of BEGINNING.

TRACT III:

BEGINNING at the intersection of the Northerly line of Atlantic Avenue (100 feet wide) and the Easterly line of Vermont Avenue (SO feet wide) and extending from said beginning point; *thence*

1.     North 27 degrees 28 minutes 00 seconds West, in and along the Easterly line of Vermont avenue, a distance of 100.00 feet to a point; thence

2.     North 62 degrees 32 minutes 00 seconds East, parallel with Atlantic Avenue, a distance of 55.00 feet to a point; thence

3.     South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point in the aforesaid Northerly fine of Atlantic Avenue; thence

4.     South 62 degrees 32 minutes 00 seconds West, in and along same, a distance of 55.00 feet to the point and place of BEGINNING.

72508623 1

3



**Atlantic County**
**Document Summary Sheet**

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RECORDED 11/07/2018 12:52:44
RCPT # 1434731    RECD BY E-RECORD
NAME FEE
RECORDING FEES 25 00
INSTRUMENT# 2018056832
VOL 14515  PAGE 1 OF 9
**Official Use Only**

ATLANTIC COUNTY CLERK

5901 MAIN ST

MAYS LANDING NJ 08330 1797

| **Transaction Identification Number** | | 3619409 | 3108053 |
|---|---|---|---|
| Submission Date *(mm/dd/yyyy)* | 10/25/2018 | | |

| | | **Return Address** *(for recorded documents)* |
|---|---|---|
| **Submission Date** *(mm/dd/yyyy)* | 10/25/2018 | |
| **No. of Pages** *(excluding Summary Sheet)* | 7 | WORLD WIDE LAND TRANSFER |
| **Recording Fee** *(excluding transfer tax)* | $25.00 | 8 NESHAMINY INTERPLEX DR |
| | | FEASTERVILLE TREVOSE, PA 19053 |
| **Realty Transfer Tax** | $0.00 | |
| **Total Amount** | $25.00 | |
| **Document Type** | FINANCING STATEMENT | |

**Municipal Codes**

|     ATLANTIC CITY | 01 |
|---|---|

**Batch Type**   L2 - LEVEL 2 (WITH IMAGES)

**Bar Code(s)**

```
2 3 5 0 4 8
```

**Additional Information (Official Use Only)**

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

BA5DEB9D-BE29-D4FA-EF83-5469595CBC21/3619409 3108053                                            Page 1 of 2

**SEE COMMENTS ON LAST PAGE**



**Atlantic County**
**Document Summary Sheet**

| | | | | | |
|---|---|---|---|---|---|
| | Type | FINANCING STATEMENT | | | |
| | Consideration | | | | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) | | | |
| | Document Date | 08/30/2018 | | | |
| | Reference Info | | | | |
| | **Book ID** | **Book** | **Beginning Page** | **Instrument No.** | **Recorded/File Date** |
| | | | | | |

**FINANCING STATEMENT**

| DEBTOR | Name | Address |
|---|---|---|
| | ATLANTIC NORSE LLC | 210 RIVER STREET, HACKENSACK, NJ 07601 |

| SECURED PTY | Name | Address |
|---|---|---|
| | FEDERAL HOME LOAN MORTGAGE CORPORATION | 8200 JONES BRANCH DRIVE, MCLEAN, VA 22102 |
| | RED MORTGAGE CAPITAL LLC | 1717 MAIN STREET, SUITE 900, DALLAS, TX 75201 |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | 01 | 126 | 3 | | 01 |
| | 01 | 126 | 4 | | 01 |
| | 01 | 125 | 22 | | 01 |

*\* DO NOT REMOVE THIS PAGE.*
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

⌐ Abruzzo & Kinn LLP
   170 Old Country Road, Suite 506
   Mineola, New York 11501-4312
   Attention: Nadia A. Popacia, Esq.
⌐ LT-1591-NJ ⌐

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| ATLANTIC NORSE LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 210 River Street, Suite 24 | Hackensack | NJ | 07601 | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 8200 Jones Branch Drive | McLean | VA | 22102 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

See Exhibit A and Exhibit B annexed hereto and made a part hereof.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative
6a. Check only if applicable and check only one box:  ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility     6b. Check only if applicable and check only one box:  ☐ Agricultural Lien  ☐ Non-UCC Filing
7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor
8. OPTIONAL FILER REFERENCE DATA:
FILE IN THE OFFICE OF THE CLERK OF ATLANTIC COUNTY, STATE OF NEW JERSEY          (FHLMC Loan No.# 502993812)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)          International Association of Commercial Administrators (IACA)

## UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| | |
|---|---|
| 9a. ORGANIZATION'S NAME | |
| **ATLANTIC NORSE LLC** | |
| OR 9b. INDIVIDUAL'S SURNAME | |
| FIRST PERSONAL NAME | |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | | | | | |
|---|---|---|---|---|---|
| 10a. ORGANIZATION'S NAME | | | | | |
| OR 10b. INDIVIDUAL'S SURNAME | | | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☑ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| | | | | |
|---|---|---|---|---|
| 11a. ORGANIZATION'S NAME | | | | |
| **RED MORTGAGE CAPITAL, LLC** | | | | |
| OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 11c. MAILING ADDRESS **1717 Main Street, Suite 900** | CITY **Dallas** | STATE **TX** | POSTAL CODE **75201** | COUNTRY **USA** |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

| | |
|---|---|
| 13. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS  (if applicable) | 14. This FINANCING STATEMENT: ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☑ is filed as a fixture filing |
| 15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: **See Exhibit A and Exhibit B annexed hereto and made a part hereof.** |

17. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20V11)    International Association of Commercial Administrators (IACA)



Financing Statement Exhibit A – SBL
(Revised 11-02-2015)

# EXHIBIT A

## DESCRIPTION OF LAND

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Atlantic City, County of Atlantic, State of NJ:

TRACT 1:

BEGINNING at a point in the Southerly line of Atlantic Avenue (100 feet wide), said point being distance 100.00 feet East of the Easterly line of Vermont Avenue (50 feet wide) when measured in and along the aforesaid Southerly line of Atlantic Avenue, and extending from said beginning point; thence

1. North 62 degrees 32 minutes 00 seconds East, in and along the Southerly line of Atlantic Avenue, a distance of 50.00 feet to a point; thence

2. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point; thence

3. South 62 degrees 32 minutes 00 seconds West, parallel with Atlantic Avenue, a distance of 50.00 feet to a point; thence

4. North 27 degrees 28 minutes 00 seconds West, parallel with Vermont Avenue, a distance of 100.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES ONLY:  BEING Lot 3, Block 126, Tax Map of the City of Atlantic City, County of Atlantic, New Jersey.

TRACT II:

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Eastwardly of the Easterly line of Vermont Avenue and extending; thence

1. Southwardly parallel with Vermont Avenue, 100.00 feet; thence
2. Eastwardly parallel with Atlantic Avenue, 50.00 feet; thence
3. Northwardly parallel with Vermont avenue, 100.00 feet to the Southerly line of Atlantic Avenue; thence
4. Westwardly, along the said Southerly line of Atlantic Avenue 50.00 feet to the place of BEGINNING.

Being further described in accordance with a survey prepared by James J. Kuhn, PLS dated March 20,2004; as;

BEGINNING at a point in the Southerly line of Atlantic Avenue 150.00 feet Easterly from the corner formed by Intersection of the Easterly side of Vermont Avenue with the Southerly side of Atlantic Avenue; Thence

1. North 62 degrees, 32 minutes 00 seconds East, along the Southerly side of Atlantic Avenue, a distance of 50.00 feet; Thence

2. South 27 degrees 28 minutes 00 seconds East, a distance of 100.00 feet; Thence

3. South 62 degrees 32 minutes 00 seconds West, a distance of 50.00 feet thence

4. North 27 degrees 28 minutes 00 seconds West, a distance of 100.00 feet to the Southerly side of Atlantic Avenue, being the point and place of BEGINNING.

FOR INFORMATION PURPOSES:   BEING Lot 4, Block 126 Tax Map of the City of Atlantic City, County of Atlantic.

TRACT III:

BEGINNING at the intersection of the Northerly line of Atlantic Avenue (100 feet wide) and the Easterly line of Vermont Avenue (50 feet wide) and extending from said beginning point; thence

1. North 27 degrees 28 minutes 00 seconds West, in and along the Easterly line of Vermont avenue, a distance of 100.00 feet to a point; thence

2. North 62 degrees 32 minutes 00 seconds East, parallel with Atlantic Avenue, a distance of 55.00 feet to a point; thence

3. South 27 degrees 28 minutes 00 seconds East, parallel with Vermont Avenue, a distance of 100.00 feet to a point in the aforesaid Northerly line of Atlantic Avenue; thence

4. South 62 degrees 32 minutes 00 seconds West, in and along same, a distance of 55.00 feet to the point and place of BEGINNING.

FOR INFORMATION PURPOSES:  Being Lot 22, Block 125, Tax Map of the City of Atlantic City, County of Atlantic.

Note: Lot and block shown for informational purposes only



**Freddie Mac**
**MULTIFAMILY**

Financing Statement Exhibit B – SBL
(Revised 11-02-2015)

## EXHIBIT B

All of Debtor's present and future right, title, and interest in and to all of the following:

(1)    **"Fixtures,"** which means all property owned by Debtor which is attached to the real property described in <u>Exhibit A</u> (**"Land"**) and/or the improvements located on the Land (**"Improvements"**) (**"Property"** means the Land and/or the Improvements) so as to constitute a fixture under applicable law, including: machinery, equipment, engines, boilers, incinerators and installed building materials; systems and equipment for the purpose of supplying or distributing heating, cooling, electricity, gas, water, air or light; antennas, cable, wiring and conduits used in connection with radio, television, security, fire prevention or fire detection or otherwise used to carry electronic signals; telephone systems and equipment; elevators and related machinery and equipment; fire detection, prevention and extinguishing systems and apparatus; security and access control systems and apparatus; plumbing systems; water heaters, ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances; light fixtures, awnings, storm windows and storm doors; pictures, screens, blinds, shades, curtains and curtain rods; mirrors; cabinets, paneling, rugs and floor and wall coverings; fences, trees and plants; swimming pools; and exercise equipment.

(2)    **"Personalty,"** which means all of the following:

   (i)      Accounts (including deposit accounts) of Debtor related to the Property.

   (ii)     Equipment and inventory owned by Debtor, which are used now or in the future in connection with the ownership, management or operation of the Land or Improvements or are located on the Land or Improvements, including furniture, furnishings, machinery, building materials, goods, supplies, tools, books, records (whether in written or electronic form) and computer equipment (hardware and software).

   (iii)    Other tangible personal property owned by Debtor which is used now or in the future in connection with the ownership, management or operation of the Land or Improvements or is located on the Land or in the Improvements, including ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances (other than Fixtures).

   (iv)     Any operating agreements relating to the Land or the Improvements.

   (v)      Any surveys, plans and specifications and contracts for architectural, engineering and construction services relating to the Land or the Improvements.

(vi)   All other intangible property, general intangibles and rights relating to the operation of, or used in connection with, the Land or the Improvements, including all governmental permits relating to any activities on the Land and including subsidy or similar payments received from any sources, including a **"Governmental Authority"** (defined as any board, commission, department, agency or body of any municipal, county, state or federal governmental unit, or any subdivision of any of them, that has or acquires jurisdiction over the Property, or the use, operation or improvement of the Property, or over Debtor).

