# NAGEL RICE, LLP

COUNSELLORS AT LAW

BRUCE H. NAGEL*
JAY J. RICE*
ROBERT H. SOLOMON
DIANE E. SAMMONS°
LORI I. MAYER°
RANDEE M. MATLOFF
ANDREW L. O'CONNOR
GREG M. KOHN°
SUSAN F. CONNORS
BRADLEY L. RICE°

HARRY A. MARGOLIS
1928-2002

103 EISENHOWER PARKWAY
SUITE 103
ROSELAND, NEW JERSEY 07068
(973) 618-0400
FAX: (973) 618-9194
WWW.NAGELRICE.COM

230 PARK AVENUE
NEW YORK, NY 10169
(212) 551-1465
PLEASE REPLY TO
ROSELAND OFFICE

ANDREW I. PEPPER
MICHAEL J. PARAGANO°
SCOTT M. JACOBSON°
EMMA A. McELLIGOTT

SENIOR COUNSEL
S.M. CHRIS FRANZBLAU◊

*CERTIFIED BY THE SUPREME COURT OF
 NEW JERSEY AS A CIVIL TRIAL ATTORNEY
°MEMBER OF NJ & NY BARS
◊MEMBER OF NJ, NY & DC BARS

June 30, 2021

**By ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:   *U.S. Bank National Ass'n v. Englewood Funding, LLC, et al.*,
            Civil Action No. 2:19-cv-17865

Dear Judge Wettre:

      This firm is co-counsel to Ascend Re Partners, LLC, Ascend Re Partners II, LLC, and DSE Family Investments VII, LLC (collectively, "Ascend"), interested parties in the above action. On behalf of Ascend, we request that the disbursement motion filed by Hutton Ventures LLC ("Hutton") (DE 161), currently returnable on July 19, 2021, be adjourned *sin die* or held in abeyance in light of this Court's direction that the parties submit a status letter in short order to plan for the orderly resolution of various competing motions, like Hutton's, to the surplus funds at issue in this action.

    **A. Relevant Procedural History**

      On May 27, 2021, the Receiver sold five properties (the "Lenox Properties") owned by companies affiliated with defendant Seth Levine pursuant to the Court's April 7, 2021 Sale Approval Order. DE 140. The sale yielded surplus funds as to four of the five properties (the

Hon. Leda Dunn Wettre, U.S.M.J.
June 30, 2021
Page 2 of 3

"Surplus").  Ascend intends to assert its rights in the Surplus after moving to intervene in this action.

On June 15, 2021, Hutton, without seeking leave from this Court or conferring with Ascend, filed a motion for disbursement of the Surplus as to two Lenox Properties located at 88 McKinley Street and 170 South Park Street.  DE 161.  No other party in this action has filed a disbursement motion as to any Lenox Property.

On June 24, 2021, the Court held a status conference with all parties and interested parties, including Ascend and Hutton, in this action and several related Levine actions.  DE 148.  At the conference, the Court directed the parties to submit a joint letter on all unique and property-specific issues, including Ascend's proposed motion to intervene.  Ascend and other interested parties are in the process of preparing the joint letter for the Court.

On June 28, 2021, Ascend conferred with Hutton and, citing this Court's directives at the June 24 conference, proposed holding Hutton's disbursement motion in abeyance until the next status conference with the Court.  Hutton refused.

### B.  Hutton's Motion Should Be Adjourned or Held in Abeyance

Ascend respectfully requests that Hutton's motion be held in abeyance or adjourned *sin die* as a matter of judicial economy and fairness.

First, abeyance is prudent in light of the Court's directives at the June 24 conference.  A short halt to the pending motion would allow every party claiming an interest in the Surplus to consolidate all outstanding issues related to the Surplus and raise them in a single submission to the Court.  This would, in turn, enable the Court to consider and rule on all preliminary, procedural, and other issues concerning the Surplus in a coordinated and orderly fashion, rather than have to decide related issues in piecemeal, at different times, based on different submissions, and in different court proceedings.

Second, abeyance advances the Judicial Preferences of this Court, which mandate that no one shall file any formal motion without prior leave of Court.  *See* Judicial Preferences of the Hon. Leda Dunn Wettre, U.S.M.J., United States District Court for the District of New Jersey, *available at* https://www.njd.uscourts.gov/content/leda-dunn-wettre.  Nothing in the Sale Approval Order (*see* DE 140 at ¶ 5), or the specific sections of the Sale Procedures Order it references (*see* DE 88 at ¶ 12), allows a party or interested party to circumvent this Court's rules.  Here, Hutton did not seek leave before filing its motion.  Moreover, Hutton made no attempt to confer with Ascend before rushing to Court.

4828-7709-6688, v. 1

Hon. Leda Dunn Wettre, U.S.M.J.
June 30, 2021
Page 3 of 3

Third, Hutton's motion, in addition to being premature as a procedural matter, is premature on the merits.  Hutton's motion implicates numerous questions of fact related to the validity, extent, and priority of its interests in the McKinley and South Park properties.  Indeed, the Receiver has represented to the Court that there are "bona fide" disputes concerning the validity of Hutton's mortgages and secured claims.  *See, e.g.*, DE 131 at 2 (questioning the validity of Hutton's mortgage because it "was executed by parties that did not own the subject properties when it was recorded"); DE 139 at 2 (underscoring, once again, that Hutton's secured claim is subject to a "bona fide dispute").  Despite these factual issues, Ascend has received no discovery at all – whether document, deposition, or expert discovery – on Hutton's alleged mortgages or secured claims.  Ascend should have an opportunity to explore dispositive issues on the Hutton mortgages and secured claims through limited and targeted discovery, on a reasonably expedited timeline, so that it can oppose Hutton's motion and assert competing interests in the Surplus with the benefit of a complete factual record.

For the foregoing reasons, Ascend asks the Court to hold Hutton's motion in abeyance or to adjourn it *sin die*, at least until the next Court status conference, so that the Court and parties can address the timing of Hutton's motion and similar issues related to the Surplus in an efficient, orderly, and fair manner.

    Respectfully submitted,

    */s/  Bruce H. Nagel*

    Bruce H. Nagel, Esq.

cc:   All Counsel of Record (by ECF)

    Hutton Ventures LLC (by ECF)
    c/o Gerard S. Catalanello, Esq.
    Alston & Bird LLP
    90 Park Avenue
    New York, New York 10016

4828-7709-6688, v. 1