SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

U.S. BANK NATIONAL ASSOCIATION,     :   Civil Action No. 19-cv-17865 (MCA)(LDW)
AS TRUSTEE FOR THE REGISTERED     :
HOLDERS OF WELLS FARGO     :
COMMERCIAL MORTGAGE     :
SECURITIES, INC., MULTIFAMILY     :   **CONSENT ORDER (1) DISCHARGING**
MORTGAGE PASS-THROUGH     :   **COLLIERS INTERNATIONAL NJ LLC AS**
CERTIFICATES, SERIES 2018-SB51,     :   **RECEIVER FOR THE REAL PROPERTY**
    :   **LOCATED AT (i) 54-78 TEMPLE**
and     :   **AVENUE, HACKENSACK, NEW JERSEY,**
    :   **(ii) 406-444 LIBERTY STREET, LITTLE**
U.S. BANK NATIONAL ASSOCIATION,     :   **FERRY, NEW JERSEY, (iii) 107-109**
AS TRUSTEE FOR THE REGISTERED     :   **HUDSON STREET, HACKENSACK, NEW**
HOLDERS OF WELLS FARGO     :   **JERSEY, (iv) 88 MCKINLEY STREET,**
COMMERCIAL MORTGAGE     :   **HACKENSACK, NEW JERSEY, and (v) 170**
SECURITIES, INC. MULTIFAMILY     :   **SOUTH PARK STREET, HACKENSACK,**
MORTGAGE PASS-THROUGH     :   **NEW JERSEY, ONLY; and (2)**
CERTIFICATES, SERIES 2018-SB55,     :   **DIRECTING RECEIVER TO DEPOSIT**
    :   **SURPLUS FUNDS INTO THE TREASURY**
and     :   **REGISTRY**
    :
U.S. BANK NATIONAL ASSOCIATION,     :
AS TRUSTEE FOR THE REGISTERED     :
HOLDERS OF WELLS FARGO     :
COMMERCIAL MORTGAGE     :
SECURITIES, INC. MULTIFAMILY     :
MORTGAGE PASS-THROUGH     :
CERTIFICATES, SERIES 2018-SB57,     :
    :
and     :
    :
U.S. BANK NATIONAL ASSOCIATION,     :
AS TRUSTEE FOR THE REGISTERED     :
HOLDERS OF J.P. MORGAN CHASE     :

COMMERCIAL MORTGAGE SECURITIES : 
CORP. MULTIFAMILY MORTGAGE : 
PASS-THROUGH CERTIFICATES SERIES : 
2018-SB58, : 
 : 
and : 
 : 
WILMINGTON TRUST, NATIONAL : 
ASSOCIATION, AS TRUSTEE FOR THE : 
REGISTERED HOLDERS OF CREDIT : 
SUISSE FIRST BOSTON MORTGAGE : 
SECURITIES CORP. MULTIFAMILY : 
MORTGAGE PASS-THROUGH : 
CERTIFICATES, SERIES 2019-SB61, : 
 : 
and : 
 : 
U.S. BANK NATIONAL ASSOCIATION, : 
AS TRUSTEE FOR THE REGISTERED : 
HOLDERS OF J.P. MORGAN CHASE : 
COMMERCIAL MORTGAGE SECURITIES : 
CORP. MULTIFAMILY MORTGAGE : 
PASS-THROUGH CERTIFICATES, SERIES : 
2019-SB64, : 
 : 
and : 
 : 
OREC NJ, LLC, : 
 : 
and : 
 : 
THREE LINE-NJ1, LLC, : 
 : 
               Plaintiffs, : 
 : 
        v. : 
 : 
LENOX TEMPLE LLC, LENOX LIBERTY : 
LLC, LENOX HUDSON LLC, : 
HACKENSACK NORSE LLC, : 
ENGLEWOOD FUNDING LLC, : 
PLAINFIELD NORSE, LLC, POST : 
AVENUE VENTURES, LLC, FLR : 
VENTURES LLC, BROOKLAWN NORSE, : 
LLC, PENN NORSE LLC, GARFIELD : 
NORSE LLC, ELIZABETH NORSE LLC, : 
SUSSEX NORSE LLC, CLIFTON FL :

VENTURES LLC, BAYONNE                    :
BROADWAY NORSE LLC, 137-139 THIRD        :
NORSE LLC, PASSAIC NORSE LLC,            :
PERTH NB VENTURES LLC, 2680              :
KENNEDY VENTURES LLC, FEDERAL            :
HOME LOAN MORTGAGE CORP., and            :
SETH LEVINE,                             :
                                         :
                  Defendants.            :
------------------------------------------x ----------------------------------------------------
JLS EQUITIES, LLC A NEW YORK      : Civil Action No. 19-cv-17615 (MCA)(LDW)
LIMITED LIABILITY COMPANY.,       :
                                  :
                  Plaintiff,      :
                                  :
         vs.                      :
                                  :
LENOX HUDSON, LLC, LENOX TEMPLE,  :
LLC, RIVER FUNDING, LLC, TEANECK  :
PLAZA VENTURES, LLC, SETH LEVINE, :
and SHIRA LEVINE,                 :
                                  :
                  Defendants.     :
------------------------------------------x

