SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

U.S. BANK NATIONAL ASSOCIATION, : Civil Action No. 19-cv-17865 (MCA)(LDW)
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC., MULTIFAMILY        : **ORDER APPROVING THE RECEIVER'S**
MORTGAGE PASS-THROUGH               : **SALE OF PROPERTIES FREE AND**
CERTIFICATES, SERIES 2018-SB51;     : **CLEAR, AUTHORIZING DISTRIBUTION**
                                    : **OF SALES PROCEEDS, AND GRANTING**
U.S. BANK NATIONAL ASSOCIATION,     : **OTHER RELATED RELIEF**
AS TRUSTEE FOR THE REGISTERED       :
HOLDERS OF WELLS FARGO              :
COMMERCIAL MORTGAGE                 :
SECURITIES, INC. MULTIFAMILY        :
MORTGAGE PASS-THROUGH               :
CERTIFICATES, SERIES 2018-SB55;     :
                                    :
U.S. BANK NATIONAL ASSOCIATION,     :
AS TRUSTEE FOR THE REGISTERED       :
HOLDERS OF WELLS FARGO              :
COMMERCIAL MORTGAGE                 :
SECURITIES, INC. MULTIFAMILY        :
MORTGAGE PASS-THROUGH               :
CERTIFICATES, SERIES 2018-SB57;     :
                                    :
U.S. BANK NATIONAL ASSOCIATION,     :
AS TRUSTEE FOR THE REGISTERED       :
HOLDERS OF J.P. MORGAN CHASE        :
COMMERCIAL MORTGAGE SECURITIES      :
CORP. MULTIFAMILY MORTGAGE          :
PASS-THROUGH CERTIFICATES SERIES    :
2018-SB58; and                      :

1

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF CREDIT
SUISSE FIRST BOSTON MORTGAGE
SECURITIES CORP. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2019-SB61;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE SECURITIES
CORP. MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2019-SB64;

OREC NJ, LLC; and

THREE LINE-NJ1, LLC,

                Plaintiffs,

      v.

LENOX TEMPLE LLC, LENOX LIBERTY
LLC, LENOX HUDSON LLC,
HACKENSACK NORSE LLC,
ENGLEWOOD FUNDING LLC,
PLAINFIELD NORSE, LLC, POST
AVENUE VENTURES, LLC, FLR
VENTURES LLC, BROOKLAWN NORSE,
LLC, PENN NORSE LLC, GARFIELD
NORSE LLC, ELIZABETH NORSE LLC,
SUSSEX NORSE LLC, CLIFTON FL
VENTURES LLC, BAYONNE
BROADWAY NORSE LLC, 137-139 THIRD
NORSE LLC, PASSAIC NORSE LLC,
PERTH NB VENTURES LLC, 2680
KENNEDY VENTURES LLC, FEDERAL
HOME LOAN MORTGAGE CORP., and
SETH LEVINE,

                Defendants.

----------------------------------------------------- x

WELLS FARGO BANK, NATIONAL      :  Civil Action No. 19-cv-17866 (MCA)(LDW)

ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF AMHERST
PIERPOINT COMMERCIAL MORTGAGE
SECURITIES, LLC, MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2019-SB59, by
and through its special servicer, LNR Partners,
LLC;

CITIBANK, N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF WELLS
FARGO COMMERCIAL MORTGAGE
SECURITIES, INC., MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB48, by
and through its special servicer, LNR Partners,
LLC;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE BENEFIT OF
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGES
SECURITIES CORP., MULTIFAMILY
PASS-THROUGH CERTIFICATES, SERIES
2018-SB52, by and through its special
servicer, SCP Servicing, LLC;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE BENEFIT OF
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGES
SECURITIES CORP., MULTIFAMILY
PASS-THROUGH CERTIFICATES, SERIES
2018-SB56, by and through its special
servicer, SCP Servicing, LLC; and

