SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------x

THREE LINE-NJ1, LLC,

              Plaintiff,

    v.

SETH LEVINE; BENTLEY NORSE LLC;
PA WATSON VENTURES, LLC; PARK
NATIONAL CAPITAL FUNDING LLC;
HERBET TEPFER; and ACTF II NEW
JERSEY LLC,

              Defendants.

------------------------------------------------x

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC., MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB51;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB55;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED

: Civil Action No. 19-cv-17421 (MCA)(LDW)

:
:
:
:
:
:

: **ORDER APPROVING THE RECEIVER'S**
: **SALE OF PROPERTIES FREE AND**
: **CLEAR, AUTHORIZING DISTRIBUTION**
: **OF SALES PROCEEDS, AND GRANTING**
: **OTHER RELATED RELIEF**

:
:
:
:
:
:

: Civil Action No. 19-cv-17865 (MCA)(LDW)

1

HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB57;

        :

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE SECURITIES
CORP. MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2018-SB58; and

        :

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF CREDIT
SUISSE FIRST BOSTON MORTGAGE
SECURITIES CORP. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2019-SB61;

        :

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE SECURITIES
CORP. MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2019-SB64;

        :

OREC NJ, LLC; and

        :

THREE LINE-NJ1, LLC,

        :

                      Plaintiffs,

               v.

LENOX TEMPLE LLC, LENOX LIBERTY
LLC, LENOX HUDSON LLC,
HACKENSACK NORSE LLC,
ENGLEWOOD FUNDING LLC,
PLAINFIELD NORSE, LLC, POST
AVENUE VENTURES, LLC, FLR
VENTURES LLC, BROOKLAWN NORSE,
LLC, PENN NORSE LLC, GARFIELD
NORSE LLC, ELIZABETH NORSE LLC,

2

SUSSEX NORSE LLC, CLIFTON FL    :
VENTURES LLC, BAYONNE       :
BROADWAY NORSE LLC, 137-139 THIRD :
NORSE LLC, PASSAIC NORSE LLC,    :
PERTH NB VENTURES LLC, 2680     :
KENNEDY VENTURES LLC, FEDERAL  :
HOME LOAN MORTGAGE CORP., and   :
SETH LEVINE,                      :

                Defendants.   :

----------------------------------------------------------x

**THIS MATTER** having been opened to the Court by Sills Cummis & Gross P.C., attorneys for Colliers International NJ LLC, the Court-Appointed Receiver for the properties at issue in the referenced actions ("**Colliers**" or the "**Receiver**"), pursuant to this Court's Orders dated September 6, 2019 and September 12, 2019, and amended by Orders entered on December 4, 2019 (together, the "**Receiver Order**"), and May 29, 2020 (the "**Sales Procedures Order**"), for an Order: (i) approving the Receiver's sale of the properties owned by (1) Defendant Englewood Funding LLC ("**Englewood Funding**"), located at 191 First Street, Englewood, New Jersey 07631, also known as Block 2115, Lot 15 on the tax map of the City of Englewood (the "**Englewood Funding Property**"), (2) Defendant FLR Ventures LLC ("**FLR Ventures**"), located at 159 Fort Lee Road, Teaneck, New Jersey 07666, also known as Block 3301, Lot 4 on the tax map of the Township of Teaneck (the "**FLR Ventures Property**"), (3) Defendant PA Watson Ventures LLC ("**PA Watson**"), located at 314-320 Watson Avenue, Perth Amboy, New Jersey 08861, also known as Block 116, Lot 45 on the tax map of the City of Perth Amboy (the "**PA Watson Property**"), (4) Defendant Perth NB Ventures ("**Perth NB**"), located at 352-354 New Brunswick Avenue, Perth Amboy, New Jersey 08861, also known as Block 173, Lot 53 on the tax map of the City of Perth Amboy (the "**Perth NB Property**"), (5) Defendant Clifton DL Ventures LLC ("**Clifton DL**"), located at (a) 286-288 Park Avenue, (b) 77 Randolph Avenue,

and (c) 190 Ackerman Avenue, Clifton, New Jersey 07011, also known, respectively, as Block 4.12, Lot 20, Block 4.12, Lot 11, and Block 4.03, Lot 60 on the tax map of the City of Clifton (the "**Clifton DL Properties**"), (6) Defendant 137-139 Third Norse LLC ("**137-139 Norse**"), located at 137-139 Third Street, Passaic, New Jersey 07055, also known as Block 1045, Lot 20 on the tax map of the City of Passaic (the "**137-139 Norse Property**"), (7) Defendant Post Avenue Ventures LLC ("**Post Avenue**"), located at 77 Hope Avenue, Passaic, New Jersey 07055, also known as Block 4089, Lot 14 on the tax map of the City of Passaic (the "**Post Avenue Property**"), and (8) Defendant Passaic Norse LLC ("**Passaic Norse**")[1], located at 60-62 Dayton Avenue and 15 Hobart Street, Passaic, New Jersey 07055, also known as Block 4056, Lot 1 on the tax map of the City of Passaic (the "**Passaic Norse Properties**")[2], together with any improvements thereon and appurtenances therefrom, free and clear of all liens, claims, and encumbrances of any party purporting to hold secured debt or any other interest in the Subject Properties ("**Interested Party/Parties**"); (ii) authorizing the Receiver to distribute the net proceeds from the aforementioned sale as set forth on the distribution schedules attached hereto as **Exhibit A**, subject to any changes in the payoff amounts owed to any Interested Party accruing through the date of the closing on the sale of the Subject Properties (the "**Closing**"), which will be reflected on a settlement statement issued in connection with the sale; and (iii) authorizing the Receiver to deposit any surplus proceeds into the Court; and notice of this motion to approve the sale of the Subject Properties free and clear, authorizing distribution of sale proceeds, and granting other related relief (the "**Motion**") having been duly served upon all

---

[1] Defendants Englewood Funding, FLR Ventures, PA Watson, Perth NB, Clifton DL, 137-139 Norse, Post Avenue, and Passaic Norse shall be referred to collectively herein as the "**Levine Defendants**").

[2] The Englewood Funding Property, FLR Ventures Property, PA Watson Property, Perth NB Property, Clifton DL Properties, 137-139 Norse Property, Post Avenue Property, and Passaic Norse Properties shall be referred to collectively herein as the "**Subject Properties**").

defendants in these actions, and all known parties alleging an interest in the Subject Properties; and the Court having considered the papers submitted in support of this Motion, and in opposition thereto, if any; and the Court having heard the arguments of counsel, if any; and this Court having determined that, based upon the foregoing, the Receiver is entitled to the requested relief; and for good cause shown:

IT IS on this _____ day of _____, 2022 FOUND AND DETERMINED, that:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

B.      The Court has jurisdiction over this matter and the transactions contemplated by this Order pursuant to Fed. R. Civ. P. 66, the Receiver Order, and the Sales Procedure Order.

C.      Proper, timely, and sufficient notice of the Receiver's Motion was provided pursuant to the Sales Procedure Order. No other or further notice of the Motion is necessary. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all Interested Parties, including: (i) all parties, if any, who are known to claim a lien, claim, or interest in or upon any of the Subject Properties; and (ii) all lienholders and/or creditors who have filed a Notice of Appearance in this action.

D.      The Motion afforded a full, fair and reasonable opportunity for any entity or person to make a competing bid for the Subject Properties. As demonstrated by the record, the Receiver has demonstrated the Subject Properties were adequately marketed and conducted the sales process in compliance with applicable law and industry standards, and in a manner that was non-collusive, fair and reasonable, and conducted in good faith.

E.      The Receiver has advanced a sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to: (i) sell the Subject Properties on the terms and

conditions set forth in the Agreement of Purchase and Sale, dated as of September 29, 2021 (the "**PSA**"), and as may be amended thereafter, between the Receiver, as seller, and Thomas Caleca, his designee, or his assignee, as purchaser (the "**Buyer**"); (ii) consummate all transactions contemplated by the PSA; and (iii) determine that the Buyer has provided sufficient proof of its financial ability to pay the purchase prices for the Subject Properties.

  F.  Consummation of the transactions contemplated by the PSA is in the best interests of the Plaintiff/First Priority Mortgagee for the Subject Properties, Three Line-NJ1, LLC, a New York Limited Liability Company ("**Three Line**" or "**Plaintiff**"), the Levine Defendants, the other named defendants, the estate, and other Interested Parties.

  G.  None of the Subject Properties are scheduled for Sheriff's Sale in connection with any State Court foreclosure action filed by a first mortgagee or other secured creditor of the Subject Properties.

  H.  The Receiver possesses the requisite authority to transfer the Subject Properties to the Buyer in accordance with this Order and the PSA.

