**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUHG CERTIFICATES, SERIES 2018-SB51, *et. al.*<br><br>Plaintiff,<br><br>v.<br><br>LENOX TEMPLE LLC; LENOX LIBERTY LLC; LENOX HUDSON LLC; HACKENSACK NORSE LLC, et. al.<br><br>Defendants. | Civil Action No.: 19-cv-17865(MCA)(LDW)<br><br>Filed Electronically<br><br>**MAJEK INVESTMENTS LLC'S ANSWER TO INTERVENTION COMPLAINT OF ASCEND** |
| JLS EQUITIES, LLC, A NEW YORK LIMITED LIABILITY COMPANY<br><br>v.<br><br>RIVER FUNDING, LLC; LENOX HUDSON, LLC; LENOX TEMPLE, LLC; TEANECK PLAZA VENTURES, LLC; SETH LEVINE and SHIRA LEVINE | Civil Action No.: 19-cv-17615(MCA)(LDW) |
| MAKEK INVESTMENTS LLC<br><br>Intervenor-Plaintiff<br><br>v.<br><br>HUTTON VENTURES, LLC; JLS EQUITIES LLC; J&J CAPITAL REALTY ASSOCIATES, LLC; HERBERT TEPFER; ASCEND RE PARTNERS II, LLC; JUDAH A. ZELMANOVITZ; and NEIL FINK<br><br>Defendants | |

1

Majek Investments LLC ("Majek"), hereby state by way of Answer to the Intervention Complaint of Ascend Re Partners, LLC, Ascend Re Partners II, LLC and DSE Family Investments VII, LLC (all and singularly, "Ascend"), as follows:

## NATURE OF THE ACTION

1. The allegations contained in Paragraph 1 of Ascend's Intervention Complaint contain statements or conclusions of law for which no response is required.

2. Majek admits that Seth Levine committed a massive fraudulent scheme to defraud various creditors. Majek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 2 of Ascend's Intervention Complaint and leave Ascend to its proofs.

3. To the extent that the allegations contained in Paragraph 3 of Majek's Intervention Complaint allege "knowledge of Levine's fraud" or a lack of standing on the part of Majek, these allegations are denied.

4. Admit.

## PARTIES

5. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

6. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

7. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

8. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

9. Admit.

10. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

## **FACTS**

11. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

12. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

13. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

14. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

15. Denied as to Majek. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Ascend's Intervention Complaint as it relates to the remaining Defendants and leaves Ascend to its proofs.

**A.     Lenox Temple**

16. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

17. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

18. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

19. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

20. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

21. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

22. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

**B.     Lenox Hudson Property**

23. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

24. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

25. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

**C.     Lenox McKinley and South Park Properties**

26. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

27. It is admitted that Hutton did not record its mortgage for four years. Majek is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

28. Majek is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of Ascend's Intervention Complaint and leaves Ascend to its proofs.

29. Admit.

30. Admit.

**D.      Lenox Liberty Property and Remaining Claims to Surplus Funds**

31. Denied.

32. Denied, as stated.  Majek admits that it holds a chargeable interest in Levine's membership interest in the Levine companies pursuant to the Charging Order entered by the Superior Court.

33. Denied.  The terms of the May 29, 2020 Consent Order speaks for itself, and is subject to interpretation by the Court.

34. The allegations contained in Paragraph 34 of Ascend's Intervention Complaint do not relate to Majek and Majek makes no answer thereto.  To the extent an answer is required, Majek is without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence Paragraph 34 of Ascend's Intervention Complaint and leaves Ascend to its proofs.  Majek admits that Park National's judgment is subordinate to Majek's Judgment, as Majek holds a perfected chargeable interest in Levine's limited liability companies pursuant to the terms of the Charging Order that is superior to the Judgment of Park National.

35. Denied as to Majek.

36. Denied.  By way of further response, Majek's right to payment does not derive from a pledge granted by Seth Levine to the Lenox Entities, but from the Charging Order entered by the Superior Court.  Majek is without knowledge or information as to what Levine disclosed or did not disclose to Ascend and leaves Ascend to its proofs.

