# Exhibit H

# PARTICIPATION AGREEMENT

Dated the 15 of **JANUARY, 2019,** entered into between **SETH LEVINE, NORSE HOLDINGS LLC** and **RIVER FUNDING LLC** all with address at **210 RIVER STREET, SUITE 24, HACKENSACK, NJ 07601,** hereinafter referred to as ("**ASSIGNEES**") and

**J & J CAPITAL REALTY ASSOCIATES LLC** with address at **4429 18th AVENUE, BROOKLYN, NY 11204,** hereinafter referred to as ("**INVESTORS**")

regarding the **PREMISES** located at **50 WEST MAIN STREET, SOMERVILLE, NJ** hereinafter referred to as ("Premises")

## WITNESSETH

**WHEREAS, NORSE** is currently under Contract for purchase of a Note sale and Assignment of Foreclosure Action, which was entered into on **JANUARY 15, 2019** between Provident Bank and **NORSE** regarding the Premises, and

**WHEREAS,** it the intention of **ASSIGNEES** to assign said Contract and close title on the said agreement in the name of **RIVER** and there are no restrictions regarding such assignment into **RIVER,** and

**WHEREAS, SETH LEVINE** is authorized and empowered as Managing Member of **NORSE** and **RIVER** to enter into this agreement and to bind each of the said LLC entities and is further authorized and empowered as Managing Member to bind and mortgage Premises: 196-210 THE PLAZA and 1407 PALISADE AVE, TEANECK, NJ 07666 County: BERGEN Block: 5008 Lot: 1 which is owned by TEANECK PLAZA VENTURES LLC and as well as to mortgage and bind 54-78 TEMPLE AVE, HACKENSACK, NJ 07601 County: BERGEN Block: 511 Lot: 11 owned by LENOX TEMPLE LLC, and

**WHEREAS,** Assignees are in need of **$750,000** in funding to qualify with Provident Bank, as Assignees in order to close on the said agreement and Investors are able and willing to fund the said **$750,000** all in accordance with the terms and provisions herein set forth

**WHEREAS,** the parties are desirous of setting forth their rights and obligations of each to the other and to set forth the terms and conditions of said Agreement.

NOW THEREFORE, it is mutually agreed, as follows,

1. **INVESTORS** shall invest and **ASSIGNEES** shall receive the sum of **$750,000** for purchase and closing of the Note, Mortgage and Foreclosure Action covering the Premises pursuant to the terms of agreement with Provident Bank.

2. **ASSIGNEES** shall repay the full principal of **$750,000** together with a **10% return of $75,000** on or before **FEBRUARY 10, 2019**, whereupon the **INVESTORS** shall be bought out and all of its right, title and interest in and to the agreement or the Premises or the mortgages of premises in Teaneck or Hackensack, shall be terminated and be deemed fully satisfied.

3. As additional collateral, for the compliance and performance by **ASSIGNEES**, with the aforesaid, the **ASSIGNEES** shall executed and deliver, to **INVESTORS**, an Assignment of Shares in **RIVER FUNDING LLC** with Resignation and Renunciation by **SETH LEVINE** and his wife, **SHIRA LEVINE** and any other Member with may have any shares in **RIVER**.

4. In addition, **NORSE** shall hereby assign any right, title and interest it may have in the agreement with Provident Bank to **INVESTORS.**

5. As additional collateral, **SETH LEVINE**, as authorized Managing Member shall execute a Note and Mortgage covering the Teaneck property and the Hackensack property, in the amount of **$825,000**, naming **INVESTORS** as Mortgagees. The said amount represents the **$750,000** invested plus the **$75,000** return which is due to **INVESTORS**. The said Mortgage shall bear interest at the rate of **20% per annum** commencing **FEBRUARY 10, 2019** with the first payment thereon due **MARCH 10, 2019** and in like amount on the **10th day** of each month thereafter for a term of **six (6) months** ending **AUGUST 10, 2019**. The said Mortgages shall be recorded at the expense of **ASSIGNEES** and will be either satisfied or assigned, at the option of **ASSIGNEES**, upon the repayment of the loan herein. **SETH LEVINE** agrees not to further encumber any of the said properties as long as this Participation Agreement remains in effect without the express written consent of the **INVESTORS**.

6. The loan documents covering mortgages of the Teaneck and Hackensack property shall include Assignment of Shares and Resignations by **SETH LEVINE** and any other member of the two (2) respective LLCs in title, as well as personal guarantee of **SETH LEVINE**.

2

7. The funding of **$750,000** shall be wired to the account of **NORSE HOLDINGS** or any other account designated by **ASSIGNEES**. It is specifically represented that the said funds shall remain on deposit and not be used for any purpose and shall be fully returned to **INVESTORS** together with the **10%** return either upon the closing of the agreement, **FEBRUARY 1, 2019**, or immediately thereafter (within 10 days). This provision is of the essence of this agreement, failing which the final due date of the loan shall be adjourned to **AUGUST 10, 2019**, pursuant to the terms of the Mortgages covering Teaneck and Hackensack properties.

8. The Parties agree that confidentiality of this Agreement is an essential element thereof, no part or provision of this Agreement shall be disclosed to any party other than those whose signatures appear herein below and their attorneys, accountants and other representatives. Any breach hereof shall constitute a material breach of the terms herein with all attendant liabilities.

