# Exhibit M

13p\l23
MF

Record and Return To:
Allen J. Popowitz, Esq.
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067

Record and Return to:
MADISON TITLE AGENCY, LLC
COMMERCIAL DEPT.
1125 OCEAN AVE.
LAKEWOOD, NJ 08701

04 da 88

13-127711.01 Mortgage
V Bk: 01586 Pg: 2374-2386    Rec. Fee $163.00
John S. Hogan, Bergen County Clerk
Recorded 12/19/2013  11:10:07 AM

## ABSOLUTE ASSIGNMENT OF LEASES AND RENTS

THIS ABSOLUTE ASSIGNMENT, made this 15th day of November, 2013, made by **LENOX TEMPLE LLC**, having an address at 210 River Street, Suite #24, Hackensack, New Jersey 07601, as **Assignor** ("**Assignor**" to be construed as "**Assignors**" if the context so requires), to **CUSTOMERS BANK,** having an office at 1015 Penn Avenue, Suite 103, Wyomissing, PA 19610 as **Assignee**.

### WITNESSETH THAT:

WHEREAS, Assignor, to evidence and secure a loan indebtedness, has made and delivered to Assignee a note of even date herewith (the "**Note**") in the principal amount of **SIX MILLION AND 00/100 DOLLARS**, payable as provided for in the Note, with interest as therein expressed, and has executed and delivered a Mortgage and Security Agreement (the "**Mortgage**") bearing the aforesaid date to secure the Note and creating a lien on Assignor's interest in certain real estate in the City of Hackensack, County of Bergen, State of New Jersey, more particularly described in **Schedule A** attached hereto and made a part hereof, including the improvements now or hereafter thereon and the easements, rights and appurtenances thereunto belonging, all of which are hereinafter called the "**Premises**"; and

WHEREAS, Assignor is the lessor under those certain written lease(s) of the Premises listed in **Schedule B** attached hereto and made a part hereof, and Assignor may hereafter make other leases of the Premises or parts thereof; and

WHEREAS, Assignee has required the assignment hereafter made as a condition to making the above loan;

NOW, THEREFORE, Assignor, for good and valuable consideration the receipt of which is hereby acknowledged:

1.      Assignor does hereby bargain, sell, transfer, assign, convey, set over and deliver unto Assignee, all rights of the lessor under the above-described lease(s) and all other leases affecting the Premises, or any part thereof, now existing or which may be executed at any time in the future during the life of this Absolute Assignment, and all amendments, extensions and renewals of said leases and any of them, all of which are hereinafter called the "Leases," and all rents, income and other payments which may now or hereafter be or become due or owing under the Leases, and any of them, or on account of the use of the Premises. It is intended hereby to establish a present

BE:2591449.1

V BOOK 01346 PAGE 2375

and complete transfer of all the Leases and all rights of the lessor thereunder and all the rents, and other payments arising thereunder on account of the use of the Premises unto Assignee, with the right, but without the obligation, to collect all of said rents, income and other payments which may become due during the life of this Absolute Assignment. Assignor agrees to deposit with Assignee copies of all leases of all or any portion of the Premises if requested by Assignee.

2.  Assignor hereby appoints Assignee the true and lawful attorney of Assignor with full power of substitution and with power for it and in its name, place and stead, to demand, collect, receive and give complete acquittances for any and all rents and other amounts herein assigned which may be or become due and payable by the lessees and other occupants of the Premises, and at its discretion to file any claim or take any other action or proceeding and make any settlement of any claims, either in its own name or in the name of Assignor or otherwise, which Assignee may deem necessary or desirable in order to collect and enforce the payment of any and all rents and other amounts herein assigned. Lessees of the Premises, or any part thereof, are hereby expressly authorized and directed to pay all rents and other amounts herein assigned to Assignee or such nominee as Assignee may designate in writing delivered to and received by such lessees who are expressly relieved of any and all duty, liability or obligation to Assignor in respect of all payments so made.