(vii)  Any rights of Debtor in or under any letter of credit required under the terms of the Loan Agreement evidencing and securing the loan (**"Loan"**) secured by this financing statement (**"Loan Agreement"**).

(3)   All current and future rights, including air rights, development rights, zoning rights and other similar rights or interests, easements, tenements, rights of way, strips and gores of land, streets, alleys, roads, sewer rights, waters, watercourses and appurtenances related to or benefiting the Land or the Improvements, or both, and all rights-of-way, streets, alleys and roads which may have been or may in the future be vacated.

(4)   All proceeds paid or to be paid by any insurer of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Property, whether or not Debtor obtained the insurance pursuant to Secured Party's requirement.

(5)   All awards, payments and other compensation made or to be made by any Governmental Authority with respect to the Land, or if Debtor's interest in the Land is pursuant to a ground lease, the ground lease and the leasehold estate created by such ground lease (**"Leasehold Estate"**), the Improvements, the Fixtures, the Personalty or any other part of the Property, including any awards or settlements resulting from condemnation proceedings or the total or partial taking of the Land, the Improvements, the Fixtures, the Personalty or any other part of the Property under the power of eminent domain or otherwise and including any conveyance in lieu thereof.

(6)   All contracts, options and other agreements for the sale of the Land, or the Leasehold Estate, as applicable, the Improvements, the Fixtures, the Personalty or any other part of the Property entered into by Debtor now or in the future, including cash or securities deposited to secure performance by parties of their obligations.

(7)   All "Rents," which means all rents (whether from residential or non-residential space), revenues and other income of the Land or the Improvements, parking fees, laundry and vending machine income and fees and charges for food, health care and other services provided at the Property, whether now due, past due or to become due, and deposits forfeited by tenants, and, if Debtor is a cooperative housing corporation or association, maintenance fees, charges or assessments payable by shareholders or residents under proprietary leases or occupancy agreements, whether now due, past due or to become due.

(8)     All "**Leases**," which means all present and future leases, subleases, licenses, concessions or grants or other possessory interests in force now or hereafter, whether oral or written, covering or affecting the Property, or any portion of the Property (including proprietary leases or occupancy agreements if Debtor is a cooperative housing corporation), and all modifications, extensions or renewals.

(9)     All earnings, royalties, accounts receivable, issues and profits from the Land, the Improvements or any other part of the Property, and all undisbursed proceeds of the Loan.

(10)    All deposits to a "**Reserve Fund**" (defined as all amounts deposited by the Debtor with Secured Party in connection with the Loan for the payment of taxes or insurance premiums or as otherwise required pursuant to the Loan Agreement), whether in cash or as a letter of credit.

(11)    All refunds or rebates of taxes by a Governmental Authority (other than refunds applicable to periods before the real property tax year in which this financing statement is recorded or filed) or insurance premiums by an insurance company.

(12)    All tenant security deposits which have not been forfeited by any tenant under any Lease and any bond or other security in lieu of such deposits.

(13)    All names under or by which the Property or any part of it may be operated or known, and all trademarks, trade names, and goodwill relating to any of the Property.

(14)    All proceeds from the conversion, voluntary or involuntary, of any of the above into cash or liquidated claims, and the right to collect such proceeds.

## List Of Marks

01          ASSIGNMENT RECORDED 05/13/2019 #2019024602



**Atlantic County**
**Document Summary Sheet**

ATLANTIC COUNTY, NJ
EDWARD P. McGETTIGAN, COUNTY CLERK
RECORDED 05/13/2019 16:28:28
RCPT # 1471517    RECD BY E-RECORD
NAME FEE
RECORDING FEES 25 00
INSTRUMENT# 2019024602
VOL 14605  PAGE 1 OF 4
**Official Use Only**

ATLANTIC COUNTY CLERK

5901 MAIN ST

MAYS LANDING NJ 08330 1797

| Transaction Identification Number | | 3826402 | 3380573 |
|---|---|---|---|
| **Submission Date***(mm/dd/yyyy)* | 05/06/2019 | **Return Address**   *(for recorded documents)* | |
| **No. of Pages** *(excluding Summary Sheet)* | 2 | MCCOY & ORTA, P.C. | |
| **Recording Fee** *(excluding transfer tax)* | $25.00 | 100 N. BROADWAY, SUITE 2600 | |
| | | OKLAHOMA CITY, OK 73102 | |
| **Realty Transfer Tax** | $0.00 | | |
| **Total Amount** | $25.00 | | |
| **Document Type** | UCC ASSIGNMENT | | |

**Municipal Codes**

ATLANTIC CITY                    01

**Batch Type**    L2 - LEVEL 2 (WITH IMAGES)

258840

**Additional Information (Official Use Only)**

***\* DO NOT REMOVE THIS PAGE***
***COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.***
***RETAIN THIS PAGE FOR FUTURE REFERENCE.***



**Atlantic County**
**Document Summary Sheet**

| | Type | UCC ASSIGNMENT |
|---|---|---|
| | Consideration | |
| | Submitted By | SIMPLIFILE, LLC. (SIMPLIFILE) |
| | Document Date | 04/10/2019 |
| | Reference Info | |

| | Book ID | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| UCC ASSIGNMENT | | | | 2018056832 | |

| | DEBTOR | Name | Address |
|---|---|---|---|
| | | FEDERAL HOME LOAN MORTGAGE CORPORATION | 8200 JONES BRANCH DRIVE, MCLEAN, VA 22102 |
| | | ATLANTIC NORSE LLC | |

| | ASSIGNEE | Name | Address |
|---|---|---|---|
| | | WILMINGTON TRUST NATIONAL ASSOCIATION AS TRUSTEE | 1100 NORTH MARKET STREET, WILMINGTON, DE 19890 |
| | | FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SE | 1100 NORTH MARKET STREET, WILMINGTON, DE 19890 |

**Parcel Info**

| Property Type | Tax Dist. | Block | Lot | Qualifier | Municipality |
|---|---|---|---|---|---|
| | | | | | |

*** DO NOT REMOVE THIS PAGE.**
*COVER SHEET [DOCUMENT SUMMARY FORM] IS PART OF ATLANTIC COUNTY FILING RECORD.*
*RETAIN THIS PAGE FOR FUTURE REFERENCE.*

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Nick Barzellone 405-236-0003

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

McCoy & Orta, P.C.
100 North Broadway, 26th Floor
Oklahoma City, OK 73102

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a.** INITIAL FINANCING STATEMENT FILE NUMBER:
**# 2018056832 filed 11/7/18**

**1b.** [✓] This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** [✓] **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:   AND   Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record | ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c | ☐ ADD name: Complete item 7a or 7b, and item 7c | ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6.** CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7.** CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE* | | | |
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1100 North Market Street | Wilmington | DE | 19890 | USA |

**8.** ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral

Indicate collateral:

\* FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB61

**9.** NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10.** OPTIONAL FILER REFERENCE DATA:
M&O Ref  7551.102 212 Atlantic Avenue (Loan No. 502993812) FILE W/ ATLANTIC COUNTY, NJ

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT **AMENDMENT ADDENDUM**
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as Item 1a on Amendment form
# 2018056832 filed 11/7/18

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as Item 9 on Amendment form

| | |
|---|---|
| 12a. ORGANIZATION'S NAME | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION | |

OR

| 12b. INDIVIDUAL'S SURNAME | | |
|---|---|---|
| FIRST PERSONAL NAME | | |
| ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction Item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| 13a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ATLANTIC NORSE LLC | | | |

OR

| 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut   ☐ covers as-extracted collateral   ☑ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in Item 17
(if Debtor does not have a record interest):

17. Description of real estate:

18. MISCELLANEOUS:

UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

RIGHT-OF-WAY GRANT (CORPORATE)

ROW 33-89-68
N-49 12/49

In consideration of One Dollar ($1.00) and other valuable consideration paid by NEW JERSEY BELL TELEPHONE COMPANY, a corporation of the State of New Jersey, receipt whereof is hereby acknowledged, I the undersigned do hereby grant and convey unto said NEW JERSEY BELL TELEPHONE COMPANY, its associated and allied companies, their successors and assigns, and _____ a corporation of the State of New Jersey its successors and assigns an easement in perpetuity in, on, over, under and through our premises known and described as **Block 3**
**Lot 67   219 Atlantic Avenue**
in the ___ City ___ of ___ Atlantic City ___ and State of New Jersey, with the right to enter in and upon the same to construct, maintain, renew, repair and remove a line or lines of aerial and underground plant, equipment and appurtenant facilities, as said companies may deem necessary and proper for the operation of a communication system or systems, and the transmission and distribution of electricity the course of said line to run as more particularly hereinafter described or outlined on the map attached hereto and made a part hereof

As set forth in New Jersey Bell plan of construction 33-3154,
Print 5, through lands of 212 Corporation of New Jersey, Block
3, Lot 67

005250

Prepared by : _____
R J GASORSKA

Grantor(s) agree(s) to permit Grantee(s), entry onto the within right-of-way without notice, for exercising all easement rights herein granted.

It is agreed that said plant, equipment and facilities shall be kept in proper condition and that said companies shall further have the right to install service wires across lots, with poles and guys for the support thereof where needed; and the right to trim and keep trimmed, or cut and remove such tree or tree branches as may be required to maintain service at all times; the work shall be done with care and the sidewalks, streets and premises disturbed shall be restored to their proper condition by and at the expense of the companies.

The grantor covenants that ___ He ___ will warrant generally the rights above granted, will execute such further assurance of the same as may be requisite, and that the grantee shall have the quiet possession thereof free from all encumbrances.

In Witness Whereof, the grantors have hereunto caused these presents to be duly signed and sealed this ___ day of ___ 19 90

ATTEST:
(SEAL)

212 _____ New Jersey
SECRETARY          Robert Goldstein          PRESIDENT

STATE OF NEW JERSEY }
COUNTY OF _____ } ss.:

BE IT REMEMBERED, That on this ___ day of ___ 19___, before me a Notary Public of New Jersey, personally appeared _____ President of _____ who, I am satisfied, is the person who has signed the within instrument and I having first made known to him the contents thereof, he did acknowledge that he signed, sealed and delivered the same as such officer aforesaid, and that the within instrument is the voluntary act and deed of such corporation, made by virtue of authority from its Board of Directors.
The full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, c.49, Sec 1(c) is 1.00

MARIE B. SAGE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 25, 1995

STATE OF NEW JERSEY }
COUNTY OF _____ } ss.:

BE IT REMEMBERED, That on this ___ day of ___ Nineteen Hundred and ___, before me the subscriber, personally appeared _____ who being by me duly sworn on his oath, says that he is the _____ of the _____ the corporation named in the foregoing instrument; that he well knows the corporate seal of said corporation; that the seal affixed to said instrument is the corporate seal of said corporation; that the seal and was so affixed and the said instrument signed and delivered by _____ who was at the date thereof the _____ of said corporation, in the presence of this deponent, and said _____ at the same time acknowledged that he signed, sealed and delivered the same as his voluntary act and deed, and as the voluntary act and deed of said corporation, by virtue of authority from its Board of Directors; and that deponent, at the same time, subscribed his name to said instrument as an attesting witness to the execution thereof.
Sworn and subscribed before me this ___ day of ___ 19___.

MARIE B. SAGE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires April 25, 1995

NOTARY PUBLIC
COMMISSION EXPIRES

D85089P040



DB5089P041



RECORDED
ATLMD
1990 JUN -7 PM 48 09

RIGHT OF WAY

ROBERT GOLDSTEIN
212 EXPROSITION OF NEW JERSEY
ATLANTIC CITY, N.J.