## **CONSENT ORDER DISCHARGING RECEIVER**

THIS MATTER having been opened by the Court upon the consent of Plaintiffs U.S. Bank

National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage

Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB51 ("**U.S.**

**Bank**"), SBL NJ Noteholder LLC, successor in interest to U.S. Bank, and U.S. Bank National

Association, as Trustee for the Registered Holders of Wells Fargo Bank Commercial Mortgage

Securities, Inc., Multifamily Mortgage Pass-through Certificates, Series 2018-SB57 ("**SBL**")

(collectively, the "**U.S. Bank Plaintiffs**"), by and through its undersigned attorneys, Polsinelli PC;

together with the consent of JLS Equities, LLC ("**JLS**"), by and through its undersigned attorneys,

Stark & Stark, and the consent of Colliers International NJ LLC, the Court-Ordered Receiver (the

"**Receiver**" or "**Colliers**"), by and through its undersigned attorneys, Sills Cummis & Gross P.C.

("**SCG**"), for an entry of an Order discharging the Receiver solely as to the real property located at (i) 54-78 Temple Avenue, Hackensack, New Jersey 07601 (the "**54-78 Temple Ave. Property**"), previously owned by Defendant Lenox Temple LLC ("**Lenox Temple**"), (ii) 406-444 Liberty Street, Little Ferry, NJ 07643 (the "**406-444 Liberty St. Property**"), previously owned by Defendant Lenox Liberty LLC ("**Lenox Liberty**"), (iii) 107-109 Hudson Street, Hackensack, NJ 07601 (the "**107-109 Hudson St. Property**"), previously owned by Defendant Lenox Hudson LLC ("**Lenox Hudson**"), (iv) 88 McKinley Street, Hackensack, NJ 07601 (the "**88 McKinley St. Property**"), previously owned by Defendant Hackensack Norse LLC ("**Hackensack Norse**"), and (v) 170 South Park Street, Hackensack, NJ 07601 (the "**170 South Park St. Property**"), previously owned by Hackensack Norse[1]; and

WHEREAS, Colliers is the Court-Appointed Receiver for the properties that are at issue in the above-referenced actions, pursuant to Orders of the Court entered (i) in *U.S. Bank National Association, as Trustee v. Lenox Temple LLC, et al.*, Civil Action No. 19-cv-17865 (the "**US Bank Action**") on September 13, 2019 (ECF # 5), and amended on December 4, 2019 (ECF # 46), and (ii) *JLS Equities, LLC v. River Funding, LLC, et al.*, Civil Action No. 19-cv-17615-MCA-LDW (the "**JLS Action**," and together with the US Bank Action, the "**Actions**") on September 12, 2019 (ECF # 7), and amended on December 4, 2019 (ECF # 52) (together, the "**Receiver Order**"); and

WHEREAS, each of the first priority mortgagees of the Subject Properties have instituted foreclosure actions in the Superior Court of New Jersey, which are pending in Bergen County and captioned as follows: (i) *U.S. Bank National Association, as Trustee v. Lenox Temple LLC, et al.*, Docket No. F-020893-19; (ii) *SBL NJ Noteholder LLC v. Lenox Liberty LLC, et al.*, Docket No. F-020896-19; (iii) *U.S. Bank National Association, as Trustee v. Lenox Hudson LLC, et al.*, Docket

---

[1] The 54-78 Temple Ave. Property, 406-444 Liberty St. Property, 107-109 Hudson St. Property, 88 McKinley St. Property, and 170 South Park St. Property shall be collectively referred to herein as the "**Subject Properties**").

No. F-020898-19; and (iv) *SBL NJ Noteholder LLC v. Hackensack Norse LLC, et al.*, Docket No. F-020980-19 (collectively, the "**Foreclosure Actions**"); and

WHEREAS, pursuant to Orders entered in the US Bank Action (ECF #140) and the JLS Action (ECF #141) on April 7, 2021 (together, the "**Sale Order**"), the Court, *inter alia*, approved the Receiver's Motion to (i) approve the Receiver's sale of the Subject Properties free and clear of all liens, claims and encumbrances of any Interested Parties, pursuant to the PSA between the Receiver and Buyer,[2] (ii) authorized the Receiver to distribute the net proceeds from the Sale, and (iii) authorized the Receiver to deposit any surplus proceeds with the Court; and

WHEREAS, no Interested Party has appealed the Sale Order, the Closing on the Sale of the Subject Properties was held, the Sale consummated on May 27, 2021, and title to the Subject Properties have been transferred to the Buyer (as defined therein), rendering the Foreclosure Actions moot; and