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2019-SB63, by
and through its special servicer, Berkeley
Point Capital LLC d/b/a Newmark Knight
Frank,

|                                                                                                                                                                                                                                                                                                                                                    |     |
| --- | --- |
| Plaintiffs,                                                                                                                                                                                                                                                                                                              | :   |
| v.                                                                                                                                                                                                                                                                                                                       | :   |
| SETH LEVINE, PALISADE LM LLC, 2917 PALISADE VENTURES LLC, ALJO NORSE LLC, AMBOY NORSE LLC, DEHART NORSE LLC, JORDAN VENTURES LLC, RALEIGH NORSE MANAGEMENT LLC, UNION CITY FUNDING LLC, UNION VENTURES LLC, WALLIS NORSE LLC, CLEMENTON NORSE LLC, KEARNY NORSE LLC, LENOX BEACHWAY LLC, PA NORSE LLC, WOODBINE NORSE LLC, RIVERSIDE NORSE LLC, WESTVILLE NORSE LLC, PROSPECT NORSE LLC, and FEDERAL HOME LOAN MORTGAGE CORP., | :   |
| Defendants.                                                                                                                                                                                                                                                                                                              | :   |

-------------------------------------------------------x

**THIS MATTER** having been opened to the Court by Sills Cummis & Gross P.C., attorneys for Colliers International NJ LLC, the Court-Appointed Receiver for the properties at issue in the referenced actions ("**Colliers**" or the "**Receiver**"), pursuant to this Court's Orders dated September 12, 2019 and September 13, 2019, and amended by Order entered December 4, 2019 (together, the "**Receiver Order**"), and May 29, 2020 (the "**Sales Procedures Order**"), for an Order (i) approving the Receiver's sale of the properties owned by Defendant Garfield Norse LLC ("**Garfield Norse**"), located at (i) 77 Prospect Street, Garfield, New Jersey 07026, also known as Block 149.02, Lot 44 on the tax map of the City of Garfield, (ii) 123 Pierre Ave., Garfield, New Jersey 07026, also known as Block 75, Lot 35 on the tax map of the City of Garfield, and (iii) 132 Jewell St. a/k/a 113-115 Banta Ave., Garfield, New Jersey 07026, also known as Block 192, Lot 27 on the tax map of the City of Garfield (collectively, the "**Garfield**

Norse Properties"), and Defendant Raleigh Norse Management LLC ("**Raleigh Norse**"), located at 95 Jewell St., Garfield, New Jersey 07026, also known as Block 159, Lot 7 on the tax map of the City of Garfield (the "**Raleigh Norse Property**," and together with the Garfield Norse Properties, the "**Subject Properties**"), together with any improvements thereon and appurtenances therefrom, free and clear of all liens, claims, and encumbrances of any party purporting to hold secured debt or other interest in the properties subject to sale ("**Interested Party/Parties**"); (ii) authorizing the Receiver to distribute the net proceeds from the aforementioned sale as set forth on the distribution schedule attached hereto as **Exhibit A**, subject to any changes in the payoff amounts owed to any Interested Party accruing through the date of the closing on the sale of the Subject Properties (the "**Closing**") which will be reflected in a HUD-1 issued in connection with the sale; and (iii) authorizing the Receiver to deposit any surplus proceeds into the Court; and notice of this motion to approve the sale of the Subject Properties free and clear, authorizing distribution of sale proceeds, and granting other related relief (the "**Motion**") having been duly served upon all defendants in these actions, and all known parties alleging an interest in the Subject Properties; and the Court having considered the papers submitted in support of this Motion, and in opposition thereto, if any; and the Court having heard the arguments of counsel, if any; and this Court having determined that, based upon the foregoing, the Receiver is entitled to the requested relief; and for good cause shown:

IT IS on this 28th day of September, 2021 FOUND AND DETERMINED, that:

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

B.     The Court has jurisdiction over this matter and the transactions contemplated by this Order pursuant to Fed. R. Civ. P. 66, the Receiver Order, and the Sales Procedure Order.

C.      Proper, timely, and sufficient notice of the Receiver's Motion was provided pursuant to the Sales Procedure Order. No other or further notice of the Motion is necessary. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all Interested Parties, including: (i) all parties, if any, who are known to claim a lien, claim, or interest in or upon any of the Subject Properties; and (ii) all lienholders and/or creditors who have filed a Notice of Appearance in this action.

D.      The Motion afforded a full, fair and reasonable opportunity for any entity or person to make a competing bid for the Subject Properties. As demonstrated by the record, the Receiver has adequately marketed the Subject Properties and conducted the sales process in compliance with applicable law and industry standards, and in a manner that was non-collusive, fair and reasonable, and conducted in good faith.