  I.  The PSA: (i) was proposed and entered into in good faith after arm's-length negotiation by the parties; and (ii) the consideration to be provided by the Buyer pursuant to the PSA constitutes reasonably equivalent value and fair consideration for the Subject Properties.

  J.  Based upon the record, it appears that neither the Receiver nor the Buyer have engaged in any conduct that would cause or permit the PSA or any transfer, assignment or conveyance thereunder to be avoided or rescinded.

  K.  As a condition to the sale, the Buyer requires that the Subject Properties be sold to it free and clear of all liens and claims, other than those liabilities expressly assumed in the PSA.

L.      The Buyer is not a successor in interest to any of the Levine Defendants (as defined in the Sales Procedure Order), has not *de facto* or otherwise merged into any of the Levine Defendants, and is not a mere continuation or substantial continuation of, or alter ego of, any of the Levine Defendants.

M.      There is no common identity among the Buyer and any of the Levine Defendants' incorporators, officers or directors.

N.      The transfers of the Subject Properties as contemplated by the PSA: (i) are or will be legal, valid, and effective transfers of the Subject Properties in the receivership estate to the Buyer, and (ii) will vest in the Buyer all right, title, and interest of the Levine Defendants in and to all of the Subject Properties free and clear of all liens, claims, interests, and encumbrances.

O.      The Receiver may sell and transfer the Subject Properties to the Buyer free and clear of any and all interests in or liens, claims, or encumbrances upon the Subject Properties because all such Interested Parties: (i) have consented to the sale, or are deemed to have consented to the sale, by failing to object to the relief granted herein, (ii) could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interests, liens, claims, or encumbrances, or (iii) otherwise waived any purported right to challenge the sale.

P.      If any objections and/or responses to the Motion or the relief sought therein were asserted, such objections either have been rendered moot, resolved, or overruled, in whole or in part, in accordance with the findings, terms, and provisions of this Order.

Q.      Immediately upon the entry of this Order, this Order will constitute a final and appealable order with respect to the Subject Properties.  The Court finds that there is no just reason for delay in the implementation of this Order, and the Closing of the sale of the Subject

Properties pursuant to the PSA may occur as soon as all the conditions precedent to such Closing have been satisfied or waived in accordance with the terms and conditions of the PSA.

**NOW THEREFORE**, IT IS ORDERED and ADJUDGED as follows:

1. The Receiver's Motion is GRANTED in its entirety. *at ecf No. 75*

2. All Interested Parties have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated in the record, all such objections are hereby overruled.

3. In accordance with the Sales Procedure Order, the terms and conditions of the PSA (including all exhibits and schedules thereto, and all amendments and related agreements) are hereby approved in all respects, and the Receiver is hereby authorized and empowered to: (i) close on a sale of the Subject Properties to Buyer, or its designee, for the amounts identified in the PSA, (ii) transfer title to the Subject Properties at such a Closing, and (iii) execute deeds substantially in the form attached hereto as **Exhibit B** and all other Closing documents as required to accomplish the foregoing.

4. In accordance with the Sales Procedure Order and *N.J.S.A.* 2A:50-31, the Subject Properties are to be sold and transferred by the Receiver pursuant to this Order, and shall be sold and transferred free and clear of all liens, claims, encumbrances, and interests, which are more fully set forth in **Exhibit C,** each of which shall be deemed discharged and of no further force or effect as to the Subject Properties following the Closing on such sale to the extent and with the same legal effect as if the Subject Properties had been sold at a foreclosure sale pursuant to a writ of execution, including the discharge from the Subject Properties of: (i) all liens, encumbrances, claims, security interests, and other interests that are junior in priority to Plaintiff's respective

mortgage liens and security interests; (ii) all equity or rights of redemption; and (iii) Plaintiff's respective mortgage liens and security interests, provided, however, that Plaintiff's mortgage liens and security interests shall only be discharged upon receipt by Three Line of the amounts set forth on **Exhibit A** attached hereto, as such amounts may be reasonably updated by Plaintiff and/or the Receiver prior to Closing. Except as may be expressly permitted by the PSA, and subject to any Interested Party's right to seek a distribution from any surplus funds deposited with the Court, all persons holding any liens, claims, encumbrances or interest of any kind and nature with respect to the Subject Properties are hereby barred from asserting such against the Buyer, its affiliates or designees, officers, directors, employees, agents, successors or assigns or their respective properties, including, without limitation, the Subject Properties.

5.    The proceeds of the sale, net of all ordinary and necessary Closing costs (including, without limitation, payment of the Receiver's and its counsel's fees and costs, real estate taxes and other municipal liens, all broker's commissions and expenses, and all other typical closing costs) shall be distributed at the Closing on the Receiver's sale of the Subject Properties in accordance with the distribution schedule annexed hereto as **Exhibit A**, subject to any additional amounts necessary to satisfy the secured lien/claim of any Interested Party accruing through the date of the Closing, including any amount the Receiver deems, in its discretion, appropriate as a holdback to pay any unbilled costs or expenses that accrued in connection with the Subject Properties during its receivership or may accrue during the closing or post-closing to address related issues. The Buyer shall not be responsible to satisfy any of the Receiver's or its counsel's fees and costs subsequent to the Closing. Pursuant to Paragraph 12 of the Sales Procedure Order, the Receiver shall deposit any surplus proceeds with the Court, which

shall be distributed by the Court, upon application of any Interested Party, in accordance with the amount and priority of the liens and encumbrances on the Subject Properties.

6.      From and after the Closing, all filing and recording officers are hereby authorized and directed to remove or expunge of record any and all liens, claims, encumbrances or other interests that were of record immediately prior to the Closing with respect to any of the Subject Properties. Parties with an interest in the Subject Properties are directed to execute such documents and take all other action as may be necessary to release their liens, claims, encumbrances or other interest on or against the Subject Properties. If any person that has filed financing statements or other documents or agreements evidencing liens or encumbrances on the Subject Properties shall not have delivered to the Buyer on or before five (5) days after the Closing, in proper form for filing and executed by the proper parties, termination statements, instruments of satisfaction, releases of all liens or other interests which the person has with respect to the Subject Properties, the Receiver and/or the Buyer are authorized to execute and file all such statements, instruments, releases and other documents on behalf of such person with respect to the Subject Properties, and may file or record, as necessary, with the appropriate County Clerk's and/or recorder's office. This Order may be (but shall be required to be) recorded with the County Clerk's and/or recorder's office in which any of the Subject Properties are located by any party to this action, or the Buyer, in accordance with *N.J.S.A.* 46:16-1.1.

7.      If, pursuant to *N.J.S.A.* 54:32B-22C and *N.J.S.A.* 54:50-38 (the "**Bulk Sales Law**"), the Buyer has filed a Notification of Sale, Transfer, or Assignment in Bulk (C-9600) ("**Notification**") with the Director of the Division of Taxation in the Department of the Treasury of the State of New Jersey, Bulk Sale Section (the "**Department**"), the Department shall recognize the Receiver, as seller, under the PSA. As such, the Department shall not require that

any portion of the sale proceeds of Closing be held in escrow as may otherwise be required under the Bulk Sales Law, and shall issue a clearance letter to the Buyer within ten (10) business days after the Department's receipt of the Notification pursuant to the Bulk Sales Law.

8.      Pursuant to *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8, the Receiver, as seller, is exempt from the Realty Transfer Fee, and Buyer is exempt from the so-called "Mansion Tax" upon the Closing of the sale transaction described in the PSA.

9.      This Order shall be binding upon the Receiver, the Plaintiff, the Levine Defendants, and all other named defendants or parties with an interest in the Subject Properties, and each of their successors and assigns and any affected third-parties, and all other persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Subject Properties. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Subject Properties to the Buyer and all licenses under the Receiver's or Levine Defendants' ownership necessary for the operation of any Subject Properties, and the county and state offices wherein terminations statements under the Uniform Commercial Code are authorized to be filed.

10. The Receiver shall be, and hereby is, deemed to be discharged as the court-appointed Receiver for the Subject Properties, only, upon the occurrence of: (i) consummation of the sale contemplated by this Order, and (ii) delivery of deeds for the Subject Properties to Buyer substantially in the form annexed hereto as Exhibit B, subject only to the Receiver's obligation to file, and the Court's approval of, the Receiver's final accounting as set forth in Paragraph 11 below. This Order does not affect or disturb the Receiver's appointment in connection with any other property governed by the Receiver Order.