37. Denied as to Majek. By way of further response, Majek's right to payment does not derive from a pledge granted by Seth Levine to the Lenox Entities, but from the Charging Order entered by the Superior Court.

38. Denied as to Majek. By way of further response, Majek's right to payment does not derive from a pledge granted by Seth Levine to the Lenox Entities, but from the Charging Order entered by the Superior Court.

39. Denied as to Majek. By way of further response, Majek's right to payment does not derive from a pledge granted by Seth Levine to the Lenox Entities, but from the Charging Order entered by the Superior Court.

40. Denied as to Majek. By way of further response, Majek's right to payment does not derive from a pledge granted by Seth Levine to the Lenox Entities, but from the Charging Order entered by the Superior Court.

41. Denied as to Majek.

## CAUSE OF ACTION
## DECLARATORY JUDGMENT

42. Majek repeats and incorporates its responses to the allegations contained in the preceding paragraphs of Ascend's Intervention Complaint as if the same were set forth and repeated at length herein.

43. The allegations contained in Paragraph 43 of Ascend's Intervention Complaint contain statements or conclusions of law for which no response is required.

44. Denied as to Majek.

45. Denied as to Majek.

46. Denied.

**WHEREFORE,** Majek demands judgment for declaratory relief pursuant to 28 U.S.C. § 2201-2202, *et. seq.*, as follows:

(a) A determination on parties respective rights to receive distributions from the funds deposited with the Court following the sale Levine Companies' real property, and the priority of those distributions.

(b) A Declaration that Majek is entitled to receive Seth Levine's pro rata share of the proceeds derived from any distributions made from Lenox Temple, LLC, Lenox Liberty, LLC and Hackensack Norse, LLC, on a *pro rata* basis with Ascend, based upon the members respective membership interests in Lenox Temple, LLC, Lenox Liberty, LLC and Hackensack Norse, LLC;

(c) A Declaration that Judah Zelmanovitz, Neil Fink and Howard Tepfer are not entitled to receive distributions from the sale of the properties owned by Lenox Temple, LLC, Lenox Liberty, LLC and Hackensack Norse, LLC from the funds deposited with the Court;

(d) A Declaration that the mortgage interests held by J&J Capital LLC and Hutton Ventures LLC are invalid and/or equitably subordinated to be reclassified as equity for the purposes of adjudicating any applications for the disbursement of funds deposited with the Court;

(e) A judicial determination on the priority of JLS Equities, LLC in the membership interests of Lenox Temple LLC held by Seth Levine; and

(f) Any other relief the Court deems equitable and proper.

Dated: February 4, 2022        By: /s/ Bob Kasolas, Esq.
                                                      Brach Eichler L.L.C.
                                                      101 Eisenhower Parkway
                                                      Roseland, NJ 07068
                                                      Tel: (973) 403-3139
                                                      Fax: (973) 618-5539
                                                      E-mail: bkasolas@bracheichler.com

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Ascend's Intervention Complaint and right to priority over the surplus funds is barred under the doctrine of Unclean Hands.

**SECOND AFFIRMATIVE DEFENSE**

Ascend's Intervention Complaint and right to priority over the surplus funds is barred by the doctrine of Waiver.

**THIRD AFFIRMATIVE DEFENSE**

Ascend's Intervention Complaint and right to priority over the surplus funds is barred under the doctrine of Equitable Estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Ascend's damages if any, were the result of acts or omissions of parties or persons other than Majek.

**FIFTH AFFIRMATIVE DEFENSE**

Ascend's damages, if any, are the result of its own acts or omissions, including the failure to file a Statement of Authority with the relevant counties clerk.

**SIXTH AFFIRMATIVE DEFENSE**

Majek has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as they may become

available or apparent during discovery proceedings. Majek further reserves the right to amend this Answer and/or Affirmative Defenses accordingly and/or delete Affirmative Defenses that it determines through the course of subsequent discovery are not applicable.

BE:12377918.1/STA199-277073