9. This Agreement may not be changed except in writing and signed by the parties to be charged.

10. This Agreement may be signed in counterparts.

11. This agreement shall be governed in accordance with the laws of the State of New York. The invalidity of any one paragraph or provision shall not invalidate the remaining portions of the agreement which shall remain in full force and effect.

12. All notices, instructions, requests, demands, offers, acceptances, approvals, consents or other communications required or permitted to be given or made hereunder shall be in writing (each herein referred to as a "Notice") and shall be deemed given if sent by certified mail, postage prepaid, or by having same delivered by an independent guaranteed overnight express delivery service with tracing capability (each a "Mailing"), or by confirmed telecopier, or other form of rapid transmission which must also thereafter be confirmed by a Mailing addressed to each of the parties at the following addresses, or to such addresses as may from time to time be designated by any of them in writing by a Notice similarly given to all parties in accordance herewith:

3

| Party | Attorney | Address |
|---|---|---|
| Assignees | Andrew Selevan Esq. | Andrew Selevan, Esq.<br>Norse Holdings<br>210 River Street, Suite 12<br>Hackensack, NJ 07601<br>Tel: (201) 904-0097<br>aselevan@norseholdings.com |
| Investors | Herbert Tepfer, Esq. | Tepfer & Tepfer P.C.<br>4429 18th Ave<br>Brooklyn, NY<br>718-854-7200<br>f: 718-438-4947<br>TepferLaw@gmail.com |

13. If sent in accordance herewith, any Notice will be deemed to be received at such time as it is delivered to the addressee with the telecopy indicating the addressee's telecopier number, the return receipt, the delivery receipt, the acknowledgment of receipt, a Notice of Refusal and/or a Notice of Attempted delivery to the addressee, each being deemed conclusive evidence of delivery. A Notice given by or to counsel for a party shall be deemed a valid Notice if addressed and sent in accordance with the provisions hereof. Routine communications may be sent by regular mail, fax and/or e-mail.

14. This Agreement constitutes the complete agreement and understanding among the parties hereto with respect to all matters set forth herein, and supersedes and terminates any and all prior existing agreements or understandings, between or among any of the parties hereto with regard to such matters. No alteration, amendment or modification of any of the terms and provisions of this Agreement shall be valid, including this Paragraph 9, unless made pursuant to an instrument in writing which makes a specific reference to this Agreement and which is signed by each of the parties hereto.

4

The parties do not intend to confer any benefit hereunder on any person, firm, corporation or other entity, other than the parties hereto. The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same. No waiver by any party of any condition, or of the breach of any provision, term, covenant, representation or warranty contained in this Agreement, including this Paragraph 9, whether by conduct or otherwise, shall be deemed to be or construed as a further or continuing waiver of any such condition or of the breach of any other provision, term, covenant, representation or warranty of this Agreement.

15. This Agreement and the rights, duties obligations and releases provided for hereunder shall be binding upon, and inure to the benefit of, the parties and their respective heirs, executors, administrators, representatives, successors and assigns.

16. This Agreement shall be governed by, construed under and enforced in accordance with the laws of the State of New York, without regard to its principles of conflicts of laws, including, but not limited to, matters of construction, validity and performance.

17. If any provision of this Agreement or a part thereof shall, for any reason whatsoever, be declared invalid or unenforceable by any court of competent jurisdiction, by statute or governmental regulation, the remainder of this Agreement and the application of such provision to any person or situations, other than those as to which such provision may have been held invalid or unenforceable shall not be affected thereby and shall continue to be enforced to the fullest extent that such severance of the invalid portions is possible without vitiating the original intent and purposes and economic intentions of the Parties as herein set forth.

18. In the event of a breach of this Agreement, the non-breaching party shall not be limited to the remedy of termination of this Agreement, but shall be entitled to pursue all available legal and equitable rights and remedies, and shall be entitled to recover all of its actual damages and the fees incurred in pursuing them.

19. The Parties acknowledge that each party hereto shall, at any time and from time to time, upon reasonable request of the other party, execute, acknowledge and deliver such further agreements, documents and instruments and take such further reasonable action as may be necessary or appropriate in order to fully carry out this Agreement and the transactions contemplated hereby.

20. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart. This Agreement may be executed by facsimile.

21. This Agreement is the result of negotiations between the Parties and their respective counsel. The Parties acknowledge that each party has independently reviewed this Agreement, that this Agreement has been voluntarily negotiated at arms length and that each party has had an opportunity to consult with legal counsel. There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally in light of its conciliatory purposes, and without regard to events of authorship.

22. The Parties hereby acknowledge their Agreement to the above terms by their signatures below. The undersigned representatives represent that they are authorized to execute this Agreement on behalf of the respective entity for which they sign.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date first set forth above.

_____
SETH LEVINE

_____
**NORSE HOLDINGS LLC**
BY: **SETH LEVINE**

_____
**RIVER FUNDING LLC**
BY: **SETH LEVINE**

_____
**J & J CAPITAL REALTY ASSOCIATES LLC**
**HERBERT TEPFER**

Use Acknowledgment Form Below Within New York State Only

State of New York, County of [Essex] ).ss:

On the 15th day of **JANUARY**, year **2019**, before me, the undersigned, personally appeared
**SETH LEVINE**
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

**ANDREW SELEVAN**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 1/25/2021**   _____
NOTARY PUBLIC

State of New York, County of         ).ss:

On the     day of **JANUARY**, year **2019**, before me, the undersigned, personally appeared
**HERBERT TEPFER**
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____
NOTARY PUBLIC

7