3.  Assignee is hereby vested with full power to use all measures, legal and equitable, deemed by it necessary or proper to enforce this Absolute Assignment and to collect the rents and other amounts assigned hereunder, including the right to enter upon the Premises, or any part thereof, and take possession thereof forthwith to the extent necessary to effect the cure of any default on the part of Assignor as lessor in any of the Leases. Assignor hereby grants full power and authority to Assignee to exercise all rights, privileges and powers herein granted at any and all times hereafter, without notice to Assignor, with full power to use and apply all of the rents and other amounts assigned hereunder to the payment of the costs of managing and operating the Premises and of any indebtedness or liability of Assignor to Assignee, including but not limited to the payment of taxes, special assessments, insurance premiums, damage claims, the costs of maintaining, repairing, rebuilding and restoring the improvements on the Premises or of making same rentable, attorney fees incurred in connection with the enforcement of this Absolute Assignment, and of principal and interest payments due from Assignor to Assignee on the Note and the Mortgage, all in such order as Assignee may determine. Assignee shall be under no obligation to press any of the rights or claims assigned to it hereunder or to perform or carry out any of the obligations of the lessor under any of the Leases and does not assume any of the liabilities in connection with or arising or growing out of the covenants and agreements of Assignor in the Leases; and Assignor covenants and agrees that it will faithfully perform all of the obligations imposed under any and all of the Leases and hereby agrees to indemnify Assignee and to hold it harmless from any liability, loss or damage which may or might be incurred by it under the Leases or by reason of this Absolute Assignment, and from any and all claims and demands whatsoever which may be asserted against Assignee by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in any of the Leases. This Absolute Assignment shall not operate to place responsibility for the control, care, management or repair of the Premises, or parts thereof, upon Assignee nor shall it operate to make Assignee liable for the carrying out of any of the terms and conditions of any of the Leases, or for

BE:2591449.1

any waste of the Premises by the lessee under any of the Leases or any other party, or for any dangerous or defective condition of the Premises or for any negligence in the management, upkeep, repair or control thereof resulting in loss or injury or death to any lessee, licensee, employee or stranger.

4.   Any amounts collected hereunder by Assignee which are in excess of those applied to pay in full the aforesaid liabilities and indebtedness at the time due shall be promptly paid to Assignor.

5.   Assignor hereby represents and warrants to Assignee that it is the sole owner of the entire lessor's interest in each of the Leases; that the Leases are not in default and are valid and enforceable and have not been altered, modified or amended in any manner whatsoever except as herein expressly mentioned; that Assignor has not heretofore transferred or assigned the Leases or any of the rents thereunder or any right or interest therein, nor has it collected in advance or anticipated any of the rents thereunder; and Assignor represents and warrants that it is not indebted to the lessees under the Leases in any manner whatsoever so as to give rise to any right of set-off against, or reduction of, the rents payable under the Leases.

6.   Except as may otherwise be permitted in Section 10 of the Mortgage, Assignor covenants not to alter, modify, amend or change the terms of the Leases or give any consent or permission or exercise any option required or permitted by the terms thereof or waive any obligation required to be performed by any lessee or execute, cancel or terminate any of the Leases or accept a surrender thereof without prior written consent of Assignee. Assignor will not make any further transfer or assignment of the Leases, or convey or transfer or suffer a conveyance or transfer of the Premises or of any interest therein so as to effect, directly or indirectly, a merger of the estates and rights of, or a termination or diminution of the obligations of, any lessee thereunder. Assignor further covenants to deliver to Assignee, promptly upon receipt thereof, copies of any and all demands, claims and notices of default received by it from any lessee under any of the Leases assigned herein.

7.   Upon payment in full of the principal sum, interest and other indebtedness secured hereby, this Absolute Assignment shall be and become null and void; otherwise, it shall remain in full force and effect as herein provided and, with the covenants, warranties and power of attorney herein contained, shall inure to the benefit of Assignee and any subsequent holder of the Note, and shall be binding upon Assignor, and its heirs, legal representatives, successors and assigns, and any subsequent owner of the Premises.

8.   Notwithstanding any provision herein to the contrary, prior to a default by Assignor in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement of Assignor contained herein or in the Note of the Mortgage, or in any of the Leases, Assignee hereby grants to Assignor the revocable license to collect as the same become due and payable, but in any event for not more than one calendar month in advance, all rents and other income arising under the Leases and from the Premises, and to enforce all provisions contained in the Leases. Assignor shall render such accounts of collections as Assignee may require. The license herein granted to Assignor shall terminate immediately upon an Event of Default in payment

BE:2591449.1

Bergen County Clerk    V BK 01586 PG 2376    12/19/2013 11:10 AM    3 of 13
CONFIDENTIAL    ASCENDSMP023311

of any indebtedness secured hereby or in the performance of any other obligation, covenant or agreement of Assignor contained in the Note or the Mortgage, or in this Absolute Assignment, or upon any default in the performance of any obligation, covenant, or agreement of Assignor contained in any of the Leases; and upon written notice of Assignor's default at any time hereafter given by Assignee to any lessee, all rentals thereafter payable and all agreements and covenants thereafter to be performed by the lessee shall be paid and performed by the lessee directly to Assignee in the same manner as if the above license had not been granted, without prosecution of any legal or equitable remedies under the Mortgage. Any lessee of the Premises or any part thereof is authorized and directed to pay to Assignor any rent herein assigned currently for not more than one calendar month in advance and any payment so made prior to receipt by such lessee of notice of Assignor's default shall constitute a full acquittance to lessee therefor.