TO

New Jersey Bell Telephone Company

Dated: _____ 19___.

Received in the _____
of the County of _____
New Jersey, on the _____
day of _____ A.D. 19___
at _____ o'clock in the _____ noon
and recorded in Book _____
for said County on page _____ of Deeds

RETUR 'O:

R. J. ZAEDNER
NEW JERSEY BELL TELEPHONE CO.
11 S. STORE ROAD,
MARGO..., N.J., 08223

DB5089P042

R 6·13·91

NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS
Division of Housing and Development
Affordable Housing Management Service
AFFORDABLE HOUSING AGREEMENT
RENTAL PROPERTIES

4727W
5/91

Prepared by:

*Joel Silver*

JOEL SILVER

A DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS

This AGREEMENT is entered into on this __29TH__ day of __MAY__, 1991

between 212 Corporation of New Jersey owner of the properties designated

in Section II PROPERTY DESCRIPTION, hereafter "OWNER", and __THE NEW__

JERSEY DEPARTMENT OF COMMUNITY AFFAIRS hereafter "AUTHORITY", both parties

having agreed that the covenants, conditions and restrictions contained
herein shall be imposed on the Affordable Housing Unit(s) described in
Section II PROPERTY DESCRIPTION for a period of at least fifteen years
beginning on January 1, 1990 and ending after December 31, 2005 when any
Affordable Housing rental unit that continues to be occupied by an
income-eligible household shall become vacant.

WHEREAS, the New Jersey Housing and Mortgage Finance Agency
(the Agency) is authorized by the Fair Housing Act (P.L. 1985, c. 222),
hereinafter (the Act), to make grants and loans to assist municipalities
meet their low and moderate income housing obligation as determined in
accordance with the Act and to establish requirements and controls in
consultation with the Council on Affordable Housing (the Council) to
ensure the maintenance of that housing as affordable to low and moderate
income households for a period of at least 20 years, or for a shorter
period when authorized; and

WHEREAS, the Agency is authorized by Section 324 of the Act
to establish procedures for entering into and shall enter into contracts
with willing municipalities or developers of inclusionary developments
whereby the Agency will administer resale and rent controls in
municipalities where no appropriate administrative agency exists, and to
charge a reasonable fee therefor; and

DB5233P083

WHEREAS, the Department of Community Affairs (the Department) is authorized by the Act to make grants and loans to assist municipalities meet their low and moderate income housing obligations as determined in accordance with the Act, and to establish contractual guarantees and procedures to ensure that units of housing so provided for low and moderate income households as defined in the Act shall continue to be occupied by low and moderate income households for at least 20 years, or for a shorter period when authorized; and

WHEREAS, the Agency (N.J.A.C. 5:80-24) and the Department (N.J.A.C. 5:14-4) have each adopted procedural regulations establishing such procedures and controls and the terms thereof as required by the Act; and

WHEREAS, the Department and the Agency, pursuant to authority granted under the Act, have signed a Memorandum of Understanding agreeing to delegate central responsibility for the administration of such regulations, including the administration of contracts with municipalities or developers pursuant to Section 324 of the Act, to the Department; and

WHEREAS, pursuant to the Act, the housing unit (units) described in Section II PROPERTY DESCRIPTION hereafter and/or an attached EXHIBIT A of this Agreement has(have) been designated as low and moderate income housing as defined by the Act; and

WHEREAS, the purpose of this Agreement is to ensure that the described housing units(unit) remain(s) affordable to low and moderate income eligible households for that period of time described in Section III TERM OF RESTRICTION.

NOW, THEREFORE, it is the intent of this Agreement to ensure that the affordability controls are contained directly in the property deed for the premises and incorporated into and recorded with the property deed so as to bind the owner of the described premises and notify all future purchasers of the housing unit that the housing unit is encumbered with affordability controls; and by entering into this Agreement, the Owner of the described premises agrees to restrict the rental of the housing unit(s) to low and moderate income eligible households at a maximum adjusted rent determined by the Department for the specified period of time.

## I. DEFINITIONS

"Adjusted Rent" shall mean the Base Rent for a rental unit adjusted by the Index.

"Affordable Housing" shall mean residential units that have been restricted for occupancy by Households whose total Gross Annual Income is measured at less than 80% of the median income level established by an authorized income guideline for geographic region and family size.

"Agency" shall mean the New Jersey Housing and Mortgage Finance Agency (NJHMFA) or its designee.

DB5233P084

"Agreement" shall mean this Written Affordable Housing Agreement between the Department and the owner of an Affordable Housing unit which places restrictions on Affordable Housing units so that they remain affordable to and occupied by Low and Moderate Income-Eligible Households for the period of time specified in this Agreement.

"Assessments" shall mean all taxes, levies or charges, both public and private, including those charges by any condominium, cooperative or homeowner's association as the applicable case may be, imposed upon the Affordable Housing unit.

"Base Rent" shall mean the monthly rental charge for an Affordable Housing rental unit at the time the unit is first restricted by an Affordable Housing Agreement which has been calculated to include a credit for those utility costs paid by the tenant using a utility cost schedule approved for statewide use by the U.S. Department of Housing and Urban Development.

"Certified Household" shall mean any eligible household whose estimated total Gross Annual Income has been verified, whose financial references have been approved and who has received written certification as a Low or Moderate Income-Eligible Household from the Department.

"Council" shall mean the Council on Affordable Housing (COAH) established pursuant to the Fair Housing Act, N.J.S.A. 52:27-D301 et seq.

"Department" shall mean the Department of Community Affairs.

"Foreclosure" shall mean the termination through legal processes of all rights of the mortgagor or the mortgagor's heirs, successors, assigns or grantees in a restricted Affordable Housing unit covered by a recorded mortgage.

"Gross Annual Income" shall mean the total amount of all sources of a Household's income including, but not limited to salary, wages, interest, tips, dividends, alimony, pensions, social security, business and capital gains, imputed income from assets, tips and welfare benefits. Generally, Gross annual income will be based on those sources of income reported to the Internal Revenue Service (IRS) and/or can be utilized for the purpose of mortgage approval.

"Household" shall mean the person or persons occupying a housing unit.

"Index" shall mean the measured percentage of change in the median income for a Household of four by geographic region using the income guideline approved for use by the Council.

"Low Income Household" shall mean a Household whose total Gross Annual Income is equal to 50% or less of the median gross income figure established by geographic region and household size using the income guideline approved for use by the Council.

DB5233P085

"Moderate Income Household" shall mean a Household whose total Gross Annual Income is equal to more than 50% but less than 80% of the median gross income established by geographic region and household size using the income guideline approved for use by the Council.

"Owner" shall mean the title holder of record as same is reflected in the most recently dated and recorded deed for the particular Affordable Housing unit. For purposes of the initial rentals of any Affordable Housing unit, Owner shall include the Developer/owner of such Affordable Housing units. Where appropriate, the term Owner shall also mean a person who owns an Affordable Housing rental property as a landlord. Owner shall not include any co-signor or co-borrower on any First Purchase Money Mortgage unless such co-signor or co-borrower is also a named title holder of record of such Affordable Housing unit.

"Primary Residence" shall mean the unit wherein a Certified Household maintains continuing residence for no less than nine months of each calendar year.

"Renter" shall mean a Household who has been Certified for an Affordable Housing unit for rent subject to the signing of a lease and the payment of any required security deposit.

II. PROPERTY DESCRIPTION

This agreement applies to the Owner's interest in the real property commonly known as:

Block ____3____ Lot ____68____ Municipality: Atlantic City

County: Atlantic # of Bedrooms ___23___

Complete Street Address: 212, 214 and 225 Atlantic Avenue, Atlantic City, N.J. 08401

The Affordable Housing units to be covered by this Agreement, are as follows:

| Unit Address | Unit No. | Number of Bedrooms |
|---|---|---|
| 214 Atlantic Av. | A1 | 2 |
| 214 Atlantic Av. | B1 | 2 |
| 214 Atlantic Av. | B5 | 2 |
| 214 Atlantic Av. | C1 | 2 |
| 225 Atlantic Av. | A6 | 3 |
| 225 Atlantic Av. | B1 | 3 |
| 225 Atlantic Av. | B6 | 3 |
| 225 Atlantic Av. | C1 | 3 |
| 225 Atlantic Av. | C6 | 3 |
| 225 Atlantic Av. | G4 | 3 |
| 212 Atlantic Av | A5 | 2 |
| 212 Atlantic Av | C1 | 2 |
| 212 Atlantic Av | C5 | 2 |
| 212 Atlantic Av | B5 | 2 |

DB5233P086

The Affordable Housing units listed herein may be substituted for other units within the three buildings as long as at all times during the Restricted Period, a total of eight (8) two bedroom units; and six (6) three bedroom units remain Affordable in accordance with this restriction.

## III. TERM OF RESTRICTION

A. The terms, restrictions and covenants of this Affordable Housing Agreement shall begin on the date a new Affordable rental unit is first occupied, the date an affordable occupied rental unit has been certified at standard, or the date after 50% of the units in a multifamily rental project containing four or more affordable rental units have received certificates of occupancy.

B. The terms, restrictions and covenants of this Affordable Housing Agreement shall terminate upon the date after the specified time period when any Affordable Housing Rental unit that continues to be occupied by a Certified Household shall become vacant.

C. Upon termination of restrictions as they apply to each rental unit within the named Property, the Department shall execute a document in recordable form evidencing that such Affordable Housing unit has been forever released from the restrictions of the Affordable Housing Agreement.

## IV. RESTRICTIONS

A. The Owner of a rental Affordable Housing unit shall not rent the Affordable Housing unit for an Adjusted Rent that is greater than the established Base Rent plus the allowable percentage of increase as determined by the Index applicable to the municipality in which the unit is located. Adjusted Rents shall be effective as of the lease anniversary date and shall remain in effect for at least a one year period.

B. The Owner shall not rent the Affordable Housing unit other than to a Renter who has been certified utilizing the income verification procedures established by the Department, the Agency, and the Council to determine qualified Low and Moderate Income-Eligible Households.

C. The Owner of the rental Affordable Housing unit shall sell the unit in accordance with and subject to any rules and regulations duly promulgated by the Department (N.J.A.C. 5:14-4), the Council (N.J.A.C. 5:92-12), and the Agency (N.J.A.C. 5:80-26) to ensure that the Affordable Housing unit remains affordable to and occupied by Low and Moderate Income-Eligible Households throughout the duration of this Agreement.

## V. REQUIREMENTS

A. This Agreement shall be recorded with the recording office of the county in which the Affordable Housing unit or units are located. The Agreement shall be filed no earlier than the recording of an applicable deed and no later than the leasing and occupancy of 50% of the applicable rental units in any project covered by a single deed.

DB5233P087

B. When a single Agreement is used to govern more than one Affordable Housing unit, the Agreement shall contain a description of each Affordable Housing unit governed by the Agreement as described in Section II PROPERTY DESCRIPTION and/or EXHIBIT A of the Agreement and an ending date to be imposed on the unit as described in Section III TERM OF RESTRICTIONS of the Agreement.

C. This Agreement shall be executed by the Department and the Owner or the then current title holder of record of the property upon which the Affordable Housing units are to be situated prior to its recording.

## VI. DEEDS OF CONVEYANCE AND LEASE PROVISIONS

All Deeds of Conveyance and Lease Agreements from all Owners to Purchasers and Certified Renters of Affordable Housing units shall include the following clause in a conspicuous place.