WHEREAS, the Sale yielded surplus with respect to each of the Subject Properties as follows:

| Title Holder | Property | First Priority Mortgagee | Surplus |
|---|---|---|---|
| Lenox Temple LLC | 54-78 Temple Ave. Property | U.S. Bank | $1,260,557.10 (Check No. 54551642-5) |
| Lenox Liberty LLC | 406-444 Liberty St. Property | SBL | $166,838.03 (Check No. 54551645-8) |

---

[2] Unless otherwise indicated, all defined terms shall have the meaning ascribed to them in the Sale Order.

| Lenox Hudson LLC | 107-109 Hudson St. Property | U.S. Bank | n/a |
|---|---|---|---|
| Hackensack Norse LLC | 88 McKinley St. Property | SBL | $112,531.24 (Check No. 54551643-6) |
| Hackensack Norse LLC | 170 South Park St. Property | SBL | $173,755.31 (Check No. 54551644-7) |

WHEREAS, pursuant to the Sale Order and PSA, the Buyer (as defined therein) has assumed all responsibilities and liabilities for the ownership and operation of the Subject Properties following the Closing, and the Receiver seeks to deposit the surplus from the Sale with the District Court of New Jersey's Treasury Registry; and

WHEREAS, the Receiver, with the consent of the US Bank Plaintiffs and JLS, seeks to submit its final accounting for review and approval by this Court for the Subject Properties, only, and to be discharged as Receiver solely as to the Subject Properties, and to continue as the Court-Appointed Receiver for all the remaining properties that are the subject of the Actions;

IT IS, on this ___6th___ day of ____July_____, 2021, **ORDERED** that:

1.      In accordance with Paragraph 12 of the Sales Procedure Order, and Paragraph 5 of the Sale Order, and pursuant to Fed. R. Civ. P. 67 and L. Civ. R. 67.1, the Receiver shall submit, and the Clerk of Court shall deposit into the Treasury Registry of this Court, any and all surplus proceeds from the sale of the Subject Properties, which amounts shall be distributed by

the Court upon application of any Interested Party, in accordance with the amount and priority of the parties' liens and encumbrances upon each of the Subject Properties.

2.      The Receiver shall be, and hereby is, discharged as Court-Appointed Receiver for the Subject Properties, only, subject only to the terms of this Order and the Receiver's obligation to file, and the Court's approval of, the Receiver's final accounting as set forth in Paragraph 2, and the Receiver's deposit of surplus funds with the Court as set forth in Paragraph 1 above.

3.      Within thirty (30) business days of entry of this Consent Order, the Receiver shall file with the Court and serve on counsel for the US Bank Plaintiffs, counsel for JLS, and all Interested Parties the Receiver's final accounting for the Subject Properties, only.  Objections, if any, to the final accounting for the Subject Properties shall be filed within five (5) business days thereafter.  Absent an objection, the final accounting for the Subject Properties shall be deemed approved by the Court, and the Receiver shall have no further obligations under the Receiver Order concerning the Subject Properties.  If an objection is filed, the Court shall hold a hearing to resolve any issues.

4.      Upon approval of the Receiver's final accounting for the Subject Properties, the Court's requirement that the Receiver maintain a bond shall automatically cease, the bond, if any, shall be deemed terminated without further action, and all claims against the Receiver relating to the Subject Properties, or under the Receiver Order, are barred.

5.      Upon approval of the Receiver's final accounting for the Subject Properties, the Receiver shall be and is hereby directed to remit to the District Court of New Jersey's Treasury Registry, after satisfaction of the amounts due to the first mortgagee for each of the Subject Properties and payment of all unpaid expenses of the receivership, all remaining funds on hand

with the Receiver under the Receivership Order, including, without limitation, any and all gross rents, income or profits received or derived from the Subject Properties, and any escrows and reserves on deposit through the date on which the Subject Properties were sold to Buyer. In the event that there are insufficient funds available to satisfy all receivership liabilities appearing on the final accounting for one or more of the Subject Properties, the US Bank Plaintiffs and JLS, as applicable to each of the Subject Properties, shall be liable for satisfaction of all remaining unpaid obligations reflected thereon.

6. Upon discharge of the Receiver under this Consent Order, the Receiver shall not have any obligation for payment of any expenses, outstanding payables or other liabilities related to the Subject Properties and/or the receivership.

7. A copy of this Consent Order shall be served upon all parties to the Actions and all Interested Parties within seven days of the date hereof.

_____
HON. MADELINE COX ARLEO, U.S.D.J.

Consent is given to the form and
entry of the within Consent Order:

POLSINELLI PC
*Counsel for U.S. Bank Plaintiffs*

By*: /s/ Amy Hatch_____*
    Amy Hatch, Esquire

SILLS CUMMIS & GROSS P.C.
*Counsel for the Receiver*

By: */s/ Jaimee Katz Sussner*
    Jaimee Katz Sussner, Esquire

STARK & STARK
*Counsel for JLS Equities, Inc.*

By:*/s/ Timothy Duggan*
    Timothy Duggan, Esq.