E.      The Receiver has advanced sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to: (i) sell the Subject Properties on the terms and conditions set forth in the Agreement of Purchase and Sale, dated as of April 22, 2021, as amended on May 12, 2021, June 9, 2021, and July 9, 2021, and as may be amended thereafter, between the Receiver, as seller, and Mount Prospect Properties, LLC, or its assignee, as purchaser (the "**Buyer**") (the "**PSA**"); (ii) consummate all transactions contemplated by the PSA; and (iii) determine that the Buyer has provided sufficient proof of its financial ability to pay the purchase prices for the Subject Properties.

F.      Consummation of the transactions contemplated by the PSA is in the best interests of Plaintiff/First Priority Mortgagee for the Raleigh Norse Property, Wells Fargo Bank, National Association, a National Banking Association Organized and Existing under the Laws of the United States of America, not in its individual capacity but solely in its capacity as Trustee for

the Registered Holders of Amherst Pierpont Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("**Wells**"), and Plaintiff/First Priority Mortgagee for the Garfield Norse Properties, U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57 ("**U.S. Bank**," and together with Wells, "**Plaintiffs**"), the Owner entities Raleigh Norse and Garfield Norse, the defendants, the estate, and other Interested Parties.

G.     None of the Subject Properties are scheduled for Sheriff's Sale in connection with any State Court foreclosure action filed by a first mortgagee or other secured creditor of the Subject Properties.

H.     The Receiver possesses the requisite authority to transfer the Subject Properties to the Buyer in accordance with this Order and the PSA.

I.     The PSA: (i) was proposed and entered into in good faith after arm's-length negotiation by the parties; and (ii) the consideration to be provided by the Buyer pursuant to the PSA constitutes reasonably equivalent value and fair consideration for the Subject Properties.

J.     Based upon the record, it appears that neither the Receiver nor the Buyer have engaged in any conduct that would cause or permit the PSA or any transfer, assignment or conveyance thereunder to be avoided or rescinded.

K.     As a condition to the sale, the Buyer requires that the Subject Properties be sold to it free and clear of all liens and claims, other than those liabilities expressly assumed in the PSA.

L.     The Buyer is not a successor in interest to any of the Levine Defendants (as defined in the Sales Procedure Order), has not *de facto* or otherwise merged into any of the

7

Levine Defendants, and is not a mere continuation or substantial continuation of, or alter ego of, any of the Levine Defendants.

      M.     There is no common identity among the Buyer and any of the Levine Defendants' incorporators, officers or directors.

      N.     The transfer of the Subject Properties as contemplated by the PSA (i) are or will be legal, valid, and effective transfers of the Subject Properties in the receivership estate to the Buyer, and (ii) will vest in the Buyer all right, title, and interest of the Levine Defendants in and to all of the Subject Properties free and clear of all liens, claims, interests, and encumbrances.

      O.     The Receiver may sell and transfer the Subject Properties to the Buyer free and clear of any and all interests in or liens, claims, or encumbrances upon the Subject Properties because all such Interested Parties: (i) have consented to the sale, or are deemed to have consented to the sale, by failing to object to the relief granted herein, (ii) could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interests, liens, claims, or encumbrances, or (iii) otherwise waived any purported right to challenge the sale.

      P.     If any objections and/or responses to the Motion or the relief sought therein were asserted, such objections either have been rendered moot, resolved, or overruled, in whole or in part, in accordance with the findings, terms, and provisions of this Order.

      Q.     Immediately upon the entry of this Order, this Order will constitute a final and appealable order with respect to the Subject Properties.  The Court finds that there is no just reason for delay in the implementation of this Order, and the Closing of the sale of the Subject Properties pursuant to the PSA may occur as soon as all the conditions precedent to such Closing have been satisfied or waived in accordance with the terms and conditions of the PSA.

      **NOW THEREFORE**, IT IS ORDERED and ADJUDGED as follows:

at ecf no. 182 in case 19-17866
at ecf no. 189 in case 19-17865

1.     The Receiver's Motion is GRANTED in its entirety.

2.     All Interested Parties have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated in the record, all such objections are hereby overruled.