11. Within thirty (30) days after the sale contemplated by this Order has consummated and title to the Subject Properties has transferred to Buyer, the Receiver shall be, and hereby is, directed to file with the Court and serve upon counsel for the Interested Parties the Receiver's final accounting. Objections, if any, to the final accounting shall be filed within five (5) business days thereafter. Absent an objection, the final accounting shall be deemed approved by the Court and the Receiver shall have no further obligations under the Receiver Order. If an objection is filed, the Court shall hold a hearing to resolve any issues.

12. Upon approval of the Receiver's final accounting, the Receiver's bond, if any, shall be terminated and all claims against the Receiver relating to the Subject Properties, the Receiver Order, or any other aspect of this or any of the related actions before the Court are barred.

13. Upon approval of the Receiver's final accounting, the Receiver shall be, and hereby is, directed to remit to Plaintiff all excess funds on hand with the Receiver under the Receiver Order, if any, after satisfying any fees, costs, or expenses outstanding for the receivership as to each of the Subject Properties. Upon termination of the Receiver under this Order, the Receiver shall not have any obligation to pay any expenses, outstanding payables, or

other liabilities related to the Subject Properties that accrue after the Closing, all of which shall be the sole and exclusive obligation of the Buyer.

14.    Notwithstanding anything herein to the contrary, the Receiver shall retain the right, power, and authority, in its capacity as the court-ordered Receiver, to execute and deliver any documents necessary to effectuate the Closing, and/or the transaction contemplated by the PSA, as may be reasonably necessary effectuate the spirit and intent of the transaction.

15.    The Court shall retain jurisdiction over all matters arising from or related to the PSA, the implementation thereof and this Order to resolve any disputes arising under or related to the foregoing.

HON. MADELINE COX ARLEO, U.S.D.J.

# EXHIBIT A

## DISTRIBUTION SCHEDULE[3]

**Property**:  191 First Street, Englewood, New Jersey
**Owner**:  Englewood Funding, LLC
**Purchase Price**: $3,630,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[4]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($3,387,568.78 as of 10/26/21) | The lesser of $3,387,568.78, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($54,756.92 as of 11/9/21), Brokerage Commission ($145,200.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($23,735.07 as of 10/31/21) | $223,691.99 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[3] All projected distribution amounts in this **Exhibit A** are based upon the sales price for the Subject Properties, and payoff statements, including the fees, expenses, and costs of any Interested Party. The payoff amounts are subject to change up to and including the date of the Closing.
[4] Per diem interest: $650.13

**Properties**:    159 Fort Lee Road, Teaneck, New Jersey
**Owner**: FLR Ventures LLC
**Purchase Price**: $1,540,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[5]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,420,162.93 as of 10/26/21) | The lesser of $1,420,162.93, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($111,934.20 as of 11/9/21), Brokerage Commission ($61,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($36,089.76 as of 10/31/21) | $209,623.96 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[5] Per diem interest: $266.87

**Properties**:  286-288 Parker Avenue, 77 Randolph Avenue, and 190 Ackerman Avenue, Clifton, New Jersey
**Owner**:  Clifton DL Ventures LLC
**Purchase Price**:  (i) 266-288 Parker Avenue and 77 Randolph Avenue: $2,233,180.00
(ii) 190 Ackerman Avenue: $1,057,820.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[6]/ UCC Financing Statements/ Lis Pendens and Legal Fees ($3,491,680.06 as of 10/26/21) | The lesser of $3,491,680.06, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($499.40 as of 11/9/21), Brokerage Commission as to 266-288 Parker Ave and 77 Randolph Ave. ($89,327.20), Brokerage Commission as to 190 Ackerman Ave. ($42,312.80) and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($26,329.54 as of 10/31/21) | $158,468.94 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[6] Per diem interest: $670.89

**Properties**:   137-139 Third Street, Passaic, New Jersey
**Owner**: 137-139 Third Norse LLC
**Purchase Price**: $1,440,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[7]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,191,701.51 as of 10/26/21) | The lesser of $1,191,701.51, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| J&J Capital Realty Associates LLC | Satisfaction and Discharge of Second Priority Mortgage ($1,094,499.00 as of 10/5/21) | The lesser of $1,094,499.00 or remaining net proceeds after satisfaction of First Priority Mortgage, closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($0.00 as of 11/3/21), Brokerage Commission ($57,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($8,569.56 as of 10/31/21) | $66,169.56 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |

---

[7] Per diem interest: $229.23.

| Surplus | | n/a |
| --- | --- | --- |

**Properties**:   77 Hope Avenue, Passaic, New Jersey
**Owner**: Post Avenue Ventures, LLC
**Purchase Price**: $1,040,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[8]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,009,709.55 as of 10/26/21) | The lesser of $1,009,709.55, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($0.00 as of 10/1/21), Brokerage Commission ($41,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($19,869.54 as of 10/31/21) | $61,469.54 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[8] Per diem interest: $94.29

**Properties**:    60-62 Dayton Avenue and 15 Hobart Street, Passaic, New Jersey
**Owner**:  Passaic Norse LLC
**Purchase Price**: $2,480,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[9]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($2,480,483.38 as of 10/26/21) | The lesser of $2,480,483.38, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs (<$1,601.54> as of 10/8/21), Brokerage Commission ($99,200.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($6,724.75 as of 10/31/21) | $104,323.21 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[9] Per diem interest: $472.16.

**Properties**:   314-320 Watson Avenue, Perth Amboy, New Jersey
**Owner**: PA Watson Ventures, LLC
**Purchase Price**: $2,090,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[10]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,956,168.96 as of 10/26/21) | The lesser of $1,956,168.96, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($62,148.75 as of 11/3/21), Brokerage Commission ($83,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($14,031.14 as of 10/31/21) | $159,779.89 |
| Town Tile Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[10] Per diem interest: $190.18

**Property**:     352-354 New Brunswick Ave., Perth Amboy, New Jersey
**Owner**:  Perth NB Ventures LLC
**Purchase Price**: $1,550,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[11]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,444,670.11 as of 10/26/21) | The lesser of $1,444,670.11, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($0.00 as of 10/1/21), Brokerage Commission ($62,200.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($16,436.93 as of 10/31/21) | $78,636.93 |
| Town Tile Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[11] Per diem interest: $284.34

SILLS CUMMIS & GROSS P.C.
Jaimee Katz Sussner, Esq.
Joshua N. Howley, Esq.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
*Attorneys for Court-Appointed Receiver*
*Colliers International NJ, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------- x

THREE LINE-NJ1, LLC,

                Plaintiff,

           v.

SETH LEVINE; BENTLEY NORSE LLC;
PA WATSON VENTURES, LLC; PARK
NATIONAL CAPITAL FUNDING LLC;
HERBET TEPFER; and ACTF II NEW
JERSEY LLC,

                Defendants.

-------------------------------------------------------- x

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC., MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB51;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB55;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED

: Civil Action No. 19-cv-17421 (MCA)(LDW)
:
:
:
:
:
:
:
:
: **ORDER APPROVING THE RECEIVER'S**
: **SALE OF PROPERTIES FREE AND**
: **CLEAR, AUTHORIZING DISTRIBUTION**
: **OF SALES PROCEEDS, AND GRANTING**
: **OTHER RELATED RELIEF**
:
:
:
:
:
:
: Civil Action No. 19-cv-17865 (MCA)(LDW)
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

1

HOLDERS OF WELLS FARGO
COMMERCIAL MORTGAGE
SECURITIES, INC. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2018-SB57;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE SECURITIES
CORP. MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES SERIES
2018-SB58; and

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF CREDIT
SUISSE FIRST BOSTON MORTGAGE
SECURITIES CORP. MULTIFAMILY
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2019-SB61;

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF J.P. MORGAN CHASE
COMMERCIAL MORTGAGE SECURITIES
CORP. MULTIFAMILY MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2019-SB64;

OREC NJ, LLC; and

THREE LINE-NJ1, LLC,

                              Plaintiffs,

              v.