9. Concurrently with the execution of this Absolute Assignment, Assignor has executed and delivered to Assignee a Notice of Assignment which Assignee may date and deliver to all lessees of the Premises upon any uncured Event of Default under the Loan Documents (as defined in the Mortgage).

10. It is understood and agreed that this Absolute Assignment shall become effective concurrently with the Note and the Mortgage. This Absolute Assignment shall be governed by and construed in accordance with the laws of the State where the Premises is located.

11. This Absolute Assignment of Leases creates right in the Assignee separate and independent from any rights created elsewhere in the Note, Mortgage, or any other Loan Document made in connection therewith and shall survive any foreclosure of the Mortgage. The rights of the Assignee shall not be deemed to have merged by virtue of the foreclosure.

(Signature page to follow)

BE:2591449.1

-4-

CONFIDENTIAL   ASCENDSMP023312

IN WITNESS WHEREOF, Assignor has caused this Absolute Assignment to be duly executed and delivered as of the date first hereinabove written.

WITNESS:

**ASSIGNOR:**
LENOX TEMPLE LLC
a NJ limited liability company

By: Lenox Real Estate Holdings LLC
its Managing Member

By: Ascend RE Partners II, LLC
its Managing Member

By: _____
Name: Moshael J. Straus
Title: Managing Member

BE:2591449.1

-5-

## SCHEDULE A
## PREMISES

BE:2591449.1

## Stewart Title Guaranty Company

### TITLE INSURANCE POLICY

**Policy Number:** M-9302-003785256
**File Number:** MTANJ-092988

### DESCRIPTION

The land referred to in this Policy is described as follows:

All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Hackensack, County of Bergen, State of New Jersey.

BEING known as Lots 18, 19, 20, 21, 22 and 23 as shown on a certain map entitled "Map of Property of Anderson and Ward, City of Hackensack, Bergen County, New Jersey" duly filed in the Bergen County Clerk's Office May 25, 1872 as Map No. 196.

BEGINNING at a point in the northeasterly line of Temple Avenue (50 foot ROW), said point being distant 471.54 feet northwesterly its intersection with the northwesterly line of Hackensack Avenue, and running; thence

1. North 43 degrees 10 minutes 00 seconds West, 300.00 feet to a point; thence

2. North 46 degrees 50 minutes 00 seconds East, 212.93 feet to a point; thence

3. South 43 degrees 04 minutes 10 seconds East, 300.00 feet to a point; thence

4. South 46 degrees 50 minutes West, 21.42 feet to the point and place of BEGINNING.

The above description is in accordance with a survey made by Hallard & Associates dated April 20, 2007.

NOTE: Being Lot(s) 11, Block 511, Tax Map of the City of Hackensack, County of Bergen.

NOTE: Lot and Block shown for informational purposes only.

Issued by:
**Madison Title Agency, LLC**
**1125 Ocean Avenue, Lakewood, NJ 08701**
**Telephone: 732-905-9400  Fax: 732-905-9420**