"The Owner's right, title and interest in this unit and the use, sale, resale and rental of this property are subject to the terms, conditions, restrictions, limitations and provisions as set forth in the AFFORDABLE HOUSING AGREEMENT dated _May 29, 1991_ which was filed in the Office of the Clerk of _Atlantic_ County in _Deed_ Book _5233_ at Page _P8_ on _June 13, 1991_ _Rec Date_ and is also on file with the N.J. Department of Community Affairs."

Any Master Deed that includes an Affordable Housing unit shall also reference the affordable unit and the Affordable Housing Agreement and any variation in services, fees, or other terms of the Master Deed that differentiates the affordable unit from all other units covered in the Master Deed.

## VII. COVENANTS RUNNING WITH LAND

The provisions of this Affordable Housing Agreement shall constitute covenants running with the land with respect to each Affordable Housing unit affected hereby, and shall bind all Purchasers and Owners of each Affordable Housing unit, their heirs, assigns and all persons claiming by, through or under their heirs, executors, administrators and assigns for the duration of this Agreement as set forth herein.

## VIII. OWNER RESPONSIBILITIES

In addition to fully complying with the terms and provisions of this Affordable Housing Agreement, the Owner acknowledges the following responsibilities:

A.   Affordable Housing units designated as rental units shall at all times remain the Primary Residence of the Renter and shall not be sublet to any party whether or not that party is qualified as a Low or Moderate Income-Eligible Household without prior written approval from the Department.

DB5233P088

B.   All home improvements made to an Affordable Housing Unit shall be at the Owner's expense except that expenditures for any alteration that allows a unit to be resold or rented to a larger household size because of an increased capacity for occupancy shall be considered for a recalculation of Base Rent.  Owners must obtain prior approval for such alteration to qualify for this recalculation.

C.   The Owner of an Affordable Housing unit shall keep the Affordable Housing unit in good repair.

D.   Owners of Affordable Housing units shall pay all taxes, charges, assessments or levies, both public and private, assessed against such unit, or any part thereof, as and when the same become due.

E.   Owners of Affordable Housing units shall notify the Department in writing sixty (60) days prior to a rental vacancy. Owners shall not convey title or lease or otherwise deliver possession of the Affordable Housing unit without the prior written approval of the Department.

F.   An Owner shall request referrals of Certified Households from the pre-screened established referral list maintained by the Department.

G.   If the Department does not refer a certified household within sixty (60) days of the Notice of Rental Vacancy, the Owner may rent the property to an eligible household not referred by the Department. The proposed Renter must complete all required Household Eligibility forms and submit Gross Annual Income Information for verification to the Department for written certification as an eligible rental transaction.

H.   The Owner shall not permit any lien, other than the First Purchase Money Mortgage, Department approved second mortgages and liens of the Department to attach and remain on the property for more than sixty (60) days.

I.   If an Affordable Housing unit is part of a condominium, homeowner's or cooperative association, the Owner, in addition to paying any assessments required by the Master Deed of the Condominium or By-laws of an Association, shall further fully comply with all of the terms, covenants or conditions of said Master Deed or By-Laws, as well as fully comply with all terms, conditions and restrictions of this Affordable Housing Agreement.

J.   The Owner shall have responsibility for forwarding copies of all documents filed with the applicable county recording office to the Department after they have been signed, dated and recorded.

K.   The Owner shall be obligated to pay a service fee to the Department at the time of each new rental occupancy in the amount specified by the fee schedule approved by the N.J. Treasurer.

DB5233P089

## IX. FORECLOSURE

A. This agreement shall not be terminated in the event of judgment of Foreclosure on properties that include Affordable Housing units that are designated as rental units unless the rental unit is contained within an owner-occupied property containing four or less units.

B. If the rental unit is contained within an owner-occupied property containing four or less units, the terms and restrictions of this Agreement shall be subordinate only to the First Purchase Money Mortgage lien on the Affordable Housing property and in no way shall impair the First Purchase Money Mortgagee's ability to exercise the contract remedies available to it in the event of any default of such mortgage as such remedies are set forth in the First Purchase Money Mortgage documents for the Affordable Housing unit.

C. Upon a judgment of Foreclosure of an owner-occupied unit containing an affordable rental housing unit, the Department shall execute a document in recordable form evidencing that such Affordable Housing unit has been forever released from the restrictions of this Agreement. Execution of foreclosure sales by any other class of creditor or mortgagee shall not result in a release of the Affordable Housing unit from the provisions and restrictions of this Agreement.

## X. VIOLATION, DEFAULTS AND REMEDIES

In the event of a threatened breach of any of the terms of this Agreement by an Owner, the Authority shall have all remedies provided at law or equity, including the right to seek injunctive relief or specific performance, it being recognized by both parties to this Agreement that a breach will cause irreparable harm to the Department, in light of the public policies set forth in the Fair Housing Act and the obligation for the provision of low and moderate income housing. Upon the occurrence of a breach of any of the terms of the Agreement by an Owner, the Department shall have all remedies provided at law or equity, including but not limited to foreclosure, recoupment of any funds from a rental in violation of the Agreement, injunctive relief to prevent further violation of the Agreement, entry on the premises, and specific performance.

## XI.   RIGHT TO ASSIGN

The Department may assign from time to time its rights, and delegate its obligations hereunder without the consent of the Owner. Upon such assignment, the Department, its successors or assigns shall provide written notice to the Owner.

## XII.   INTERPRETATION OF THIS AGREEMENT

The terms of this Agreement shall be interpreted so as to avoid financial speculation or circumvention of the purposes of the Fair Housing Act for the duration of this Agreement and to ensure, to the greatest extent possible, that the purchase price, mortgage payments and rents of designated Affordable Housing units remain affordable to Low and Moderate Income-Eligible Households as defined herein.

DB5233P090

XIII.  NOTICES

All notices required herein shall be sent by certified mail, return receipt requested as follows:

To the Owner:

To a mailing address designated by the Owner.

To the Department:

Attention:

Or such other address that the Department, Owner, or municipality may subsequently designate in writing and mail to the other parties.

XIV.  SUPERIORITY OF AGREEMENT

Owner warrants that no other Agreement with provisions contradictory of, or in opposition to, the provisions hereof has been or will be executed, and that, in any event, the requirements of this Agreement are paramount and controlling as to the rights and obligations between and among the Owner, the Department, and their respective successors.

XV.  SEVERABILITY

It is the intention of all parties that the provisions of this instrument are severable so that if any provisions, conditions, covenants or restrictions thereof shall be invalid or void under any applicable federal, state or local law, the remainder shall be unaffected thereby.

In the event that any provision, condition, covenant or restriction hereof, is at the time of recording of this instrument, void, voidable or unenforceable as being contrary to any applicable federal, state or local law, both parties, their successors and assigns, and all persons claiming by, through or under them covenant and agree that any future amendments or supplements to the said laws having the effect of removing said invalidity, voidability or unenforceability, shall be deemed to apply retrospectively to this instrument thereby operating to validate the provisions of this instrument which otherwise might be invalid and it is covenanted and agreed that any such amendments and supplements to the said laws shall have the effect herein described as fully as if they had been in effect at the time of the execution of this instrument.

XVI.  CONTROLLING LAW

The terms of this Agreement shall be interpreted under the laws of the State of New Jersey.

XVII.  OWNER'S CERTIFICATION

The Owner certifies that all information provided in order to qualify as the owner of the property or to purchase the property is true and correct as of the date of the signing of this Agreement.

DB5233P091

## XVIII.  AGREEMENT

The Owner and the Department hereby agree that all Affordable Housing units described herein shall be marketed, sold, rented, and occupied in accordance with the provisions of this Agreement. Neither the Owner nor the Department shall amend or alter the provisions of this Agreement without first obtaining the approval of the other party. Any such approved amendments or modifications of this Agreement shall be in writing and shall contain proof of approval from the other parties and shall not be effective unless and until recorded with the County Clerk, for the County in which the Affordable Housing units are situated.



DB5233P092

EXHIBIT A

AFFORDABLE HOUSING AGREEMENT

This Affordable Housing Agreement applies to the Owner's interest in the real properties as further described below:

PROPERTY DESCRIPTION

Block _____ 3 _____ Lot ____ 68 _____ Municipality ATLANTIC CITY

County ___ ATLANTIC _____ # of Bedrooms _____ 23 _____

Complete Street Address & Unit # ____ 214 ATLANTIC AVE.

City ATLANTIC CITY _____ State ___ NJ _____ Zip 08401

The restrictions contained herein shall be imposed on this Affordable Housing unit for a period of at least ____ 15 _____ years beginning on ____ 1/1/90 _____ and ending after 12/31/2005 ____ when any Affordable Housing rental unit that continues to be occupied by an income eligible household shall become vacant.

Please add additional property description as required including individual building or unit numbers with corresponding bedroom sizes indicating a TERM OF RESTRICTION as applicable.

DB5233P093

Dated: May 29, 1991

ATTEST: _____          By: _____
MARIE SAGE                         Signature (Owner) ROBERT GOLDSTEIN,
         SECRETARY                 PRESIDENT, 212 CORP.
                                   By: _____
                                   Signature (Co-Owner)
                                   DAVID GARDNER, DEPARTMENT OF
                                   COMMUNITY AFFAIRS

STATE OF NEW JERSEY        )

                           )ss

COUNTY OF ATLANTIC         )

BE IT REMEMBERED, that on this __29TH__day of __MAY__, 1991 , before

me, the subscriber, ___CYNTHIA GREEN___ personally
                          SECRETARY &            of N.J.
appeared ___ROBERT GOLDSTEIN, PRESIDENT OF 212 CORP.___ who, being by

me duly sworn on his/her oath, deposes and makes proof to my

satisfaction, that he/she is the Owner (Co-Owner) named in the within

instrument; that is the Affordable Housing Agreement of the described

Property; that the execution, as well as the making of this instrument,

has been duly authorized and is the voluntary act and deed of said Owner.

Sworn to and subscribed before me,
the date aforesaid.                    _____
                                       Cynthia L. Green

RECORDED
ATL...
1991 JUN 13 AM 10: 56

COUNTY CLERK

NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS
Division of Housing

(AFFORDABLE HOUSING AGREEMENT)

Declaration of Covenants
Containing Restrictions (Senior)
JB Corp Blvd.