3.     In accordance with the Sales Procedure Order, the terms and conditions of the PSA (including all exhibits and schedules thereto, and all amendments and related agreements) are hereby approved in all respects, and the Receiver is hereby authorized and empowered to: (i) close on a sale of the Subject Properties to Buyer, or its designee, for the amounts identified in the PSA, (ii) transfer title to the Subject Properties at such a Closing, and (iii) execute deeds substantially in the form attached hereto as **Exhibit B** and all other Closing documents as required to accomplish the foregoing.

4.     In accordance with the Sales Procedure Order and *N.J.S.A.* §2A:50-31, the Subject Properties are to be sold and transferred by the Receiver pursuant to this Order, and shall be sold and transferred free and clear of all liens, claims, encumbrances, and interests, which are more fully set forth in **Exhibit C,** each of which shall be deemed discharged and of no further force or effect as to the Subject Properties following the Closing on such sale to the extent and with the same legal effect as if the Subject Properties had been sold at a foreclosure sale pursuant to a writ of execution, including the discharge from the Subject Properties of: (i) all liens, encumbrances, claims, security interests, and other interests that are junior in priority to Plaintiffs' respective mortgage liens and security interests; (ii) all equity or rights of redemption; and (iii) Plaintiffs' respective mortgage liens and security interests, provided, however, that Plaintiffs' mortgage liens and security interests shall only be discharged upon receipt by Wells

9

and US Bank of the amounts set forth on **Exhibit A** attached hereto, as such amounts may be reasonably updated by Plaintiffs prior to Closing.  Except as may be expressly permitted by the PSA, and subject to any Interested Party's right to seek any surplus funds in the Court, all persons holding any liens, claims, encumbrances or interest of any kind and nature with respect to the Subject Properties are hereby barred from asserting such against the Buyer, its affiliates or designees, officers, directors, employees, agents, successors or assigns or their respective properties, including, without limitation, the Subject Properties.

5.      The proceeds of the sale, net of all ordinary and necessary Closing costs (including, without limitation, payment of the Receiver's and its counsel's fees and costs, real estate taxes and other municipal liens, all broker's commissions and expenses, and all other typical closing costs) shall be distributed at the Closing on the Receiver's sale of the Subject Properties in accordance with the distribution schedule annexed hereto as **Exhibit A**, subject to any additional amounts necessary to satisfy the secured lien/claim of any Interested Party accruing through the date of the Closing, including any amount the Receiver deems, in its discretion, appropriate as a holdback to pay any unbilled costs or expenses that accrued in connection with the Subject Properties during its receivership.  The Buyer shall not be responsible to satisfy any of the Receiver's or its counsel's fees and costs subsequent to the Closing.  Pursuant to Paragraph 12 of the Sales Procedure Order, the Receiver shall deposit any surplus proceeds with the Court, which shall be distributed by the Court, upon application of any Interested Party, in accordance with the amount and priority of the liens and encumbrances on the Subject Properties.

6.      From and after the Closing, all filing and recording officers are hereby authorized and directed to remove or expunge of record any and all liens, claims, encumbrances or other

interests that were of record immediately prior to the Closing with respect to any of the Subject Properties. Parties with an interest in the Subject Properties are directed to execute such documents and take all other action as may be necessary to release their liens, claims, encumbrances or other interest on or against the Subject Properties. If any person that has filed financing statements or other documents or agreements evidencing liens or encumbrances on the Subject Properties shall not have delivered to the Buyer on or before five (5) days after the Closing, in proper form for filing and executed by the proper parties, termination statements, instruments of satisfaction, releases of all liens or other interests which the person has with respect to the Subject Properties, the Receiver and/or the Buyer are authorized to execute and file all such statements, instruments, releases and other documents on behalf of such person with respect to the Subject Properties, and may file or record, as necessary, with the appropriate County Clerk's and/or recorder's office. This Order may be (but shall be required to be) recorded with the County Clerk's and/or recorder's office in which any of the Subject Properties are located by any party to this action, or the Buyer, in accordance with *N.J.S.A.* 46:16-1.1.

7.     If, pursuant to *N.J.S.A.* 54:32B-22C and *N.J.S.A.* 54:50-38 (the "**Bulk Sales Law**"), the Buyer has filed a Notification of Sale, Transfer, or Assignment in Bulk (C-9600) ("**Notification**") with the Director of the Division of Taxation in the Department of the Treasury of the State of New Jersey, Bulk Sale Section (the "**Department**"), the Department shall recognize the Receiver, as seller, under the PSA. As such, the Department shall not require that any portion of the sale proceeds of Closing be held in escrow as may otherwise be required under the Bulk Sales Law, and shall issue a clearance letter to the Buyer within ten (10) business days after the Department's receipt of the Notification pursuant to the Bulk Sales Law.