LENOX TEMPLE LLC, LENOX LIBERTY
LLC, LENOX HUDSON LLC,
HACKENSACK NORSE LLC,
ENGLEWOOD FUNDING LLC,
PLAINFIELD NORSE, LLC, POST
AVENUE VENTURES, LLC, FLR
VENTURES LLC, BROOKLAWN NORSE,
LLC, PENN NORSE LLC, GARFIELD
NORSE LLC, ELIZABETH NORSE LLC,

2

SUSSEX NORSE LLC, CLIFTON FL          :
VENTURES LLC, BAYONNE                 :
BROADWAY NORSE LLC, 137-139 THIRD     :
NORSE LLC, PASSAIC NORSE LLC,         :
PERTH NB VENTURES LLC, 2680           :
KENNEDY VENTURES LLC, FEDERAL         :
HOME LOAN MORTGAGE CORP., and         :
SETH LEVINE,                          :
                                      :
                  Defendants.         :
---------------------------------------------------x

**THIS MATTER** having been opened to the Court by Sills Cummis & Gross P.C.,

attorneys for Colliers International NJ LLC, the Court-Appointed Receiver for the properties at

issue in the referenced actions ("**Colliers**" or the "**Receiver**"), pursuant to this Court's Orders

dated September 6, 2019 and September 12, 2019, and amended by Orders entered on December

4, 2019 (together, the "**Receiver Order**"), and May 29, 2020 (the "**Sales Procedures Order**"),

for an Order: (i) approving the Receiver's sale of the properties owned by (1) Defendant

Englewood Funding LLC ("**Englewood Funding**"), located at 191 First Street, Englewood, New

Jersey 07631, also known as Block 2115, Lot 15 on the tax map of the City of Englewood (the

"**Englewood Funding Property**"), (2) Defendant FLR Ventures LLC ("**FLR Ventures**"),

located at 159 Fort Lee Road, Teaneck, New Jersey 07666, also known as Block 3301, Lot 4 on

the tax map of the Township of Teaneck (the "**FLR Ventures Property**"), (3) Defendant PA

Watson Ventures LLC ("**PA Watson**"), located at 314-320 Watson Avenue, Perth Amboy, New

Jersey 08861, also known as Block 116, Lot 45 on the tax map of the City of Perth Amboy (the

"**PA Watson Property**"), (4) Defendant Perth NB Ventures ("**Perth NB**"), located at 352-354

New Brunswick Avenue, Perth Amboy, New Jersey 08861, also known as Block 173, Lot 53 on

the tax map of the City of Perth Amboy (the "**Perth NB Property**"), (5) Defendant Clifton DL

Ventures LLC ("**Clifton DL**"), located at (a) 286-288 Park Avenue, (b) 77 Randolph Avenue,

3

and (c) 190 Ackerman Avenue, Clifton, New Jersey 07011, also known, respectively, as Block 4.12, Lot 20, Block 4.12, Lot 11, and Block 4.03, Lot 60 on the tax map of the City of Clifton (the "**Clifton DL Properties**"), (6) Defendant 137-139 Third Norse LLC ("**137-139 Norse**"), located at 137-139 Third Street, Passaic, New Jersey 07055, also known as Block 1045, Lot 20 on the tax map of the City of Passaic (the "**137-139 Norse Property**"), (7) Defendant Post Avenue Ventures LLC ("**Post Avenue**"), located at 77 Hope Avenue, Passaic, New Jersey 07055, also known as Block 4089, Lot 14 on the tax map of the City of Passaic (the "**Post Avenue Property**"), and (8) Defendant Passaic Norse LLC ("**Passaic Norse**")[1], located at 60-62 Dayton Avenue and 15 Hobart Street, Passaic, New Jersey 07055, also known as Block 4056, Lot 1 on the tax map of the City of Passaic (the "**Passaic Norse Properties**")[2], together with any improvements thereon and appurtenances therefrom, free and clear of all liens, claims, and encumbrances of any party purporting to hold secured debt or any other interest in the Subject Properties ("**Interested Party/Parties**"); (ii) authorizing the Receiver to distribute the net proceeds from the aforementioned sale as set forth on the distribution schedules attached hereto as **Exhibit A**, subject to any changes in the payoff amounts owed to any Interested Party accruing through the date of the closing on the sale of the Subject Properties (the "**Closing**"), which will be reflected on a settlement statement issued in connection with the sale; and (iii) authorizing the Receiver to deposit any surplus proceeds into the Court; and notice of this motion to approve the sale of the Subject Properties free and clear, authorizing distribution of sale proceeds, and granting other related relief (the "**Motion**") having been duly served upon all

---

[1] Defendants Englewood Funding, FLR Ventures, PA Watson, Perth NB, Clifton DL, 137-139 Norse, Post Avenue, and Passaic Norse shall be referred to collectively herein as the "**Levine Defendants**").

[2] The Englewood Funding Property, FLR Ventures Property, PA Watson Property, Perth NB Property, Clifton DL Properties, 137-139 Norse Property, Post Avenue Property, and Passaic Norse Properties shall be referred to collectively herein as the "**Subject Properties**").

defendants in these actions, and all known parties alleging an interest in the Subject Properties; and the Court having considered the papers submitted in support of this Motion, and in opposition thereto, if any; and the Court having heard the arguments of counsel, if any; and this Court having determined that, based upon the foregoing, the Receiver is entitled to the requested relief; and for good cause shown:

IT IS on this ___ day of _____, 2021 FOUND AND DETERMINED, that:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a).

B.      The Court has jurisdiction over this matter and the transactions contemplated by this Order pursuant to Fed. R. Civ. P. 66, the Receiver Order, and the Sales Procedure Order.

C.      Proper, timely, and sufficient notice of the Receiver's Motion was provided pursuant to the Sales Procedure Order. No other or further notice of the Motion is necessary. A reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all Interested Parties, including: (i) all parties, if any, who are known to claim a lien, claim, or interest in or upon any of the Subject Properties; and (ii) all lienholders and/or creditors who have filed a Notice of Appearance in this action.

D.      The Motion afforded a full, fair and reasonable opportunity for any entity or person to make a competing bid for the Subject Properties. As demonstrated by the record, the Receiver has demonstrated the Subject Properties were adequately marketed and conducted the sales process in compliance with applicable law and industry standards, and in a manner that was non-collusive, fair and reasonable, and conducted in good faith.

E.      The Receiver has advanced a sound and sufficient business justification, and it is a reasonable exercise of its business judgment, to: (i) sell the Subject Properties on the terms and

conditions set forth in the Agreement of Purchase and Sale, dated as of September 29, 2021 (the "**PSA**"), and as may be amended thereafter, between the Receiver, as seller, and Thomas Caleca, his designee, or his assignee, as purchaser (the "**Buyer**"); (ii) consummate all transactions contemplated by the PSA; and (iii) determine that the Buyer has provided sufficient proof of its financial ability to pay the purchase prices for the Subject Properties.

F.      Consummation of the transactions contemplated by the PSA is in the best interests of the Plaintiff/First Priority Mortgagee for the Subject Properties, Three Line-NJ1, LLC, a New York Limited Liability Company ("**Three Line**" or "**Plaintiff**"), the Levine Defendants, the other named defendants, the estate, and other Interested Parties.

G.      None of the Subject Properties are scheduled for Sheriff's Sale in connection with any State Court foreclosure action filed by a first mortgagee or other secured creditor of the Subject Properties.

H.      The Receiver possesses the requisite authority to transfer the Subject Properties to the Buyer in accordance with this Order and the PSA.

I.      The PSA: (i) was proposed and entered into in good faith after arm's-length negotiation by the parties; and (ii) the consideration to be provided by the Buyer pursuant to the PSA constitutes reasonably equivalent value and fair consideration for the Subject Properties.

J.      Based upon the record, it appears that neither the Receiver nor the Buyer have engaged in any conduct that would cause or permit the PSA or any transfer, assignment or conveyance thereunder to be avoided or rescinded.

K.      As a condition to the sale, the Buyer requires that the Subject Properties be sold to it free and clear of all liens and claims, other than those liabilities expressly assumed in the PSA.

L.      The Buyer is not a successor in interest to any of the Levine Defendants (as defined in the Sales Procedure Order), has not *de facto* or otherwise merged into any of the Levine Defendants, and is not a mere continuation or substantial continuation of, or alter ego of, any of the Levine Defendants.

M.      There is no common identity among the Buyer and any of the Levine Defendants' incorporators, officers or directors.

N.      The transfers of the Subject Properties as contemplated by the PSA: (i) are or will be legal, valid, and effective transfers of the Subject Properties in the receivership estate to the Buyer, and (ii) will vest in the Buyer all right, title, and interest of the Levine Defendants in and to all of the Subject Properties free and clear of all liens, claims, interests, and encumbrances.

O.      The Receiver may sell and transfer the Subject Properties to the Buyer free and clear of any and all interests in or liens, claims, or encumbrances upon the Subject Properties because all such Interested Parties: (i) have consented to the sale, or are deemed to have consented to the sale, by failing to object to the relief granted herein, (ii) could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of such interests, liens, claims, or encumbrances, or (iii) otherwise waived any purported right to challenge the sale.

P.      If any objections and/or responses to the Motion or the relief sought therein were asserted, such objections either have been rendered moot, resolved, or overruled, in whole or in part, in accordance with the findings, terms, and provisions of this Order.