## SCHEDULE B

## LEASES

BE:2591449.1

CONFIDENTIAL  ASCENDSMP023316

## 54-78 TEMPLE AVENUE, HACKENSACK, NJ

| RENT ROLL | | | Lease Expiration |
|---|---|---|---|
| 1 | Ellen Williamson | $ | |
| 2 | Angela Moore | $ | |
| 3 | Edith Proventud | $ | |
| 4 | Sandra Kent | $ | |
| 5 | Norma Sampson | $ | |
| 6 | Vincent Carlucci | $ | |
| 7 | Jesse Mende | $ | |
| 8 | James O'Donnell | $ | |
| 9 | Vanessa Hudes | $ | |
| 10 | Doraine Sewell | $ | |
| 11 | Carlos Ventocilla | $ | |
| 12 | Lauren Hallihan | $ | |
| 13 | Yvonne Amparo | $ | |
| 14 | Charlotte Wagner | $ | |
| 15 | Barbara Baron | $ | |
| 16 | Osman Jilani | $ | |
| 17 | Cesar Valencia | $ | |
| 18 | Lester Stewart | $ | |
| 19 | Caleb Wang | $ | |
| 20 | Sean Geraghty | $ | |
| 21 | Carol Stevenson | $ | |
| 22 | Mary Badaracco | $ | |
| 23 | Dan Curran | $ | |
| 24 | Clinton Taylor | $ | |
| 25 | John Zarate | $ | |
| 26 | Mashona Troublefield | $ | |
| 27 | Susan Stiles | $ | |
| 28 | Renee Trovela | $ | |
| 29 | Warren Lee | $ | |
| 30 | Ammar Mohammed | $ | |
| 31 | Amanda Gomez | $ | |
| 32 | Ana Seditsky | $ | |
| 33 | Yvonne Daniels | $ | |
| 34 | Fanta Berete | $ | |
| 35 | John Jiminez | $ | |
| 36 | Arlyn Mendoza | $ | |
| 37 | Nabel Infante | $ | |
| 38 | Ginger Thompson | $ | |
| 39 | Jacqueline Isley | $ | |
| 40 | Gustavo Gonzalez | $ | |
| 41 | Ana Hiciano | $ | |
| 42 | Jasmine Suarez | $ | |
| 43 | Christine Duval | $ | |
| 44 | Alissa Breedy | $ | |
| 45 | Judith Lacey | $ | |
| 46 | Erika Corvino | $ | |
| 47 | Sophia Sosa | $ | |
| 48 | Barbara Irizarry | $ | |

| | | | |
|---|---|---|---|
| 49 | John Zill | $ | |
| 50 | Anthony McElvey | $ | |
| 51 | Philip Stafford | $ | |
| 52 | Agretta Gatling | $ | |
| 53 | Xiomara Martinez | $ | |
| 54 | Alpha Sakho | $ | |
| 55 | Amanda Thompson | $ | |
| 56 | Carol Yaner | $ | |
| 57 | Juana Melagarejo | $ | |
| 58 | Glendora Colon | $ | |
| 59 | Julia Ormeno | $ | |
| 60 | Luis Osorio | $ | |
| | | | |
| | | $ | |
| | | | |
| | | $ | |

CONFIDENTIAL     ASCENDSMP023318

## LLC ACKNOWLEDGEMENT

STATE OF NEW JERSEY

                   SS.:

COUNTY OF ESSEX

  On this 15th day of November, 2013, before me, the undersigned, personally appeared Moshael J. Straus and signed the foregoing instrument, and did acknowledge under oath, to my satisfaction, that:

  (a) He is the Managing Member of the limited liability company named in the foregoing instrument;

  (b) He signed and delivered the foregoing instrument in his capacity as such Managing Member and

  (c) the foregoing instrument is the duly authorized, voluntary act and deed of such limited liability company.

                    MICHAEL L. DONINI
                    NOTARY PUBLIC OF NEW JERSEY
                    Commission Expires 6/29/2018

BE:2591449.1

| | | |
|---|---|---|
| ABSOLUTE ASSIGNMENT OF LEASES AND RENTS | : | Dated: November 15, 2013 |
| LENOX TEMPLE LLC | : | Address: |
| Assignor | : : | Tax Lot 11, Block 511 Hackensack, New Jersey |
| TO | : : | |
| CUSTOMERS BANK, | : : | |
| Assignee | : | |

Record and Return To:
Allen J. Popowitz, Esq.
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
BE:2591449.1

Record and Return to:
MADISON TITLE AGENCY, LLC
COMMERCIAL DEPT.
1125 OCEAN AVE.
LAKEWOOD, NJ 08701

092283

## NOTICE OF ASSIGNMENT

To Tenant of: _____
_____
_____

The undersigned has assigned all rights of the Landlord under the lease for your premises to Customers Bank, in connection with a mortgage loan from Customers Bank, to the undersigned.

You are hereby directed to make all payments under the lease to Customers Bank, or its nominee, in accordance with the enclosed Absolute Assignment at the following address:

**CUSTOMERS BANK**
1015 Penn Avenue, Suite 103
Wyomissing, PA 19610

LENOX TEMPLE LLC,
a NJ limited liability company

By: Lenox Real Estate Holdings LLC
its Managing Member

By: Ascend RE Partners II, LLC
its Managing Member

BY:_____
Moshael J. Straus, Managing Member

BE:2591449.1

CONFIDENTIAL       ASCENDSMP023321