M.G. Dept of Community Affairs

Please record and return to:

Affordable Housing Management Services
Division of Housing
The New Jersey Department of Community Affairs
3rd Floor
101 South Broad Street, CN 806
Trenton, N.J.   08625-0806

(Record in Deeds)

DB5233P095

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272
**Order #:** 7810413/MT-062-7810413
**Completed Date:** 03/04/2021          **Report Fee:**  $30.00

## CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

| | | | |
|---|---|---|---|
| **Block:** | 126 | **Assessed Owner:** | ATLANTIC NORSE, LLC |
| **Lot** | 4 | **Property Location:** | 212 ATLANTIC AVE |
| **Also:** | | **Mailing:** | 1717 MAIN STREET, #900 |
| | | | DALLAS, TX 75201 |

**Municipality:** ATLANTIC CITY(ATLANTIC)
1301 Bacharach Blvd.
ATLANTIC CITY, NJ 08401
(609) 347-5639

**Property Class *:** 4C - Apartments     **Cert of Occup.:** New Construction, Renovations
**Lot Size:** 50X100     **Smoke detector:** Required as per NJAC 5:70-4.19
Call (609) 347-5595 for inspection
Inspection Fee $ 20.00 for inspection

**Assessed Values:**     **Land:**$190,000     **Improvements:**$530,000     **Total:**$720,000
**Tax Rate:** 3.934 per $100 of Assessed Value
**Tax Deductions:** None

| | | | |
|---|---|---|---|
| **2020 Taxes:** | | $28,324.80 | PAID IN FULL |
| **2021 Qtr 1** | **Due: 02/01/2021** | $7,081.20 | PAID |
| **2021 Qtr 2** | **Due: 05/01/2021** | $7,081.20 | OPEN |
| **2021 Qtr 3** | **Due: 08/01/2021** | | TO BE DETERMINED |
| **2021 Qtr 4** | **Due: 11/01/2021** | | TO BE DETERMINED |
| **2022 Qtr 1** | **Due: 02/01/2022** | | TO BE DETERMINED |
| **2022 Qtr 2** | **Due: 05/01/2022** | | TO BE DETERMINED |

**Added Assessments:** None
**Water:** ADDITIONAL ACCOUNTS MAY EXIST. PLEASE HAVE SELLER PROVIDE EVIDENCE OF ALL SERVICE PRIOR TO CLOSING.
**Vacant lot charge:** Acct:     To: 12/23/2020     $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).
**Vacant lot charge:** Acct:     To: 12/23/2019     $500.00 OPEN PLUS PENALTY
Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).
**Water:** ACMUA 401 North Virginia Ave. Atlantic City,NJ 08401 609-345-3315
Acct: 53501 0     To: 12/31/2020     $1,793.37 PAID
SUBJECT TO FINAL READING PRIOR TO CLOSING.SUBJECT TO $40.00 FINAL READING FEE - ALLOW 2 WEEKS NOTICE
**Additional Utilities:** See attached sheet
**Confirmed Assessments:** None
**Liens:** None

**Phone (800) 477-8288 ▪ Fax (800) 677-3272 ▪** P.O. Box 8488, Trenton, NJ 08650-0488

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272 |
| **Order #:** | 7810413/MT-062-7810413 |
| **Completed Date:** | 03/04/2021 |
| **Report Fee:** | $30.00 |

## Unconfirmed Assessment Certificate

**Ordinance #: None**     **Adopted On: None**     **Improvement Type: None**

**\*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.**

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272
**Order #:** 7810413/MT-062-7810413
**Completed Date:** 03/04/2021                    **Report Fee:**    $30.00

## UTILITIES

**Sewer:**             PRIVATE - Atlantic City Sewerage Company 1200 Atlantic Ave Atlantic City,NJ 08401 609-345-0131

Atlantic City Sewerage Company (a private entity) has a policy that states outstanding sewer charges remain with the property. Enforcement could include disruption of services, please contact the sewer company directly prior to any sale or transfer to determine account status.

**NEW JERSEY TAX & ASSESSMENT SEARCH**



| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272 |
| **Order #:** | 7810414/MT-062-7810414 |
| **Completed Date:** | 03/04/2021 | **Report Fee:** $30.00 |

## CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

| | | | |
|---|---|---|---|
| **Block:** | 126 | **Assessed Owner:** | ATLANTIC NORSE, LLC |
| **Lot** | 3 | **Property Location:** | 214 ATLANTIC AVE |
| **Also:** | | **Mailing:** | 1717 MAIN STREET #900 |
| | | | DALLAS, TX 75201 |

| | |
|---|---|
| **Municipality:** | ATLANTIC CITY(ATLANTIC) |
| | 1301 Bacharach Blvd. |
| | ATLANTIC CITY, NJ 08401 |
| | (609) 347-5639 |

| | | | |
|---|---|---|---|
| **Property Class \*:** | 4C - Apartments | **Cert of Occup.:** | New Construction, Renovations |
| **Lot Size:** | 50X100 | **Smoke detector:** | Required as per NJAC 5:70-4.19 |
| | | | Call (609) 347-5595 for inspection |
| | | | Inspection Fee $ 20.00 for inspection |

| | | | | | |
|---|---|---|---|---|---|
| **Assessed Values:** | **Land:**$190,000 | | **Improvements:**$530,000 | | **Total:**$720,000 |
| **Tax Rate:** | 3.934 per $100 of Assessed Value | | | | |
| **Tax Deductions:** | None | | | | |
| **2020 Taxes:** | $28,324.80 | PAID IN FULL | | | |
| **2021 Qtr 1** | **Due: 02/01/2021** | $7,081.20 | PAID | | |
| **2021 Qtr 2** | **Due: 05/01/2021** | $7,081.20 | OPEN | | |
| **2021 Qtr 3** | **Due: 08/01/2021** | | TO BE DETERMINED | | |
| **2021 Qtr 4** | **Due: 11/01/2021** | | TO BE DETERMINED | | |
| **2022 Qtr 1** | **Due: 02/01/2022** | | TO BE DETERMINED | | |
| **2022 Qtr 2** | **Due: 05/01/2022** | | TO BE DETERMINED | | |

| | |
|---|---|
| **Added Assessments:** | None |
| **Water:** | ADDITIONAL ACCOUNTS MAY EXIST. PLEASE HAVE SELLER PROVIDE EVIDENCE OF ALL SERVICE PRIOR TO CLOSING. |
| **Vacant lot charge:** | Acct: To: 12/23/2019 $500.00 OPEN PLUS PENALTY |
| | Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable). |
| **Vacant lot charge:** | Acct: To: 12/23/2020 $500.00 OPEN PLUS PENALTY |
| | Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable). |
| **Water:** | ACMUA 401 North Virginia Ave. Atlantic City,NJ 08401 609-345-3315 |
| | Acct: 53601 0 To: 12/31/2020 $1,970.18 PAID |
| | SUBJECT TO FINAL READING PRIOR TO CLOSING.SUBJECT TO $40.00 FINAL READING FEE - ALLOW 2 WEEKS NOTICE |
| **Additional Utilities:** | See attached sheet |
| **Confirmed Assessments:** | None |
| **Liens:** | None |

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272
**Order #:** 7810414/MT-062-7810414
**Completed Date:** 03/04/2021          **Report Fee:** $30.00

## Unconfirmed Assessment Certificate

**Ordinance #: None**          **Adopted On: None**          **Improvement Type: None**

**\*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.**

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

Case 2:19-cv-17865-MCA-LDW   Document 155-4   Filed 03/04/21   Page 135 of 155 PageID: 19319

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272
**Order #:** 7810414/MT-062-7810414
**Completed Date:** 03/04/2021                    **Report Fee:**    $30.00

## UTILITIES

**Sewer:**    PRIVATE - Atlantic City Sewerage Company 1200 Atlantic Ave Atlantic City,NJ 08401 609-345-0131

Atlantic City Sewerage Company (a private entity) has a policy that states outstanding sewer charges remain with the property. Enforcement could include disruption of services, please contact the sewer company directly prior to any sale or transfer to determine account status.

**NEW JERSEY TAX & ASSESSMENT SEARCH**

**Charles Jones**
A DataTrace Company

**For:** ICONIC TITLE AGENCY LLC
**Customer ID:** 773323173
**Reference #:** ITA20272-3
**Order #:** 7810416/MT-062-7810416
**Completed Date:** 03/04/2021                    **Report Fee:**    $30.00

## CERTIFICATE OF CURRENT PROPERTY TAX AND ASSESSMENT STATUS FOR:

| | | | |
|---|---|---|---|
| **Block:** | 125 | **Assessed Owner:** | ATLANTIC NORSE, LLC |
| **Lot** | 22 | **Property Location:** | 225 ATLANTIC AVE |
| **Also:** | | **Mailing:** | 1717 MAIN STREET #900 |
| | | | DALLAS, TX 75201 |

**Municipality:** ATLANTIC CITY(ATLANTIC)
1301 Bacharach Blvd.
ATLANTIC CITY, NJ 08401
(609) 347-5639

| | | | |
|---|---|---|---|
| **Property Class \*:** | 4C - Apartments | **Cert of Occup.:** | New Construction, Renovations |
| **Lot Size:** | 55X100 | **Smoke detector:** | Required as per NJAC 5:70-4.19 |
| | | | Call (609) 347-5595 for inspection |
| | | | Inspection Fee $ 20.00 for inspection |

**Assessed Values:**    **Land:**$240,000        **Improvements:**$720,000        **Total:**$960,000
**Tax Rate:**              3.934 per $100 of Assessed Value
**Tax Deductions:**       None

| | | | |
|---|---|---|---|
| **2020 Taxes:** | | $37,766.40 | PAID IN FULL |
| **2021 Qtr 1** | **Due: 02/01/2021** | $9,441.60 | PAID |
| **2021 Qtr 2** | **Due: 05/01/2021** | $9,441.60 | OPEN |
| **2021 Qtr 3** | **Due: 08/01/2021** | | TO BE DETERMINED |
| **2021 Qtr 4** | **Due: 11/01/2021** | | TO BE DETERMINED |
| **2022 Qtr 1** | **Due: 02/01/2022** | | TO BE DETERMINED |
| **2022 Qtr 2** | **Due: 05/01/2022** | | TO BE DETERMINED |

**Added Assessments:**       None
**Vacant lot charge:**       Acct:                To: 12/23/2019        $500.00 OPEN PLUS PENALTY
                             Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).
**Vacant lot charge:**       Acct:                To: 12/23/2020        $500.00 OPEN PLUS PENALTY
                             Contact PROCHAMPS @ 321-421-6639 or www.prochamps.com for additional Billing, Payment and Renewal Details (if applicable).
**Water:**                   ACMUA 401 North Virginia Ave. Atlantic City,NJ 08401 609-345-3315
                             Acct: 54401 0    To: 12/31/2020        $1,680.75 PAID
                             SUBJECT TO FINAL READING PRIOR TO CLOSING.SUBJECT TO $40.00 FINAL READING FEE - ALLOW 2 WEEKS NOTICE
**Sewer:**                   PRIVATE - Atlantic City Sewerage Company 1200 Atlantic Ave Atlantic City,NJ 08401 609-345-0131
                             Atlantic City Sewerage Company (a private entity) has a policy that states outstanding sewer charges remain with the property. Enforcement could include disruption of services, please contact the sewer company directly prior to any sale or transfer to determine account status.
**Confirmed Assessments:**   None
**Liens:**                   None

**NEW JERSEY TAX & ASSESSMENT SEARCH**

| | |
|---|---|
| **For:** | ICONIC TITLE AGENCY LLC |
| **Customer ID:** | 773323173 |
| **Reference #:** | ITA20272-3 |
| **Order #:** | 7810416/MT-062-7810416 |
| **Completed Date:** | 03/04/2021 |
| **Report Fee:** | $30.00 |

## Unconfirmed Assessment Certificate

**Ordinance #: None**          **Adopted On: None**          **Improvement Type: None**

**\*Not to be used to determine "residential use" for the purposes of P.L. 2004, c. 66, section 8.**

*Charles Jones LLC* guarantees that the above information accurately reflects the contents of the public record as of the completed date.