8.      Pursuant to *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8, Receiver, as seller, is exempt from the Realty Transfer Fee, and Buyer is exempt from the so-called "Mansion Tax" upon the closing of the sale transaction described in the PSA.

9.      This Order shall be binding upon the Receiver, the Plaintiffs, the Levine Defendants, and all other named defendants or parties with an interest in the Subject Properties, and each of their successors and assigns and any affected third-parties, and all other persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Subject Properties. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Subject Properties to the Buyer and all licenses under the Receiver's or Levine Defendants' ownership necessary for the operation of any Subject Properties, and the county and state offices wherein terminations statements under the Uniform Commercial Code are authorized to be filed.

10.     The Receiver shall be, and hereby is, deemed to be discharged as the court-appointed Receiver for the Subject Properties, only, upon the occurrence of: (i) consummation of the sale contemplated by this Order, and (ii) delivery of deeds for the Subject Properties to Buyer in the form annexed hereto as Exhibit B, subject only to the Receiver's obligation to file, and the

Court's approval of, the Receiver's final accounting as set forth in Paragraph 11 below. This Order does not affect or disturb the Receiver's appointment in connection with any other property governed by the Receiver Order.

11.     Within thirty (30) days after the sale contemplated by this Order has consummated and title to the Subject Properties has transferred to Buyer, the Receiver shall be, and hereby is, directed to file with the Court and serve upon counsel for the Interested Parties the Receiver's final accounting.  Objections, if any, to the final accounting shall be filed within five (5) business days thereafter. Absent an objection, the final accounting shall be deemed approved by the Court and the Receiver shall have no further obligations under the Receiver Order.  If an objection is filed, the Court shall hold a hearing to resolve any issues.

12.     Upon approval of the Receiver's final accounting, the Receiver's bond, if any, shall be terminated and all claims against the Receiver relating to the Subject Properties, the Receiver Order, or any other aspect of this or any of the related actions before the Court are barred.

13.     Upon approval of the Receiver's final accounting, the Receiver shall be, and hereby is, directed to remit to Plaintiffs, respectively, all excess funds on hand with the Receiver under the Receiver Order, if any, after satisfying any fees, costs, or expenses outstanding for the receivership as to each of the Subject Properties. Upon termination of the Receiver under this Order, the Receiver shall not have any obligation to pay any expenses, outstanding payables, or other liabilities related to the Subject Properties that accrue after the Closing, all of which shall be the sole and exclusive obligation of Buyer.

14.     Notwithstanding anything herein to the contrary, the Receiver shall retain the right, power, and authority, in its capacity as the court-ordered Receiver, to execute and deliver

any documents necessary to effectuate the Closing, and/or the transaction contemplated by the PSA, as may be reasonably necessary effectuate the spirit and intent of the transaction.

15.    The Court shall retain jurisdiction over all matters arising from or related to the PSA, the implementation thereof and this Order to resolve any disputes arising under or related to the foregoing.

_____
HON. MADELINE COX ARLEO, U.S.D.J.

4-28-21

14

# EXHIBIT A

## DISTRIBUTION SCHEDULE[1]

**Properties**: 95 Jewell Street, Garfield, New Jersey
**Owner**: Raleigh Norse Management LLC
**Purchase Price**: $675,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Amherst Pierpoint Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 | Satisfaction of First Priority Mortgage/ UCC Financing Statements/Lis Pendens and Mortgagee's Legal Fees ($997,932.91 as of 5/31/21) | The lesser of $997,932.91, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver and Broker |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs ($44,633.34 as of 6/7/21), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($3,356.21 as of 5/31/21) | $47,989.55 |
| Gebroe-Hammer Associates | Brokerage Commission | $33,750.00 |
| Riverside Abstract, LLC, as agent for Old Republic National Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |

---

[1] All projected distribution amounts in this **Exhibit A** are based upon the sales price for the Subject Properties, and payoff statements, including the fees, expenses, and costs of any Interested Party. The payoff amounts are subject to change up to and including the date of the Closing.