Q.      Immediately upon the entry of this Order, this Order will constitute a final and appealable order with respect to the Subject Properties.  The Court finds that there is no just reason for delay in the implementation of this Order, and the Closing of the sale of the Subject

Properties pursuant to the PSA may occur as soon as all the conditions precedent to such Closing have been satisfied or waived in accordance with the terms and conditions of the PSA.

**NOW THEREFORE**, IT IS ORDERED and ADJUDGED as follows:

1.      The Receiver's Motion is GRANTED in its entirety.

2.      All Interested Parties have had the opportunity to object to the relief granted by this Order and, to the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated in the record, all such objections are hereby overruled.

3.      In accordance with the Sales Procedure Order, the terms and conditions of the PSA (including all exhibits and schedules thereto, and all amendments and related agreements) are hereby approved in all respects, and the Receiver is hereby authorized and empowered to: (i) close on a sale of the Subject Properties to Buyer, or its designee, for the amounts identified in the PSA, (ii) transfer title to the Subject Properties at such a Closing, and (iii) execute deeds substantially in the form attached hereto as **Exhibit B** and all other Closing documents as required to accomplish the foregoing.

4.      In accordance with the Sales Procedure Order and *N.J.S.A.* 2A:50-31, the Subject Properties are to be sold and transferred by the Receiver pursuant to this Order, and shall be sold and transferred free and clear of all liens, claims, encumbrances, and interests, which are more fully set forth in **Exhibit C,** each of which shall be deemed discharged and of no further force or effect as to the Subject Properties following the Closing on such sale to the extent and with the same legal effect as if the Subject Properties had been sold at a foreclosure sale pursuant to a writ of execution, including the discharge from the Subject Properties of: (i) all liens, encumbrances, claims, security interests, and other interests that are junior in priority to Plaintiff's respective

8

mortgage liens and security interests; (ii) all equity or rights of redemption; and (iii) Plaintiff's respective mortgage liens and security interests, provided, however, that Plaintiff's mortgage liens and security interests shall only be discharged upon receipt by Three Line of the amounts set forth on **Exhibit A** attached hereto, as such amounts may be reasonably updated by Plaintiff and/or the Receiver prior to Closing. Except as may be expressly permitted by the PSA, and subject to any Interested Party's right to seek a distribution from any surplus funds deposited with the Court, all persons holding any liens, claims, encumbrances or interest of any kind and nature with respect to the Subject Properties are hereby barred from asserting such against the Buyer, its affiliates or designees, officers, directors, employees, agents, successors or assigns or their respective properties, including, without limitation, the Subject Properties.

5.      The proceeds of the sale, net of all ordinary and necessary Closing costs (including, without limitation, payment of the Receiver's and its counsel's fees and costs, real estate taxes and other municipal liens, all broker's commissions and expenses, and all other typical closing costs) shall be distributed at the Closing on the Receiver's sale of the Subject Properties in accordance with the distribution schedule annexed hereto as **Exhibit A**, subject to any additional amounts necessary to satisfy the secured lien/claim of any Interested Party accruing through the date of the Closing, including any amount the Receiver deems, in its discretion, appropriate as a holdback to pay any unbilled costs or expenses that accrued in connection with the Subject Properties during its receivership or may accrue during the closing or post-closing to address related issues. The Buyer shall not be responsible to satisfy any of the Receiver's or its counsel's fees and costs subsequent to the Closing. Pursuant to Paragraph 12 of the Sales Procedure Order, the Receiver shall deposit any surplus proceeds with the Court, which

shall be distributed by the Court, upon application of any Interested Party, in accordance with the amount and priority of the liens and encumbrances on the Subject Properties.

6.      From and after the Closing, all filing and recording officers are hereby authorized and directed to remove or expunge of record any and all liens, claims, encumbrances or other interests that were of record immediately prior to the Closing with respect to any of the Subject Properties. Parties with an interest in the Subject Properties are directed to execute such documents and take all other action as may be necessary to release their liens, claims, encumbrances or other interest on or against the Subject Properties. If any person that has filed financing statements or other documents or agreements evidencing liens or encumbrances on the Subject Properties shall not have delivered to the Buyer on or before five (5) days after the Closing, in proper form for filing and executed by the proper parties, termination statements, instruments of satisfaction, releases of all liens or other interests which the person has with respect to the Subject Properties, the Receiver and/or the Buyer are authorized to execute and file all such statements, instruments, releases and other documents on behalf of such person with respect to the Subject Properties, and may file or record, as necessary, with the appropriate County Clerk's and/or recorder's office. This Order may be (but shall be required to be) recorded with the County Clerk's and/or recorder's office in which any of the Subject Properties are located by any party to this action, or the Buyer, in accordance with *N.J.S.A.* 46:16-1.1.

7.      If, pursuant to *N.J.S.A.* 54:32B-22C and *N.J.S.A.* 54:50-38 (the "**Bulk Sales Law**"), the Buyer has filed a Notification of Sale, Transfer, or Assignment in Bulk (C-9600) ("**Notification**") with the Director of the Division of Taxation in the Department of the Treasury of the State of New Jersey, Bulk Sale Section (the "**Department**"), the Department shall recognize the Receiver, as seller, under the PSA. As such, the Department shall not require that

any portion of the sale proceeds of Closing be held in escrow as may otherwise be required under the Bulk Sales Law, and shall issue a clearance letter to the Buyer within ten (10) business days after the Department's receipt of the Notification pursuant to the Bulk Sales Law.

8.      Pursuant to *N.J.S.A.* 46:15-10 and *N.J.S.A.* 54A:8-8, the Receiver, as seller, is exempt from the Realty Transfer Fee, and Buyer is exempt from the so-called "Mansion Tax" upon the Closing of the sale transaction described in the PSA.

9.      This Order shall be binding upon the Receiver, the Plaintiff, the Levine Defendants, and all other named defendants or parties with an interest in the Subject Properties, and each of their successors and assigns and any affected third-parties, and all other persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons or entities who may be required by operation of law or by the duties of their office or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Subject Properties. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer the Subject Properties to the Buyer and all licenses under the Receiver's or Levine Defendants' ownership necessary for the operation of any Subject Properties, and the county and state offices wherein terminations statements under the Uniform Commercial Code are authorized to be filed.

10.     The Receiver shall be, and hereby is, deemed to be discharged as the court-appointed Receiver for the Subject Properties, only, upon the occurrence of: (i) consummation of the sale contemplated by this Order, and (ii) delivery of deeds for the Subject Properties to Buyer substantially in the form annexed hereto as Exhibit B, subject only to the Receiver's obligation to file, and the Court's approval of, the Receiver's final accounting as set forth in Paragraph 11 below. This Order does not affect or disturb the Receiver's appointment in connection with any other property governed by the Receiver Order.

11.     Within thirty (30) days after the sale contemplated by this Order has consummated and title to the Subject Properties has transferred to Buyer, the Receiver shall be, and hereby is, directed to file with the Court and serve upon counsel for the Interested Parties the Receiver's final accounting.  Objections, if any, to the final accounting shall be filed within five (5) business days thereafter. Absent an objection, the final accounting shall be deemed approved by the Court and the Receiver shall have no further obligations under the Receiver Order. If an objection is filed, the Court shall hold a hearing to resolve any issues.

12.     Upon approval of the Receiver's final accounting, the Receiver's bond, if any, shall be terminated and all claims against the Receiver relating to the Subject Properties, the Receiver Order, or any other aspect of this or any of the related actions before the Court are barred.

13.     Upon approval of the Receiver's final accounting, the Receiver shall be, and hereby is, directed to remit to Plaintiff all excess funds on hand with the Receiver under the Receiver Order, if any, after satisfying any fees, costs, or expenses outstanding for the receivership as to each of the Subject Properties. Upon termination of the Receiver under this Order, the Receiver shall not have any obligation to pay any expenses, outstanding payables, or

12

other liabilities related to the Subject Properties that accrue after the Closing, all of which shall be the sole and exclusive obligation of the Buyer.

14.    Notwithstanding anything herein to the contrary, the Receiver shall retain the right, power, and authority, in its capacity as the court-ordered Receiver, to execute and deliver any documents necessary to effectuate the Closing, and/or the transaction contemplated by the PSA, as may be reasonably necessary effectuate the spirit and intent of the transaction.

15.    The Court shall retain jurisdiction over all matters arising from or related to the PSA, the implementation thereof and this Order to resolve any disputes arising under or related to the foregoing.

_____

HON. MADELINE COX ARLEO, U.S.D.J.