DEPARTMENT OF HOMELAND SECURITY
Federal Emergency Management Agency

**STANDARD FLOOD HAZARD DETERMINATION FORM (SFHDF)**

OMB Control No. 1660-0040
Expires: 10/31/18

### SECTION I - LOAN INFORMATION

| 1. LENDER/SERVICER NAME AND ADDRESS | 2. COLLATERAL DESCRIPTION (Building/Mobile Home/Property) |
|---|---|
| | 212 ATLANTIC AVE<br>ATLANTIC CITY, NJ 08401<br>Ref/File#(s): ITA20272<br>+Census Tract Data: St 34 Co 001 MSA 12100 Tr 25+ |

| 3. LENDER/SERVICER ID # | 4. LOAN IDENTIFIER | 5. AMOUNT OF FLOOD INSURANCE REQUIRED |
|---|---|---|
| | | |

### SECTION II

**A. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) COMMUNITY JURISDICTION**

| 1. NFIP Community Name | 2. County(ies) | 3. State | 4. NFIP Community Number |
|---|---|---|---|
| Atlantic City | Atlantic County | NJ | 345278 |

**B. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DATA AFFECTING BUILDING/MOBILE HOME**

| 1. NFIP Map Number or Community-Panel Number (Community name, if not the same as "A")<br>3452780005D | 2. NFIP Map Panel Effective / Revised Date ‡<br>1983-08-15 | 3. Is there a Letter of Map Change (LOMC)?<br>◉ NO<br>○ YES<br>(If yes, and LOMC date/no. is available, enter date and case no. below). |
|---|---|---|
| 4. Flood Zone †<br>A8 | 5. No NFIP Map | Date          Case No. |

**C. FEDERAL FLOOD INSURANCE AVAILABILITY (Check all that apply.)**

1. ☒ Federal Flood Insurance is available (community participates in the NFIP).   ☒ Regular Program   ☐ Emergency Program of NFIP

2. ☐ Federal Flood Insurance is not available (community does not participate in the NFIP).

3. ☐ Building/Mobile Home is in a Coastal Barrier Resources Area (CBRA) or Otherwise Protected Area (OPA). Federal Flood Insurance may not be available.

   CBRA/OPA Designation Date: _____

**D. DETERMINATION**

**IS BUILDING/MOBILE HOME IN SPECIAL FLOOD HAZARD AREA (ZONES CONTAINING THE LETTERS "A" OR "V")?** ☒ YES   ☐ NO

If yes, flood insurance is required by the Flood Disaster Protection Act of 1973.
If no, flood insurance is not required by the Flood Disaster Protection Act of 1973. Please note, the risk of flooding in this area is only reduced, not removed.

This determination is based on examining the NFIP map, any Federal Emergency Management Agency revisions to it, and any other information needed to locate the building /mobile home on the NFIP map.

**E. COMMENTS (Optional)**

THIS DETERMINATION COMPLIES WITH THE FLOOD DISASTER PROTECTION ACT OF 1973.
Ref/File#(s): ITA20272

WTG #: 16443571-16464611-RI

**F. PREPARER'S INFORMATION**

| NAME, ADDRESS, TELEPHONE NUMBER (If other than Lender)<br>Western Technologies Group, LLC<br>P.O. Box 636<br>Somerville, NJ 08876<br>908-725-1143 | DATE OF DETERMINATION<br><br>03/03/2021 |
|---|---|

FEMA Form 086-0-32          (06/16)                                                                          SFHDF - Form Page 1 of 1

**NOTICE IS GIVEN TO:**

| | |
|---|---|
| | Loan Number: |
| Borrower: | Order Number: 16443571 |
| Co-borrower: | Determination Date: 03/03/2021 |

The Flood Disaster Protection Act of 1973, as amended, requires that federally regulated lending institutions shall not make, increase, extend, or renew any loan secured by improved real estate, or a mobile home located, or to be located, in an area that has been identified by the Director of the Federal Emergency Management Agency (FEMA) as an area having special flood hazards and in which flood insurance has been made available under the National Flood Insurance Act of 1968, through the National Flood Insurance Program (NFIP), unless the building or mobile home and any personal property securing such loan is covered for the term of the loan by flood insurance in an amount at least equal to the outstanding principal balance of the loan or the maximum limit of coverage made available under the Act with respect to the particular type of property, whichever is less.

## NOTICE TO BORROWER ABOUT SPECIAL FLOOD HAZARD AREA STATUS

☒   Notice of Property in Special Flood Hazard Area (SFHA)

The building or mobile home securing the loan for which you have applied is or will be located in an area with special flood hazards. The area has been identified by the Director of FEMA as a SFHA using FEMA's Flood Insurance Rate Map or the Flood Hazard Boundary Map for the following community:   Atlantic City
The area has at least a one percent (1%) chance of a flood equal to or exceeding the base flood elevation (a 100-year flood) in any given year. During the life of a 30-year mortgage loan, the risk of a 100-year flood in a SFHA is 26 percent (26%). Federal law allows a lender and borrower jointly to request the Director of FEMA to review the determination of whether the property securing the loan is located in a SFHA. If you would like to make such a request, please contact us for further information.

☐   Notice of Property Not in Special Flood Hazard Area (SFHA)

The building or mobile home described in the attached instrument is not currently located in an area designated by the Director of FEMA as a SFHA. NFIP flood insurance is not required, but may be available. If, during the term of this loan, the subject property is identified as being in a SFHA, as designated by FEMA, you may be required to purchase and maintain flood insurance at your expense.

## NOTICE TO BORROWER ABOUT FEDERAL DISASTER ASSISTANCE

☒   Notice in Participating Communities

The community in which the property securing the loan is located participates in the NFIP. The Flood Disaster Protection Act of 1973, as amended, mandates federally insured or regulated lenders to require the purchase of flood insurance on all buildings being financed that are located in SFHAs of communities participating in the NFIP. The flood insurance must be maintained for the term of the loan. If you fail to purchase or renew flood insurance on the property, federal law authorizes and requires us to purchase the flood insurance at your expense.
- At a minimum, flood insurance purchased must cover the lesser of:
  - (1)  the outstanding principal balance of the loan; or
  - (2)  the maximum amount of coverage allowed for the type of property under the NFIP.
- Flood insurance coverage under the NFIP is limited to the building or mobile home and any personal property that secures your loan and not the land itself.
- Federal disaster relief assistance (usually in the form of a low-interest loan) may be available for damages incurred in excess of your flood insurance if your community's participation in the NFIP is in accordance with NFIP requirements.
- Although you may not be required to maintain flood insurance on all structures, you may still wish to do so, and your mortgage lender may still require you to do so to protect the collateral securing the mortgage. If you choose not to maintain flood insurance on a structure and it floods, you are responsible for all flood losses relating to that structure.

☐   Notice in Non-particpating Communities

Flood insurance coverage under the NFIP is not available for the property securing the loan because the community in which the property is located does not participate in the NFIP. In addition, if the nonparticipating community has been identified for at least one year as containing a SFHA, properties located in the community will not be eligible for the federal disaster relief assistance in the event of a federally-declared flood disaster.

**NOTICE IS GIVEN TO:**

Borrower:

Co-borrower:

Loan Number:

Order Number:       16443571

Determination Date:   03/03/2021

---

### NOTICE TO BORROWER ABOUT AVAILABILITY OF PRIVATE FLOOD INSURANCE COVERAGE

Flood insurance coverage under the NFIP may be purchased through an insurance agent who will obtain the policy either directly through the NFIP or through an insurance company that participates in the NFIP. Flood insurance that provides the same level of coverage as a standard flood insurance policy under the NFIP may be available from private insurers that do not participate in the NFIP. You should compare the flood insurance coverage, deductibles, exclusions, conditions, and premiums associated with flood insurance policies issued on behalf of the NFIP and policies issued on behalf of private insurance companies and contact an insurance agent as to the availability, cost, and comparisons of flood insurance coverage.

### NOTICE TO BORROWER ABOUT ESCROW REQUIREMENT FOR RESIDENTIAL LOANS

Federal law may require a lender or its servicer to escrow all premiums and fees for flood insurance that covers any residential building or mobile home securing a loan that is located in an area with special flood hazards. If your lender notifies you that an escrow account is required for your loan, then you must pay your flood insurance premiums and fees to the lender or its servicer with the same frequency as you make loan payments for the duration of your loan. These premiums and fees will be deposited in the escrow account, which will be used to pay the flood insurance provider.

| _____ | _____ |      | _____ | _____ |
| Borrower's Signature | Date |      | Co-Borrower's Signature | Date |

DEPARTMENT OF HOMELAND SECURITY
Federal Emergency Management Agency

## STANDARD FLOOD HAZARD DETERMINATION FORM (SFHDF)

OMB Control No. 1660-0040
Expires: 10/31/18

### SECTION I - LOAN INFORMATION

| 1. LENDER/SERVICER NAME AND ADDRESS | 2. COLLATERAL DESCRIPTION (Building/Mobile Home/Property) |
|---|---|
| | 214 ATLANTIC AVE |
| | ATLANTIC CITY, NJ 08401 |
| | Ref/File#(s): ITA20272 |
| | +Census Tract Data: St 34 Co 001 MSA 12100 Tr 25+ |

| 3. LENDER/SERVICER ID # | 4. LOAN IDENTIFIER | 5. AMOUNT OF FLOOD INSURANCE REQUIRED |
|---|---|---|
| | | |

### SECTION II

#### A. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) COMMUNITY JURISDICTION

| 1. NFIP Community Name | 2. County(ies) | 3. State | 4. NFIP Community Number |
|---|---|---|---|
| Atlantic City | Atlantic County | NJ | 345278 |

#### B. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DATA AFFECTING BUILDING/MOBILE HOME

| 1. NFIP Map Number or Community-Panel Number (Community name, if not the same as "A") 3452780005D | 2. NFIP Map Panel Effective / Revised Date ‡ 1983-08-15 | 3. Is there a Letter of Map Change (LOMC)? ◉ NO ○ YES (If yes, and LOMC date/no. is available, enter date and case no. below). |
|---|---|---|
| 4. Flood Zone † A8 | 5. No NFIP Map | Date          Case No. |

#### C. FEDERAL FLOOD INSURANCE AVAILABILITY (Check all that apply.)

1. [X] Federal Flood Insurance is available (community participates in the NFIP).   [X] Regular Program   [ ] Emergency Program of NFIP

2. [ ] Federal Flood Insurance is not available (community does not participate in the NFIP).

3. [ ] Building/Mobile Home is in a Coastal Barrier Resources Area (CBRA) or Otherwise Protected Area (OPA). Federal Flood Insurance may not be available.

CBRA/OPA Designation Date: _____

#### D. DETERMINATION

**IS BUILDING/MOBILE HOME IN SPECIAL FLOOD HAZARD AREA (ZONES CONTAINING THE LETTERS "A" OR "V")?** [X] YES  [ ] NO

If yes, flood insurance is required by the Flood Disaster Protection Act of 1973.
If no, flood insurance is not required by the Flood Disaster Protection Act of 1973. Please note, the risk of flooding in this area is only reduced, not removed.

This determination is based on examining the NFIP map, any Federal Emergency Management Agency revisions to it, and any other information needed to locate the building /mobile home on the NFIP map.