|         |  |     |
|---------|--|-----|
| Surplus |  | n/a |

**Properties**: (1) 77 Prospect Street, Garfield, New Jersey;
              (2) 123 Pierre Avenue, Garfield, New Jersey; and
              (3) 132 Jewell Street a/k/a 113-115 Banta Avenue, Garfield, New Jersey

**Owner**: Garfield Norse LLC

**Purchase Price**: $3,775,000.00

|  |  |
|---|---|
| *Purchase Price for 77 Prospect Street:* | $1,615,000 |
| *Purchase Price for 123 Pierre Avenue:* | $810,000.00 |
| *Purchase Price for 132 Jewell Street:* | $1,350,000.00 |

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57 | Satisfaction of First Priority Mortgage/ UCC Financing Statements/Lis Pendens and Mortgagee's Legal Fees ($4,225,997.66 as of 5/27/21) | The lesser of $4,225,997.66 or all net proceeds after satisfaction of closing costs and sums owed to the Receiver and Broker, and the credit to the Purchaser |
| Colliers International NJ LLC | Court-appointed Receiver's Management Fees and Operating Expenses/Costs as to all three properties ($4,679.35 as of 6/7/21), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($19,715.71 as of 5/31/21) | $24,395.06 |
| Gebroe-Hammer Associates | Brokerage Commission as to (i) 77 Prospect ($48,450.00), (ii) 123 Pierre ($24,300.00), and (iii) 132 Jewell St. ($40,500.00) | $113,250.00 |
| Mount Prospect Properties, LLC, or its assignee | Credit to Purchaser pursuant to Amendments to PSA | $165,000.00 |

| Riverside Abstract, LLC, as agent for Old Republic National Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
|---|---|---|
| Surplus | | n/a |

## EXHIBIT B

### FORM OF DEED

Prepared By: _____

## QUIT CLAIM DEED

This Quit Claim Deed is made on _____, 20__,

**BETWEEN**

> **COLLIERS INTERNATIONAL NJ LLC, IN ITS CAPACITY AS THE COURT-APPOINTED RECEIVER** pursuant to that certain Amended Preliminary Injunction and Receivership Order, entered on December 4, 2019, in (i) *Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Amherst Pierpoint Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59, et al., v. Levine, et al.,* Civil Action No. 19-cv-17866-MCA-LDW; and (ii) *U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-sb51, et al. v. Englewood Funding, LLC. et al.,* Civil Action No. 19-cv-17865-MCA-LDW (the "Receivership Order"), having an address of _____, referred to as

> **GRANTOR**

**AND** _____, a _____, having an address of _____, referred to as

### GRANTEE

The word "Grantee" shall mean all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of _____ DOLLARS ($_____). The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of _____

Block No.  Lot No.                              Account No.

☐  No property tax identification number is available on the date of this Deed.  (check box if applicable.)

          **Property.**  The property consists of the land in the _____, County of _____ and State of New Jersey.  The legal description is:

See Legal Description annexed hereto as Schedule "A" and made a part hereof.

          **Type of Deed.**  This Deed is called a Quitclaim Deed.  The Grantor makes no promises as to ownership or title, but simply transfers whatever interest the Grantor has to the Grantee, subject to all matters listed on Schedule "B" attached hereto and made a part hereof.

          **Authority.**  Grantor's authority to execute and deliver this Deed is given pursuant to that certain [_____], entered by the [_____] on [_____], 20__[1], entered in (i) *Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Amherst Pierpoint Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59, et al., v. Levine, et al.,* Civil Action No. 19-cv-17866-MCA-LDW; and (ii) *U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-sb51, et al. v. Englewood Funding, LLC, et al.,* Civil Action No. 19-cv-17865-MCA-LDW, and Grantor's execution and delivery of this Deed is strictly in its capacity as receiver pursuant to the Receivership Order.

[SIGNATURE ON FOLLOWING PAGE]

---

[1] Insert information related to the Sale Order.

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page. If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed.