## EXHIBIT A

## DISTRIBUTION SCHEDULE[3]

**Property**:  191 First Street, Englewood, New Jersey
**Owner**:  Englewood Funding, LLC
**Purchase Price**: $3,630,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[4]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($3,387,568.78 as of 10/26/21) | The lesser of $3,387,568.78, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($54,756.92 as of 11/9/21), Brokerage Commission ($145,200.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($23,735.07 as of 10/31/21) | $223,691.99 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[3] All projected distribution amounts in this **Exhibit A** are based upon the sales price for the Subject Properties, and payoff statements, including the fees, expenses, and costs of any Interested Party. The payoff amounts are subject to change up to and including the date of the Closing.
[4] Per diem interest: $650.13

**Properties**:    159 Fort Lee Road, Teaneck, New Jersey
**Owner**: FLR Ventures LLC
**Purchase Price**: $1,540,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[5]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,420,162.93 as of 10/26/21) | The lesser of $1,420,162.93, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($111,934.20 as of 11/9/21), Brokerage Commission ($61,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($36,089.76 as of 10/31/21) | $209,623.96 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[5] Per diem interest: $266.87

**Properties**: 286-288 Parker Avenue, 77 Randolph Avenue, and 190 Ackerman Avenue, Clifton, New Jersey
**Owner**: Clifton DL Ventures LLC
**Purchase Price**: (i) 266-288 Parker Avenue and 77 Randolph Avenue: $2,233,180.00
(ii) 190 Ackerman Avenue: $1,057,820.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC (“**Three Line**”) | Satisfaction and Discharge of Three Line's First Priority Mortgage[6]/ UCC Financing Statements/ Lis Pendens and Legal Fees ($3,491,680.06 as of 10/26/21) | The lesser of $3,491,680.06, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC (“**Receiver**”) | Receiver's Management Fees and Operating Expenses/Costs ($499.40 as of 11/9/21), Brokerage Commission as to 266-288 Parker Ave and 77 Randolph Ave. ($89,327.20), Brokerage Commission as to 190 Ackerman Ave. ($42,312.80) and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($26,329.54 as of 10/31/21) | $158,468.94 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[6] Per diem interest: $670.89

**Properties**:  137-139 Third Street, Passaic, New Jersey
**Owner**: 137-139 Third Norse LLC
**Purchase Price**: $1,440,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[7]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,191,701.51 as of 10/26/21) | The lesser of $1,191,701.51, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| J&J Capital Realty Associates LLC | Satisfaction and Discharge of Second Priority Mortgage ($1,094,499.00 as of 10/5/21) | The lesser of $1,094,499.00 or remaining net proceeds after satisfaction of First Priority Mortgage, closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($0.00 as of 11/3/21), Brokerage Commission ($57,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($8,569.56 as of 10/31/21) | $66,169.56 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |

---

[7] Per diem interest: $229.23.

| Surplus | | n/a |
|---------|---|-----|

**Properties**:   77 Hope Avenue, Passaic, New Jersey
**Owner**:  Post Avenue Ventures, LLC
**Purchase Price**: $1,040,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[8]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,009,709.55 as of 10/26/21) | The lesser of $1,009,709.55, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($0.00 as of 10/1/21), Brokerage Commission ($41,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($19,869.54 as of 10/31/21) | $61,469.54 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[8] Per diem interest: $94.29

**Properties**:    60-62 Dayton Avenue and 15 Hobart Street, Passaic, New Jersey
**Owner**:  Passaic Norse LLC
**Purchase Price**: $2,480,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[9]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($2,480,483.38 as of 10/26/21) | The lesser of $2,480,483.38, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs (<$1,601.54> as of 10/8/21), Brokerage Commission ($99,200.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($6,724.75 as of 10/31/21) | $104,323.21 |
| Town Title Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[9] Per diem interest: $472.16.

**Properties**:    314-320 Watson Avenue, Perth Amboy, New Jersey
**Owner**: PA Watson Ventures, LLC
**Purchase Price**: $2,090,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[10]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,956,168.96 as of 10/26/21) | The lesser of $1,956,168.96, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($62,148.75 as of 11/3/21), Brokerage Commission ($83,600.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($14,031.14 as of 10/31/21) | $159,779.89 |
| Town Tile Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[10] Per diem interest: $190.18

**Property**:    352-354 New Brunswick Ave., Perth Amboy, New Jersey
**Owner**: Perth NB Ventures LLC
**Purchase Price**: $1,550,000.00

| Payee | Basis for Distribution | Projected Distribution Amount |
|---|---|---|
| Three Line-NJ1, LLC ("**Three Line**") | Satisfaction and Discharge of Three Line's First Priority Mortgage[11]/ UCC Financing Statements/ Lis Pendens, and Legal Fees ($1,444,670.11 as of 10/26/21) | The lesser of $1,444,670.11, or all net proceeds after satisfaction of closing costs and sums owed to the Receiver |
| Colliers International NJ LLC ("**Receiver**") | Receiver's Management Fees and Operating Expenses/Costs ($0.00 as of 10/1/21), Brokerage Commission ($62,200.00), and Legal Fees/Expenses for Receiver's Court-appointed Counsel Sills Cummis & Gross PC ($16,436.93 as of 10/31/21) | $78,636.93 |
| Town Tile Agency, as agent for First American Title Insurance Company / closing fees and costs | Estimated closing fees/costs | $50,000.00 |
| Surplus | | n/a |

---

[11] Per diem interest: $284.34

## EXHIBIT B

**FORM OF DEED**

## QUIT CLAIM DEED

This Quit Claim Deed is made on _____, 20__,

**BETWEEN**

**COLLIERS INTERNATIONAL NJ LLC, IN ITS CAPACITY AS THE COURT-APPOINTED RECEIVER** pursuant to that certain Amended Preliminary Injunction and Receivership Order, entered on December 4, 2019, in [_____] (the "Receivership Order"), having an address of _____, referred to as

**GRANTOR**

**AND**    _____, a _____, having an address of _____, referred to as

**GRANTEE**

The word "Grantee" shall mean all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of _____ DOLLARS ($_____). The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of _____

Block No.  Lot No.                    Account No.

☐  No property tax identification number is available on the date of this Deed. (check box if applicable.)

**Property.** The property consists of the land in the _____, County of _____ and State of New Jersey. The legal description is:

See Legal Description annexed hereto as Schedule "A" and made a part hereof.

**Type of Deed.** This Deed is called a Quitclaim Deed.  The Grantor makes no promises as to ownership or title, but simply transfers whatever interest the Grantor has to the Grantee, subject to all matters listed on Schedule "B" attached hereto and made a part hereof.

**Authority**.  Grantor's authority to execute and deliver this Deed is given pursuant to that certain [_____], entered by the [_____] on [_____], 20__[1], entered in /_____/, and Grantor's execution and delivery of this Deed is strictly in its capacity as receiver pursuant to the Receivership Order.

[SIGNATURE ON FOLLOWING PAGE]

---

[1] Insert information related to the Sale Order.

**Signatures.** The Grantor signs this Deed as of the date at the top of the first page.  If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed.

WITNESSED BY:

**COLLIERS INTERNATIONAL NJ LLC, IN ITS CAPACITY AS THE COURT-APPOINTED RECEIVER** pursuant to that certain Amended Preliminary Injunction and Receivership Order, entered on December 4, 2019, in [_____]

_____

By: _____
      Name:
      Title:

STATE OF NEW JERSEY
COUNTY OF _____ SS.:

I CERTIFY that on _____, 20____, _____, personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a)    was the maker of the attached Deed;
(b)    was authorized to and did execute this Deed as _____ of Colliers International NJ LLC, the Court-Appointed Receiver for the Property, pursuant to the Receivership Order, the Grantor named in this Deed;
(c)    signed, sealed and delivered this Deed as his or her voluntary act and deed;
(d)    made this Deed for $_____ as the full and actual consideration paid or to be paid for the transfer of title.  (Such consideration is defined in N.J.S.A. 46:15-5).

_____
Notary Public

**RECORD & RETURN TO:**

_____
_____
_____

## EXHIBIT C

## SCHEDULE OF PURPORTED LIENS, CLAIMS, AND ENCUMBRANCES IDENTIFIED IN TITLE COMMITMENTS

**Property**:  191 First St., Englewood, New Jersey
**Owner**:  Englewood Funding, LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | (i) Mortgage, Assignment of Rents made by Englewood Funding, LLC to OREC, successor in interest to ORIX Real Estate Capital, LLC f/k/a Red Mortgage Capital, LLC, dated 2/13/19 and recorded on 2/20/19 in Book V3182, Page 1564, in the amount of $2,735,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 8/6/19 in Book V3314, Page 1560, and 3/23/20 in Book V3551, Page 1734, and 4/23/20 in Book V3579, Page 346, and 11/5/21 in Book V4442, Page 1869; (ii) Notice of Lis Pendens recorded on 8/20/20 in Book V3674, Page 1382; (iii) Final Judgment with respect to Docket No. F-6615-20; and (iv) UCC-1 Financing Statement recorded in Book V3182, Page 1592, and assigned in Book V3314, Page 1565; Book V3655, Page 140; Book V3655, Page 1165; and Book V3655, Page 1175. |
| Old Republic National Title Insurance Company ("Old Republic") | (i) Mortgage made by Englewood Funding, LLC to 191 Realty, LLC, dated 12/10/12 and recorded on 3/26/15 in Book V1896, Page 244, in the amount of $150,000.00, as modified and/or assigned to Old Republic pursuant to Assignment of Mortgage recorded on 9/17/20 in Book V3713, Page 1494; (ii) Subordination of Mortgage made by Old Republic to OREC NJ LLC, dated 2/8/21 and recorded on 4/12/21 in Book V4070, Page 1092; (iii) Notice of Lis Pendens recorded on 8/16/19 in Book V3324, Page 116; and (iv) Final Judgment with respect to Docket No. F-12768-19 |
| Madison Park Investors, LLC ("MPI") | (i) Mortgage made by Englewood Funding, LLC to MPI, dated 5/30/19, and recorded on 6/24/19 in Book V3274, Page 222, in the amount of $400,000.00; (ii) Assignment of Rents and Leases made by Englewood Funding, LLC to MPI recorded on 6/24/19 in Book V3274, Page 245; (iii) UCC-1 Financing Statement recorded in Book V3274, Page 255. |
| | |

| Greymorr LLC | Tax Sale Certificate No. 20-00112, dated 12/22/20, and recorded on 3/2/21 in Book V3988, Page 720 |
|---|---|
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against Englewood Funding LLC, in the amount of $3,329.37; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 159 Fort Lee Road, Teaneck, New Jersey
**Owner**: FLR Ventures LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | (i) Mortgage and Assignment of Rents and Leases made by FLR Ventures LLC to Three Line, successor in interest to Hunt Mortgage Partners, LLC, dated 7/24/18 and recorded on 10/9/18 in Book V3074, Page 2385, in the amount of $1,137,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 10/9/18 in Book V3074, Page 2140, and 1/28/19 in Book V3164, Page 1083, and 12/3/20 in Book V3847, Page 1656; and (ii) Notice of Lis Pendens recorded on 4/2/20, in Book V3560, Page 1962 |
| U.S. Bank N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58 ("US Bank") | UCC Financing Statement made by FLR Ventures LLC, as debtor, to U.S. Bank N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB58, successor in interest to Federal Home Loan Mortgage Corporation, recorded on 10/9/18 in Book V3074, Page 2415, as modified and/or assigned pursuant to Amended Financing Statement recorded on 1/28/19, in Book V3164, Page 1088 |
| Oritani Bank ("Oritani") | UCC Financing Statement made by FLR Ventures LLC, as debtor, to Oritani, recorded on 1/10/17 in Book V2499, Page 345 |
| Ali Tasaloti d/b/a Touchstone Tiling ("Touchstone") | Construction Notice made by FLR Ventures LLC, as debtor, to Touchstone, recorded on 8/19/19 in Book V3325, Page 1480 |
| Piazza & Associates, Inc. ("Agent") and Township of Teaneck | Deed-Restricted Affordable Housing Property with Restrictions on Resale and Financing between FLR Ventures, LLC to Agent, acting on behalf of the Township of Teaneck,  dated 112/19, and recorded 6/6/19, in Book V3260, Page 0817 |
| Bureau of Housing | Any judgments, liens, fines, or liabilities encumbering the |

| Inspection | Subject Property |
|---|---|
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against FLR Ventures LLC, in the amount of $2,844.22; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 286-288 Parker Avenue, Clifton, New Jersey
**Owner**: Clifton DL Ventures LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | Mortgage and Assignment of Rents and Leases made by Clifton DL Ventures LLC to Red Mortgage Capital LLC, dated 8/21/18 and recorded 8/24/18 in Book M15166, Page 111, in the amount of $2,921,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 8/24/18 in Book AS621, Page 9, and on 1/25/19 in Book AS 642, Page 162, and on 1/28/21 in Book AS740, Page 246 |
| TD Bank | UCC Financing Statement made by Clifton DL Ventures LLC, as debtor, to TD Bank, filed on June 30, 2014, as Instrument No. 2014026552 |
| ZF Capital Holdings LLC ("ZF") | UCC Financing Statement made by Clifton DL Ventures LLC, as debtor, to ZF, filed on 8/30/19, as Instrument No. 2019038603 |
| Law Offices of David Fleischmann, P.C. | (i) Declaration of Restrictions dated 8/7/18, and recorded on 8/21/18, in Deed Book 3383, Page 97; (ii) Declaration of Restrictions dated 6/19/19, and recorded on 7/9/19 in Deed Book 3611, Page 123 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against Clifton DL Ventures LLC, in the amount of $1,737.43; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**:  77 Randolph Ave., Clifton, New Jersey
**Owner**:  Clifton DL Ventures LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | Mortgage and Assignment of Rents and Leases made by Clifton DL Ventures LLC to Red Mortgage Capital LLC, dated 8/21/18 and recorded 8/24/18 in Book M15166, Page 111, in the amount of $2,921,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 8/24/18 in Book AS621, Page 9, and on 1/25/19 in Book AS 642, Page 162, and on 1/28/21 in Book AS740, Page 246 |
| TD Bank | UCC Financing Statement made by Clifton DL Ventures LLC, as debtor, to TD Bank, filed on June 30, 2014, as Instrument No. 2014026552 |
| Law Offices of David Fleischmann, P.C. | (i) Declaration of Restrictions dated 8/7/18, and recorded on 8/27/18, in Deed Book 3383, Page 97; (ii) Declaration of Restrictions dated 6/19/19, and recorded on 7/9/19 in Deed Book 3611, Page 123 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against Clifton DL Ventures LLC, in the amount of $1,737.43; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 190 Ackerman Avenue, Clifton, New Jersey
**Owner**: Clifton DL Ventures LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | Mortgage and Assignment of Rents and Leases made by Clifton DL Ventures LLC to Red Mortgage Capital LLC, dated 8/21/18 and recorded 8/24/18 in Book M15166, Page 111, in the amount of $2,921,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 8/24/18 in Book AS621, Page 9, and on 1/25/19 in Book AS 642, Page 162, and on 1/28/21 in Book AS740, Page 246 |
| ZF Capital Holdings LLC ("ZF") | (i) UCC Financing Statement made by Clifton DL Ventures LLC, as debtor, to ZF, filed on 8/30/19, as Instrument No. 2019038603; (ii) Notice of Lis Pendens recorded on 1/24/20, in Book LP20, Page 264; and (iii) Final Judgment with respect to Docket No. C-125-19, if any |
| Law Offices of David Fleischmann, P.C. | (i) dated 8/7/18, and recorded on 8/21/18, in Deed Book D3383, Page 97; and (ii) Declaration of Restrictions dated 6/19/19, and recorded on 7/9/19 in Deed Book D3611, Page 123 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against Clifton DL Ventures LLC, in the amount of $1,737.43; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

| | |
|---|---|
| Herbert Tepfer, Esq. | Declaration of Restrictions dated 12/6/18, and recorded on 5/21/19, in Book D3580, Page 80 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against 137-139 Third Norse LLC, in the amount of $906.31; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 137-139 Third St., Passaic, New Jersey
**Owner**: 137-139 Third Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | (i) Mortgage made by 137-139 Third Norse LLC to ORIX Real Estate Capital, LLC f/k/a Red Mortgage Capital, LLC, dated 3/5/19 and recorded on 3/19/19 in Book M15441, Page 205, in the amount of $939,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 3/19/19 in Book AS651, Page 215, and 8/13/19 in Book AS673, Page 1, and 1/28/21 in Book AS740, Page 253; (ii) Notice of Lis Pendens recorded on 2/6/20 as Instrument No. 2020007025; and (iii) Final Judgment with respect to Docket No. F-001327-20 |
| U.S. Bank National Association, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB64 ("US Bank") | UCC Financing Statement made by 137-139 Third Norse LLC, as debtor, to US Bank, successor in interest to Federal Home Loan Mortgage Corp., recorded on 3/13/19 as Instrument No. 2019010915, as modified and/or assigned pursuant to Assignment of Financing Statement filed on 7/31/19 as Instrument No. 2019033001 |
| Doral Bank, FSB ("Doral") | (i) Mortgage made by Passaic Group Realty, Inc. to Doral, dated 11/17/04 and recorded on 12/2/04 in Mortgage Book M5417, Page 185, in the amount of $487,500.00; (ii) Assignment of Rents and Leases made by Passaic Group Realty, Inc. to Doral, dated 11/17/04 and recorded on 12/2/04 in Mortgage Book M5417, Page 213; (iii) Notice of Lis Pendens recorded on 11/18/05 as Instrument No. 2005112062; (iv) Final Judgment with respect to Docket No. F-17715-05 |
| J&J Capital Realty Associates LLC ("J&J") | (i) Mortgage made by 137-139 Third Norse LLC to J&J, dated 12/5/18 and recorded on 7/24/19 in Book M15616, Page 274, in the amount of $700,000.00; (ii) Assignment of Rents made by 137-139 Third Norse LLC to J&J, dated 12/5/18 and recorded on 7/24/19 in Book M15616, Page 294 |

**Property**: 77 Hope Ave., Passaic, New Jersey
**Owner**: Post Avenue Ventures, LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | (i) Mortgage made by Post Avenue Ventures, LLC to Hunt Mortgage Partners, LLC, dated 8/17/18 and recorded on 8/23/18 in Book M15165, Page 31, in the amount of $868,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 8/23/18 in Book AS620, Page 278, and 1/25/19 in Book 45642, Page 156, and 1/28/21 in Book AS740, Page 240; (ii) Notice of Lis Pendens recorded on 2/6/20 as Instrument No. 2020007025; and (iii) Final Judgment with respect to Docket No. F-001327-20 |
| Hutton Ventures ("Hutton") | (i) Option Agreement made between Post Avenue Ventures LLC and Hutton, dated 12/11/15 and recorded on 1/11/16 in Book D2753, Page 111, as modified by Option Modification Agreement, dated 11/9/16 and recorded on 3/7/17 in Book D3010, Page 239; (ii) Mortgage made by Post Avenue Ventures, LLC to Hutton, dated 12/11/15 and recorded on 8/13/19 in Book M15650, Page 53, in the amount of $2,200,000.00; (iii) Assignment of Leases and Rents made by Post Avenue Ventures, LLC to Hutton, dated 12/11/15 and recorded on 8/13/19 in Book M15649, Page 295; and (iv) UCC Financing Statement made by Post Avenue Ventures, LLC, as debtor, to Hutton, filed on 8/13/19 as Instrument No. 2019035105 |
| Oritani Bank ("Oritani") | UCC Financing Statement made by Post Avenue Ventures, LLC, as debtor, to Oritani, filed on 12/14/15 as Instrument No. 2015057463 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |

| Toledo Plumbing & Heating Inc. | Any judgments, liens, or liabilities encumbering the Subject Property |
|---|---|

**Property**:  60-62 Dayton Avenue and 15 Hobart Street, Passaic, New Jersey
**Owner**:  Passaic Norse LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | (i) Mortgage made by Passaic Norse LLC to ORIX Real Estate Capital, LLC f/k/a Red Mortgage Capital, LLC, dated 3/14/19 and recorded on 3/20/19 in Book M15442, Page 190, in the amount of $1,986,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 3/25/19 in Book AS652, Page 141, 12/6/19 in Book AS688, Page 174, 4/3/20 in Book AS704, Page 209, 4/3/20 in Book AS704, Page 215, and 9/24/20 in Book AS725, Page 61; (ii) Notice of Lis Pendens recorded on 3/16/20 as Instrument No. 2020013833; and (iii) Final Judgment with respect to Docket No. F-001328-20 |
| OREC NJ, LLC ("OREC") | UCC Financing Statement made by Passaic Norse LLC, as debtor, to OREC, successor in interest to Federal Home Loan Mortgage Corp., recorded on 3/25/19 as Instrument No. 2019012643, as modified and/or assigned pursuant to Amendment of Financing Statements recorded on 7/31/19 as Instrument No. 2019033002, and 4/3/20 as Instrument No. 2020016189, and 4/3/20 as Instrument No. 2020016191 |
| Madison Park Investors, LLC ("MPI") | (i) Mortgage made by Passaic Norse LLC to MPI, dated 5/30/19 and recorded on 6/4/19 in Book M15542, Page 16, in the amount of $400,000.00; (ii) Assignment of Leases and Rents made by Passaic Norse LLC to MPI, dated 5/30/19 and recorded on 6/4/19 in Book M15542, Page 40; (iii) UCC Financing Statement made by Passaic Norse LLC, as debtor, to MPI, filed on 6/4/19 as Instrument No. 2019023628 |
| USB Cust/Tower DBX Trust 2020-1 | Tax Sale Certificate No. 20-00146, dated 12/15/20 and recorded on 2/24/21 as Book M16872, Page 4 |
| Team Capital Bank ("TCB") | UCC Financing Statement made by Passaic Norse LLC, as debtor, to TCB, filed on 1/16/14 as Instrument No. 2014002481 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |

**Property**: 314-320 Watson Ave., Perth Amboy, New Jersey
**Owner**: PA Watson Ventures, LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | (i) Mortgage made by PA Watson Ventures, LLC to ORIX Real Estate Capital, LLC f/k/a Red Mortgage Capital, LLC, dated 3/27/19 and recorded on 4/2/19 in Book 17460, Page 1396, in the amount of $1,390,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 4/8/19 in Book 17464, Page 101, and 11/25/19 in Book 17699, Page 1381, and 9/28/20 in Book 18049, Page 1229, (ii) Notice of Lis Pendens recorded on 12/19/19 in Book 17724, Page 859; and (iii) Final Judgment with respect to Docket No. F-020670-19 |
| OREC NJ, LLC ("OREC") | UCC Financing Statement made by PA Watson Ventures, LLC, as debtor, to OREC, successor in interest to Federal Home Loan Mortgage Corp., recorded on 4/8/19 as Instrument No. 2019025445, as modified and/or assigned pursuant to Amendment of Financing Statements recorded on 11/25/19 as Instrument No. 2019100066, and 4/3/20 as Instrument No. 2020016189, and 4/3/20 as Instrument No. 2020016191 |
| Park National Capital Funding LLC ("PNCF") | Subordinate Mortgage made by PA Watson Ventures, LLC to PNCF, dated 7/30/19 and recorded on 8/14/19 in Book 17586, Page 1056, in the amount of $350,000.00 |
| Law Offices of David Fleischmann, P.C. | Declaration of Restrictions, dated 6/24/19 and recorded on 7/12/19 in Book 17552, Page 389 |
| US Bank Cust / Pro Cap 8 / Pro Cap | Tax Sale Certificate No. 20-00032, dated 12/22/20 and recorded on 3/4/21 in Book 18320, Page 1712 |
| DSHC Enterprises, LLC | Tax Sale Certificate No. 19-00117, dated 12/16/19 and recorded on 3/25/20 in Book 17825, Page 1198 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| | |

| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| --- | --- |
| Toledo Plumbing & Heating Inc. | (i) Judgment No. J-100590-20, entered on 11/16/20, against PA Watson Ventures LLC, in the amount of $21,741.12; and (ii) Any other judgments, liens, or liabilities encumbering the Subject Property |

**Property**: 352-354 New Brunswick Avenue, Perth Amboy, New Jersey
**Owner**: Perth NB Ventures LLC

| Interested Party | Nature of Interest |
|---|---|
| Three Line-NJ1, LLC ("Three Line") | Mortgage made by Perth NB Ventures, LLC to ORIX Real Estate Capital, LLC f/k/a Red Mortgage Capital, LLC, dated 3/19/19 and recorded on 4/4/19 in Book 17461, Page 1850, in the amount of $1,140,000.00, as modified and/or assigned pursuant to Assignments of Mortgage recorded on 4/5/19 in O Book 17463, Page 1345, and 7/24/19 in O Book 17564, Page 1616, and 11/20/20 in O Book 18140, Page 399 |
| ZF Capital Holdings LLC ("ZF") | (i) UCC Financing Statement made by Perth NB Ventures LLC, as debtor, to ZF, recorded on 9/3/19 in Book 17604, Page 1836; (ii) Notice of Lis Pendens recorded on 1/22/20, in Book 17758, Page 1741; and (iii) Final Judgment with respect to Docket No. C-125-19 |
| Trystone Capital Assets, LLC | Tax Sale Certificate No. 17-00124, dated 12/27/17 and recorded on 4/20/18 in Book 17160, Page 453 |
| Law Offices of David Fleischmann, P.C. | Declaration of Restriction, dated 6/19/19 and recorded on 7/19/19 in Book 17561, Page 606 |
| Bureau of Housing Inspection | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| State of New Jersey | Any judgments, liens, fines, or liabilities encumbering the Subject Property |
| Toledo Plumbing & Heating Inc. | Any judgments, liens, or liabilities encumbering the Subject Property |