#### E. COMMENTS (Optional)

THIS DETERMINATION COMPLIES WITH THE FLOOD DISASTER PROTECTION ACT OF 1973.
Ref/File#(s): ITA20272

WTG #: 16443591-16464631-RI

#### F. PREPARER'S INFORMATION

| NAME, ADDRESS, TELEPHONE NUMBER (If other than Lender) | DATE OF DETERMINATION |
|---|---|
| Western Technologies Group, LLC P.O. Box 636 Somerville, NJ 08876 908-725-1143 | 03/03/2021 |

FEMA Form 086-0-32     (06/16)

**NOTICE IS GIVEN TO:**

| | | |
|---|---|---|
| | Loan Number: | |
| Borrower: | Order Number: | 16443591 |
| Co-borrower: | Determination Date: | 03/03/2021 |

The Flood Disaster Protection Act of 1973, as amended, requires that federally regulated lending institutions shall not make, increase, extend, or renew any loan secured by improved real estate, or a mobile home located, or to be located, in an area that has been identified by the Director of the Federal Emergency Management Agency (FEMA) as an area having special flood hazards and in which flood insurance has been made available under the National Flood Insurance Act of 1968, through the National Flood Insurance Program (NFIP), unless the building or mobile home and any personal property securing such loan is covered for the term of the loan by flood insurance in an amount at least equal to the outstanding principal balance of the loan or the maximum limit of coverage made available under the Act with respect to the particular type of property, whichever is less.

## NOTICE TO BORROWER ABOUT SPECIAL FLOOD HAZARD AREA STATUS

☒  Notice of Property in Special Flood Hazard Area (SFHA)

The building or mobile home securing the loan for which you have applied is or will be located in an area with special flood hazards. The area has been identified by the Director of FEMA as a SFHA using FEMA's Flood Insurance Rate Map or the Flood Hazard Boundary Map for the following community:  Atlantic City
The area has at least a one percent (1%) chance of a flood equal to or exceeding the base flood elevation (a 100-year flood) in any given year. During the life of a 30-year mortgage loan, the risk of a 100-year flood in a SFHA is 26 percent (26%). Federal law allows a lender and borrower jointly to request the Director of FEMA to review the determination of whether the property securing the loan is located in a SFHA. If you would like to make such a request, please contact us for further information.

☐  Notice of Property Not in Special Flood Hazard Area (SFHA)

The building or mobile home described in the attached instrument is not currently located in an area designated by the Director of FEMA as a SFHA. NFIP flood insurance is not required, but may be available. If, during the term of this loan, the subject property is identified as being in a SFHA, as designated by FEMA, you may be required to purchase and maintain flood insurance at your expense.

## NOTICE TO BORROWER ABOUT FEDERAL DISASTER ASSISTANCE

☒  Notice in Participating Communities

The community in which the property securing the loan is located participates in the NFIP. The Flood Disaster Protection Act of 1973, as amended, mandates federally insured or regulated lenders to require the purchase of flood insurance on all buildings being financed that are located in SFHAs of communities participating in the NFIP. The flood insurance must be maintained for the term of the loan. If you fail to purchase or renew flood insurance on the property, federal law authorizes and requires us to purchase the flood insurance at your expense.
- At a minimum, flood insurance purchased must cover the lesser of:
   (1) the outstanding principal balance of the loan; or
   (2) the maximum amount of coverage allowed for the type of property under the NFIP.
- Flood insurance coverage under the NFIP is limited to the building or mobile home and any personal property that secures your loan and not the land itself.
- Federal disaster relief assistance (usually in the form of a low-interest loan) may be available for damages incurred in excess of your flood insurance if your community's participation in the NFIP is in accordance with NFIP requirements.
- Although you may not be required to maintain flood insurance on all structures, you may still wish to do so, and your mortgage lender may still require you to do so to protect the collateral securing the mortgage. If you choose not to maintain flood insurance on a structure and it floods, you are responsible for all flood losses relating to that structure.

☐  Notice in Non-particpating Communities

Flood insurance coverage under the NFIP is not available for the property securing the loan because the community in which the property is located does not participate in the NFIP. In addition, if the nonparticipating community has been identified for at least one year as containing a SFHA, properties located in the community will not be eligible for the federal disaster relief assistance in the event of a federally-declared flood disaster.

**NOTICE IS GIVEN TO:**

Borrower:

Co-borrower:

Loan Number:

Order Number:    16443591

Determination Date:    03/03/2021

---

### NOTICE TO BORROWER ABOUT AVAILABILITY OF PRIVATE FLOOD INSURANCE COVERAGE

Flood insurance coverage under the NFIP may be purchased through an insurance agent who will obtain the policy either directly through the NFIP or through an insurance company that participates in the NFIP. Flood insurance that provides the same level of coverage as a standard flood insurance policy under the NFIP may be available from private insurers that do not participate in the NFIP. You should compare the flood insurance coverage, deductibles, exclusions, conditions, and premiums associated with flood insurance policies issued on behalf of the NFIP and policies issued on behalf of private insurance companies and contact an insurance agent as to the availability, cost, and comparisons of flood insurance coverage.

### NOTICE TO BORROWER ABOUT ESCROW REQUIREMENT FOR RESIDENTIAL LOANS

Federal law may require a lender or its servicer to escrow all premiums and fees for flood insurance that covers any residential building or mobile home securing a loan that is located in an area with special flood hazards. If your lender notifies you that an escrow account is required for your loan, then you must pay your flood insurance premiums and fees to the lender or its servicer with the same frequency as you make loan payments for the duration of your loan. These premiums and fees will be deposited in the escrow account, which will be used to pay the flood insurance provider.

_____   _____          _____   _____
Borrower's Signature              Date                      Co-Borrower's Signature          Date

DEPARTMENT OF HOMELAND SECURITY
Federal Emergency Management Agency

# STANDARD FLOOD HAZARD DETERMINATION FORM (SFHDF)

OMB Control No. 1660-0040
Expires: 10/31/18

## SECTION I - LOAN INFORMATION

| 1. LENDER/SERVICER NAME AND ADDRESS | 2. COLLATERAL DESCRIPTION (Building/Mobile Home/Property) |
|---|---|
| | 225 ATLANTIC AVE |
| | ATLANTIC CITY, NJ 08401 |
| | Ref/File#(s): ITA20272-3 |
| | +Census Tract Data: St 34 Co 001 MSA 12100 Tr 25+ |

| 3. LENDER/SERVICER ID # | 4. LOAN IDENTIFIER | 5. AMOUNT OF FLOOD INSURANCE REQUIRED |
|---|---|---|
| | | |

## SECTION II

### A. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) COMMUNITY JURISDICTION

| 1. NFIP Community Name | 2. County(ies) | 3. State | 4. NFIP Community Number |
|---|---|---|---|
| Atlantic City | Atlantic County | NJ | 345278 |

### B. NATIONAL FLOOD INSURANCE PROGRAM (NFIP) DATA AFFECTING BUILDING/MOBILE HOME

| 1. NFIP Map Number or Community-Panel Number (Community name, if not the same as "A") 3452780005D | 2. NFIP Map Panel Effective / Revised Date ‡ 1983-08-15 | 3. Is there a Letter of Map Change (LOMC)? ◉ NO ○ YES (If yes, and LOMC date/no. is available, enter date and case no. below). |
|---|---|---|
| 4. Flood Zone † A8 | 5. No NFIP Map | Date          Case No. |

### C. FEDERAL FLOOD INSURANCE AVAILABILITY (Check all that apply.)

1. ☒ Federal Flood Insurance is available (community participates in the NFIP).   ☒ Regular Program   ☐ Emergency Program of NFIP

2. ☐ Federal Flood Insurance is not available (community does not participate in the NFIP).

3. ☐ Building/Mobile Home is in a Coastal Barrier Resources Area (CBRA) or Otherwise Protected Area (OPA). Federal Flood Insurance may not be available.

   CBRA/OPA Designation Date: _____

### D. DETERMINATION

**IS BUILDING/MOBILE HOME IN SPECIAL FLOOD HAZARD AREA (ZONES CONTAINING THE LETTERS "A" OR "V")?** ☒ YES   ☐ NO

If yes, flood insurance is required by the Flood Disaster Protection Act of 1973.
If no, flood insurance is not required by the Flood Disaster Protection Act of 1973. Please note, the risk of flooding in this area is only reduced, not removed.

This determination is based on examining the NFIP map, any Federal Emergency Management Agency revisions to it, and any other information needed to locate the building /mobile home on the NFIP map.

### E. COMMENTS (Optional)

THIS DETERMINATION COMPLIES WITH THE FLOOD DISASTER PROTECTION ACT OF 1973.
Ref/File#(s): ITA20272-3

WTG #: 16443611-16464651-RI

### F. PREPARER'S INFORMATION

| NAME, ADDRESS, TELEPHONE NUMBER (If other than Lender) | DATE OF DETERMINATION |
|---|---|
| Western Technologies Group, LLC | |
| P.O. Box 636 | |
| Somerville, NJ 08876 | 03/03/2021 |
| 908-725-1143 | |

FEMA Form 086-0-32        (06/16)

**NOTICE IS GIVEN TO:**

| | | Loan Number: | |
|---|---|---|---|
| Borrower: | | Order Number: | 16443611 |
| Co-borrower: | | Determination Date: | 03/03/2021 |

The Flood Disaster Protection Act of 1973, as amended, requires that federally regulated lending institutions shall not make, increase, extend, or renew any loan secured by improved real estate, or a mobile home located, or to be located, in an area that has been identified by the Director of the Federal Emergency Management Agency (FEMA) as an area having special flood hazards and in which flood insurance has been made available under the National Flood Insurance Act of 1968, through the National Flood Insurance Program (NFIP), unless the building or mobile home and any personal property securing such loan is covered for the term of the loan by flood insurance in an amount at least equal to the outstanding principal balance of the loan or the maximum limit of coverage made available under the Act with respect to the particular type of property, whichever is less.

## NOTICE TO BORROWER ABOUT SPECIAL FLOOD HAZARD AREA STATUS

☒  Notice of Property in Special Flood Hazard Area (SFHA)

The building or mobile home securing the loan for which you have applied is or will be located in an area with special flood hazards. The area has been identified by the Director of FEMA as a SFHA using FEMA's Flood Insurance Rate Map or the Flood Hazard Boundary Map for the following community:   Atlantic City
The area has at least a one percent (1%) chance of a flood equal to or exceeding the base flood elevation (a 100-year flood) in any given year. During the life of a 30-year mortgage loan, the risk of a 100-year flood in a SFHA is 26 percent (26%). Federal law allows a lender and borrower jointly to request the Director of FEMA to review the determination of whether the property securing the loan is located in a SFHA. If you would like to make such a request, please contact us for further information.

☐  Notice of Property Not in Special Flood Hazard Area (SFHA)

The building or mobile home described in the attached instrument is not currently located in an area designated by the Director of FEMA as a SFHA. NFIP flood insurance is not required, but may be available. If, during the term of this loan, the subject property is identified as being in a SFHA, as designated by FEMA, you may be required to purchase and maintain flood insurance at your expense.

## NOTICE TO BORROWER ABOUT FEDERAL DISASTER ASSISTANCE

☒  Notice in Participating Communities

The community in which the property securing the loan is located participates in the NFIP. The Flood Disaster Protection Act of 1973, as amended, mandates federally insured or regulated lenders to require the purchase of flood insurance on all buildings being financed that are located in SFHAs of communities participating in the NFIP. The flood insurance must be maintained for the term of the loan. If you fail to purchase or renew flood insurance on the property, federal law authorizes and requires us to purchase the flood insurance at your expense.
- At a minimum, flood insurance purchased must cover the lesser of:
    - (1)  the outstanding principal balance of the loan; or
    - (2)  the maximum amount of coverage allowed for the type of property under the NFIP.
- Flood insurance coverage under the NFIP is limited to the building or mobile home and any personal property that secures your loan and not the land itself.
- Federal disaster relief assistance (usually in the form of a low-interest loan) may be available for damages incurred in excess of your flood insurance if your community's participation in the NFIP is in accordance with NFIP requirements.
- Although you may not be required to maintain flood insurance on all structures, you may still wish to do so, and your mortgage lender may still require you to do so to protect the collateral securing the mortgage. If you choose not to maintain flood insurance on a structure and it floods, you are responsible for all flood losses relating to that structure.

☐  Notice in Non-particpating Communities

Flood insurance coverage under the NFIP is not available for the property securing the loan because the community in which the property is located does not participate in the NFIP. In addition, if the nonparticipating community has been identified for at least one year as containing a SFHA, properties located in the community will not be eligible for the federal disaster relief assistance in the event of a federally-declared flood disaster.

**NOTICE IS GIVEN TO:**

Borrower:

Co-borrower:

Loan Number:

Order Number:   16443611

Determination Date:   03/03/2021

---

**NOTICE TO BORROWER ABOUT AVAILABILITY OF PRIVATE FLOOD INSURANCE COVERAGE**

Flood insurance coverage under the NFIP may be purchased through an insurance agent who will obtain the policy either directly through the NFIP or through an insurance company that participates in the NFIP. Flood insurance that provides the same level of coverage as a standard flood insurance policy under the NFIP may be available from private insurers that do not participate in the NFIP. You should compare the flood insurance coverage, deductibles, exclusions, conditions, and premiums associated with flood insurance policies issued on behalf of the NFIP and policies issued on behalf of private insurance companies and contact an insurance agent as to the availability, cost, and comparisons of flood insurance coverage.

**NOTICE TO BORROWER ABOUT ESCROW REQUIREMENT FOR RESIDENTIAL LOANS**

Federal law may require a lender or its servicer to escrow all premiums and fees for flood insurance that covers any residential building or mobile home securing a loan that is located in an area with special flood hazards. If your lender notifies you that an escrow account is required for your loan, then you must pay your flood insurance premiums and fees to the lender or its servicer with the same frequency as you make loan payments for the duration of your loan. These premiums and fees will be deposited in the escrow account, which will be used to pay the flood insurance provider.

| | | | |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Borrower's Signature | Date | Co-Borrower's Signature | Date |

# Exhibit B

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

**Jaimee Katz Sussner**
Member
Admitted in NJ & NY
Direct Dial: 973-643-6281
Email: jsussner@sillscummis.com

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

March 22, 2021

*VIA EMAIL UNLESS INDICATED*

All Counsel on Annexed Service List

Re:     *U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*
        Civil Action No. 2:19-cv-17865 (the "Action")
        PQ: 212, 214, 225 Atlantic Avenue, Atlantic City, New Jersey

Dear Counsel:

As you know, this firm is counsel for Colliers International NJ LLC, the Court-Appointed Receiver for the real properties that are the subject of the above-referenced action (the "Receiver"), pursuant to the Orders entered by the United States District Court for the District of New Jersey in these actions, dated September 12, 2019, and amended on December 4, 2019.

Pursuant to Paragraph 6 of Order Setting Forth Sale Procedures, entered on May 29, 2020, the following constitutes those items that the Receiver has agreed to pay from the anticipated proceeds of sale from the proposed closing of the property referenced below, all of which are subject to updates and adjustments as of the closing date that will affect distribution amounts. Because the sale proceeds will be insufficient to satisfy the first mortgagee in full, the first mortgagee has agreed to discharge its mortgage, and any related instruments of record, in exchange for payment of all sale proceeds net of reasonable closing costs.

*Owner:* **Atlantic Norse, LLC**
*PQ*:  212, 214, and 225 Atlantic Avenue, Atlantic City, New Jersey
*Plaintiff/ First Priority Mortgagee:*  Wilmington Trust, National Association, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61 ("First Mortgage")

# Sills Cummis & Gross
### A Professional Corporation

All Counsel on Annexed Service List
March 22, 2021
Page 2

|  | | |
|---|---|---|
| **Purchase Price:** | | $2,000,000.00 |
| | | |
| **Payoffs:** | | |
| a. | First Mortgage (as of 3/31/21)[1]: | $4,965,541.23 |
| b. | Receivership Management Fees, Operating Expenses, Pest Control, Engineering Comp. to EMCOR, Sewer, Plumbing, Landscaping as of  3/17/21: | $ 346,961.16 |
| c. | Brokerage Commission due to Gebroe-Hammer Associates: | $   60,000.00 |
| d. | Receivership Legal Fees/Expenses as of 2/28/21: | $   45,697.00 |
| e. | Estimated closing fees/costs: | $   50,000.00 |
| | *Net Proceeds:* | *<$3,468,199.83>* |
| | | |
| f. | Surplus money to be held in escrow for judgment/ lien creditors identified in Commitment and any other party/ies determined to be eligible by the Court: | $0.00 |

Should you have any questions, or wish to discuss any of these issues further, feel free to contact me.

Very truly yours,

*s/ Jaimee Katz Sussner*

Jaimee Katz Sussner

---

[1] Advances and interest thereon calculated through March 19, 2021.

**Sills Cummis & Gross**
A Professional Corporation

All Counsel on Annexed Service List
March 22, 2021
Page 3

**Counsel For Property Owners, Parties Holding Secured Debt,
and Parties Having An Interest In the Subject Properties**

1. Atlantic Norse, LLC  *(By First Class Mail)*
   c/o Mr. Seth Levine
   636 South Forest Drive
   Teaneck, New Jersey 07666

2. Jacob Kaplan, Esq.
   Brafman & Associates, P.C.
   767 Third Avenue, 26th Floor
   New York, New York 10017
   *Counsel for Defendant Seth Levine*

3. Amy Hatch, Esq.
   Polsinelli PC
   600 Third Avenue, 42nd Floor
   New York, New York 10016
   *Counsel for First Mortgagee*

4. Atlantic City Sewage Company *(By First Class Mail)*
   1200 Atlantic Avenue
   Atlantic City, New Jersey 08401

5. Atlantic City Construction Department *(By First Class Mail)*
   1301 Bacharach Boulevard
   1st Floor, Suite 101
   Atlantic City, New Jersey 08401

6. Toledo Plumbing & Heating Inc. *(By First Class Mail)*
   c/o Bittiger Elias & Triolo P.C.
   12 Route 17 North, Suite 206
   Paramus, New Jersey 07652

7. City of Atlantic City *(By First Class Mail)*
   c/o Trenk Dipasquale Della Fera & Sodono P.C.
   n/k/a McManimon Scotland Baumann

Sills Cummis & Gross
A Professional Corporation

All Counsel on Annexed Service List
March 22, 2021
Page 4

75 Livingston Avenue
Roseland, New Jersey 07068
*DJ-172113-2017; Docketed 10/04/2017; Debtor – Atlantic Norse LLC*
*DJ-172117-2017; Docketed 10/04/2017; Debtor – Atlantic Norse LLC*

# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Jaimee Katz Sussner**
Member
Admitted in NJ & NY
Direct Dial:  973-643-6281
Email: jsussner@sillscummis.com

June 3, 2021

<u>*VIA EMAIL UNLESS INDICATED*</u>

All Counsel on Annexed Service List

> Re:    *U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*
>         Civil Action No. 2:19-cv-17865 (the "Action")
>         <u>PQ: 212, 214, 225 Atlantic Avenue, Atlantic City, New Jersey</u>

Dear Counsel:

As you know, this firm is counsel for Colliers International NJ LLC, the Court-Appointed Receiver for the real properties that are the subject of the above-referenced actions (the "<u>Receiver</u>"), pursuant to the Orders entered by the United States District Court for the District of New Jersey in these actions, dated September 12, 2019, and amended on December 4, 2019.

Pursuant to Paragraph 6 of Order Setting Forth Sale Procedures, entered on May 29, 2020, the following constitutes those items that the Receiver has agreed to pay from the anticipated proceeds of sale from the proposed closing of the property referenced below based upon the amended sale price identified in the First Amendment to Agreement of Purchase and Sale dated May 26, 2021, all of which remain subject to updates and adjustments as of the closing date that will affect distribution amounts. Because the sale proceeds will be insufficient to satisfy the first mortgagee in full, the first mortgagee has agreed to discharge its mortgage, and any related instruments of record, in exchange for payment of all sale proceeds net of reasonable closing costs.

> ***Owner:*** **Atlantic Norse, LLC**
> ***PQ***:  212, 214, and 224 Atlantic Avenue, Atlantic City, New Jersey
> ***Plaintiff/ First Priority Mortgagee:***  Wilmington Trust, National Association, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61 ("<u>First Mortgage</u>")

## Sills Cummis & Gross
### A Professional Corporation

All Counsel on Annexed Service List
June 3, 2021
Page 2

| | |
|---|---|
| *Purchase Price*: | $ 1,900,000.00 |
| | |
| *Payoffs*: | |
| a. First Mortgage (as of 3/31/21)[1]: | $ 4,965,541.23 |
| b. Receivership Management Fees, Operating Expenses, Pest Control, Engineering Comp. to EMCOR, Sewer, Plumbing, Landscaping as of 3/17/21: | $ 346,961.16 |
| c. Brokerage Commission due to Gebroe-Hammer Associates: | $    60,000.00 |
| d. Receivership Legal Fees/Expenses as of 2/28/21: | $    45,697.00 |
| e. Estimated closing fees/costs: | $    50,000.00 |
| *Net Proceeds*: | *<$3,368,199.83   >* |
| | |
| f. Surplus money to be held in escrow for judgment/ lien creditors identified in Commitment and any other party/ies determined to be eligible by the Court: | $0.00 |

Should you have any questions, or wish to discuss any of these issues further, feel free to contact me.

Very truly yours,

*s/ Jaimee Katz Sussner*

Jaimee Katz Sussner

---

[1] Advances and interest thereon calculated through March 19, 2021.

**Sills Cummis & Gross**
A Professional Corporation

All Counsel on Annexed Service List
June 3, 2021
Page 3

**Counsel For Property Owners, Parties Holding Secured Debt,
and Parties Having An Interest In the Subject Properties**

1. Atlantic Norse, LLC  *(By First Class Mail)*
   c/o Mr. Seth Levine
   636 South Forest Drive
   Teaneck, New Jersey 07666

2. Jacob Kaplan, Esq.
   Brafman & Associates, P.C.
   767 Third Avenue, 26th Floor
   New York, New York 10017
   *Counsel for Defendant Seth Levine*

3. Amy Hatch, Esq.
   Polsinelli PC
   600 Third Avenue, 42nd Floor
   New York, New York 10016
   *Counsel for First Mortgagee*

4. Atlantic City Sewage Company *(By First Class Mail)*
   1200 Atlantic Avenue
   Atlantic City, New Jersey 08401

5. Atlantic City Construction Department *(By First Class Mail)*
   1301 Bacharach Boulevard
   1st Floor, Suite 101
   Atlantic City, New Jersey 08401

6. Toledo Plumbing & Heating Inc. *(By First Class Mail)*
   c/o Bittiger Elias & Triolo P.C.
   12 Route 17 North, Suite 206
   Paramus, New Jersey 07652

7. City of Atlantic City
   c/o Trenk Dipasquale Della Fera & Sodono P.C.
   n/k/a McManimon Scotland Baumann

Sills Cummis & Gross
A Professional Corporation

All Counsel on Annexed Service List
June 3, 2021
Page 4

75 Livingston Avenue
Roseland, New Jersey 07068
*DJ-172113-2017; Docketed 10/04/2017; Debtor – Atlantic Norse LLC*
*DJ-172117-2017; Docketed 10/04/2017; Debtor – Atlantic Norse LLC*