WITNESSED BY:

**COLLIERS INTERNATIONAL NJ LLC, IN ITS CAPACITY AS THE COURT-APPOINTED RECEIVER** pursuant to that certain Amended Preliminary Injunction and Receivership Order, entered on December 4, 2019, in *(i) Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Amherst Pierpoint Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59, et al., v. Levine, et al., Civil Action No. 19-cv-17866-MCA-LDW; and (ii) U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-sb51, et al. v. Englewood Funding, LLC, et al., Civil Action No. 19-cv-17865-MCA-LDW*

_____

By: _____

     Name:
     Title:

STATE OF NEW JERSEY
COUNTY OF _____ SS.:

I CERTIFY that on _____, 20____, _____, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a)    was the maker of the attached Deed;

(b)    was authorized to and did execute this Deed as _____ of Colliers International NJ LLC, the Court-Appointed Receiver for the Property, pursuant to the Receivership Order, the Grantor named in this Deed;

(c)    signed, sealed and delivered this Deed as his or her voluntary act and deed;

(d)    made this Deed for $_____ as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5).


_____

Notary Public

**RECORD & RETURN TO:**

_____

_____

_____

## EXHIBIT C

## SCHEDULE OF PURPORTED LIENS, CLAIMS, AND ENCUMBRANCES IDENTIFIED IN TITLE COMMITMENTS

**Property**: 95 Jewell Street, Garfield, New Jersey
**Owner**: Raleigh Norse Management LLC

| Interested Party | Nature of Interest |
|---|---|
| Wells Fargo Bank, National Association, as Trustee for the Registered Holders of Amherst Pierpoint Commercial Mortgage Securities, LLC, Multifamily Mortgage Pass-Through Certificates, Series 2019-SB59 ("Wells") | (i) Mortgage made by Raleigh Norse Management LLC to Wells, successor in interest to Red Mortgage Capital, LLC, dated 9/28/18 and recorded on 11/15/18 in Book V3108, Page 970, in the amount of $704,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 11/15/18 in Book V3108, Page 994, and 2/12/19 in Book V3217, Page 140; and (ii) Notice of Lis Pendens recorded on 3/18/20, in Book V3548, Page 752 |
| Federal Home Loan Mortgage Corporation | UCC Financing Statement made by Raleigh Norse Management LLC, as debtor, to Federal Home Loan Mortgage Corporation, recorded on 11/15/18 in Book V3108, Page 998 |
| Law Offices of David Fleischmann, P.C. | Declaration of Restrictions dated 8/7/18, and recorded on 8/27/18, in Deed Book V3038, Page 1125 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | Any judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 123 Pierre Avenue, Garfield, New Jersey
**Owner**: Garfield Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57 ("US Bank") | (i) Mortgage made by Garfield Norse, LLC to US Bank, successor in interest to Red Mortgage Capital, LLC, dated 6/29/18 and recorded on 7/12/18 in Mortgage Book V2995, Page 1307, in the amount of $3,450,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 7/12/18 in Book V2995, Page 1332, and on 4/16/19 in Book V3222, Page 99; (ii) UCC Financing Statement made by Garfield Norse, LLC, as debtor, to US Bank, successor in interest to Federal Home Loan Mortgage Corporation, filed on 7/12/18 in Book V2995, Page 1337, as Instrument No. 18-049628.02, as modified and/or assigned pursuant to Assignment of Financing Statement filed on 4/6/19 in Book V3222, Page 105, as Instrument No. 19-023798.01; and (iii) Lis Pendens recorded in the Bergen County Clerk/Register's office in Book V3569, Page 1443 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, in the amount of $356.89; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 132 Jewell Street a/k/a 113-115 Banta Avenue, Garfield, New Jersey
**Owner**: Garfield Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| U.S. Bank National Association, as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2018-SB57 ("US Bank") | (i) Mortgage made by Garfield Norse, LLC to US Bank, successor in interest to Red Mortgage Capital, LLC, dated 6/29/18 and recorded on 7/12/18 in Mortgage Book V2995, Page 1307, in the amount of $3,450,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 7/12/18 in Book V2995, Page 1332, and on 4/16/19 in Book V3222, Page 99; (ii) UCC Financing Statement made by Garfield Norse, LLC, as debtor, to US Bank, successor in interest to Federal Home Loan Mortgage Corporation, filed on 7/12/18 in Book V2995, Page 1337, as Instrument No. 18-049628.02, as modified and/or assigned pursuant to Assignment of Financing Statement filed on 4/6/19 in Book V3222, Page 105, as Instrument No. 19-023798.01; and (iii) Lis Pendens recorded in the Bergen County Clerk/Register's office in Book V3569, Page 1443 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, in the amount of $356.89; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |